IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| TERRY HAMBY, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 08-2192 |
| MORGAN ASSET MANAGEMENT, INC., et al., | ) ) ) | |
| Defendants. | ) | |
| NANCY JACKSON, individually, and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 08-2231 |
| MORGAN ASSET MANAGEMENT, INC., et al., | ) ) ) | |
| Defendants. | ) | |
| GARY SHAMBLIN, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 08-2259 |
| REGIONS FINANCIAL CORPORATION, et al., | ) ) ) | |
| Defendants. | ) | |

ORDER GRANTING PLAINTIFFS' MOTIONS TO CONSOLIDATE
AND APPOINT INTERIM CLASS COUNSEL

Plaintiffs in these three ERISA actions filed motions on May 19, 2008, for entry of a proposed pretrial order to consolidate the cases, appoint interim lead counsel, and approve the proposed case management structure. The actions are <u>Jackson v. Morgan Asset Mgmt., Inc., et al.</u>, 08-2231, filed on April 11, 2008, <u>Hamby v. Morgan Asset Mgmt., Inc., et al.</u>, No. 08-2192, filed on March 31, 2008, and <u>Shamblin v. Regions Fin. Corp., et al.</u>, No. 08-2259, filed on April 29, 2008. Plaintiffs and Defendants agree that consolidation of these actions is necessary. The Plaintiffs in all three actions agree to the appointment of Stember Feinstein Doyle & Payne, LLC ("SFD&P") and Keller Rohrback, LLP ("Keller Rohrback") as interim lead counsel. For the following reasons, Plaintiffs' motions are GRANTED.

## I. BACKGROUND

Plaintiff Terry Hamby filed <u>Hamby v. Morgan Asset Mgmt., Inc., et al.</u> seeking to recover losses to the AmSouth-Regions Financial Corporation—AmSouth Bancorporation Thrift Plan ("Am South Plan") arising from its imprudent investment in Regions Common Stock ("Company Stock). That plan has now been merged into the Regions Financial Corporation 401(k) Plan ("Regions Plan").

Plaintiff Nancy Jackson filed <u>Jackson v. Morgan Asset Mgmt., Inc., et al.</u> seeking to recover losses to the Regions

Plan arising from its imprudent investment in Company Stock and the imprudent selection of Regions Morgan Keegan Select Funds as primary investment options for the Plan. Plaintiff Jackson specifically challenges the imprudent selection of two bond funds offered as low risk investments that collapsed in 2007 and required a capital infusion by Regions Financial Corporation.

Plaintiff Gary Shamblin, a participant in the Regions Plan, filed Shamblin v. Regions Fin. Corp., et al. seeking to recover losses to the Regions Plan, the Morgan Keegan & Company Revised Profit Sharing and Retirement Plan ("Morgan Plan") and all predecessor plans, including the AmSouth Plan.

A fourth case, Williams v. Regions Fin. Corp., et al., No. 08-0448, was filed on March 12, 2008, in the United States District Court for the Northern District of Alabama. The Williams Plaintiff's action has been dismissed without prejudice as requested in her Rule 41 motion, because she elected to pursue her claim in this court, where it could be "effectively and more efficiently litigated." (Mot. to Dismiss Pursuant to Fed. R. Civ. P. 41(a)(2), Ex. A to Pl.'s Supplemental Resp., at 9.)

The Defendants in these actions include Morgan Asset Management, Inc. ("Morgan Asset"), Regions Bank, Regions Financial Corporation (together with Regions Bank, "Regions"), Morgan Keegan & Company, Inc. ("Morgan Keegan"), the Regions

Board of Directors,[1] and various other individual Defendants[2] (collectively "Defendants"). Defendants previously moved to transfer these actions to the United States District Court for the Northern District of Alabama, where the Williams action was pending. The Court has denied Defendants' motions to transfer venue.[3]

Plaintiffs allege that Defendants breached their fiduciary duties to Plaintiffs and other prospective members of the class by imprudently selecting investments. They seek relief under §§ 409 and 502(a)(2) and (3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 409 and 1132(a)(2) and (3), on behalf of the Regions Plan, alleging that Defendants are responsible for restoring losses sustained by the Plan as a result of Defendants' breaches of their fiduciary duties.

