**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| **IN RE REGIONS MORGAN KEEGAN** | ) | **MDL Docket No. 2009** |
| **ERISA LITIGATION** | ) | **Master File No. 2:08-cv-2192** |
| | ) | **Judge Samuel H. Mays, Jr.** |
| | ) | **Magistrate Judge Vescovo** |
| | ) | |

### MORGAN KEEGAN & COMPANY, INC. AND MORGAN ASSET MANAGEMENT, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT

Michael L. Dagley
W. Brantley Phillips, Jr.
Matthew M. Curley
BASS BERRY & SIMS PLC
315 Deaderick Street, Suite 2700
Nashville, TN  37238
(615)742-6200

Shepherd D. Tate
Michael A. Brady
BASS BERRY & SIMS PLC
100 Peabody Place, Suite 900
Memphis, TN  38103-3672
(901) 543-5900

*Attorneys for Morgan Keegan & Company, Inc.
and Morgan Asset Management, Inc.*

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

PRELIMINARY STATEMENT ...................................................................................... 1

RELEVANT FACTS & PROCEDURAL BACKGROUND ........................................... 4

STANDARD OF REVIEW ............................................................................................. 4

ARGUMENT & AUTHORITY ....................................................................................... 6

      A.     Plaintiffs' Consolidated Complaint Concedes That Morgan Keegan And
           MAM Are Not ERISA Fiduciaries To The Regions Plans.................................. 6

      B.     Morgan Keegan And MAM Do Not Qualify As ERISA Fiduciaries ................... 7

      C.     Plaintiffs' Consolidated Complaint Does Not Make Out A Claim For "Co-
           Fiduciary Liability" Against Morgan Keegan Or MAM...................................... 8

      D.     Plaintiffs Cannot Pursue Investment Fund Mismanagement Claims
           Against Any Defendants Under ERISA ............................................................ 11

      E.     ERISA Does Not Require Morgan Keegan Or MAM To Disclose Non-
           Public Information To Plan Fiduciaries Or Participants ..................................... 13

      F.     Plaintiffs' Consolidated Complaint Does Not Allege A Viable "Prohibited
           Transactions" Claim Under ERISA ................................................................. 17

CONCLUSION ............................................................................................................. 20

# TABLE OF AUTHORITIES

## Cases

Baker v. Kingsley, 387 F.3d 649 (7th Cir. 2004).................................................................15, 16

Banks v. Healthways, Inc., 2009 WL 211137 (M.D. Tenn. Jan. 28, 2009) ....................6, 7, 9, 16

Basic Inc. v. Levinson, 485 U.S. 224 (1988)............................................................................ 14

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007)......................................................... 4, 5

Bd. of Trs. of CWA/ITU Negotiated Pension Plan v. Weinstein, 107 F.3d 139
    (2d Cir. 1997) .............................................................................................................. 15

Boeckman v. A.G. Edwards, Inc., 2007 WL 4225740 (S.D. Ill. Aug. 31, 2007) ....................... 18

Bozeman v. Provident Nat. Assur. Co., 1992 WL 328804 (W.D. Tenn. May 15, 1992).............. 8

Chao v. Hall Holding Co., 285 F.3d 415 (6th Cir. 2002) .......................................................... 17

Chicago Dist. Council of Carpenters Welfare Fund v. Caremark, Inc., 474 F.3d 463
    (7th Cir. 2007) ............................................................................................................. 18

Ciralsky v. C.I.A., 355 F.3d 661 (D.C. Cir. 2004)...................................................................... 2

Conley v. Gibson, 355 U.S. 41 (1957) ....................................................................................... 4

Donovan v. Cunningham, 716 F.2d 1455 (5th Cir. 1983) ......................................................... 10

Edgar v. Avaya, 503 F.3d 340 (3d Cir. 2007)........................................................................... 15

Faircloth v. Lundy Packing Co., 91 F.3d 648 (4th Cir. 1996) .............................................15, 16

Fidel v. Farley, 392 F.3d 220 (6th Cir. 2004) ............................................................................ 5

Hecker v. Deere & Co., 556 F.3d 575 (7th Cir. 2009) ..................................................2, 8, 12, 18

Hunter v. Caliber Sys., Inc., 220 F.3d 702 (6th Cir. 2000)........................................................ 14

In re Bausch & Lomb Inc. ERISA Litig., 2008 WL 5234281 (W.D.N.Y. Dec. 12, 2008) .......... 16

In re Cardinal Health, Inc. ERISA Litig., 424 F. Supp. 2d 1002 (S.D. Ohio 2006) ..................... 5

In re Dreyfus Aggressive Growth Mut. Funds Litig., 2000 WL 10211
    (S.D.N.Y. Jan. 6, 2000)................................................................................................ 12

In re Huntington Bancshares Inc. ERISA Litig., 2009 WL 330308
    (S.D. Ohio Feb. 9, 2009) ................................................................................................. 9

In re McKesson HBOC, Inc. ERISA Litig., 2002 WL 31431588
    (N.D. Cal. Sept. 30, 2002) ............................................................................................. 10

In re SCB Comp. Tech., Inc. Sec. Litig., 149 F. Supp. 2d 334 (W.D. Tenn. 2001) ...................... 5

In re Sears, Roebuck & Co. ERISA Litig., 2004 WL 407007 (N.D. Ill. Mar. 3, 2004).............. 10

Kaniewski v. Equitable Life Assur. Soc. of U.S., 1993 WL 88200
    (6th Cir. Mar. 23, 1993) ................................................................................................. 8

Levy v. Visteon Corp., 2008 WL 4460192 (6th Cir. Oct. 6, 2008) ........................................... 14

Pegram v. Herdrich, 530 U.S. 211 (2000) ................................................................................. 5

Perry v. American Tobacco Co., Inc., 324 F.3d 845 (6th Cir. 2003)........................................... 5

Salahuddin v. Cuomo, 861 F.2d 40 (2d Cir. 1988) ................................................................... 2

Sharon v. Adams County Sheriff's Office, 2009 WL 549780 (10th Cir. Mar. 5, 2009).............. 2

Shirk v. Fifth Third Bancorp, 2009 WL 692124 (S.D. Ohio Jan. 29, 2009) ........................ 9, 10

