IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN ERISA LITIGATION | ) ) ) ) ) ) ) | MDL Docket No. 2009<br>Master File No. 2:08-cv-2192<br>Judge Samuel H. Mays, Jr.<br>Magistrate Judge Diane K. Vescovo |

**HEARING REQUESTED**

**PLAINTIFFS' RESPONSE TO MOTION TO DISMISS OF MORGAN KEEGAN &
COMPANY, INC. AND MORGAN ASSET MANAGEMENT**

Lynn L. Sarko
Derek W. Loeser
Margaret E. Wetherald
Karin B. Swope
KELLER ROHRBACK, LLP
1201 3rd Avenue, Suite 3200
Seattle, WA 98101
206-623-1900
Fax: 206-623-3384

Ellen M. Doyle
William T. Payne
John Stember
Pamina Ewing
Stephen Pincus
Joel R. Hurt
STEMBER FEINSTEIN DOYLE & PAYNE, LLC
429 Forbes Avenue
1705 Allegheny Building
Pittsburgh, PA 15219
412-281-8400
Fax: 412-281-1007

Jon C. Goldfarb
WIGGINS CHILDS QUINN & PANTAZIS, LLC
The Kress Bldg.
301 19th Street, N
Birmingham, AL 35203
205-314-0500
Fax: 205-254-1500

Elizabeth Hutton
Jeffrey Harris
STATMAN HARRIS & EYRICH
441 Vine Street
3700 Carew Tower
Cincinnati, OH 45202
513-621-2666
Fax: 512-345-8289

Edward W. Ciolko
Joseph H. Meltzer
SCHIFFRIN BARROWAY TOPAZ &
KESSLER, LLP
280 King of Prussia Road
Radnor, PA 19087
610-667-7706
Fax: 610-667-7056

Gregory Porter
MCTIGUE & PORTER LLP
5301 Wisconsin Ave. NW
Ste 3500
Washington, DC 20015
202-364-6900
Fax: 202-364-9960

Peter H. Burke
Richard S. Frankowski
BURKE HARVEY & FRANKOWSKI, LLC
2151 Highland Avenue South
Suite 120
Birmingham, AL 35205
205-930-9091
Fax: 205-930-9054

Mark T Johnson
Todd M. Schneider
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
180 Montgomery St.
Ste 2000
San Francisco, CA 94104-4207
415 421-7100
Fax: 415 421-7105

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 2

    A. Relevant Legal Standard .......................................................................................... 2

    B. Plaintiffs Have Alleged That Morgan Keegan And MAM Are Liable Under ERISA As Nonfiduciary Parties In Interest ........................................................................ 2

    C. Count VI: The Morgan Defendants Knowingly Participated In Violations Of ERISA's Fiduciary Obligations To Invest Plan Assets Prudently And Loyally ................................ 6

    D. Count VIII: Plaintiffs Have Properly Alleged That The Morgan Defendants Knowingly Participated In Violations Of ERISA With Regard To The Fiduciaries' Failure to Disclose Material Facts To Other Co-Fiduciaries .............................................................. 7

    E. Count XV:  Plaintiffs Properly Allege That The Morgan Defendants Engaged In Prohibited Transaction ................................................................................................. 9

CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

**CASES**

*Brock v. Hendershott*
  840 F.2d 339 (6th Cir. 1988) ............................................................................................... 4

*Canale v. Yegen*
  782 F. Supp. 963 (D.N.J. 1992) ......................................................................................... 7

*Chao v. Johnston*, 2007 WL 2847548
  (E.D. Tenn. Jul 9, 2007) ..................................................................................................... 4

*Chao v. USA Mining, Inc.*
  2007 WL 208530 (E.D. Tenn. Jan 24, 2007) ................................................................. 4, 8

*Daniels v. Bursey*
  313 F. Supp. 2d 790 (N.D. Ill. 2004) ................................................................................. 4

*Dupree v. Prudential Ins. Co. of Am.*
  2007 WL 2263892 (S.D. Fla. Aug. 7, 2007) ..................................................................... 5

