```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

|  |  |
|---|---|
| IN RE REGIONS MORGAN KEEGAN<br>ERISA LITIGATION | No. 08-2192 |

**ORDER GRANTING PLAINTIFFS' MOTION TO FILE A SUPPLEMENTAL COMPLAINT**

Plaintiffs filed an amended consolidated complaint on February 24, 2009. On July 29, 2009, they filed a motion for leave to file a supplemental complaint pursuant to Federal Rule of Civil Procedure 15(d), alleging new facts since February 24 to supplement and reaffirm the allegations in their amended consolidated complaint. Defendants responded in opposition to Plaintiffs' motion on August 13, 2009, and Plaintiffs replied on August 26, 2009. For the following reasons, Plaintiffs' motion is GRANTED.

**I. Jurisdiction**

The Court has jurisdiction to adjudicate federal claims under 28 U.S.C. § 1331 and jurisdiction over ERISA claims under 29 U.S.C. § 1132.

**II. Background**

1

Plaintiff Terry Hamby commenced this action by filing a complaint on behalf of the Regions Financial Corp. 401(k) and AmSouth Thrift 401(k) plans on March 31, 2008, against Regions Financial Corporation ("Regions"), Morgan Asset Management, Regions Bank ("Regions Bank"), and several individuals (collectively "Defendants"), alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA").[1] On October 8, 2008, Plaintiff Hamby's action was consolidated with an action brought by Plaintiffs Gary Shamblin and Nancy Jackson, and Stember Feinstein Doyle & Payne LLC and Keller Rohrback LLP were appointed as interim co-lead counsel.  On February 24, 2009, Plaintiffs filed an amended consolidated complaint.  On April 10, 2009, Defendants filed two motions to dismiss. Plaintiffs filed oppositions to the motions on June 11, 2009.  On July 23, 2009, Defendants filed reply briefs in support of the motions to dismiss.

On July 17, 2009, Plaintiffs' counsel contacted Defendants' counsel to request consent to file a supplemental complaint. (Defendants' Memo in Opposition to Motion for Leave to File Supplemental Complaint 1.)  ("Defs.' Memo")  Plaintiffs forwarded to Defendants a draft of the proposed supplemental

---

[1] Regions Financial Corporation ("Regions") is a full-service provider of consumer and commercial banking, trust, securities brokerage, mortgage and insurance products and services.  (Compl. ¶ 38.)  Regions is the parent company of Defendant Regions Bank, a state-chartered commercial bank, and Morgan Asset Management, which provides investment advisory services. (Compl. ¶ 43-45.)

2

complaint. Id. Defendants' counsel would not consent to the filing of the supplemental complaint. Plaintiffs then filed this motion.

Plaintiffs seek to supplement their complaint to include information pertaining to: (1) downgrades to Regions' credit ratings by credit rating agencies; (2) new disclosures made by Regions to the Securities Exchange Commission ("SEC") about its worsening financial condition; (3) a "Wells Notice"[2] served by the SEC on Regions for mismanagement related to the sale of Auction Rate Securities; (4) a second Wells Notice served by the SEC on Morgan Keegan & Co. and Morgan Asset Management for securities violations; (5) the SEC's suit against Regions for securities violations arising from its Auction Rate Securities activities; and (6) Regions' current stock price. (Plaintiffs' Motion for Leave to File a Supplemental Consolidated Complaint 3.) ("Pls.' Motion")

None of this information was known to or discoverable by Plaintiffs before February 24, 2009. Id. at 4. Specifically, service of the Wells Notice on Morgan Keegan & Co. and Morgan Asset Management became public in July 2009. Id. at 4. The SEC's action against Regions arising from Auction Rate Securities similarly became public in July 2009. Id. Regions' Second Quarter 2009 financial results were released on July 21,

---

[2] A Wells Notice is a letter that the SEC issues when it plans to bring an enforcement action against a person or corporation.

3

2009. Id. at 3-4  Plaintiffs allege that all of these facts relate to the deteriorating financial condition of Regions and its subsidiaries and further support Plaintiffs' allegations of Regions' "gross mismanagement and artificial inflation of its stock." Id. at 3.  Plaintiffs seek leave to file a supplemental complaint including these new facts.

