UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE AND ERISA LITIGATION | **ELECTRONICALLY FILED** <br><br> Case No.: 09-md-2009 SHM |
| THIS DOCUMENT RELATES TO: <br><br> *In re Regions Morgan Keegan Closed-End Fund Litigation* <br><br> Master Case No.: 2:07-cv-02830-SHM-dkv | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF JOSEPH W. GILMORE FOR (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD AND LIAISON COUNSEL**

**THE FOWLER LAW FIRM**
Charles Wesley Fowler (TN 18652)
119 S. Main Street, Suite 500
Memphis, TN  38103
Telephone:  (901) 322-8018
Facsimile:  (800) 322-3161
wfowler@wesfowlerlaw.com

*Liaison Counsel for Lead Plaintiff Movant*
*Joseph W. Gilmore*

**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox
Joel B. Strauss
Jeffrey P. Campisi
Pamela A. Mayer
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone:  (212) 687-1980
Facsimile:  (212) 687-7714
ffox@kaplanfox.com
jstrauss@kaplanfox.com
jcampisi@kaplanfox.com
pmayer@kaplanfox.com

*Attorneys for Lead Plaintiff Movant*
*Joseph W. Gilmore*

**TABLE OF CONTENTS**

**PAGE**

I.  INTRODUCTION ................................................................................................. 1

II.  PROCEDURAL BACKGROUND AND SUMMARY OF THE PENDING
ACTION ON BEHALF OF PURCHASERS OF THE CLOSED-END FUNDS ................. 2

III.  ARGUMENT ...................................................................................................... 3

    B.  Mr. Gilmore Should Be Appointed Lead Plaintiff......................................................... 3

        1.  Mr. Gilmore Believes He Has the Largest Financial Interest in the
Relief Sought by the Closed-End Fund Class.......................................................... 3

        2.  Mr. Gilmore Is Qualified Under Rule 23............................................................. 5

            a.  Mr. Gilmore's Claims Are Typical of the Claims of the Class of
Closed-End Fund Purchasers ........................................................................ 6

            b.  Mr. Gilmore Will Fairly and Adequately Represent the Interests
of the Class.................................................................................................. 7

    C.  This Court Should Approve Mr. Gilmore's Choice of Lead and
Liaison Counsel ....................................................................................................... 8

IV.  CONCLUSION................................................................................................... 8

## TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Albert Fadem Trust v. Citigroup Inc.*,
 239 F. Supp. 2d 344 (S.D.N.Y. 2002) ................................................................. 4, 5

*Craft v. Vanderbilt Univ.*,
 174 F.R.D. 396 (M.D. Tenn. 1996) ........................................................................ 6

*In re Accredo Health, Inc., Sec. Litig.*,
 No. 03-2216, 2006 U.S. Dist. LEXIS 97621 (W.D. Tenn. 2006)............................. 6

*In re Am. Med. Sys.*,
 75 F.3d 1069 (6th Cir. 1996) .............................................................................. 6, 7

*In re Am. Serv. Group, Inc.*,
 No. 3:06-00323, 2006 U.S. Dist. LEXIS 61799 (M.D. Tenn. Aug. 28, 2006).......................... 5

*In re Doral Fin. Corp. Sec. Litig.*,
 414 F. Supp. 2d 398 (S.D.N.Y. 2006) .................................................................... 1

*In re Olsten Corp. Sec. Litig.*,
 3 F. Supp. 2d 286 (E.D.N.Y. 1998) ........................................................................ 5

*In re Oxford Health Plans, Inc. Sec. Litig.*,
 182 F.R.D. 42 (S.D.N.Y. 1998) .............................................................................. 5

*In re Symbol Techs., Inc. Sec. Litig.*,
 No. 05-CV-3923, 2006 U.S. Dist. LEXIS 24776 (E.D.N.Y. Apr. 26, 2006) ........................... 5

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
 229 F.R.D. 395 (S.D.N.Y. 2004) ............................................................................ 6

*Sprague v. GMC*,
 133 F.3d 388 (6th Cir. 1998) .................................................................................. 6

**Statutes**

Private Securities Litigation Reform Act of 1995
 15 U.S.C. §77z-1(a)(3)(A)(i) .................................................................................. 4