---

[1] The members of the Board include, Samuel W. Bartholomew, Jr., George W. Bryan, David J. Cooper, Earnest W. Deavenport, Jr., Don DeFosset, Martha R. Ingram, Ronald L. Kuehn, Jr., James R. Malone, Susan W. Matlock, John E. Maupin, Jr., Charles D. McCrary, Allen B. Morgan, Jr., Jackson W. Moore, Claude B. Nielsen, Jorge Perez, C. Dowd Ritter, John R. Roberts, Lee J. Styslinger III, Spence L. Wilson, Harry W. Witt, Bryan Jordan, Alton E. Yother, Malcom Portera, Robert R. Walker, Ronald C. Jackson, Carl E. Jones, James S.M. French, Margaret H. Greene, James E. Harwood, Albert M. Austin, Parnell S. Lewis, Lou Ann Poynter, Michael S. Starnes, W. Woodrow Stewart, Richard A. Trippeer, Jr., John H. Watson, C. Kemmons Wilson, James B. Boone, Jr., and Jon W. Rotenstreich.

[2] The individual Defendants include Sharon D. Davis, John M. Daniel, Sherry Anthony, Tusa McNary, and Does 1-100.

[3] The motion to transfer in Jackson was denied on August 11, 2008, and the motions to transfer in Hamby and Shamblin were denied on September 24, 2008.

**II.   JURISDICTION**

The Court has jurisdiction to adjudicate federal claims under 28 U.S.C. § 1331 and jurisdiction over ERISA claims under 29 U.S.C. § 1132.

**III. ANALYSIS**

**A. Consolidation**

Whether cases involving the same factual or legal questions should be consolidated is a matter within the discretion of the trial court.  See Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993).  Where several actions that "involve a common question of law or fact" are pending before a court, that court may (i) "join for hearing or trial any or all matters at issue in the actions;" (ii) "consolidate the actions;" or (iii) "issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).  A trial court deciding whether to consolidate actions must consider:

> [W]hether the specific risks of prejudice and possible
> confusion [are] overborne by the risk of inconsistent
> adjudications of common factual and legal issues, the
> burden on parties, witnesses and available judicial
> resources posed by multiple lawsuits, the length of time
> required to conclude multiple suits as against a single
> one, and the relative expense to all concerned of the
> single-trial, multiple-trial alternatives.

Cantrell, 999 F.2d at 1011 (citing Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985)).

These actions assert similar claims against Regions Plan
fiduciaries to recover losses to the Plan based on the
fiduciaries' imprudent selection of funds, investment of Plan
assets, or inadequate monitoring of investment fiduciaries. The
actions involve common questions of fact and law, including who
the fiduciaries of the Regions Plan were, whether they prudently
selected Plan investments, whether they adequately monitored the
investments and disclosures about the investments, and whether
the monitoring fiduciaries adequately monitored the investment
fiduciaries.

Counsel and Plaintiffs in all pending actions consent to
consolidation of the cases. "While [Defendant] Regions fully
agrees with Plaintiff that consolidation of these actions is
necessary," Regions argues that the Court should not consider
consolidation until Defendants' motions to transfer venue have
been decided. (Def. Resp. June 3, 2008 at 3.) Because the Court
denied Defendants' motions to transfer on August 11, 2008, and
September 24, 2008, Defendants' objection to consolidation is
moot. No party would be prejudiced should the Court grant the
motions for consolidation. The proposed consolidation would
also save judicial resources and prevent unnecessary cost and
delay. For the foregoing reasons, the Court finds that
consolidation of these ERISA actions is appropriate, and
Plaintiffs' motions for consolidation are GRANTED.

**B. Appointment of Interim Class Counsel**

Under Rule 23(g)(3), the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." 28 U.S.C. § 23(g)(3). When only "one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4)." 28 U.S.C. § 23(g)(2). Rule 23(g)(1)(A) specifies that, in appointing class counsel, the court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.