Sprague v. Gen. Motors Corp., 133 F.3d 388 (6th Cir. 1998) ............................................15, 16

Stein v. Smith, 270 F. Supp. 2d 157 (D. Mass. 2003)............................................................... 10

Teamsters v. Daniel, 439 U.S. 551 (1979)................................................................................. 15

Varity Corp. v. Howe, 516 U.S. 489 (1996).............................................................................. 7

Zaluski v. United American Healthcare Corp., 527 F.3d 564 (6th Cir. 2008) ............................ 5

**Statutes**

15 U.S.C. § 78a ....................................................................................................................... 14

15 U.S.C. § 78l, 78m ............................................................................................................... 15

29 U.S.C. § 1002(14)(A-F) ...................................................................................................... 17

29 U.S.C. §§ 1021-31 .............................................................................................................. 14

29 U.S.C. § 1101(b)(1) ............................................................................ 18

29 U.S.C. § 1104(c) ............................................................................. 2, 14

29 U.S.C. § 1105 ............................................................................. 8, 9, 10

29 US.C. § 1106 ................................................................................... 17

29 U.S.C. § 1109 ..................................................................................... 5

29 U.S.C. § 1144(d) ........................................................................... 15, 16

## **Regulations**

29 C.F.R. § 2510.3-101(a)(2) ................................................................. 18

29 C.F.R. § 2520.101-2520.107-1 .......................................................... 14

## **Rules**

Fed. R. Civ. Pro. 8(a)(2) ...................................................................... 2, 4

Fed. R. Civ. Pro. 12(b)(6) ....................................................................... 5

# INTRODUCTION

Defendants Morgan Keegan & Company, Inc. ("Morgan Keegan") and Morgan Asset Management, Inc. ("MAM") hereby adopt and incorporate by reference the motion to dismiss and supporting memorandum of law filed contemporaneously by Defendants Regions Financial Corporation and Regions Bank (collectively, "Regions").[1]  For all the reasons set out therein, it is clear that Plaintiffs have failed to state any viable claims against Defendants under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et. seq. ("ERISA"). In addition, Morgan Keegan and MAM have filed a separate Rule 12 motion to dismiss and this memorandum of law to address the four claims asserted specifically against them in this action. These claims fail as a matter of law and must be dismissed with prejudice.

# PRELIMINARY STATEMENT

This consolidated action followed the filing of several federal securities cases now pending before this Court against Regions, Morgan Keegan, MAM and others, all of which allege misrepresentations and omissions concerning a number of Morgan Keegan-related investment funds.  Plaintiffs in the instant action, like those in the federal securities cases, seek to exploit the decline in share price experienced by these investment funds and Regions stock in the wake of the ongoing global financial crisis in order to buttress otherwise baseless allegations that Defendants have violated duties and obligations under ERISA.

It is undisputed that certain Morgan Keegan-related investment funds and Regions stock were among the multitude of investment options available to participants in the various

---

[1]     See Mem. of Law In Supp. of the Regions Defs.' Mot. to Dismiss Consolidated Class Action Compl. for Violation of ERISA ("Regions' Mem.").

retirement plans sponsored by Regions.[2]  According to Plaintiffs, however, there were known problems underlying both the investment funds and Regions stock that made their inclusion in the retirement plans imprudent and, thus, a breach of Defendants' purported fiduciary duties under ERISA.  Among other things, Plaintiffs also charge that Defendants had conflicts of interest and failed to act with prudence and loyalty in managing the Regions retirement plan assets.

To add the appearance of weight to these allegations, Plaintiffs completely ignore the mandate in Rule 8(a)(2) of the Federal Rules of Civil Procedure that requires "a short and plain statement of the claim."  Instead, their Consolidated Complaint runs on with cumbersome and confusing detail for more than 500 paragraphs and 178 pages.[3]  Despite its prolixity, however, the Consolidated Complaint contains very few allegations against Morgan Keegan and MAM.  In fact, only four of the fifteen counts set out in the 178-page Consolidated Complaint – Count V, Count VI, Count VIII and Count XV – mention Morgan Keegan or MAM at all.[4]

---

[2]     It also is undisputed that all of the Regions retirement plans at issue provided for individual participant accounts over which a plan participant was free "to exercise control over the assets in [her] account."  29 U.S.C. § 1104(c)(1).  Accordingly, "[e]ach plan participant decided for herself where to put her 401(k) dollars; the only limitation was that the investment vehicle had to be one offered" in the plans.  Hecker v. Deere & Co., 556 F.3d 575, 578 (7th Cir. 2009).  As such, all of the Regions plans qualify for the so-called "safe harbor" under ERISA § 404(c) (29 U.S.C. § 1104(c)), which holds plan fiduciaries harmless for any investment losses incurred in self-directed ERISA plans.  See also Regions' Mem. at 41-43 for a more complete discussion of the § 404(c) safe harbor provision and its application in this action.

[3]     In view of this fact, it would be entirely appropriate for the Court to strike Plaintiffs' Consolidated Complaint for failure to comply with Rule 8(a)(2).  See Sharon v. Adams County Sheriff's Office, 2009 WL 549780 at *2 (10th Cir. Mar. 5, 2009) (affirming dismissal of amended complaint for failure to comply with Rule 8(a)(2)); Ciralsky v. C.I.A., 355 F.3d 661, 671 (D.C. Cir. 2004) (holding lower court did not abuse discretion in dismissing amended complaint that was 61 pages and 105 paragraphs in length); see also Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (explaining "unnecessary prolixity in pleading places an unjustified burden on the court and the party who must respond to it because that are forced to select relevant material from a mass of verbiage").  The fact that Plaintiffs felt compelled to attach a three-page chart outlining their various claims against the respective Defendants as an exhibit to the Consolidated Complaint essentially concedes this point.  See Consolidated Compl., Ex. A.