*Hall v. Tyco Int'l, Ltd.*
  223 F.R.D. 219 (M.D.N.C. 2004) ....................................................................................... 4

*Harris Trust & Savings Bank v. Salomon Smith Barney Inc.*
  530 U.S. 238 (2000) ............................................................................................... 3, 4, 5, 6

*In re Dreyfus Aggressive Growth Mut. Fund Litigation,* 2000 WL 10211 (S.D.N.Y. Jan. 6, 2000)
  ............................................................................................................................................. 7

*In re Enron Corp. Sec., Derivative & ERISA Litig.*
  284 F. Supp. 2d 511 (S.D. Tex. 2003) ............................................................................... 4

*In re McKesson HBOC, Inc. ERISA Litig.*
   2002 WL 31431588 (N.D. Cal. Sept. 30, 2002) ............................................................... 7

*In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*
  312 F. Supp. 2d 1165 (D. Minn. 2004) ............................................................................. 7

*In re Xerox Corp. ERISA Litig.*
  483 F. Supp. 2d 206 (D. Conn. 2007) ............................................................................... 4

*Machinery Movers, Riggers and Machinery Erectors, Local 136 v. Nationwide Life Ins. Co.*
  2006 WL 2927607 (N.D. Ill. Oct.10, 2006) ...................................................................... 4

*McDannold v. Star Bank, N.A.*
  261 F.3d 478 (6th Cir. 2001) ...................................................................................... 4, 6, 8

*Pfahler v. Nat'l Latex Prods. Co.*
  517 F.3d 816 (6th Cir. 2007) .................................................................................................. 8

*Rankin v. Rots*
  278 F. Supp. 2d 853 (E.D. Mich. 2003) .................................................................................. 6

*Rudowski v. Sheet Metal Workers Int'l. Ass'n*
  113 F. Supp. 2d 1176 (S.D. Ohio 2000) ........................................................................ 4, 6, 8

**STATUTES & REGULATIONS**

29 C.F.R. § 2520.101 - 2520.107-1 ............................................................................................. 8

ERISA § 101-11, 29 U.S.C. §§ 1021-1031 ................................................................................. 8

ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1) ................................................................................ 4

ERISA § 406, 29 U.S.C. § 1106 ....................................................................................... 2, 4, 5, 9

ERISA § 406(a), 29 U.S.C. § 1106(a) .......................................................................................... 4

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) ......................................................................... passim

## INTRODUCTION

Plaintiffs have alleged that Morgan Keegan & Co. and Morgan Asset Management ("MAM") are nonfiduciary parties in interest that knowingly participated in violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). Morgan Keegan & Co. and MAM (hereinafter "Morgan Defendants") have failed to offer any argument that this basis for liability is in any way deficient. Rather, the crux of the Morgan Defendants' motion to dismiss is that they are not fiduciaries to the Plans and therefore are not liable under ERISA. This argument is a red herring. Plaintiffs specifically alleged that the Morgan Defendants were not fiduciaries, but that they are liable nonetheless. Both the Supreme Court and the Sixth Circuit have held unambiguously that a plan or plan participant may file suit against nonfiduciary parties in interest that knowingly participate in violations of ERISA. The Morgan Defendants make no mention of this law or offer any reason as to its inapplicability in the circumstances alleged in the Complaint. Thus, the Morgan Defendants have failed to satisfy their burden on their motion to dismiss, which this Court should reject.

Because the substance of many of the Morgan Defendants' arguments overlaps with the motion to dismiss filed by Regions Financial Corp. ("Regions Motion"), Plaintiffs incorporate fully herein their response to the Regions Motion.