**III. Analysis**

Federal Rule of Civil Procedure 15(d) provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Federal Rule of Civil Procedure 15(a) states that courts "should freely give leave when justice so requires."[3]  Factors to consider in determining whether leave should be given are undue delay in filing, lack of notice to the opposing party, bad faith or dilatory motive by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).  In the absence of any improper motive, the leave sought should be "freely given." Id.  Leave to amend is "normally granted" because courts are to give the rule "a liberal construction, always trying where possible to see that

---

[3] The same analysis applies to Rule 15(d). Spies v. Voinovich, 48 Fed. Appx. 520, 527 (6th Cir. 2002) (citations omitted); Bromley v. Mich. Ed. Ass'n-NEA, 178 F.R.D. 148, 153-54 (E.D. Mich. 1998).

4

cases are decided on their merits." McHenry v. Ford Motor Co., 269 F.2d 18, 25 (6th Cir. 1959). The later the stage of litigation when the amendment is sought, the greater the burden to show justification for failing to move earlier. Wade v. Knoxville Utils. Bd., 259 F.3d 452, 459 (6th Cir. 2001).

Defendants claim that supplementation should not be allowed because it would interfere with the orderly briefing and disposition of Defendants' pending motions to dismiss and because it would be futile. (Defs.' Memo 1.) Defendants allege that the proposed supplemental pleading is intended to "distract the parties, and the Court," from the issues that compel dismissal. Id. As evidence of this, Defendants note that the proposed supplemental complaint was presented to Defendants six days before Defendants' reply to motions to dismiss were due. Id.

The second Wells Notice, the SEC suit against Regions, and Regions' July stock price were not public until July 2009. (Pls.' Motion 4-5.) None of the facts Plaintiffs seek to include was known before February 24, 2009. Id. at 4. Thus, their July 29, 2009 motion was timely. See Wade, 259 F.3d at 459 (a delay of over a year and a half is not, on its own, sufficient reason to deny motion to amend). Defendants, nevertheless, allege that the motion is merely an effort to distract the parties and disrupt the orderly disposition of

5

motions to dismiss. (Defs.' Memo 1.) Before Defendants filed their reply to the motions to dismiss, Plaintiffs sought Defendants' consent to file the supplemental complaint. (Pls.' Motion 1.) Plaintiffs also offered Defendants more time to respond to the supplemental complaint in the reply to the motions to dismiss. Id. Thus, Defendants could have avoided the delay and interference with the "orderly briefing and disposition" of pending motions to dismiss by allowing Plaintiffs to amend their complaint and accepting the extended time period to respond to the supplemental complaint. Defendants declined this offer. Id. Defendants have presented no evidence, other than the timing of the motion, to show that the motion was made in bad faith or with a dilatory motive. The timing here is not sufficient reason to deny Plaintiffs' motion to amend.

Defendants further allege that supplementation would be futile because Plaintiffs' complaint is legally flawed and that the proposed amendments do not alter the substance of their claims. (Defs.' Memo 3.) Defendants also allege that, because the supplemental information about the decline in Regions stock occurred after the period in issue, that information is irrelevant. Id. at 3. Defendants' arguments are not compelling. Plaintiffs' supplemental facts, although arising after February 2009, pertain to matters that occurred before

February 2009 and are relevant to the investment decisions at issue here. Plaintiffs' complaint alleges, among other things, artificial inflation of Regions' stock price. Evidence of two Wells Notices and an SEC suit for securities law violations are relevant to Plaintiffs' complaint.

Further supporting the efficacy of a supplemental complaint is Defendants' motion to dismiss. In addressing Count I of Plaintiffs' complaint, Defendants assert that Plaintiffs' facts show that Regions remains strong with "adequate intrinsic financial strength" and that Plaintiffs have provided no information to suggest that the "stock drop" here was "unique to Regions or signals the company's impending collapse." (Defendants' Memorandum in Support of Motion to Dismiss 12, 15.) ("Defs.' Mot.") Consequently, the addition of Wells Notices, an SEC suit, information about Regions' recent financial performance, downgrades by rating agencies, and information that Regions has provided to the SEC about its continuing financial decline would not be futile additions to Plaintiffs' complaint.

There is no "apparent or declared reason" sufficient to deny Plaintiffs leave to supplement. Foman, 371 U.S. at 182. Thus, "the leave sought should . . . be freely given." Id.

**IV. Conclusion**

For the foregoing reasons, Plaintiffs' motion for leave to file a supplemental complaint is GRANTED.

7

So ordered this 4th day of January, 2010.

                                              s/ Samuel H. Mays, Jr.
                                              SAMUEL H. MAYS, JR.
                                              UNITED STATES DISTRICT JUDGE