 15 U.S.C. §77z-1(a)(3)(B)(iii)(I) ............................................................................ 4

 15 U.S.C. §77z-1(a)(3)(B)(iii)(II)........................................................................... 4

 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc)................................................................... 5, 7

15 U.S.C. §77z-1(a)(3)(B)(v) ................................................................................................ 8

Securities Act of 1933
  15 U.S.C. §77k ................................................................................................................ 1

  15 U.S.C. §77l ................................................................................................................ 1

  15 U.S.C. §77o ............................................................................................................... 1

Securities Exchange Act of 1934
  Section 10(b) .................................................................................................................. 1

  Section 20(a) .................................................................................................................. 1

  Rule 10b-5 ....................................................................................................................... 1

## Rules

Fed. R. Civ. P.
  Rule 23(a) ........................................................................................................................ 5

## Other Authorities

H.R. Conf. Rpt. No. 104-369, 104th Cong. 1st Sess. (Nov. 28, 1995) ........................................... 8

I.      INTRODUCTION

This securities class action has been brought pursuant to Sections 10(b) and Section 20(a)

of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated

thereunder, and Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (15 U.S.C. §§ 77k, 77l

and 77o) (the "Securities Act") on behalf of persons who purchased shares of the following

Regions Morgan Keegan closed-end mutual funds:   RMK Advantage Income Fund ("RMA

Fund"), RMK Strategic Income Fund ("RSF Fund"), RMK High Income Fund ("RMH Fund"),

and RMK Multi-Sector High Income Fund ("RHY Fund") (collectively, the "Closed-End

Funds").

Joseph W. Gilmore ("Mr. Gilmore") suffered losses of approximately $438,796 as a

result of the purchase of shares of certain of the Closed-End Funds during the period between

December 6, 2004 and July 14, 2009 ("Class Period"),[1] and respectfully submits the

Memorandum of Law in support of his motion:  (1) to be appointed lead plaintiff; and (2) for

approval of his choice of Lead Counsel and Liaison Counsel.  *See* Mr. Gilmore's Declaration

attached as Exhibit A to the Declaration of Charles Wesley Fowler, dated July 2, 2010

---

[1]      The Class Period referred to herein is the longest possible class period based on the cases that have been
filed concerning Closed-End Funds, some of which have already been consolidated under the caption *In re Regions
Morgan Keegan Closed-End Fund Litig.*, No. 2:07-cv-02830 (SMH) (hereinafter "Closed-End Fund Litigation").
*See* Docket Entry No. 94 (the "September 23, 2008 Order").  For purposes of determining which lead plaintiff
movant has the "largest financial interest," courts often use the most inclusive class period and select as lead
plaintiff the movant with the largest financial interest under that class period. *See, e.g.*, *In re Doral Fin. Corp. Sec.
Litig.*, 414 F. Supp. 2d 398, 402-03 (S.D.N.Y. 2006) ("For the purpose of determining lead plaintiff, I find that the
use of the longer, most inclusive class period . . . is proper, as it encompasses more potential class members . . . .").

The earliest class period begins on December 6, 2004.  *See Gregory v. Morgan Keegan & Co., Inc.,* No. 08-
cv-02078 (W.D. Tenn. filed Feb. 6, 2008) and *Jones v. Morgan Keegan & Co., Inc.,* No. 10-cv-02248 (W.D. Tenn.
filed Apr. 8, 2010).  The latest class period ends on July 14, 2009.  *See Hayne Palmour III v. Morgan Keegan & Co.,
Inc.,* No.2:10-cv-02830 (W.D. Tenn. filed May 19, 2010).  Thus, the longest possible class period would start on
December 6, 2004 and end on July 14, 2009.

(hereinafter "Fowler Decl. Ex. __"); and Fowler Decl. Ex. B for a chart of estimated losses sustained by Mr. Gilmore in certain of the Closed-End Funds.[2]

Mr. Gilmore believes that he has the largest financial interest of any movant. As set forth below, Mr. Gilmore requests appointment as Lead Plaintiff and requests appointment of the law firm of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as Lead Counsel and The Fowler Law Firm as Liaison Counsel.