28 U.S.C. § 23(g)(1)(A). Rule 23(g)(4) requires that class counsel "fairly and adequately represent the interests of the class." 28 U.S.C. § 23(g)(4).

The Court is satisfied that the only applicants for class counsel, SFD&P and Keller Rohrback, are adequate under Rule 23(g)(1) and (4). The first Rule 23(g)(1)(A) factor, which focuses on the work counsel has done to advance the litigation, favors the appointment of SFD&P and Keller Rohrback. They have dedicated "resources to advancing the case by extensively investigating the Regions Plan's investments, the fiduciaries [sic] alleged wrongdoing, reviewed financial statements, plan-

7

related documents, the pleadings in related securities actions, as well as media and other reports, and consulted with potential experts." (Pl. Mem. 6.) As evidenced by Plaintiffs' consent to the appointment of SFD&P and Keller Rohrback, the two firms have taken the initiative to prepare, consolidate, and expedite these proceedings.

SFD&P and Keller Rohrback also satisfy the second and third factors, which address counsel's relevant class action experience and knowledge of applicable law. SFD&P lawyers appear to be highly regarded class action lawyers with extensive experience in representing classes of ERISA plan participants who allege breaches of fiduciary duties. Cases on which SFD&P lawyers have worked include: <u>Rexam, Inc. v. United Steelworkers of America</u>, 2006 WL 2530384 (D. Minn. Aug. 31, 2006) (ERISA – retiree health benefits); <u>United Auto Workers v. General Motors,</u> 235 F.R.D. 383 (E.D. Mich. 2006) (ERISA – retiree health); <u>United Auto Workers v. Ford Motor Co.,</u> 2006 U.S. Dist. LEXIS 70471 (E.D. Mich. July 13, 2006) (ERISA – retiree health); <u>ACF Industries v. Chapman</u>, 2004 U.S. Dist. LEXIS 27245 (E.D. Mo. 2004) (ERISA – retiree health); <u>Asarco v. United Steelworkers of America</u>, 2005 U.S. Dist. Lexis 20873 (D. Ariz. 2005) (ERISA – retiree health). (Pl. Mem. at 11.)

Keller Rohrback also has extensive experience in ERISA class actions, including <u>In re Enron Corp. ERISA Litigation</u>, No.

01-3913 (S.D. Tex.) (motion to dismiss denied August 29, 2008),

In re WorldCom, Inc. ERISA Litigation, No. 02-4816, 2005 WL

3107725 (Nov. 21, 2005 S.D.N.Y.)[4] (final order approving

settlement agreement), In re Global Crossing ERISA Litigation,

No. 02-7453, 2004 WL 30196763 (Dec. 29, 2004 S.D.N.Y)

(allocating payment of award for lead counsel after settlement),

and In re Marsh ERISA Litigation, No. 04-cv-8157, 2006 WL

3706169 (Dec. 14, 2006 S.D.N.Y) (granting in part and denying in

part defendants' motions to dismiss).  (Id. at 16.)  SFD&P and

Keller Rohrback are familiar with the applicable law and have

experience with similar class actions raising the kinds of

claims asserted in these actions.

SFD&P and Keller Rohrback have also agreed to commit the

necessary resources to this action, thus satisfying the final

23(g)(1)(A) factor.  Based on SFD&P's and Keller Rohrback's

experience in bringing and pursuing ERISA claims, they

understand the substantial investment of time and resources

necessary to pursue and lead the Regions ERISA action and are

---

[4] "In the In re WorldCom, Inc. ERISA Litigation, where Keller Rohrback served as Lead Counsel, Judge Cote found that: 'Lead Counsel has performed an important public service in this action and has done so efficiently and with integrity. It has cooperated completely and in novel ways with Lead Counsel for the Securities Litigation and in doing so all of them have worked to reduce legal expenses and maximize recovery for class members. Lead Counsel…has also worked creatively and diligently to obtain a settlement from WorldCom in the context of complex and difficult legal questions…. Lead Counsel should be appropriately rewarded as an incentive for the further protection of employees and their pension plans not only in this litigation but in all ERISA actions.' In re WorldCom, Inc. ERISA Litig., No. 02-4816, 2004 WL 2338151 at *10 (S.D.N.Y. Oct. 18, 2004)." (Pl. Mem. at 17.)

committed to making the investment necessary.  SFD&P and Keller

Rohrback have also "agreed to advance the costs of the

litigation contingent upon the outcome and to assess costs as

appropriate among other counsel."  (Id. at 18.)