[4]     Morgan Keegan is a regional investment broker-dealer that is headquartered in Memphis, Tennessee.  MAM is a registered investment advisor and a corporate affiliate of Morgan Keegan.  Morgan Keegan and MAM provided certain promotional and investment advisory services, respectively, to the "RMK Select Bond Funds" referenced in the Consolidated Complaint; however, they ceased doing so in or about April 2008, when the funds

In Count V, Plaintiffs claim that Morgan Keegan, MAM and others have "co-fiduciary liability" for alleged knowledge of and failure to correct for alleged breaches by other fiduciaries regarding their duties of "loyal management, complete and accurate communications, and adequate monitoring." <u>See</u> Consolidated Compl. ¶¶ 11, 367-78 (Docket No. 69). In Count VI, Plaintiffs allege that Morgan Keegan, MAM and others breached their fiduciary duties by failing to manage the Regions retirement plans "with the care, skill, diligence and prudence required by ERISA." <u>See</u> <u>id.</u> ¶¶ 12, 379-92. In Count VIII, Plaintiffs allege that Morgan Keegan, MAM and others violated ERISA by failing to disclose "necessary information" about the investment funds to other fiduciaries. <u>See</u> <u>id.</u> ¶¶ 14, 403-09. And, lastly, in Count XV, Plaintiffs allege that Morgan Keegan and MAM engaged in "revenue sharing and other 'kickbacks'" in connection with the investment funds, which, they say, all constituted "prohibited transactions" under ERISA. <u>See</u> <u>id.</u> ¶¶ 21, 478-87.

As discussed more fully below, each of these claims is premised on fundamental misstatements concerning both the scope of ERISA and the actual relationship of Morgan Keegan and MAM to the Regions plans. Indeed, as Plaintiffs effectively concede, neither Morgan Keegan nor MAM ever acted as a named or "de facto" fiduciary to any of the Regions plans at issue. Fiduciary status is a fundamental requirement for ERISA liability, and it is undisputed that nothing in any of the relevant retirement plan documents names Morgan Keegan or MAM as fiduciaries or gives them any responsibility or authority for the plans.

Likewise, Plaintiffs fail to allege any specific facts that Morgan Keegan or MAM had any responsibility or authority for managing the Regions plan assets. Nor could they, as the

---

were transferred to third-party ownership. <u>See</u> Consolidated Compl. ¶¶ 5, 246-47. Neither Morgan Keegan nor MAM has ever acted as a service provider to or had any other connection with any of the Regions plans at issue in this case.

relevant plan documents clearly demonstrate that all such responsibility fell exclusively to the various Regions plan investment committees.

Plaintiffs' disclosure claims also fail. Notwithstanding Plaintiffs' assertions to the contrary, nothing in ERISA trumps the disclosure obligations under the federal securities laws or otherwise requires the disclosure of material, non-public information to plan participants. ERISA simply does not impose affirmative disclosure requirements with regard to publicly-traded securities, which are comprehensively regulated by the federal securities laws.

At bottom, Plaintiffs have not stated, and cannot state, a viable claim against either Morgan Keegan or MAM. Accordingly, for all the reasons that follow, Plaintiffs' claims against Morgan Keegan and MAM must be dismissed with prejudice.

## RELEVANT FACTS & PROCEDURAL BACKGROUND

For the relevant facts and procedural background of this case, Morgan Keegan and MAM refer the Court to the discussion of these matters set out in Regions' brief filed in support of its motion to dismiss, which is incorporated herein by reference. <u>See</u> Regions' Mem. at 4-7.

## STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). While detailed factual allegations are not required under Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955,

1964-65 (2007).  Absent the inclusion of factual allegations in the complaint, "it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  Id. at 1965 n.3  Whereas under the previous standard a complaint could be dismissed only if the plaintiff could prove "no set of facts" that would entitle him to relief, that is no longer the case after Twombly.  Id. at 1969.

Dismissal of a claim under Rule 12(b)(6) is now required unless the "factual allegations [are] enough to raise a right to relief above the speculative level . . . ."  Zaluski v. United American Healthcare Corp., 527 F.3d 564, 570 (6th Cir. 2008) (quoting Twombly, 127 S. Ct. at 1959)); see also Fidel v. Farley, 392 F.3d 220 (6th Cir. 2004); In re SCB Comp. Tech., Inc., Sec. Litig., 149 F. Supp. 2d 334 (W.D. Tenn. 2001).  "The facts set forth in the complaint must be accepted as true, so long as they are well pleaded."  Fidel, 392 F.3d at 225 (citing Miller v. Champion Enter., Inc., 346 F.3d 660, 671 (6th Cir. 2003)).  A court need not accept as true "legal conclusions or unwarranted factual inferences."  Perry v. American Tobacco Co., Inc., 324 F.3d 845, 848 (6th Cir. 2003) (quoting Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)).  Thus, the reading afforded Plaintiffs' Consolidated Complaint on a motion to dismiss does not relieve Plaintiffs of their obligation to provide more than "bare assertions or legal conclusions."  Id.  To survive a motion to dismiss, a plaintiff "must provide 'either direct or inferential allegations respecting all the material elements [necessary] to sustain a recovery."  Id.

## ARGUMENT & AUTHORITY

**A.** **Plaintiffs' Consolidated Complaint Concedes That Morgan Keegan And MAM Are Not ERISA Fiduciaries To The Regions Plans.**

Plaintiffs' Consolidated Complaint includes three claims against Morgan Keegan and MAM for breach of ERISA fiduciary duty.[5]  Absent from the Consolidated Complaint, however, is any specific allegation that either Morgan Keegan or MAM is a fiduciary for the Regions plans at issue.  At the outset of the Consolidated Complaint, Plaintiffs spend thirteen pages identifying each of the Defendants in this case in specific detail.  See Consolidated Compl. ¶¶ 38-56.  Importantly, Plaintiffs explicitly describe both Morgan Keegan and MAM as a "***nonfiduciary*** party in interest."  See id. ¶¶ 44-45 (emphasis added).

Additionally, Plaintiffs spend another eleven pages in the Consolidated Complaint outlining in detail the "fiduciary status" of each Defendant in this case.  See id. ¶¶ 89-127.  Notably, neither Morgan Keegan nor MAM is identified or alleged as having a "fiduciary status" in this section.

Simply put, by virtue of what they say (and do not say) in the Consolidated Complaint, it is clear that Plaintiffs have abandoned any claim whatsoever that Morgan Keegan or MAM is an ERISA fiduciary with respect to the Regions plans.  Therefore, Plaintiffs claims against these Defendants that rely upon the existence of such a relationship – Count V, Count VI and Count VIII – fail as a matter of law and must be dismissed.[6]

---

[5]    To state a claim for breach of fiduciary duty under ERISA, a plaintiff must allege that: (1) the defendant was a ***plan fiduciary***; (2) the defendant's acts or omissions constituted a breach of duty; and (3) the breach caused harm to the plaintiff.  Pegram v. Herdrich, 530 U.S. 211, 225-26 (2000) (emphasis added); see 29 U.S.C. § 1109; see also In re Cardinal Health, Inc. ERISA Litig., 424 F. Supp. 2d 1002, 1016 (S.D. Ohio 2006) (citing In re AOL Time Warner, Inc. Sec. & ERISA Litig., 2005 WL 563166 at *2 (S.D.N.Y. Mar.10, 2005)).

[6]    In a half-hearted effort to deal with the obvious inconsistency between the allegations and the actual claims asserted in their Consolidated Complaint, Plaintiffs offer the following statement: "Plaintiffs do not allege that each Defendant was a fiduciary with respect to all aspects of the Plans' management and administration.  Rather . . . Defendants were fiduciaries to the extent of the specific fiduciary discretion and authority assigned to or exercised

**B.** **Morgan Keegan And MAM Do Not Qualify As ERISA Fiduciaries.**

Even if Plaintiffs' Consolidated Complaint did not include allegations that unambiguously describe Morgan Keegan and MAM as being "nonfiduciary" for purposes of the claims at issue, there still would be no legitimate argument that these Defendants were or could be considered ERISA fiduciaries, and dismissal would remain the proper outcome here.

The definition of fiduciary under ERISA is quite narrow. As the Supreme Court has consistently made clear, one can be a fiduciary in the context of ERISA only "to the extent that he or she exercises any discretionary authority or discretionary control respecting management of the plan, or has any discretionary authority or discretionary responsibility in the administration of the plan." Varity Corp. v. Howe, 516 U.S. 489, 498 (1996) (internal quotes omitted); see also Banks v. Healthways, Inc., 2009 WL 211137 at *4.

As discussed above, Plaintiffs' Consolidated Complaint does not include any allegations that either Morgan Keegan or MAM ever had or exercised any discretionary authority, responsibility or control for the Regions plans. The Consolidated Complaint also fails to allege that Morgan Keegan or MAM played any role in designing the retirement plans at issue or selecting the investment options that would be made available in these plans. Instead, per the Summary Plan Description, Plaintiffs allege that function fell to the plan fiduciaries. See Consolidated Compl. ¶ 77 (alleging "the Plans' fiduciaries . . . selected the Plans' investment options"). Finally, nowhere do Plaintiffs allege any specific facts that either Morgan Keegan or

---

by each of them, and . . . the claims against each Defendant are based on such specific discretion and authority." Consolidated Compl. ¶ 93. Such meaningless qualifications do nothing to overcome Plaintiffs' specific allegations describing Morgan Keegan and MAM as "nonfiduciary" or Plaintiffs' failure otherwise to make any specific allegations regarding the fiduciary status of these Defendants. While "[f]iduciary status is not an all-or-nothing concept," it nonetheless requires a showing with specific facts that a party had discretionary authority or control over plan assets, plan management or plan administration. Banks v. Healthways, Inc., 2009 WL 211137 at *4 (M.D. Tenn. Jan. 28, 2009) (citing In re JDS Uniphase Corp. ERISA Litig., 2005 WL 1662131 at *2) (N.D. Calif. July 14, 2005)). Having failed to make any such showing in their Consolidated Complaint, the inconsistency of Plaintiffs' allegations is dispositive of their fiduciary-based claims against Morgan Keegan and MAM.

MAM had any in role in advising the retirement plans or any of the plan fiduciaries. The absence of such allegations is not surprising, as it is undisputed that R.V. Kuhns & Associates, Inc. has served as the actual financial and investment advisor of the Regions plans since at least April 2007.[7] See Decl. of W. Brantley Phillips, Jr., Exhibit A.

Plaintiffs, therefore, cannot establish that either Morgan Keegan or MAM was ever a "de facto" or "functional" fiduciary for purposes of the ERISA plans at issue in this case, and their claims against these Defendants premised on there being such a relationship – Count V, Count VI and Count VIII – must be dismissed. See Hecker, 556 F.3d at 583 (explaining that, in order to find defendants were "functional fiduciaries," plaintiffs must show defendants "exercised discretionary authority or control over the management of the Plans, the disposition of the Plans' assets, or the administration of the Plans").[8]

### C. Plaintiffs' Consolidated Complaint Does Not Make Out A Claim For "Co-Fiduciary Liability" Against Morgan Keegan Or MAM.

In a transparent effort to enlarge the number of Defendants in this case as much as possible, Plaintiffs' Consolidated Complaint includes catch-all allegations of "co-fiduciary

---

[7]     It is telling that, despite the fact that Plaintiffs had the investment service agreement expressly naming R.V. Kuhns & Associates, Inc. as a fiduciary of the Regions plans in their possession prior to the filing of their Consolidated Complaint, they have elected not to name R.V. Kuhns & Associates, Inc. as a defendant in this case.

[8]     In response to this argument, Plaintiffs will no doubt point to their allegation that MAM "has also provided investment services to the Plans. . . ." Consolidated Compl. ¶ 45. Putting aside that this hallow allegation is the only one of its kind in Plaintiffs' entire 178-page Consolidated Complaint, and that it is expressly conditioned "[u]pon information and belief" and contains no specific facts whatsoever, it still is of no moment for purposes of this motion because such an allegation fails to establish that MAM had or exercised any discretion or authority for the Regions plans' investments, which is essential to the imposition of fiduciary liability under ERISA. It is well-settled by this Court that "the statutory definition of fiduciary 'speak(s) to *actual decision-making power* rather than to the influence that a professional may have over the decision made by the plan trustees she advises.'" Bozeman v. Provident Nat. Assur. Co., 1992 WL 328804 at *4 (W.D. Tenn. May 15, 1992) (emphasis added) (quoting Pappas v. Buck Consultants, Inc., 923 F.2d 531, 535 (7th Cir. 1991). Indeed, "[m]erely playing a role or furnishing professional advice is not enough to transform a company into a fiduciary." Hecker, 556 F.3d at 583; see also Kaniewski v. Equitable Life Assur. Soc. of U.S., 1993 WL 88200 at *3 (6th Cir. Mar. 23, 1993) ("In order to meet the definition of a fiduciary based on the rendering of investment advice, a party must have discretionary authority over funds or give individualized investment advice."). Accordingly, given the absence of specific allegations showing that MAM controlled "investment services" for the Regions plans, there is no viable legal basis for allowing Plaintiffs' claims for fiduciary breach against MAM to proceed.

liability" against Morgan Keegan, MAM and dozens of others.  See Consolidated Compl. ¶¶ 367-78 (Count V).  Under ERISA, co-fiduciary liability exists only where one *plan fiduciary* has knowledge of a fiduciary breach by *another plan fiduciary* and fails to make reasonable efforts under the circumstances to correct for it.  See 29 U.S.C. §1105(a).  Stated differently, as the name implies, status as an ERISA fiduciary is a threshold requirement for "co-fiduciary liability."  With such claims, Plaintiffs seek to hold Morgan Keegan and MAM liable *as fiduciaries* in this case for, among other things, Regions' alleged failure to disclose "material information from the market" and other "inappropriate business practices" that, they say, would have shown Regions stock to be an imprudent investment for the retirement plans.  See Consolidated Compl. ¶¶ 372, 374.

Co-fiduciary liability is governed by ERISA § 405(a), 29 U.S.C. § 1105(a), which imposes liability for "(1) a *fiduciary's* participation in, or concealment of, breaches of fiduciary duty by another fiduciary, (2) a *fiduciary's* enabling another fiduciary to commit a breach, or (3) a *fiduciary's* having knowledge of a breach by another fiduciary, and failing to take reasonable steps to remedy that breach."  Shirk v. Fifth Third Bancorp, 2009 WL 692124 at *20 (S.D. Ohio Jan. 29, 2009) (emphasis added).  Any such claims against Morgan Keegan and MAM must be dismissed as a matter of law.  As explained above, Plaintiffs' Consolidated Complaint contains no viable allegations that either Morgan Keegan or MAM ever acted in a fiduciary capacity to the ERISA plans at issue and expressly (and correctly) identify Morgan Keegan and MAM as having a "*nonfiduciary*" status with respect to the plans.  See id. ¶¶ 44-45, 479 (emphasis added).  Having said that Morgan Keegan and MAM do not and cannot qualify for ERISA fiduciary status, Plaintiffs' co-fiduciary liability claims against those parties must fail.  See Banks, 2009 WL 211137 at *6 ("Liability of a co-fiduciary presupposes liability of a

fiduciary."); <u>see also</u> <u>In re Huntington Bancshares Inc. ERISA Litig.</u>, 2009 WL 330308 at *12 (S.D. Ohio Feb. 9, 2009) ("predicate of co-fiduciary liability is a breach of fiduciary responsibility of another fiduciary with respect to the same plan.").

Irrespective of the foregoing, Plaintiffs' co-fiduciary claims would fail even if this Court were somehow to determine that the Consolidated Complaint did include viable allegations that Morgan Keegan and MAM were plan fiduciaries. ERISA extends liability to one plan fiduciary for another fiduciary's conduct only in three statutorily-delineated circumstances, two of which require the fiduciary to have actual knowledge of another fiduciary's breach. <u>See</u> 29 U.S.C. §1105(a)(1)-(a)(3). Other than unspecific, conclusory allegations that "each Plans' Monitoring Defendants knowingly participated" in the alleged fiduciary breaches of other Defendants, nothing in the Consolidated Complaint links Morgan Keegan or MAM in any way to the purported wrongdoing referenced in Count V, all of which relates to "risky and inappropriate business practices" by Regions. <u>See</u> Consolidated Compl. ¶ 374, 372. It is well-settled that such allegations are insufficient to make out a viable co-fiduciary liability claim. <u>See</u> <u>Donovan v. Cunningham</u>, 716 F.2d 1455, 1475 (5th Cir. 1983) ("Section 405 does not impose vicarious liability – it requires actual knowledge by the co-fiduciary."); <u>see also</u> <u>Stein v. Smith</u>, 270 F.Supp.2d 157, 174 (D. Mass. 2003) ("[B]y pleading that the other defendants knew or should have known of alleged breaches by Smith, the plaintiffs have not met the standard set forth in ERISA, which requires an allegation of knowing participation in or facilitation of the underlying breach, by way of an independent breach by the co-fiduciaries.").

The same analysis applies to Plaintiffs' failure to allege with any specificity how Morgan Keegan or MAM failed to take reasonable steps to remedy the breaches described in Count V. Plaintiffs' failure to include such allegations in the Consolidated Complaint is fatal to

any claim for co-fiduciary duty insofar as Morgan Keegan and MAM are concerned. See Shirk, 2009 WL 692124 at *21 (stating "Plaintiffs fail to evidence material facts sufficient to set forth a cognizable claim that any of the fiduciaries breached their duties under ERISA . . . . Therefore, Plaintiffs' claim under §1105(a) for co-fiduciary liability cannot be sustained."); see also In re Sears, Roebuck & Co. ERISA Litig., 2004 WL 407007 at *8 (N.D. Ill. Mar. 3, 2004) (dismissing co-fiduciary claim where plaintiffs "impermissibly lumped all Defendants together without explaining how a particular Defendant enabled another fiduciary to commit a breach or took no reasonable efforts to remedy a knowledge of the breach"); accord In re McKesson HBOC, Inc. ERISA Litig., 2002 WL 31431588 at *17 (N.D.Cal. Sept.30, 2002) (dismissing co-fiduciary claim where plaintiffs' allegations were insufficient to put each defendant on notice of specific conduct giving rise to liability).

Plaintiffs have not alleged a cognizable claim for co-fiduciary liability against either Morgan Keegan or MAM, and, insofar as Count V of the Consolidated Complaint pertains to these Defendants, it must be dismissed as a matter of law. See also Regions' Mem. at 40-41.

### D. Plaintiffs Cannot Pursue Investment Fund Mismanagement Claims Against Any Defendants Under ERISA.

In Count VI of the Consolidated Complaint, Plaintiffs allege that Morgan Keegan, MAM and others failed to manage the assets of the retirement plans at issue "with the care, skill, diligence and prudence required by ERISA." See Consolidated Compl. ¶ 382. More specifically, Plaintiffs allege that the proprietary investment funds offered in the plans "were imprudent investments . . . due to [their] excessive investment in high-risk assets that was inappropriate for a fixed income bond fund. . . . " Id. ¶ 383. According to Plaintiffs, this alleged mismanagement amounted to a breach of fiduciary duty that makes Morgan Keegan and MAM

liable for the investment losses incurred by retirement plan participants. These allegations are fatally flawed in several respects.

First, Count VI again assumes that Morgan Keegan and MAM are plan fiduciaries. As explained above, however, that is categorically incorrect, and nothing in Plaintiffs' Count VI allegations alter the foregoing analysis in any way whatsoever. Indeed, apart from making the naked assertion that Morgan Keegan and MAM breached their fiduciary obligations to the retirement plans, Plaintiffs do not allege any specific facts in Count VI which establish that these Defendants have or had any ERISA fiduciary obligations to the Regions plans.

Second, even if that were not the case, nothing in Plaintiffs' Count VI allegations indicates that Morgan Keegan or MAM ever had any responsibility, discretion or control – either ministerial or otherwise – for the retirement plans assets at issue. Nor could they, as it is effectively undisputed that Morgan Keegan and MAM were completely removed from the management and oversight of the Regions plans. In fact, as Plaintiffs make plain in the Consolidated Complaint, the only connection Morgan Keegan and MAM ever had to the Regions plans derives from the fact that MAM "was the Investment Advisor to the RMK Select Funds" – that is, MAM served as investment advisor to certain of the investment funds that were offered through the plans. Id. ¶ 45. And, despite the inference that Plaintiffs hope to create through their vague and conclusory allegations, nothing about the respective relationships of Morgan Keegan and MAM to the investment *funds* makes them an ERISA fiduciary of the retirement *plans*. See Hecker, 556 F.3d at 583 ("Merely playing a role or furnishing professional advice is not enough to transform a company into a fiduciary.").

Third, to the extent the extent that Plaintiffs are attempting through Count VI to pursue claims that Morgan Keegan and/or MAM mismanaged the investment funds by failing to adhere to restrictions regarding valuation, liquidity and concentration of the investment funds' assets found in the federal securities laws and regulations, such claims are completely improper here and must be dismissed. Case law is clear that claims alleging mismanagement of investment funds or a failure to disclose mismanagement of such funds are derivative in nature. See, e.g., In re Dreyfus Aggressive Growth Mut. Funds Litig., 2000 WL 10211 at *1 (S.D.N.Y. Jan. 6, 2000) (find that "failure to fully or adequately disclose" the "excessive concentration of [risky] stocks, extreme volatility and highly illiquid nature of the Fund's portfolio" was "an 'undifferentiated harm' that all shareholders suffered and was derived from the harm to the Funds themselves"). Therefore, to the extent Plaintiffs are pursuing such claims here, they cannot do so using the vehicle of an ERISA class action, and the Court must dismiss such claims in favor of the related derivative litigation otherwise pending before this Court.

In addition to the foregoing, Count V also should be dismissed for all the reasons discussed in Regions' related memorandum of law. See Regions' Mem. at 34-36.

E.  **ERISA Does Not Require Morgan Keegan Or MAM to Disclose Non-Public Information To Plan Fiduciaries Or Participants.**

Count VIII of the Consolidated Complaint alleges that Morgan Keegan, MAM and others improperly failed to disclose "non-public information . . . about the risks posed by the [investment funds]" which could have been used "to protect the [Regions plans] and their participants and beneficiaries." See Consolidated Compl. ¶¶ 406. According to Plaintiffs, this alleged omission amounts to a violation of fiduciary duties under ERISA for which Regions (not Morgan Keegan or MAM) is liable to the retirement plan participants for any investment losses.

Id. ¶¶ 404, 409.  As with Plaintiffs' other allegations, however, nothing in Count VIII states a viable claim against either Morgan Keegan or MAM.

As an initial matter, in Count VIII, Plaintiffs premise their allegations on the assumption that Morgan Keegan and MAM are ERISA fiduciaries.  Once again, however, apart from making the naked assertion that Morgan Keegan and MAM breached their fiduciary obligations, Plaintiffs do not allege any facts in Count VIII which establish that those parties have or had any ERISA fiduciary duty to the retirement plans.  Nor could they, having previously alleged that Morgan Keegan and MAM are not fiduciaries.  See id. ¶¶ 44-45, 479.  For that reason, as well as all those discussed above, it is clear that neither Morgan Keegan nor MAM ever had fiduciary obligations to the Regions plans, and the Court should dismiss Count VIII as to those parties on that basis alone.

Moreover, Plaintiffs' Count VIII claims fail because nothing in ERISA mandates anything remotely like the disclosure obligations that are suggested by their allegations.  As a matter of law, ERISA imposes no duty on fiduciaries (let alone non-fiduciaries) to disclose non-public information; rather, ERISA contains very specific and limited disclosure requirements.  See 29 U.S.C. §§1021-31; 29 C.F.R. §2520.101-2520.107-1.  The acts, statements and decisions of a plan fiduciary do not implicate ERISA's fiduciary duties unless the fiduciary was acting, speaking or making a decision in a plan fiduciary capacity.  Hunter v. Caliber Sys., Inc., 220 F.3d 702, 718 (6th Cir. 2000).

By fundamental contrast, the federal securities laws comprehensively and strictly regulate the actions, statements and decisions of corporate officers, directors and employees taken in their corporate capacities, particularly insofar as those actions, statements and decisions relate to or may have an impact on publicly-traded securities.  See Securities Exchange Act of

1934 §2, 15 U.S.C. §78b (outlining the necessity of federal regulation of securities transactions, "including transactions by officers, directors, and principal securities holders"); Basic Inc. v. Levinson, 485 U.S. 224, 230-31 (1988) ("'the 'fundamental purpose'" of the Exchange Act is "a 'philosophy of full disclosure'") (internal citations omitted). Specifically, unlike ERISA, the securities laws prescribe the circumstances under which material information must be disclosed to the public. See Levy v. Visteon Corp., 2008 WL 4460192 at *3 (6th Cir. Oct. 6, 2008).

That Congress intended to confine ERISA obligations to a specifically-delineated list is not just a conjectural assessment; ERISA's plain language confirms that as an explicit and fundamental underpinning of the statutory regime. See 29 U.S.C. §1144(d) (stating that ERISA yields to other federal law, including the securities laws). By contrast, nothing in ERISA, its legislative history or controlling case law supports importing securities law responsibilities into ERISA. See Teamsters v. Daniel, 439 U.S. 551, 570-71 (1979).

The Sixth Circuit, along with several other circuits, has expressly refused to expand ERISA's disclosure obligations to require disclosure of information beyond what is already mandated by the statute. Sprague v. Gen. Motors Corp., 133 F.3d 388, 405 (6th Cir. 1998) (en banc) (ERISA's "reporting and disclosure requirements are themselves 'comprehensive' [and] [w]e decline to apply [a] judge-made rule … in such a way as to augment the detailed disclosure provisions of the statute"); see also Edgar v. Avaya, 503 F.3d 340, 350 (3rd Cir. 2007) (ERISA fiduciaries had duty not to misrepresent information to participants, which was satisfied by warnings regarding the inherent risks associated with lack of diversification and company stock generally; ERISA fiduciaries "did not have a duty to 'give investment advice' or 'to opine on' the stock's condition"); Baker v. Kingsley, 387 F.3d 649,

662 (7th Cir. 2004); Bd. of Trs. of CWA/ITU Negotiated Pension Plan v. Weinstein, 107 F.3d 139, 147 (2d Cir. 1997); Faircloth v. Lundy Packing Co., 91 F.3d 648, 658 (4th Cir. 1996).

Importantly, in this case, Plaintiffs do **not** allege that Morgan Keegan or MAM violated ERISA's specific disclosure requirements. Nor do they allege in any way that either Morgan Keegan or MAM ever failed or refused to respond to any requests for information. Instead, under the guise of ERISA's general fiduciary rules, Plaintiffs are seeking to impose additional, even broader financial disclosure requirements than are imposed by the federal securities laws, which specifically regulate a public company's financial disclosures. See 15 U.S.C. §§78l, 78m. ERISA, however, expressly states that it does not "alter, amend, modify, invalidate, impair, or supersede any" federal statute or regulation. 29 U.S.C. §1144(d). In view of the foregoing authority, this Court should not allow Plaintiffs to engraft the specific and carefully balanced financial disclosure requirements Congress has already provided under the securities laws into ERISA. See Baker, 387 F.3d at 662; see also Sprague, 133 F.3d at 405; Weinstein, 107 F.3d at 147; Faircloth, 91 F.3d at 658.

Accordingly, despite what Plaintiffs' allegations in Count VIII suggest, it is clear that ERISA plan participants and administrators are not entitled to more or different information than the public markets. See Banks, 2009 WL 211137 at *3 ("Defendants do not have an affirmative duty under ERISA to provide plaintiff participants with non-public information regarding the company's financial condition.") (citing In re Ferro Corp. ERISA Litig., 422 F.Supp.2d 850, 864 (N.D. Ohio 2006)); see also In re Bausch & Lomb Inc. ERISA Litig., 2008 WL 5234281 at *9 (W.D.N.Y. Dec. 12, 2008) (explaining "such a disclosure to the Plan Participants before the information was disclosed to the public would have been a violation of the federal securities law that prohibits trading on nonpublic adverse information") (citing

Nelson v. Hodowal, 512 F.3d 347, 350-51 (7th Cir. 2008).  The Court, therefore, should dismiss the claims against Morgan Keegan and MAM in Count VIII as a matter of law.  See also Regions' Mem. at 40-41.

> ### F. Plaintiffs' Consolidated Complaint Does Not Allege A Viable "Prohibited Transactions" Claim Under ERISA.

In Count XV of the Consolidated Complaint, Plaintiffs allege that Morgan Keegan, MAM and others violated ERISA's ban on certain "prohibited transactions" as a result of the parties' purported fee sharing arrangements.  Importantly, despite the balance of Plaintiffs' other allegations against Morgan Keegan and MAM, in Count XV, Plaintiffs expressly allege that these parties **are not ERISA fiduciaries**, which is essential to making out a prohibited transaction claim here.  See Consolidated Compl. ¶479.  For purposes of Count XV, Morgan Keegan and MAM are now merely (and conveniently) "parties in interest."[9]  Id.  Plaintiffs' willingness to expressly disclaim fiduciary status for Morgan Keegan and MAM on the basis of the same relationship that they say gives rise to fiduciary liability in other sections of the Consolidated Complaint brightly underscores just how little credibility and merit there is to Plaintiffs' prohibited transactions claims.

ERISA's rules banning certain transactions exist "to prohibit transactions that would clearly injure the plan" and serve to "prevent employee benefit plans from engaging in transactions that would benefit parties in interest at the expense of the plan participants and their beneficiaries."  See Chao v. Hall Holding Co., 285 F.3d 415, 426 (6th Cir. 2002) (citing Lockheed Corp. v. Spink, 517 U.S. 882, 888 (1996)).  In Count XV, Plaintiffs specifically allege that, because the RMK Select Funds were offered as investment options from which participants could choose in the Regions plans, it was improper for Morgan Keegan or MAM to receive fees

---

[9]     ERISA defines a "party in interest" as any person that provides services to an ERISA plan, an employer whose employees are covered by the plan and certain affiliates of the employer.  See 29 U.S.C. §§ 1002(14)(A-F).

for any services that they provided to those investment funds.  See Consolidated Compl. ¶¶ 482-83.  According to Plaintiffs, the payment of any such fees amounted to "revenue sharing and other kickback" arrangements that involved transfers of plan assets and, thus, constituted prohibited transactions under ERISA § 406, 29 U.S.C. § 1106.  Id. ¶ 484.

In making this claim, however, Plaintiffs are forced to contend with the Department of Labor's Prohibited Transaction Exemptions 77-3 and 77-4, which expressly sanction making proprietary investment funds like the ones at issue here available to plan participants.  In doing so, Plaintiffs can do little more than attempt to obfuscate the true relationship between Morgan Keegan, MAM and the Regions plans.  While Plaintiffs effectively concede that the fees at issue were paid to Morgan Keegan and MAM using assets of the individual investment funds,[10] they nevertheless say that this arrangement constituted ***payments by the Regions plans***.  See id.  Nothing in ERISA or the relevant case law validates any such contention.  ERISA makes clear that plan assets are separate and distinct from the assets of any investment fund offered within that plan.  Specifically, 29 U.S.C. § 1101(b)(1) provides:

> In the case of a plan which invests in any security issued by an investment company registered under the Investment Company Act of 1940 ..., the assets of such plan shall be deemed to include such security but shall not, solely by reason of such investment, be deemed to include any assets of such investment company.

ERISA regulations promulgated by the Department of Labor reinforce this distinction.  See also 29 C.F.R. § 2510.3-101(a)(2)("an investment by a plan in securities of [a mutual fund] may be made without causing, solely by reason of such investment, any of the assets of the investment company to be considered assets of the plan.").  Under this authority, fees paid by a mutual fund for investment advisory services out of its own assets (which is how Plaintiffs allege Morgan

---

[10]     According to the Consolidated Complaint, fees paid to Morgan Keegan and MAM received were "based on small percentages of the RMK Select Funds' daily average balance. . . ."  Consolidated Compl. ¶ 481.

Keegan and MAM were paid) cannot be construed as a transaction involving ***plan assets***. For this reason, such transactions are consistently seen by federal courts as falling well outside of the prohibited transactions restrictions imposed by ERISA. See, e.g., Hecker, 556 F.3d at 584 ("Once the fees are collected from the mutual fund's assets and transferred to one of the Fidelity entities, they become Fidelity's assets again, not the assets of the Plans."); Boeckman v. A.G. Edwards, Inc., 2007 WL 4225740 at *3 (S.D. Ill. Aug. 31, 2007) ([G]iven the under ERISA §401(b), 29 U.S.C. §1101(b), the mutual funds were not trafficking in Plan assets, the Court concludes that Boeckman's prohibited transactions claims fail as a matter of law."); accord Chicago Dist. Council of Carpenters Welfare Fund v. Caremark, Inc., 474 F.3d 463, 476 n.6 (7th Cir. 2007) (holding pharmaceutical rebates for bulk purchases belonged to pharmacy benefits manager and not to health plans that employed manager).

Advisory opinions issued by the Department of Labor also support this view. For example, in Advisory Opinion 2003-09A, the Department was asked to review fees paid by a 401(k) plan to a service provider for various fiduciary and non-fiduciary services under a "bundled service arrangement." Notably, "all bundled service arrangements" under review were "predicated on [the 401(k) plan] offering one or more Proprietary Funds as an investment option." In other words, as a part of its arrangement with the service provider, the 401(k) plan was required to offer certain investment products affiliated with the service provider. Despite this requirement, the Department ultimately opined that the fees paid to the service provider did not violate ERISA § 406. In reaching this conclusion, the Department specifically noted that the service provider's "receipt of 12b-1 or subtransfer fees from mutual funds, including those Proprietary Funds the investment advisors of which are affiliates of [the service provider], for services in connection with investment by employee benefit plans in the mutual funds . . . would

not violate section 406(b) (1) or 406(b)(3) of ERISA when the decision to invest in such funds is made by a fiduciary who is independent . . . or by participants of such employee benefit plans." See Decl. of W. Brantley Phillips, Jr., Exhibit B.

In the present action, Morgan Keegan and MAM are even further removed from the facts of this advisory opinion. Plaintiffs' allegations make clear that neither Morgan Keegan nor MAM had any say in what funds would be offered in the Regions plans. See Consolidated Compl. ¶ 77 (alleging "the Plans' fiduciaries . . . selected the Plans' investment options"). Morgan Keegan and MAM merely provided certain services to some of the investment funds offered by those plans, and those services were disclosed in the funds' public filings. Again, as the foregoing authority makes clear, such allegations do not give rise to a cause of action under ERISA.

For all these reasons, as well as those set out in Regions' memorandum of law brief submitted in support of its related motion to dismiss, see Regions' Mem. at 25-30, the Court should dismiss Count XV in its entirety.

## CONCLUSION

Plaintiffs have failed to satisfy the pleading requirements of Rule 12(b)(6) and have failed to state a claim against Morgan Keegan or MAM for breach of any duties under ERISA. Accordingly, to the extent that they concern Morgan Keegan or MAM, Morgan Keegan and MAM respectfully request that this Court dismiss Count V, Count VI, Count VIII and Count XV of Plaintiffs' Consolidated Complaint with prejudice.

**DATED** this 10th day of April, 2009.

Respectfully submitted,

/s/ W. Brantley Phillips, Jr.
Michael L. Dagley
W. Brantley Phillips, Jr.
Matthew M. Curley
BASS BERRY & SIMS PLC
315 Deaderick Street, Suite 2700
Nashville, TN  37238
(615)742-6200
bphillips@bassberry.com
mcurley@bassberry.com

Shepherd D. Tate
Michael A. Brady
BASS BERRY & SIMS PLC
100 Peabody Place, Suite 900
Memphis, TN  38103-3672
(901) 543-5900
state@bassberry.com
mbrady@bassberry.com

*Attorneys for Morgan Keegan & Company,*
*Inc. and Morgan Asset Management, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 10, 2009, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

| | |
|---|---|
| Derek W. Loeser | Thomas F. Fitzgerald |
| Karin B. Swope | Thomas S. Gigot |
| KELLER ROHRBACK, LLP | GROOM LAW GROUP, CHARTERED |
| 1201 Third Avenue, Suite 3200 | 1701 Pennsylvania Avenue, N.W. |
| Seattle, WA 98101-3052 | Washington, DC 20006 |
| | |
| Ellen M. Doyle | Peter S. Fruin |
| Stephen M. Pincus | Jeffrey A. Lee |
| STEMBER FEINSTEIN DOYLE & | William B. Wahlheim, Jr. |
| PAYNE, LLC | MAYNARD COOPER & GALE, P.C. |
| 1705 Allegheny Building | 2400 Regions Harbert Plaza 1901 |
| 429 Forbes Avenue | 6th Avenue South |
| Pittsburgh, PA 15219 | Birmingham, AL 35203 |

/s/ W. Brantley Phillips, Jr.