## BACKGROUND

Plaintiffs incorporate the background allegations from their response to the Regions Motion. Specific to the Morgan Defendants' Motion to Dismiss ("Morgan Mtn."), Plaintiffs have alleged that the Morgan Defendants knowingly participated in the Plan fiduciaries' breaches of ERISA both to offer the Bond Funds as investment alternatives and their failure to provide complete and accurate information regarding the risks posed by the Bond Funds to other Plan fiduciaries who could have protected Plan assets. Amended Complaint ¶ 406 ("Compl."). The Morgan Defendants managed the Bond Funds, and thus knew that the Bond Funds' undiversified investment in highly risky subprime mortgage securities and their derivatives were inappropriate vehicles for the retirement plan assets. The Morgan Defendants knew that they

1

failed to follow their own risk guidelines in terms of diversifying the investments in the Bond Funds, *id.* ¶ 224, knew that they failed to respond to warning signs when the mortgage market started to decline, *id.* ¶ 226, and knew that the value of the Funds were improperly valued, *id.* ¶ 225.  Yet the Morgan Defendants failed to inform the Plan fiduciaries of the nature and extent that they were not following their own guidelines.  The Morgan Defendants also failed to inform the other Plan fiduciaries that the Bond Funds were invested in highly-risky subprime securities and derivatives that were inappropriate vehicles for the retirement plans.  *Id.* ¶ 383.

Additionally, the Morgan Defendants knowingly participated in other Plan fiduciaries' breaches of ERISA's prohibited transaction rules by engaging in a revenue-sharing and kickback scheme whereby the Morgan Defendants received payments from the Plan assets and passed these payments on to Regions at the Plans' expense because the revenue sharing and other kickback payments were not credited to the Plans, but instead were kept by Regions.  Compl. ¶ 304.  Based on these allegations, the Morgan Defendants knowingly participated in the Plan fiduciaries' prohibited transactions related to the RMK Select Funds listed in the Excessive Fee Subclass.

## ARGUMENT

**A.      Relevant Legal Standard**

Plaintiffs incorporate the recitation of the standard from their response to the Regions Motion.

**B.      Plaintiffs Have Alleged That Morgan Keegan And MAM Are Liable Under ERISA As Nonfiduciary Parties In Interest**

Plaintiffs prominently allege that the Morgan Defendants are nonfiduciary parties in interest that knowingly participated in violations of ERISA §§ 406 and 502(a)(3), 29 U.S.C. §§ 1106 and 1132(a)(3).  *See* Compl. ¶¶ 21, 44-45, 86, 302-04, 479-83.[1]  This was done precisely because under Supreme Court precedent, individual participants may seek equitable relief from

---

[1] While it is disputable whether the MAM and Morgan Keegan are included in Count V, Plaintiffs do not oppose Morgan Keegan's and MAM's motion to dismiss them only from Count V because the Morgan Defendants are not alleged to have been involved in the ERISA violations with regard to Regions company stock.

"nonfiduciary parties in interest that knowingly participate in a violation of ERISA." *Id.* ¶ 308 (citing *Harris Trust & Sav. Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238, 245 (2000)).[2]  It is on this basis that Plaintiffs assert claims against the Morgan Defendants. Yet, in their motion to dismiss, the Morgan Defendants errantly attack the Complaint for not alleging that they are Plan fiduciaries. *See* Morgan Mtn. at 3, 6-10, 12, 14. This is no defect at all. As alleged, pursuant to the rule set forth in *Harris Trust*, the Morgan Defendants are liable as nonfiduciary parties in interest for their knowing participation in violations of ERISA, not as fiduciaries. That the Morgan Defendants fail even to cite *Harris Trust* is telling of their failure to respond to the Complaint in their motion to dismiss.

As the Supreme Court has held, ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), applies with full force to nonfiduciary parties in interest, like Morgan Keegan and MAM, who knowingly participate in violations of ERISA. *Harris Trust*, 530 U.S. at 241-2. This is in direct contradiction to the Morgan Defendants' erroneous contention that "[f]iduciary status is a fundamental requirement for ERISA liability. . ." Morgan Mtn. at 3. In *Harris Trust*, the Supreme Court explained that ERISA § 502(a)(3) authorizes suits to obtain "appropriate equitable relief" from nonfiduciary parties in interest. *Id.* at 241-2. The Court held expressly that "liability under [ERISA § 502(a)(3)] does not depend on whether ERISA's substantive provisions impose a specific duty on the party being sued." *Id.* at 245-46. This is because ERISA § 502(a)(3) seeks to redress any "'act or practice which violates any provision of [ERISA Title I].'" *Id.* (quoting ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)). Thus, the Court rejected the argument that the Morgan Defendants make here, *see*, *e.g.*, Morgan Mtn. at 6-8, that "absent a substantive provision of ERISA expressly imposing a duty upon a nonfiduciary party in interest, the nonfiduciary party may not be held liable under § 502(a)(3), one of ERISA's remedial provisions." *Id.* at 245.

---

[2] In describing the Morgan Defendants' status as parties, the Complaint identifies them solely as nonfiduciary parties in interest. *See* Compl. ¶¶ 44-45. Believing these allegations to be sufficiently clear, Plaintiffs did not re-allege their status as such in Counts VI and VIII, but instead grouped the Morgan Defendants together with various fiduciary defendants. Should Court find any ambiguity as to the basis for the Morgan Defendants' liability, Plaintiffs will seek leave to amend the Complaint.

3

Although *Harris Trust* involved violations of ERISA's prohibited transactions rule in ERISA § 406(a), its holding with regard to liability applies equally to other prohibited transactions and violations of ERISA § 502(a)(3). *See McDannold v. Star Bank, N.A.*, 261 F.3d 478, 486 (6th Cir. 2001) (holding that *Harris Trust*'s logic is not limited to prohibited transaction violations); *Rudowski v. Sheet Metal Workers Int'l. Ass'n*, 113 F. Supp. 2d 1176, 1180 (S.D. Ohio 2000) (holding that whether the substantive ERISA violation is under ERISA §§ 404(a)(1) or 406 "is a distinction without a difference").[3] The Sixth Circuit has explained that *Harris Trust* "confirms earlier authority within this Circuit that permitted an action for disgorgement of profits against an ERISA nonfiduciary." *McDannold*, 261 F.3d at 486. Indeed, the Sixth Circuit has held that "a party's nonfiduciary status is not always determinative of liability under ERISA." *Id.* Rather, "the relevant issue the Court must determine is whether Plaintiffs sufficiently alleged [the defendant] 'knowingly' participated in another's fiduciary breach." *Chao v. Johnston*, No. 06-0226, 2007 WL 2847548, at *6 (E.D. Tenn. July 9, 2007); *see also Chao v. USA Mining, Inc.*, Nos. 04-0001, 04-0138, 2007 WL 208530, at *14 (E.D. Tenn. Jan. 24, 2007)(denying motion because plaintiff's properly alleged transaction involved parties in interest); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 571 (S.D. Tex. 2003) ("[T]he Supreme Court's broad language [in *Harris*] indicated that ERISA § 502(a)(3) authorizes a private cause of action for 'appropriate equitable relief' to redress any violations of ERISA's Title I, which would include violations of § 404's fiduciary duties."). The Sixth Circuit has also indicated that "a nonfiduciary's knowledge of the breach can be inferred from surrounding circumstances raising a reasonable inference of knowledge." *Brock v. Hendershott*, 840 F.2d 339, 342 (6th Cir. 1988); *accord Chao*, 2007 WL 2847548, at *6. Thus, the Morgan Defendants are alleged as

---

[3] *See also Machinery Movers, Riggers and Machinery Erectors, Local 136 v. Nationwide Life Ins. Co.*, No. 03C8707, 2006 WL 2927607, at *4 (N.D. Ill. Oct.10, 2006) ("*Harris Trust* dealt with an alleged violation of § 406(a), but its reasoning applies with equal force to alleged violations of §§ 404(a)(1) or 406(b)(3)."); *In re Xerox Corp. ERISA Litig.*, 483 F. Supp. 2d 206, 216 (D. Conn. 2007) ("[W]hile the underlying breach of fiduciary duty in *Harris* was engaging in a prohibited transaction, the holding in *Harris* is not limited to such situations."); *Daniels v. Bursey*, 313 F. Supp. 2d 790, 808 (N.D. Ill. 2004) (holding that the Supreme Court "interpreted § 502(a)(3), not § 406, and accordingly [*Harris Trust*] governs any suit under § 502(a)(3) alleging a violation of any substantive provision of ERISA."); *Hall v. Tyco Int'l, Ltd.*, 223 F.R.D. 219, 234 (M.D.N.C. 2004) (same).

defendants because, as parties in interest, they knowingly participated in fiduciary breaches and prohibited transactions in violation of ERISA §§ 502(a)(3) and 406 from which they obtained substantial financial reward.

The Complaint alleges that the Morgan Defendants are nonfiduciary parties in interest. A "party in interest" includes any corporation, 50 percent or more of which is owned by a plan fiduciary. 29 U.S.C. § 1002(14)(G). Morgan Keegan and MAM are also parties in interest because they are "person[s] providing services to [a] plan." 29 U.S.C. § 1002(14)(B). This concept "encompass[es] those entities that a fiduciary might be inclined to favor at the expense of the plan's beneficiaries." *Harris Trust*, 530 U.S. at 242. Here, Plaintiffs have alleged that Regions, as Plan administrator, hired and paid its wholly-owned subsidiaries, Morgan Keegan and MAM, to provide services in the management of the Plans and Plan assets. Compl. ¶ 44. Plaintiffs have thus sufficiently alleged that the Morgan Defendants are nonfiduciary parties in interest because both are wholly-owned subsidiaries of Regions, a fiduciary to the Plans. 29 U.S.C. § 1002(14)(G); *see Dupree v. Prudential Ins. Co. of Am.*, No. 99-8337, 2007 WL 2263892, at *34 (S.D. Fla. Aug. 10, 2007) (holding that affiliates of the plan administrator who served as an investment manager were parties in interest under ERISA). Indeed, the Morgan Defendants do not dispute this allegation. Morgan Mtn. at 17.

Plaintiffs have alleged secondly that the Morgan Defendants knowingly participated in the breaches of ERISA in listed Counts VI, VIII, and XV, and are therefore liable under ERISA and *Harris Trust*. Compl. ¶¶ 44, 224-59, 301-04, 379-92, 403-09, 478-87. These allegations are explained with greater detail below as to all three Counts. The Morgan Defendants have failed to provide any basis to dismiss these claims. Rather, the Morgan Defendants simply argue the moot and erroneous point that they are not fiduciaries. The Court should deny the Morgan Defendants' motion which fails to even address Morgan's status as a nonfiduciary party in interest, or argue that the Complaint is in any deficient with regard to the nonfiduciary claim alleged in the Complaint.

C.  **Count VI: The Morgan Defendants Knowingly Participated In Violations Of ERISA's Fiduciary Obligations To Invest Plan Assets Prudently And Loyally**

In Count VI, Plaintiffs seek, *inter alia*, appropriate equitable relief against the Morgan Defendants under ERISA § 502(a)(3) for their knowing participation in the fiduciary Defendants' breaches of fiduciary duties to prudently and loyally manage investment in the Bond Funds.  Compl. ¶¶ 384-86, 392.  The Morgan Defendants do not offer any credible (or even relevant) argument in support of their motion to dismiss the claims against them.

The Morgan Defendants first argue that they cannot be liable for breach of fiduciary duty because they are not alleged to be and are not Plan fiduciaries.  Morgan Mtn. at 12.  As discussed in Section B, *supra.* Plaintiffs do not proceed against Morgan Keegan and MAM based on their status as fiduciaries, but rather based on their status as nonfiduciary parties in interest and the fact that they knowingly participated in this ERISA violation.  This is a valid basis for liability. *See Harris Trust*, 530 U.S. at 245-46; *McDannold*, 261 F.3d at 486; *Rudowski*, 113 F. Supp. 2d at 1180.  The Morgan Defendants' first argument is thus a distraction.

The Morgan Defendants' only other argument on Count VI[4] is that it must be dismissed in favor of pending securities litigation to the extent that Plaintiffs are alleging that Morgan Defendants mismanaged the investment funds by failing to adhere to various restrictions set forth in federal securities laws and regulations.  Morgan Mtn. at 13.  This is a disingenuous distortion of the Complaint.  Plaintiffs proceed against the Morgan Defendants solely on the basis of their knowing participation in violations of ERISA.  Courts have held that a defendants' potential liability through the violation of federal securities law cannot "shield him from suit over [the] alleged failure to perform his quite separate and independent ERISA obligations."  *In re WorldCom,* 263 F. Supp. 2d. 745, 765 (S.D.N.Y. 2003).  *See also*, *Rankin v. Rots*, 278 F. Supp. 2d 853, 877 (E.D. Mich. 2003) ("Defendants' duty to 'disclose or abstain' under the securities law does not immunize them from a claim that they failed in their conduct as ERISA fiduciaries"); *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 312 F. Supp. 2d 1165,

---

[4] The Morgan Defendants also assert that dismissal is warranted for the reasons argued by the Regions Defendants. Morgan Mtn. at 13.  Plaintiffs herein incorporate their response to the Regions Defendants motion to dismiss.

6

1179 (D. Minn. 2004) ("plaintiffs' breach of fiduciary duty claims are premised on defendants' failure to act in light of the adverse circumstances that were hidden by the fraudulent conduct. . . . not the alleged fraud. Thus, defendants' liability, if any, is based upon a different kind of duty than was owed by the securities fraud defendants to the plaintiffs in that case."). *See also In re McKesson HBOC, Inc. ERISA Litig.*, C00-20030RMW, 2002 WL 31431588, at *4 (N.D. Cal. Sept. 30, 2002); *Canale v. Yegen*, 782 F. Supp. 963, 968 (D.N.J. 1992).[5]

Given the Morgan Defendants' failure to rebut or address squarely any of the allegations in the Complaint against the Morgan Defendants, the Court should reject their motion to dismiss

**D.     Count VIII: Plaintiffs Have Properly Alleged That The Morgan Defendants Knowingly Participated In Violations Of ERISA With Regard To The Fiduciaries' Failure to Disclose Material Facts To Other Co-Fiduciaries**

In Count VIII, Plaintiffs assert that the Morgan Defendants knowingly participated in the Plan fiduciaries' failures to disclose necessary information regarding Bond Fund investments to Plan co-fiduciaries. As in Count VI, Plaintiffs seek relief against the Morgan Defendants under § 502(a)(3), for their knowing participation in this violation of ERISA. Compl. ¶¶ 405, 409.

Once again, the Morgan Defendants seek dismissal based on the theory that they are not fiduciaries. Morgan Mtn. at 14. As explained above, this argument is without merit. *See supra* Sections B and C.

As alleged, Count VIII turns on the Morgan Defendants' participation in the fiduciary Defendants' failure to make certain disclosures to the *fiduciaries* to the Plans. *See* Compl. ¶¶ 14, 403-09 (Count VIII title: "Breach of Fiduciary Duty to Disclose Necessary Information to Co-Fiduciaries"). In moving to dismiss this Count, the Morgan Defendants wrongly suggest that Plaintiffs claim liability based on Defendants' failure to disclose certain

---

[5] The Morgan Defendants cite just one case to support their argument that Count VI should be dismissed in favor of pending securities litigation, *In re Dreyfus Aggressive Growth Mut. Fund Litig.*, 98cv4318, 2000 WL 10211 (S.D.N.Y. Jan. 6, 2000). Yet *Dreyfus* did not deal with any ERISA claims and discusses only securities law with regard to claims made pursuant to those securities laws. It does not support the Morgan Defendants' strained assertion that Plaintiffs' ERISA claims are somehow precluded by the securities litigation.

7

information to Plan *participants*. *See* Morgan Mtn. at 4, 16.[6] This assertion is incorrect for two reasons. First, Plaintiffs do not allege that the Morgan Defendants had a duty to disclose any information to Plan participants *or* fiduciaries. Second, Plaintiffs do not allege that the Morgan Defendants knowingly participated in failures to disclose information to Plan *participants*. Rather, Plaintiffs allege that the Morgan Defendants violated ERISA by knowingly participating in the fiduciary Defendants' failure to disclose information to other Plan *fiduciaries* about the risks and imprudence of investing in the RMK Select Funds. Thus, the Morgan Defendants' insistence that they are not required to disclose non-public information to plan *participants*, and the law they cite in support of this, is entirely irrelevant to the Complaint's allegations. *See* Morgan Mtn. at 15-17. As Plaintiffs allege and the case law supports, the Morgan Defendants are liable as nonfiduciary parties in interest who knowingly participated in the fiduciary Defendants' failure to provide necessary information to Plan *fiduciaries* about the plans investment in the Bond Funds and that the Morgan Defendants profited from their participation in this ERISA breach. Compl. ¶¶ 4, 403-09; *see McDannold*, 261 F.3d at 486; *Rudowski*, 113 F. Supp. 2d at 1180 (holding that a nonfiduciary party in interest can be liable for knowingly participating in violations of ERISA § 404); *see also Chao*, 2007 WL 208530, at *14 (rejecting a motion to dismiss where plaintiffs had properly alleged that the nonfiduciary defendants had knowledge of and failed to remedy the breaches of ERISA's prohibited transaction rules from which they benefitted financially). This is precisely the sort of circumstance that nonfiduciary party in interest liability is designed to address and remedy. *See McDannold*, 261 F.3d at 486 ("[A] party's nonfiduciary status is not always determinative of liability under ERISA."); *Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816, 834-35 (6th Cir. 2007) ("We recognize that a plan participant may, in certain circumstances, bring suit against a non-fiduciary that knowingly engages in a prohibited transaction.").

---

[6] The Morgan Defendants likewise rely on ERISA statutory provisions and regulations that pertain to disclosures to *participants* (and to the Secretary of Labor). *See* Morgan Mtn. at 14 (citing 29 U.S.C. §§ 1021-1031 and 29 C.F.R. § 2520.101 - 2520.107-1). These are inapposite for the reasons explained above.

8

Contrary to the Morgan Defendants' errant arguments, Plaintiffs have properly alleged that they knowingly participated in the Plan fiduciaries' failure to provide information regarding the risks posed by the Bond Funds which they knew could be used by other fiduciaries to protect Plan assets. Compl. ¶ 406. The Morgan Defendants were managing the Bond Funds, and thus knew that the Bond Funds' undiversified investment in highly risky subprime mortgage securities and their derivatives were inappropriate vehicles for the retirement plan assets. The Morgan Defendants knew that they failed to follow their own risk guidelines in terms of diversifying the investments in the Bond Funds, id. ¶ 224, knew that they failed to respond to warning signs when the mortgage market started to decline, id. ¶ 226, and knew that the value of the Funds were improperly valued, id. ¶ 225. Yet the Morgan Defendants failed to inform Regions of the nature and extent of that they were investing the Bond Funds in highly-risky subprime securities and derivatives that were inappropriate vehicles for the Plans. Id. ¶ 383.

Given that the Morgan Defendants have failed to argue anything to the contrary, the Court should reject their motion to dismiss.

### E. Count XV: Plaintiffs Properly Allege That The Morgan Defendants Engaged In Prohibited Transaction

The Morgan Defendants again attack the allegations in the Complaint as deficient because they are alleged not as fiduciaries, but as knowing parties in interest that participated in violations of ERISA. Morgan Mtn. at 17. This argument is incorrect as explained in Sections B and C, *supra*. The Morgan Defendants remaining arguments are addressed in full in Plaintiffs' response to Regions' Motion and those arguments are hereby expressly incorporated into this brief. Stated briefly, as parties in interest, the Morgan Defendants knowingly participated in several prohibited transactions by charging certain fees and costs to the Plans for their investment in the RMK Select Funds and by engaging in revenue-sharing and other kickback payment schemes with Regions and other Plan fiduciaries at the sole expense of the Plans.

## CONCLUSION

Plaintiffs respectfully request the Court to reject the Morgan Defendants' nonresponsive arguments in support of their motion to dismiss Plaintiffs' Complaint. Plaintiffs' Complaint alleges distinctly that each of the Morgan Defendants knowingly participated in several violations of ERISA as nonfiduciary parties in interest.

/s/Derek W. Loeser
Lynn L. Sarko
Email: lsarko@kellerrohrback.com
Derek W. Loeser
Email: dloeser@kellerrohrback.com
Margaret E. Wetherald
Email: mwetherald@kellerrohrback.com
Karin B. Swope
Email: kswope@kellerrohrback.com
KELLER ROHRBACK, LLP
1201 3rd Avenue
Suite 3200
Seattle, WA 98101
206-623-1900
Fax: 206-623-3384

Ellen M. Doyle
Email: edoyle@stemberfeinstein.com
William T. Payne
Email: wpayne@stemberfeinstein.com
John Stember
Email: jstember@stemberfeinstein.com
Pamina Ewing
Email: pewing@stemberfeinstein.com
Stephen Pincus
Email: spincus@stemberfeinstein.com
Joel R. Hurt
Email:jhurt@stemberfeinstein.com
STEMBER FEINSTEIN DOYLE &
PAYNE, LLC
429 Forbes Avenue
1705 Allegheny Building
Pittsburgh, PA 15219
412-281-8400
Fax: 412-281-1007

Jon C. Goldfarb
Email: jcg@wcqp.com
WIGGINS CHILDS QUINN &
PANTAZIS, LLC
The Kress Bldg.
301 19th Street, N
Birmingham, AL 35203
205-314-0500
Fax: 205-254-1500

11

Elizabeth Hutton
Email:lhutton@statmanharris.com
Jeffrey Harris
Email: jharris@statmanharris.com
STATMAN HARRIS & EYRICH
441 Vine Street
3700 Carew Tower
Cincinnati, OH 45202
513-621-2666
Fax: 512-345-8289

Edward W. Ciolko
Joseph H. Meltzer
Email: jmeltzer@btkmc.com
SCHIFFRIN BARROWAY TOPAZ &
KESSLER LLP
280 King of Prussia Road
Radnor, PA 19087
610-667-7706
Fax: 610-667-7056

Gregory Porter
Email: gporter@mctiguelaw.com
MCTIGUE & PORTER LLP
5301 Wisconsin Ave. NW
Suite 3500
Washington, DC 20015
202-364-6900
Fax: 202-364-9960

Peter H. Burke
pburke@bhflegal.com
Richard S. Frankowski
rfrankowski@bhflegal.com
BURKE HARVEY & FRANKOWSKI,
LLC
2151 Highland Avenue South
Suite 120
Birmingham, AL 35205
205-930-9091
Fax: 205-930-9054

Mark T Johnson
mjohnson@schneiderwallace.com
Todd M. Schneider
efilings@schneiderwallace.com
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
180 Montgomery St.
Suite 2000
San Francisco, CA 94104-4207
415 421-7100
Fax: 415 421-7105

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on June 11, 2009, a true and correct copy of the foregoing document was forwarded by electronic means through the Court's ECF System to the following individuals:

W. Brantley Phillips
Matthew M. Curley
Michael L. Dagley
BASS BERRY & SIMS, PLC
315 Deaderick Street
Ste. 2700
Nashville, TN 37238-2700
615-742-7723

Michael A. Brady
Shepherd D. Tate
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103
901-543-5900
Fax: 901-543-5999

Christopher J. Rillo
Sarah A. Zumwalt
Thomas F. Fitzgerald
Thomas S. Gigot
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave., N.W.
Washington, DC 20006
202-857-0620
Fax: 202-659-4503

Grace Robinson Murphy
Jeffrey A. Lee
William B. Wahlheim, Jr.
Peter S. Fruin
MAYNARD COOPER GALE, PC
1901 Sixth Avenue N.
Ste 2400
Birmingham , AL 35203
205-254-1170
Fax: 205-254-1999

    s/Lynn L. Sarko_____
    Lynn L. Sarko