## II.   PROCEDURAL BACKGROUND AND SUMMARY OF THE PENDING ACTION ON BEHALF OF PURCHASERS OF THE CLOSED-END FUNDS

As explained in detail in the September 23, 2008 Order, from December 6, 2007 through April 4, 2008, a number of class actions were filed on behalf investors in closed-end and open-end funds offered by Morgan Keegan. The September 23, 2008 Order discussed, among other things, the nature of the class actions and summarized the named defendants in each of the filed putative class actions. Pursuant to the September 23, 2008 Order, the Court consolidated the two actions filed on behalf of purchasers of the Closed-End Funds and the claims asserted on behalf of investors in the RHY Fund that were included in other actions filed on behalf of open-end fund purchasers.[3] The September 23, 2008 Order further provided that the notice of the pending Closed-End Fund Litigation be re-published to inform investors that they would have sixty days from the date of the notice to move the Court to be appointed as lead plaintiff. To Mr. Gilmore's counsel's knowledge, notice was not re-published with respect to the Closed-End

---

[2]   As noted in his Declaration, Mr. Gilmore purchased shares of the RSF Fund, the RMA Fund, and the RMH Fund during the Class Period. *See* Fowler Decl. Ex. A.

[3]   The cases styled *Gregory v. Morgan Keegan & Co., Inc.,* No. 08-cv-02078 (W.D. Tenn. filed Feb. 6, 2008) and *DeJoseph v. Morgan Keegan & Co., Inc.*, No. 08-cv-02212 (W.D. Tenn. filed Apr. 4, 2008) were brought on behalf of purchasers of Morgan Keegan closed-end funds. The cases styled *Willis v. Morgan Keegan & Co., Inc.*, No. 07-cv-02830 (W.D. Tenn. filed Dec. 21, 2007) and *Hartman v. Morgan Keegan & Co., Inc..,* No. 08-cv-02071 (W.D. Tenn. filed Feb. 4, 2008) included claims asserted on behalf of purchasers of the RHY fund. Two more recently filed cases, *Jones v. Morgan Keegan & Co., Inc.*, No. 10-cv-02248 (W.D. Tenn. filed Apr. 8, 2010) and *Hayne Palmour III v. Morgan Keegan & Co., Inc.*, No.2:10-cv-02830 (W.D. Tenn. filed May 19, 2010) should now also be consolidated with the Closed-End Fund Litigation pursuant to the September 23, 2008 Order at p. 39.

Fund Litigation until April 28, 2010.

On April 28, 2010, counsel for the plaintiffs in *Jones v. Morgan Keegan & Co., Inc.*, No. 10-cv-02248 (W.D. Tenn. filed Apr. 8, 2010) published a notice in *Investors Business Daily* to purchasers of the Closed-End Funds, advising potential class members of their right to move the court to be appointed lead plaintiff within 60 days of publication of the notice (Fowler Decl. Ex. C). Subsequently, in an order dated June 2, 2010 (Docket No. 158), this Court stated that all parties interested in serving as lead plaintiff for the Closed-End Fund Litigation have until July 2, 2010 to request appointment as lead plaintiff.

Mr. Gilmore now timely moves this Court to appoint him as lead plaintiff to represent the purchasers of shares of the Closed-End Funds in the Closed-End Fund Litigation.

## III.   ARGUMENT

### B.   Mr. Gilmore Should Be Appointed Lead Plaintiff

#### 1.   Mr. Gilmore Believes He Has the Largest Financial Interest in the Relief Sought by the Closed-End Fund Class

The Private Securities Litigation Reform Act ("PSLRA") sets forth the procedure for the selection of lead plaintiff in "each private action arising under [the securities laws] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Section 27(a)(3)(A)(i) of the Securities Act provides that within twenty days after the date on which a class action is filed:

> the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)   that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 77z-1(a)(3)(A)(i).[4]

Further, Section 27(a)(3)(B) directs the Court to consider any motions by a plaintiff or purported class member to serve as lead plaintiff in response to any such notice within ninety days after the date of publication of the notice pursuant to Section 27(a), or as soon as practicable after the court decides any pending motion to consolidate any actions asserting substantially the same claim or claims.

Under these sections of the Securities Act, the court "shall" adopt a presumption that the most adequate plaintiff is the applicant that:

> (aa)     has either filed the complaint or made a motion in response to a notice…;
>
> (bb)     in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)     otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *Albert Fadem Trust v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002).

Thus, the statutory language explicitly provides that the movant with "the largest financial interest" is entitled to presumptive appointment as lead plaintiff.  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).  The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); *see* September 23, 2008 Order at 25;

---

[4]      Note that the PSLRA amended both the Securities Act and the Exchange Act and that the provisions regarding the appointment of lead plaintiff are substantially similar.  For ease of reference, throughout the brief, citations are to the PSLRA provisions set forth in the Securities Act.

s*ee also In re Am. Serv. Group, Inc.*, No. 3:06-00323, 2006 U.S. Dist. LEXIS 61799, at *7-8

(M.D. Tenn. Aug. 28, 2006).

Mr. Gilmore has estimated losses in certain Closed-End Funds of approximately

$438,796.  *See* Fowler Decl. Ex. B.   Therefore, Mr. Gilmore presently believes that he has the

largest financial interest of any lead plaintiff movant that purchased shares of the Closed-End

Funds and is presumptively entitled to appointment as the lead plaintiff to represent the proposed

Closed-End Fund Class.

### 2.   **Mr. Gilmore Is Qualified Under Rule 23**

The PSLRA provides that, in addition to possessing the largest financial interest, the lead

plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil

Procedure."  *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc); *Albert Fadem Trust*, 239 F. Supp. 2d at

347; *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 294 (E.D.N.Y. 1998).

Rule 23 (a) provides that a party may serve as a class representative if the following four

requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there
> are questions of law or fact common to the class, (3) the claims or defenses of the
> representative parties are typical of the claims or defenses of the class, and (4) the
> representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy –

directly address the personal characteristics of the class representative.   Consequently, in

deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and

adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the

lead plaintiff moves for class certification.  *See In re Symbol Techs., Inc. Sec. Litig.*, No. 05-CV-

3923, 2006 U.S. Dist. LEXIS 24776, at *6 (E.D.N.Y. Apr. 26, 2006); *In re Oxford Health Plans,
Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).  As detailed below, Mr. Gilmore satisfies the

5

typicality and adequacy requirements of Rule 23(a) and is qualified to serve as lead plaintiff of

the Closed-End Fund Class.

**a.      Mr. Gilmore's Claims Are Typical of the Claims of
the Class of Closed-End Fund Purchasers**

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of

those of the class.  Typicality exists if each class member's claim arises from the same course of

events, and each class member makes similar legal arguments to prove the defendant's liability.

*See In re Am. Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996) ("a plaintiff's claim is typical if it

arises from the same event or practice or course of conduct that gives rise to the claims of other

class members, and if his or her claims are based on the same legal theory").  Typicality does not

require that there be no factual differences between the class representatives and the class

members because it is the generalized nature of the claims asserted which determines whether

the class representatives are typical.  *See Sprague v. GMC*, 133 F.3d 388, 399 (6th Cir. 1998)

("[t]he premise of the typicality requirement is simply stated: as goes the claim of the named

plaintiff, so go the claims of the class"); *Craft v. Vanderbilt Univ.*, 174 F.R.D. 396, 404 (M.D.

Tenn. 1996) (typicality may be satisfied "even if there are factual distinctions between the named

plaintiffs and those of other class members").

However, the claims of the lead plaintiff need not be identical to the claims of the class to

satisfy typicality.  *See In re Accredo Health, Inc., Sec. Litig.*, No. 03-2216, 2006 U.S. Dist.

LEXIS 97621, at *11 (W.D. Tenn. 2006); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits

Trust v. LaBranche & Co.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004).  Courts have recognized that

typicality exists if claims arise from the same event or course of conduct that gives rise to claims

of other class members and the claims are based on the same legal theory.  *See In re Accredo

Health, Inc.*, 2006 U.S. Dist. LEXIS, at *11.

6

Because Mr. Gilmore's claims arise from the same course of conduct which caused other members of the class to purchase shares of the Closed-End Funds at artificially inflated prices, the typicality requirement is satisfied.

**b.      Mr. Gilmore Will Fairly and
Adequately Represent the Interests of
the Class**

Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class."  The PSLRA directs the Court to limit its inquiry regarding adequacy to: (1) whether there are any conflicts between the interests of the movant and the members of the class; (2) whether the movant is an adequate representative of the class; (3) whether the interests of the movant are aligned with the members of the class; and (4) whether there is evidence of any antagonism between the interests of the movant and the class.   15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc).  The Sixth Circuit has set forth two criteria for determining adequacy of representation:  1) the representative must have common interests with the unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel. *In re Am. Med. Sys.*, 75 F.3d 1069, 1083 (6th Cir. 1996).

Here, Mr. Gilmore's interests are clearly aligned with the members of the Class, and there is no evidence of any antagonism between him and the members of the proposed Closed-End Fund Class.  Mr. Gilmore shares numerous common questions of law and fact with the members of the Closed-End Fund Class in establishing defendants' liability and damages, and his claims are typical of the class.  Additionally, Mr. Gilmore has retained competent and experienced counsel who are able to conduct this complex litigation in a professional manner. Thus, the close alignment of interests between Mr. Gilmore combined with his strong desire to prosecute this action on behalf of a class of the purchasers of the proposed Closed-End Funds also militates in favor of granting the instant motion.

**C.      This Court Should Approve Mr. Gilmore's Choice of Lead and
Liaison Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(v).  Courts should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the plaintiff class."  H.R. Conf. Rpt. No. 104-369, at 35, 104th Cong. 1st Sess. (Nov. 28, 1995).

Mr. Gilmore has retained the law firm of Kaplan Fox to serve as lead counsel and The Fowler Law Firm as liaison counsel.  Kaplan Fox has extensive experience litigating securities class actions and has successfully prosecuted numerous securities class actions on behalf of injured investors.  *See* Fowler Decl. Ex. D (firm resume of Kaplan Fox).  The Fowler Law Firm has extensive experience in litigating cases in this district.  *See* Fowler Decl. Ex. E (firm resume of The Fowler Law Firm).

**IV.      CONCLUSION**

For the above reasons, Mr. Gilmore respectfully requests that the Court:  (1)  appoint him as the lead plaintiff in the action on behalf of persons who purchased shares of the Closed-End Funds; and (2) approve his choice of Lead and Liaison Counsel.

Dated this 2nd day of July, 2010.

Respectfully submitted,

/s/ Charles Wesley Fowler
Charles Wesley Fowler (TN 18652)
**THE FOWLER LAW FIRM**
119 S. Main Street, Suite 500
Memphis, TN  38103
Telephone:  (901) 322-8018
Facsimile:  (800) 322-3161
wfowler@wesfowlerlaw.com
*Liaison Counsel for Lead Plaintiff Movant
Joseph W. Gilmore*

8

**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox
Joel B. Strauss
Jeffrey P. Campisi
Pamela A. Mayer
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone:  (212) 687-1980
Facsimile:  (212) 687-7714
ffox@kaplanfox.com
jstrauss@kaplanfox.com
jcampisi@kaplanfox.com
pmayer@kaplanfox.com
*Attorneys for Lead Plaintiff Movant*
*Joseph W. Gilmore*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of (i) Notice of Motion and Motion of Joseph W. Gilmore for (1) Appointment as Lead Plaintiff; and (2) Approval of Lead Plaintiff's Choice of Lead and Liaison Counsel; (ii) Memorandum of Law in Support of the Motion of Joseph W. Gilmore; (iii) Declaration of Charles Wesley Fowler in Support of the Motion of Joseph W. Gilmore; and (iv) [Proposed] Order has been served via the U.S. District Court for the Western District of Tennessee's Electronic Filing System and on non-ECF users by United States mail, postage prepaid, on this 2nd day of July, 2010, on the following:

Matthew Curley
BASS BERRY & SIMS, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201

Jeffrey B. Maletta
Nicole A. Baker
K&L GATES, LLP
1601 K Street, N.W.
Washington, D.C. 20006

Timothy A. Duffy
Emily Nicklin
Kristopher Ritter
KIRKLAND & ELLIS, LLP
300 North LaSalle
Chicago, IL 60654

Kevin C. Logue
Asa R. Dames
PAUL HASTINGS JANOFSKY &
WALKER LLP
75 E. 55th Street
New York, NY 10022

CSC Lawyers Incorporating Svc., Inc.
150 S. Perry Street
Montgomery, AL 36104

S. Lawrence Polk
SUTHERLAND ASBILL & BRENNAN
LLP
999 Peachtree Street, N.E.
Atlanta, GA 30309

David B. Tulchin
David E. Swarts
Margaret E. Bartlett

Albert C. Harvey
Cheryl Rumage Estes
Kyle M. Wiggins

9

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

Charwford S. McGivaren, Jr.
R. Carlton Smyly
CABANISS JOHNSTON GARDNER
DUMAS & O'NEAL LLP
Suite 700 Park Place Tower
2001 Park Place North
Birmingham, AL 53203

Steven E. Fineman
LIEFF CABRASER HEIMANN &
BERNSTEIN LLP
780 Third Avenue, 48th Floor
New York, NY 10017

William M. Jeter
LAW OFFICE OF WILLIAM JETER
35 Union Avenue, Suite 300
Memphis, TN 38103

C. Oliver Burt
Jay W. Eng
BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO
222 Lakeview Avenue
Esperante Building, Suite 900
West Palm Beach, FL 33401

Eben F. Duval
Dennis J. Johnson
JOHNSON & PERKINSON
1690 Williston Rd.
South Burlington, VT 05403

John J. Carey
Michael J. Flannery
CAREY & DANIS, L.L.C.
8235 Forsyth Blvd., Suite 1100
St. Louis, MO 63105

THOMASON HENDRIX HARVEY
JOHNSON & MITCHELL PLLC
40 S. Main Street, Suite 2900
Memphis, TN 38103

Mark P. Chalos
LIEFF CABRASER HEIMANN &
BERNSTEIN LLP
One Nashville Place
150 Fourth Avenue, Suite 1550
Nashville, TN 37219-2423

Richard M. Heimann
Sharon M. Lee
LIEFF CABRASER HEIMANN &
BERNSTEIN LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Dale H. Tuttle
B.J. Wade
GLASSMAN EDWARDS WADE &
WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Emily C. Komlossy
FARUQI & FARUQI, LLP
3595 Sheridau Street, Suite 206
Hollywood, FL 33021

Martin W. Zummach
SPARKMAN ZUMMACH, P.C.
P.O. Box 266
Southaven, MS 38671-0266

Paul Kent Bramlett
BRAMLETT LAW OFFICES
P.O. Box 150734
Nashville, TN 37215

10

Beth A. Keller
Christopher Marlborough
FARUQI & FARUQI, LLP
369 Lexington Avenue, 10th Floor
New York, NY 10017

Martin D. Chitwood
Gregory E. Keller
Michael R. Peacock
CHITWOOD HARLEY & HARNES LLP
1230 Peachtreet Street, N.E.
2900 Promenade II
Atlanta, GA 30309

Robert A. Izard
Jeff Nobel
SCHATZ NOBEL IZARD, P.C.
20 Church Street, Suite 1700
Hartford, CT 06103

Harold Naill Falls, Jr.
FALLS & VEACH
1143 Sewauee Rd.
Nashville, TN 37220

John B. Veach, III
FALLS & VEACH
20 Cedarcliff Road
Asheville, NC 28803

Christopher J. Keller
Alan I. Ellman
Stefanie J. Sundel
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005

Marc J. Bern
Adam Gana
NAPOLI BERN RIPKA, L.L.P.
350 Fifth Avenue, Suite 7413
New York, NY 10118

/s/ Charles Wesley Fowler
C. Wesley Fowler (18652)
The Fowler Law Firm
119 S. Main Street, Suite 500
Memphis, TN 38103
Telephone: (901) 322-8018
Fax: (800) 322-3161
wfowler@wesfowlerlaw.com
*Liaison Counsel for Lead Plaintiff Movant*
 *Joseph W. Gilmore*