Based on these findings and conclusions and on SFD&P and

Keller Rohrback's involvement in these actions to date, the

Court is satisfied that they will "fairly and adequately

represent the interests of the class" as required by Rule

23(g)(4).  For the foregoing reasons, the Court GRANTS

Plaintiffs' motions for appointment of SFD&P and Keller Rohrback

as interim lead counsel.

**IV.  CONCLUSION**

Plaintiffs' motions for consolidation and appointment of

interim lead counsel are GRANTED and it is ORDERED that:

(1) The ERISA actions Hamby, Jackson, and Shamblin are hereby

consolidated.  This consolidated matter shall be identified as In

re Regions Morgan Keegan ERISA Litigation, Civil Action No. 2:08-

2192, ("the Consolidated Action") and the files of the action

shall be maintained in one file under Master File No. 2:08-2192.

(2) This Order shall apply automatically to all other

substantively related actions arising out the same operative facts

as the Consolidated Action and involving claims under ERISA, which

have been filed, may be filed, or are transferred to this Court.

(3) The Court appoints Stember Feinstein Doyle & Payne, LLC and Keller Rohrback, LLP to serve as interim lead counsel and to act on behalf of the putative class with oversight of all ERISA plaintiffs' counsel who have filed related complaints, including McTigue & Porter LLP; Wiggins, Childs, Quinn & Pantazis, LLC; Schiffrin Barroway Topaz & Kessler, LLP; Bonnett, Fairbourn, Friedman & Balint, P.C.; and any other counsel for plaintiffs in these ERISA actions and any subsequently filed, related actions that may be consolidated with them, with the responsibilities described in this order, so that the litigation is controlled and directed by interim lead counsel efficiently, effectively, and without duplication of effort.

Interim lead counsel shall have authority over the following matters on behalf of all plaintiffs in the Consolidated Action in consultation with plaintiffs' counsel: (a) preparation of an amended consolidated complaint setting forth the ERISA class claims to be pursued in this action, including any sub-class claims; (b) directing, coordinating, and supervising the prosecution of plaintiffs' claims in the Consolidated Action; (c) assigning substantial work to other plaintiffs' counsel and directing the efforts of other counsel to assure that they perform only tasks specifically assigned to them by interim lead counsel; (d) retaining experts; (e) communicating with the Court; (f) communicating with defense

counsel; (g)    conducting settlement negotiations; (h) collecting and reviewing time and expense records from all plaintiffs' counsel; (i) maintaining communication and promoting efficient and harmonious dealings among all plaintiffs' counsel; and (j) coordinating activities to avoid duplication and inefficiency in the filing, serving and implementation of pleadings, other court papers, and discovery papers, in discovery practice, and in the litigation generally.  No motion shall be initiated or filed on behalf of any plaintiff in the Consolidated Action except through interim lead counsel.  All plaintiffs' counsel shall keep contemporaneous time and expense records and shall provide those records on request to interim lead counsel.

(4) Interim lead counsel and counsel for the Defendants shall confer about the time for plaintiffs to file an amended consolidated complaint and for Defendants' responses.  The parties shall submit a proposed schedule for the Court's approval.  Discovery in the Consolidated Action is not stayed. The consolidated complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated by this order.  Pending filing and service of the consolidated complaint, Defendants shall have no obligation to move, answer, or otherwise respond to any of the complaints in

the above-captioned actions or any actions subsequently

consolidated with them.

So ordered this 8th day of October, 2008.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE