# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

_____

**IN RE REGIONS MORGAN KEEGAN ERISA LITIGATION**

**MDL No. 2009 08-02192**

**Master File No. 2:08-cv-02192**

**Judge Samuel H. Mays, Jr.**
**Magistrate Judge Vescovo**

_____

## REGIONS DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED SUPPLEMENTAL CLASS ACTION COMPLAINT

Defendants Regions Financial Corporation ("Regions"), Regions Bank, Ken Alderman, George W. Bryan, John Buchanan, Earnest W. Deavenport, Jr., David B. Edmonds, Irene Esteves, Christopher Glaub, O.B. Grayson Hall, Jr., Tim Laney, Susan W. Matlock, Claude Nielsen, C. Dowd Ritter, David Rupp, Jill Shelton, Lee K. Styslinger III, Tom Thompson, David Turner, Barbara H. Watson, William C. Wells II, Harry Dinken, John Daniel, W. Charles Mayer III, Ronnie Jackson, Sharon Davis, Sherry Anthony, Martha Ingram, Alan Deer, Candice Bagby, Alton Yother, Tusa McNary, Bryan Jordan, Lea Stokes, Susan Martinez, James S.M. French, and E.W. "Rusty" Stephenson (collectively, the "Regions Defendants") file this Answer to Plaintiffs' Consolidated Supplemental Class Action Complaint ("Complaint").  The Regions Defendants answer the specific allegations of the Complaint as follows:

1. The Regions Defendants lack sufficient knowledge or information to respond to the allegations of paragraph 1 of the Complaint, and therefore deny same.

2. The Regions Defendants admit that Plaintiffs purport to bring this action under §§ 502(a)(2) and (a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(2) & (a)(3), but deny that Plaintiffs are entitled to any such relief, deny that all Defendants are either fiduciaries or non-fiduciary parties in interest, deny that this case may

properly be certified as a class action, and deny that any member of the putative class is entitled to any relief.

3.      The Regions Defendants admit that AmSouth Bancorporation administered the AmSouth Thrift Plan for its employees and that Regions Financial Corporation administered the Regions Financial Corporation 401(k) Plan (the "Legacy Plan") for its employees prior to the merger of Regions Financial Corporation and AmSouth Bancorporation on November 4, 2006. The Regions Defendants deny that Regions Financial Corporation closed the Legacy Plan for contributions following the merger, but rather state that the Legacy Plan and the AmSouth Thrift Plan operated parallel until the merger of the two 401(k) plans effective April 1, 2008, at which time the Legacy Plan merged into the AmSouth Thrift Plan and the surviving plan was renamed the Regions Financial Corporation 401(k) plan.  As for the allegations of paragraph 3 regarding participation in the respective plans by certain employees, the Regions Defendants rely on the plan documents to speak for themselves regarding eligibility for participation in the respective plans.  The Regions Defendants deny all remaining allegations of paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint states a legal conclusion to which no response is required.  To the extent a response may be deemed to be required, the Regions Defendants deny that all named Defendants are fiduciaries of the plan during all relevant periods of time.  The Regions Defendants deny all remaining allegations of paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint contains a general description of each purported subclass of Plan participants, to which no response is required.  To the extent that response is required, the Regions Defendants deny the allegations of paragraph 5 of the Complaint.

6.      The Regions Defendants admit that paragraph 6 of the Complaint purports to allege fiduciary breach based on the investments in each identified subclass, but deny all such

allegations.

7.     The Regions Defendants admit that Count I of the Complaint purports to allege fiduciary breach against the defendants named therein, but deny that Regions Defendants breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

8.     The Regions Defendants admit that Count II of the Complaint purports to allege fiduciary breach against the defendants named therein, but deny that Regions Defendants breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

9.     The Regions Defendants admit that Count III of the Complaint purports to allege fiduciary breach against the defendants named therein, but deny that Regions Defendants breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

10.     The Regions Defendants admit that Count IV of the Complaint purports to allege fiduciary breach against the defendants named therein, but deny that Regions Defendants breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

11.     The Regions Defendants admit that Count V of the Complaint purports to allege fiduciary breach against the defendants named therein, but deny that Regions Defendants breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

12.     The Regions Defendants admit that Count VI of the Complaint purports to allege fiduciary breach against the defendants named therein, but deny that Regions Defendants

breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

13.     The Regions Defendants admit that Count VII of the Complaint purports to allege fiduciary breach against the defendants named therein, but deny that Regions Defendants breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

14.     The Regions Defendants admit that Count VIII of the Complaint purports to allege fiduciary breach against the defendants named therein, but deny that Regions Defendants breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

15.     The Regions Defendants admit that Count IX of the Complaint purports to allege fiduciary breach against the defendants named therein, but deny that Regions Defendants breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

16.     The Regions Defendants admit that Count X of the Complaint purports to allege fiduciary breach against the defendants named therein, but deny that Regions Defendants breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

17.     The Regions Defendants admit that Count XI of the Complaint purports to allege fiduciary breach against the defendants named therein, but deny that Regions Defendants breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

18.     The Regions Defendants admit that Count XII of the Complaint purports to allege

fiduciary breach against the defendants named therein, but deny that Regions Defendants breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

19.     The Regions Defendants admit that Count XIII of the Complaint purports to allege fiduciary breach against the defendants named therein, but deny that Regions Defendants breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

20.     The Regions Defendants admit that Count XIV of the Complaint purports to allege fiduciary breach against the defendants named therein, but deny that Regions Defendants breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

21.     The Regions Defendants admit that Count XV of the Complaint purports to allege prohibited transactions against the defendants named therein, but deny that Regions Defendants engaged in any prohibited transactions and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

22.     The Regions Defendants rely upon the public record of the price at which Regions stock traded on any given day rather than on Plaintiffs' characterization of that public record. The Regions Defendants deny all remaining allegations of paragraph 22 of the Complaint.

23.     The Regions Defendants rely upon the public record of the price at which the RMK Select Intermediate Bond Fund and the RMK Select High Income Fund traded on any given day rather than on Plaintiffs' characterization of that public record.

24.     The Regions Defendants deny the allegations of paragraph 24 of the Complaint.

25.     The Regions Defendants deny the allegations of paragraph 25 of the Complaint.

26.     The Regions Defendants admit that Plaintiffs purport to bring claims on behalf of the Plan under and pursuant to ERISA §§ 409, 502(a)(2), and 502(a)(3), but deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

27.     The first sentence of paragraph 27 of the Complaint is a legal conclusion to which no response is required.  To the extent that a response is required, the Regions Defendants admit the existence of ERISA §§ 409(a) and 502(a), but rely upon those statutory provisions to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants lack sufficient information to respond to the remaining allegations of paragraph 27 of the Complaint, except to admit that Plaintiffs purport to bring this action on behalf of all participants and beneficiaries of the Plan whose Plan accounts were invested in Regions common stock from January 1, 2007 to the present, were invested in the Bond Funds from January 1, 2007 to the present and/or invested in one or more of the RMK Select Funds from May 1, 2003 to the present.

28.     The Regions Defendants deny the allegations of paragraph 28 of the Complaint.

29.     The Regions Defendants admit the allegations of paragraph 29 of the Complaint.

30.     The Regions Defendants admit the first two sentences of paragraph 30 of the Complaint and deny all remaining allegations of this paragraph.

31.     The Regions Defendants admit that venue is proper, but deny the remaining allegations of paragraph 31 of the Complaint.

32.     The Regions Defendants are unable to admit or deny the allegations contained in the first sentence of paragraph 32 of the Complaint.   The Regions Defendants admit, upon information and belief, that Plaintiff Hamby separated employment from Regions on or about December 31, 2007.  The term "participant" as used in paragraph 32 of the Complaint is a legal

conclusion to which no response is required.   The Regions Defendants admit that Plaintiff Hamby purports to be a member of a putative subclass, but otherwise deny all remaining allegations of paragraph 33 of the Complaint.

33.     The Regions Defendants are unable to admit or deny the allegations contained in the first sentence of paragraph 33 of the Complaint.   The Regions Defendants admit that Plaintiff Jackson was hired by Regions on July 21, 2003 and, upon information and belief, separated employment from Regions on December 31, 2007.  The term "participant" as used in paragraph 33 of the Complaint is a legal conclusion to which no response is required.   The Regions Defendants admit that Plaintiff Jackson purports to be a member of a putative subclass, but otherwise deny all remaining allegations of paragraph 33 of the Complaint.

34.     The Regions Defendants are unable to admit or deny the allegations contained in the first sentence of paragraph 34 of the Complaint.   The Regions Defendants admit that Plaintiff Harrison was hired by Regions on May 3, 1999 and separated employment from Regions on October 1, 2007.  The term "participant" as used in paragraph 34 of the Complaint is a legal conclusion to which no response is required.   The Regions Defendants admit that Plaintiff Harrison purports to be a member of a putative subclass, but otherwise deny all remaining allegations of paragraph 34 of the Complaint.

35.     The Regions Defendants are unable to admit or deny the allegations contained in the first sentence of paragraph 35 of the Complaint.   The Regions Defendants admit that Plaintiff Smith was hired by Regions on November 16, 1998 and separated employment from Regions on March 31, 2008.  The term "participant" as used in paragraph 35 of the Complaint is a legal conclusion to which no response is required.   The Regions Defendants admit that Plaintiff Smith purports to be a member of a putative subclass, but otherwise deny all remaining

allegations of paragraph 35 of the Complaint.

36.     The Regions Defendants are unable to admit or deny the allegations contained in the first sentence of paragraph 36 of the Complaint.   The Regions Defendants admit that Plaintiff Williams was hired by Regions on July 11, 2002 and separated employment from Regions on July 31, 2007.  The term "participant" as used in paragraph 36 of the Complaint is a legal conclusion to which no response is required.   The Regions Defendants admit that Plaintiff Williams purports to be a member of a putative subclass, but otherwise deny all remaining allegations of paragraph 36 of the Complaint.

37.     The Regions Defendants are unable to admit or deny the allegations contained in the first sentence of paragraph 37 of the Complaint.   The Regions Defendants admit that Plaintiff Shamblin was hired by Regions in August 2006 and separated employment from Regions on March 31, 2009.  The term "participant" as used in paragraph 37 of the Complaint is a legal conclusion to which no response is required.    The Regions Defendants admit that Plaintiff Shamblin purports to be a member of a putative subclass, but otherwise deny all remaining allegations of paragraph 37 of the Complaint.

38.     Regions Defendants admit the allegations of the first four sentences of paragraph 38 of the Complaint.  The Regions Defendants deny all remaining allegations of paragraph 38.

39.     Regions Defendants deny the allegations of paragraph 39 of the Complaint, except to state that Regions is the Plan Sponsor for the Regions Financial Corporation 401(k) Plan.

40.     Regions Defendants deny the allegations of paragraph 40 of the Complaint.

41.     The Regions Defendants admit that Regions, a corporate entity, acts from time to time through certain human agents.  The Regions Defendants deny all remaining allegations of

paragraph 41 of the Complaint.

42.      The Regions Defendants deny the allegations of the first sentence of paragraph 42 of the Complaint.  The Regions Defendants admit that Regions has certain authority to hire and fire its employees and officers, but they deny that Plaintiffs' characterization of that authority is accurate and complete.  The Regions Defendants deny all remaining allegations of paragraph 42 of the Complaint.

43.      The Regions Defendants admit the allegations of the first sentence of paragraph 43 of the Complaint.  The allegations of the second sentence of paragraph 43 of the Complaint state legal conclusions or argument to which no response is required.  To the extent a response is required, the Regions Defendants admit that Regions Bank has provided certain services to the Plan, that Regions Bank is a subsidiary of Regions, and that Regions is an employer some of whose employees are covered by the Plan.  The Regions Defendants admit that Regions Bank provides trust services to certain of its customers, but they deny the remaining allegations of the third sentence of paragraph 43 of the Complaint.  The Regions Defendants admit that Regions Bank provides to the Plan the services described in a certain trust agreement, but the Regions Defendants rely upon the terms of that trust agreement to speak for themselves rather than on Plaintiffs' characterization thereof.  Plaintiffs' allegation about Region Bank's fiduciary status "under ERISA § 403" states a legal conclusion or argument to which no response is required.  To the extent a response is required, the Regions Defendants admit that Regions Bank's services with respect to the Plan are those of a "directed trustee" under ERISA § 403(a)(1).  The Regions Defendants deny all remaining allegations of paragraph 43 of the Complaint.

44.      The Regions Defendants deny that Defendant Morgan Keegan & Co. is "aka Regions Morgan Keegan," but admit the remaining allegations of the first sentence of paragraph

44 of the Complaint. The allegation of the second sentence of paragraph 44 states a legal conclusion to which no response is required. To the extent a response is required, the Regions Defendants admit that Morgan Keegan & Co. is a subsidiary of Regions and that Regions is an employer some of whose employees are covered by the Plan. The Regions Defendants admit that Morgan Keegan & Co. offers a variety of financial services and products, but the Regions Defendants deny all remaining allegations of the third sentence of the Complaint. The Regions Defendants deny all remaining allegations of paragraph 44 of the Complaint.

45.     The Regions Defendants admit that Morgan Asset Management, Inc. ("MAM") is an indirect subsidiary of Regions, that MAM provides certain investment management and investment advisory services, and that at certain times in the past, MAM provided certain advisory services for certain of the RMK Select Funds. Defendants deny all remaining allegations of paragraph 45 of the Complaint.

46.     The Regions Defendants admit that the Compensation Committee of the Board of Directors of Legacy Regions ("Legacy Regions" refers to Regions Bank prior to the November, 2006 Merger with AmSouth) adopted a set of resolutions dated July 14, 2004, and that certain of those resolutions established a Benefits Management Committee and delegated certain authority and responsibilities to that Committee. The Regions Defendants rely upon the terms of such resolutions to speak for themselves rather than on Plaintiffs' characterization thereof. The Regions Defendants deny all remaining allegations of paragraph 46 of the Complaint.

47.     The Regions Defendants admit that the Compensation Committee of the Board of Directors of Legacy Regions adopted a set of resolutions dated July 14, 2004, and that certain of those resolutions established a Benefits Management Committee ("Regions Benefits Management Committee") and delegated certain authority and responsibilities to that Committee.

The Regions Defendants rely upon the terms of such resolutions to speak for themselves rather than on Plaintiffs' characterization thereof.  Plaintiffs' allegation about the Regions Benefits Management Committee's fiduciary status with respect to the Plan states a legal conclusion or argument to which no response is required.  To the extent a response is required, the Regions Defendants deny that allegation.  The third, fourth, fifth, and sixth sentences of paragraph 47 make allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.  As to subparagraphs A through P of paragraph 47, the Regions Defendants state as follows:

A.   The Regions Defendants admit that Ken Alderman became the Chairman of the Regions Benefits Management Committee on or before September 17, 2004, and that he became a non-voting member on or before June 7, 2007.  The final sentence of subparagraph A makes allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.

B.   The Regions Defendants admit that Alan Deer became a member of the Regions Benefits Management Committee on or before September 17, 2004.  The final sentence of subparagraph B makes allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.

C.   The Regions Defendants admit that Bryan Jordan became a member of the Regions Benefits Management Committee on or before September 17, 2004.  The final sentence of subparagraph C makes allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.

D.   The Regions Defendants admit that Harry Dinken served as a member of the Regions Benefits Management Committee, but they deny that he became a member of the Regions Benefits Management Committee on or before September 17, 2004.  The final sentence of subparagraph D makes allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.

E.      The Regions Defendants admit that John Daniel became a member of the Regions Benefits Management Committee on or before September 17, 2004.  The final sentence of subparagraph E makes allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.

F.      The Regions Defendants admit that David B. Edmonds became a member of the Regions Benefits Management Committee on or before December 28, 2006 and that he became the Chairman of that Committee on or before March 14, 2007. The final sentence of subparagraph F makes allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.

G.      The Regions Defendants admit that W. Charles Mayer, III became a member of the Regions Benefits Management Committee on or before December 28, 2006. The final sentence of subparagraph G makes allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.

H.      The Regions Defendants admit that William C. Wells became a member of the Regions Benefits Management Committee on or before December 28, 2006.  The final sentence of subparagraph H makes allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.

I.      The Regions Defendants admit that O. B. Grayson Hall, Jr. became a member of the Regions Benefits Management Committee on or before December 28, 2006. The final sentence of subparagraph I makes allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.

J.      The Regions Defendants admit that Candice W. Bagby became a member of the Regions Benefits Management Committee on or before December 28, 2006.  The final sentence of subparagraph J makes allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.

K.     The Regions Defendants admit that John Buchanan became a member of the Regions Benefits Management Committee on or before March 14, 2007.  The final sentence of subparagraph K makes allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.

L.     The Regions Defendants admit that David Turner became a non-voting member of the Regions Benefits Management Committee on or before March 14, 2007, and that he was a non-voting member of that Committee as of August 15, 2007.  The final sentence of subparagraph L makes allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.

M.    The Regions Defendants admit that Jill Shelton became a non-voting member of the Regions Benefits Management Committee on or before March 14, 2007.  The final sentence of subparagraph M makes allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.

N.     The Regions Defendants admit that Chris Glaub became a non-voting member of the Regions Benefits Management Committee on or before March 14, 2007.  The final sentence of subparagraph N makes allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.

O.     The Regions Defendants admit that Alton Yother became a member of the Regions Benefits Management Committee on or before June 7, 2007.  The final sentence of subparagraph O makes allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.

P.     The Regions Defendants admit that Tim Laney became a member of the Regions Benefits Management Committee on or before August 15, 2007.  The final sentence of subparagraph P makes allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.

The Regions Defendants deny all remaining allegations of paragraph 47 of the Complaint.

48.    The Regions Defendants admit that the Compensation Committee of the Board of

Directors of Legacy Regions adopted a set of resolutions dated July 14, 2004, and that certain of those resolutions established a Benefits Administration Committee ("Regions Benefits Administration Committee") and delegated certain authority and responsibilities to that Committee or its designee or delegee. The Regions Defendants rely upon the terms of such resolutions to speak for themselves rather than on Plaintiffs' characterization thereof. The Regions Defendants admit that the Legacy Plan document identified a plan administrator and assigned certain duties and responsibilities to that plan administrator. The Regions Defendants rely upon the Legacy Plan document to speak for itself rather than on Plaintiffs' characterization thereof. The fifth, sixth, seventh and eighth sentences of paragraph 48 make allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations. As to subparagraphs A through E of paragraph 48, the Regions Defendants state as follows:

A.    The Regions Defendants admit that Gertrude "Tusa" McNary became the Chairperson of the Benefits Administration Committee on or before February 8, 2005 and continued in that position though January 31, 2006. The final sentence of subparagraph A makes allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.

B.    The Regions Defendants admit that Ronnie Jackson became a member of the Benefits Administration Committee on or before February 8, 2005 and continued in that position though January 31, 2006. The final sentence of subparagraph B makes allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.

C.    The Regions Defendants admit that Tom Thompson became a member of the Benefits Administration Committee on or before February 8, 2005 and continued in that position though January 31, 2006. The final sentence of subparagraph C makes allegations about Plaintiffs' knowledge, intentions, or state of mind; the

Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.

D.      The Regions Defendants admit that Lea Stokes became a member of the Benefits Administration Committee on or before February 8, 2005 and continued in that position though April 5, 2005, and that she was no longer of member of that Committee on September 6, 2005.  The final sentence of subparagraph D makes allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.

E.      The Regions Defendants deny the allegations of the first sentence of subparagraph E.  The final sentence of subparagraph E makes allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.

The Regions Defendants deny all remaining allegations of paragraph 48 of the Complaint.

49.     The Regions Defendants admit: that C. Dowd Ritter formerly served on Regions' Board of Directors and as Chairman, President and Chief Executive Officer of Regions and Regions Bank; that Harry J. Dinken signed the Legacy Plan's 2003 annual report on Internal Revenue Service Form 5500; that Gertrude "Tusa" McNary served as the Chairperson of the Benefits Administration Committee and signed the Legacy Plan's 2004 annual report on IRS Form 5500; that Sherry Anthony signed the Legacy Plan's 2005 annual report on IRS Form 5500; that Christopher Glaub served on the Benefits Management Committee as a non-voting member and signed the Legacy Plan's 2006 and 2007 annual reports on IRS From 5500; that John Daniel served on the Benefits Management Committee and as Regions Executive Vice President and Director of Human Resources and signed the Legacy Plan's 2005 and 2006 Statements on SEC Form 11-K.  The Regions Defendants deny all remaining allegations of paragraph 49 of the Complaint.

50.     The Regions Defendants deny the allegations of the first and second sentences of paragraph 50 of the Complaint.  The Regions Defendants admit that the AmSouth Plan document

provided for an AmSouth Benefits Committee, but deny all remaining allegations of the third sentence of paragraph 50 of the Complaint.  The Regions Defendants admit that, after the merger of Old Regions with and into AmSouth Corporation, the Board of Directors of the surviving corporation had a Compensation Committee, and that Claude B. Nielsen, George W. Bryan, Earnest W. Deavenport, Jr., Susan W. Matlock, Martha R. Ingram, and Lee J. Styslinger III served on that Compensation Committee as of November 9, 2006.  Defendants deny all remaining allegations of paragraph 50 of the Complaint.

51.     The Regions Defendants admit that the AmSouth Plan document identified a plan administrator and a named fiduciary, assigned certain respective duties and responsibilities to that plan administrator and named fiduciary, and that there existed an AmSouth Benefits Committee.  The Regions Defendants rely upon the AmSouth Plan document to speak for itself rather than on Plaintiffs' characterization thereof.   The third, fourth, fifth, and sixth sentences of paragraph 51 make allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.   The Regions Defendants deny all remaining allegations of the introductory portion of paragraph 51.   As to subparagraphs A through F of paragraph 51, the Regions Defendants state as follows:

A.     The Regions Defendants admit that Defendant Edmonds was the Chairman of the AmSouth Benefits Committee as of August 24, 2006, and was, at certain times, the Chairman of the Regions Benefits Management Committee.  The Regions Defendants deny all remaining allegations of subparagraph A.

B.     The Regions Defendants admit that Defendant Buchanan was a member of the AmSouth Benefits Committee as of August 24, 2006, and was, at certain times, a member of the Regions Benefits Management Committee.   The Regions Defendants deny all remaining allegations of subparagraph

C.  The Regions Defendants admit that Defendant Martinez was a member of the AmSouth Benefits Committee as of August 24, 2006, but deny the remaining allegations of subparagraph C.

D.  The Regions Defendants admit that Defendant Mayer was a member of the AmSouth Benefits Committee as of August 24, 2006, and was, at certain times, a member of the Regions Benefits Management Committee.   The Regions Defendants deny all remaining allegations of subparagraph D.

E.  The Regions Defendants admit that Defendant Yother was a member of the AmSouth Benefits Committee as of August 24, 2006, and was, at certain times, a member of the Regions Benefits Management Committee.   The Regions Defendants deny all remaining allegations of subparagraph E.

F.  The Regions Defendants admit that Defendant Stephenson was a member of the AmSouth Benefits Committee as of May 11, 2006, but deny the remaining allegations of subparagraph F.

The Regions Defendants deny all remaining allegations of paragraph 51 of the Complaint.

52.  The first two sentences of paragraph 52 make allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations. As to subparagraphs A through C of paragraph 52, the Regions Defendants state as follows:

A.  The Regions Defendants admit that C. Dowd Ritter formerly served on Regions' Board of Directors and as Chairman, President and Chief Executive Officer of Regions and Regions Bank, but deny that he continues to hold those positions. Plaintiffs' allegations regarding Ritter's fiduciary status states a legal conclusion or argument to which no response is required.   To the extent a response is required, the Regions Defendants deny such allegations.  The Regions Defendants deny all remaining allegations of subparagraph A.

B.  The Regions Defendants admit that Barbara H. Watson was a Vice President of AmSouth and that she signed the AmSouth Plan's Statements on SEC Form 11-K that was filed on June 29, 2007.   Plaintiffs' allegations regarding Watson's fiduciary status state a legal conclusion or argument to which no response is required.  To the extent a response is required, the Regions Defendants deny such allegations.   The Regions Defendants deny all remaining allegations of subparagraph B.

C.  The Regions Defendants admit that Christopher Glaub was, at certain times, a non-voting member of the Regions Benefits Management Committee, and that he

signed the AmSouth Plan's 2006 and 2007 annual reports on IRS From 5500. The Regions Defendants deny all remaining allegations of subparagraph C.

The Regions Defendants deny all remaining allegations of paragraph 52 of the Complaint.

53.     The Regions Defendants admit the Board of Directors of Regions has a Compensation Committee. The second and third sentences of paragraph 53 make allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations. The Regions Defendants deny the remaining allegations of the introductory portion of paragraph 53. As to subparagraphs A through I of paragraph 53, the Regions Defendants state as follows:

A.     The Regions Defendants deny that George W. Bryan is a current member of Compensation Committee of the Regions Board of Directors. The Regions Defendants admit that George W. Bryan served on that committee at the time of the initiation of the Plan.

B.     The Regions Defendants deny that Earnest W. Deavenport, Jr. is a current member of Compensation Committee of the Regions Board of Directors. The Regions Defendants admit that Earnest W. Deavenport, Jr. served on that committee at the time of the initiation of the Plan.

C.     The Regions Defendants deny that James S.M. French was a member of Compensation Committee of the Regions Board of Directors at the time of the initiation of the Plan.

D.     The Regions Defendants deny that Martha R. Ingram is a current member of Compensation Committee of the Regions Board of Directors and further deny that she served on that committee at the time of the initiation of the Plan.

E.     The Regions Defendants admit that Susan W. Matlock is a current member of Compensation Committee of the Regions Board of Directors and has served on that committee since the initiation of the Plan.

F.     The Regions Defendants deny that Claude B. Nielsen is a current member of Compensation Committee of the Regions Board of Directors. The Regions Defendants admit that Claude B. Nielsen served on that committee at the time of the initiation of the Plan.

G.     The Regions Defendants deny that Michael S. Starnes was a member of Compensation Committee of the Regions Board of Directors at the time of the initiation of the Plan.

H.     The Regions Defendants admit that Lee J. Styslinger III is a current member of Compensation Committee of the Regions Board of Directors and has served on that committee since the initiation of the Plan.

I.     The Regions Defendants deny that Kemmons Wilson, Jr. was a member of Compensation Committee of the Regions Board of Directors at the time of the initiation of the Plan.

The Regions Defendants deny all remaining allegations of paragraph 53 of the Complaint.

54.     The Regions Defendants admit that the Plan document identified a plan administrator and a named fiduciary and assigned certain respective duties and responsibilities to that plan administrator and named fiduciary, and that there existed a Regions Benefits Management Committee.  The Regions Defendants rely upon the Plan document to speak for itself rather than on Plaintiffs' characterization thereof, and otherwise  deny allegations of the first and second sentences of paragraph 54.  The third, fourth, fifth, and sixth sentences of paragraph 54 make allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.  As to subparagraphs A through G of paragraph 54, the Regions Defendants admit that Defendant Edmonds was the Chairman and Defendants Hall, Laney, Wells, Buchanan, Esteves, and Rupp were members of the Regions Benefits Management Committee as of June 2, 2008.  The final sentence of each subparagraph makes allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.  The Regions Defendants deny all remaining allegations of paragraph 54.

55.     The Regions Defendants deny the allegations of the first sentence of paragraph 55.  The final three sentences of paragraph 55 make allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.  The Regions Defendants deny all remaining allegations of paragraph 55.

56.     The first two sentences of paragraph 56 make allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.  The Regions Defendants admit that C. Dowd Ritter formerly served on Regions' Board of Directors and as Chairman, President and Chief Executive Officer of Regions and Regions Bank, but deny that he continues to hold those positions.  Plaintiffs' allegation regarding Ritter's fiduciary status states a legal conclusion or argument to which no response is required.  To the extent a response is required, the Regions Defendants deny such allegation.  The Regions Defendants deny all remaining allegations of paragraph 56 of the Complaint.

57.     The Regions Defendants admit that the AmSouth Plan, the Legacy Plan, and the Plan are the subject of certain of the allegations of the Complaint, but deny that each Plan is the subject of all of the allegations of the Complaint.  Plaintiffs' allegation regarding the individual defendants' fiduciary status states a legal conclusion or argument to which no response is required.  To the extent a response is required, the Regions Defendants deny such allegation.  The Regions Defendants deny all remaining allegations of paragraph 57 of the Complaint.

58.     The Regions Defendants admit that Old Regions established the Legacy Plan effective January 1, 1976, and that the Legacy Plan provided certain retirement benefits to eligible employees.   The Regions Defendants admit that, during certain periods, Regions

sponsored the Legacy Plan and the AmSouth Plan, both of which provided certain retirement benefits to eligible employees. The Regions Defendants admit that Regions sponsored and continues to sponsor the Plan, which provided and continues to provide certain retirement benefits to eligible employees. The Regions Defendants deny all remaining allegations of paragraph 58.

59.     The Regions Defendants admit that Old Regions continued to sponsor certain plans that provided certain retirement benefits to eligible employees following Regions' merger with Union Planters Corporation on July 1, 2004. The Regions Defendants admit that Regions, following the merger with AmSouth Bancorporation, sponsored certain plans that provided certain retirement benefits to eligible employees. The Regions Defendants deny all remaining allegations of paragraph 59 of the Complaint.

60.     The Regions Defendants admit that the Regions Benefits Management Committee undertook certain responsibilities with respect to the merger of the Union Planters 401(k) Plan into the Legacy Plan. The Regions Defendants admit that Union Planters funds were migrated to Old Regions platform. The Regions Defendants state that there were approximately 12,600 Union Planters participants in the Legacy Plan as of January 31, 2006. The Regions Defendants deny all remaining allegations of paragraph 60 of the Complaint.

61.     The Regions Defendants admit that Regions became the plan sponsor of both the Legacy Plan and the AmSouth Plan following the corporate merger of Old Regions with AmSouth, but deny that the merger of Regions and AmSouth took effect on April 4, 2006. The Regions Defendants admit that, following the Regions/AmSouth merger, the Legacy Plan was, as a general matter, limited to employees hired by Regions before January 1, 2007, but state that some exceptions may have been allowed. The Regions Defendants admit that, after the

Regions/AmSouth merger, Regions continued to operate the AmSouth Thrift Plan for AmSouth employees hired by AmSouth on or prior to November 3, 2006, and for certain new Regions employees hired after the merger.  The Regions Defendants deny that the AmSouth Plan was available for all new Regions employees hired after the merger.  The Regions Defendants deny all remaining allegations of paragraph 61 of the Complaint.

62.     The Regions Defendants admit the allegations of paragraph 62 of the Complaint.

63.     Paragraph 63 of the Complaint makes allegations about Plaintiffs' knowledge, intentions, or state of mind; the Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.

64.     Regions Defendants admit the first two sentences of paragraph 64 of the Complaint, admit that Plaintiffs have not named the Plans as Defendants and admit that Plaintiffs purport to seek relief for the Plans, its participants and beneficiaries.  The remaining allegations of paragraph 64 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, Regions Defendant deny the remaining allegations of paragraph 64 of the Complaint.

65.     Paragraph 65 of the Complaint purports to characterize the terms of certain Plans and other written documents, the terms of which speak for themselves.  Regions Defendants deny the allegations of paragraph 65 of the Complaint to the extent that they are inconsistent with the written documents and/or do not reflect such written documents in their entirety.

66.     Paragraph 66 of the Complaint purports to characterize the terms of certain Plans and other written documents, the terms of which speak for themselves.   Regions Defendants deny the allegations of paragraph 66 of the Complaint to the extent that they are inconsistent with the written documents and/or do not reflect such written documents in their entirety.

67.     Paragraph 67 of the Complaint purports to characterize the terms of certain Plans and other written documents, the terms of which speak for themselves.  Regions Defendants deny the allegations of paragraph 67 of the Complaint to the extent that they are inconsistent with the written documents and/or do not reflect such written documents in their entirety.

68.     Paragraph 68 of the Complaint purports to characterize the terms of certain Plans and other written documents, the terms of which speak for themselves.  Regions Defendants deny the allegations of paragraph 68 of the Complaint to the extent that they are inconsistent with the written documents and/or do not reflect such written documents in their entirety.

69.     The Regions Defendants admit the allegations of paragraph 69 of the Complaint.

70.     Paragraph 70 of the Complaint purports to characterize the terms of certain Plans and other written documents, the terms of which speak for themselves.  The Regions Defendants deny the allegations of paragraph 70 of the Complaint to the extent that they are inconsistent with the written documents and/or do not reflect such written documents in their entirety. The Regions Defendants deny all remaining allegations of paragraph 71 of the Complaint.

71.     Paragraph 71 of the Complaint purports to characterize the terms of certain Plans and other written documents, the terms of which speak for themselves.  The Regions Defendants deny the allegations of paragraph 71 of the Complaint to the extent that they are inconsistent with the written documents and/or do not reflect such written documents in their entirety.  The Regions Defendants deny all remaining allegations of paragraph 71 of the Complaint.

72.     Paragraph 72 of the Complaint purports to characterize the terms of the certain Plans and other written documents, the terms of which speak for themselves.  The Regions Defendants deny the allegations of paragraph 72 of the Complaint to the extent that they are inconsistent with the written documents and/or do not reflect such written documents in their

entirety. The Regions Defendants deny all remaining allegations of paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint purports to characterize the terms of certain Plans and other written documents, the terms of which speak for themselves. Regions Defendants deny the allegations of paragraph 73 of the Complaint to the extent that they are inconsistent with the written documents and/or do not reflect such written documents in their entirety. The Regions Defendants deny all remaining allegations of paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint purports to characterize the terms of certain Plans and other written documents, the terms of which speak for themselves. Regions Defendants deny the allegations of paragraph 74 of the Complaint to the extent that they are inconsistent with the written documents and/or do not reflect such written documents in their entirety. The Regions Defendants deny all remaining allegations of paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint purports to characterize the terms of certain Plans and other written documents, the terms of which speak for themselves. The Regions Defendants deny the allegations of paragraph 75 of the Complaint to the extent that they are inconsistent with the written documents and/or do not reflect such written documents in their entirety. The Regions Defendants deny all remaining allegations of paragraph 75 of the Complaint.

76. Paragraph 76 of the Complaint purports to characterize the terms of certain Plans and other written documents, the terms of which speak for themselves. The Regions Defendants deny the allegations of paragraph 76 of the Complaint to the extent that they are inconsistent with the written documents and/or do not reflect such written documents in their entirety.

77. The Regions Defendants admit that each Plan's investment options, with the exception of the Regions Stock Fund, were selected by a fiduciary with respect to that Plan, and

that for certain periods a Benefits Management Committee had a role in such selections.  The Regions Defendants deny all remaining allegations in paragraph 77 of the Complaint.

78.     The allegations of the first sentence of paragraph 78 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants deny the allegations of  the first sentence of paragraph 78.  The allegations of the second sentence of paragraph 78 also purport to characterize the terms of certain Plans, the terms of which speak for themselves; such allegations are denied to the extent they are inconsistent with the written documents or/or do not reflect such written documents in their entirety.

79.     The Regions Defendants admit that Regions offered Regions common stock in the Regions Stock Fund as an investment alternative before and after the merger of AmSouth Bancorporation and Regions.  The Regions Defendants deny all remaining allegations of paragraph 79 of the Complaint and further state that the AmSouth Thrift Plan and the Legacy Plan no longer exist.

80.     Paragraph 80 of the Complaint purports to characterize a Form 11-K filing, the terms of which speak for itself.  Regions Defendants deny the allegations of paragraph 80 of the Complaint to the extent that they are inconsistent with the Form 11K and/or do not reflect the Form 11K in its entirety.

81.     The Regions Defendants deny the allegations of paragraph 81 of the Complaint.

82.     The first two sentences of paragraph 82 of the Complaint purport to characterize the terms of certain Plans and other written documents, the terms of which speak for themselves. The Regions Defendants deny the allegations of the first two sentences of paragraph 82 of the Complaint to the extent that they are inconsistent with the written documents and/or do not reflect such written documents in their entirety.   The third sentence of paragraph 82 of the

Complaint states a legal conclusion, to which no response is required.  To the extent a response is required, Regions Defendants deny the allegations of the third sentence of paragraph 82.

83.     Paragraph 83 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, the Regions Defendants rely upon Part 4 of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), but rely upon those statutory provisions to speak for themselves rather than on Plaintiffs' characterization thereof.

84.     The Regions Defendants admit that the Regions Morgan Keegan Select Intermediate Bond Fund and the Regions Morgan Keegan Select High Income Fund (the "Bond Funds") were among the investment options available to participants in the Plan or the Legacy Plan at certain times.  The Regions Defendants admit that the Bond Funds experienced gains or losses from time to time including during periods within what the Complaint alleges to be the "Bond Fund Subclass Period."  The Regions Defendants deny all remaining allegations of paragraph 84 of the Complaint.

85.     The Regions Defendants admit that one or more of the RMK Select Funds were among the investment options available to participants in the Plan or the Legacy Plan at certain times, and that such RMK Select Funds, taken as group, outnumbered the other funds or vehicles offered under that plan at that time.  The Regions Defendants deny all remaining allegations of paragraph 85 of the Complaint.

86.     The Regions Defendants deny the allegations of paragraph 86 of the Complaint.

87.     The Regions Defendants admit that, at certain times, the Regions Morgan Keegan Select Balanced Fund, the Regions Morgan Keegan Select Limited Government Maturity Fixed Income Fund and the Regions Morgan Keegan Select Growth Fund were among the investment options offered to participants in the Plan or the Legacy Plan at certain times.  The Regions

Defendants admit that Morningstar, Inc. or an affiliate thereof ("Morningstar") has reported from time to time its views of the performance of the aforementioned funds relative to other mutual funds.   The Regions Defendants deny all remaining allegations of paragraph 87 of the Complaint.

88.     The Regions Defendants deny the allegations of paragraph 88 of the Complaint.

89.     Paragraph 89 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, the Regions Defendants admit the existence of 29 U.S.C. §§ 1002(16)(A) and 1102(a)(1), but rely upon those statutory provisions to speak for themselves rather than on Plaintiffs' characterization thereof.

90.     Paragraph 90 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, the Regions Defendants admit the existence of 29 U.S.C. §§ 1002(21)(A)(i) and 1102(a)(1), but rely upon those statutory provisions to speak for themselves rather than on Plaintiffs' characterization thereof.

91.     Paragraph 91 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, the Regions Defendants deny the allegations of paragraph 91.

92.     Paragraph 92 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1104(a)(1), but rely upon that statutory provision to speak for itself rather than on Plaintiffs' characterization thereof.

93.     The Regions Defendants admit that Plaintiff does not allege that each defendant was a fiduciary with respect to all aspects of the Plans' management and administration.   The Regions Defendants deny all remaining allegations of paragraph 93.

94.    The Regions Defendants deny the allegations of paragraph 94 of the Complaint.

95.    Paragraph 95 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1108(c)(3), but rely upon that statutory provision to speak for itself rather than on Plaintiffs' characterization thereof.

96.    The Regions Defendants admit the first sentence of paragraph 96 of the Complaint with respect to the time frame following the merger of Regions Financial Corporation and AmSouth Bancorporation.   The remaining allegations of paragraph 96 constitute legal conclusions to which no response is required.   To the extent that a response is required, the Regions Defendants deny the remaining allegations of paragraph 96.

97.    The Regions Defendants deny the allegations of paragraph 97 of the Complaint.

98.    Paragraph 98 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, the Regions Defendants deny the allegations of paragraph 98.

99.    The Regions Defendants deny the allegations of paragraph 99 of the Complaint.

100.    The Regions Defendants admit that Regions Bank provides, and has provided, services to the Plan pursuant to a trust agreement, and that Regions Bank formerly provided services to the Legacy Plan pursuant to a trust agreement.  The Regions Defendants rely upon the terms of those trust agreements to speak for themselves rather than on Plaintiffs' characterization thereof.  Plaintiffs' allegations concerning Regions Bank's status as an ERISA fiduciary with respect to the Plan and the Legacy Plan state legal conclusions or arguments to which no response is required.  To the extent that a response is required, the Regions Defendants admit that the services Regions Bank has provided to the Plan and the Legacy Plan are or were those of

a "directed trustee" under ERISA § 403(a)(1). The Regions Defendants deny all remaining allegations of paragraph 100 of the Complaint.

101.   The Regions Defendants admit that Regions Bank formerly provided services to the AmSouth Plan pursuant to a trust agreement. The Regions Defendants rely upon the terms of that trust agreement to speak for themselves rather than on Plaintiffs' characterization thereof. Plaintiffs' allegations concerning Regions Bank's status as an ERISA fiduciary with respect to the AmSouth Plan state legal conclusions or arguments to which no response is required. To the extent that a response is required, the Regions Defendants admit that the services Regions Bank provided to the AmSouth Plan were those of a "directed trustee" under ERISA § 403(a)(1). The Regions Defendants deny all remaining allegations of paragraph 101 of the Complaint.

102.   The Regions Defendants admit the existence of the Compensation Committee of Regions' Board of Directors and of that Committee's charter, as amended. The Regions Defendants rely upon the terms of that charter to speak for themselves rather than on Plaintiffs' characterization, and partial quotation, thereof. The Regions Defendants deny all remaining allegations of paragraph 102 of the Complaint.

103.   The Regions Defendants admit that the Compensation Committee of Regions' Board of Directors has had the responsibilities assigned to it under that Committee's charter, as amended. The Regions Defendants rely upon the terms of that charter to speak for themselves rather than on Plaintiffs' characterization, and partial quotation, thereof. Plaintiffs' allegations concerning the fiduciary status and responsibilities of members of that Committee state legal conclusions or arguments to which no response is required. To the extent a response is required, the Regions Defendants admit that such members functioned as ERISA fiduciaries with respect to the Plans referred to in paragraph 103 of the Complaint only to the extent, if any, that they had

or exercised, with respect to such Plans, any of the authority, discretion or responsibility described in ERISA § 3(21)(A).  The Regions Defendants deny all remaining allegations of paragraph 103 of the Complaint.

104.   The allegations of paragraph 104 of the Complaint state legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants admit that members of the Compensation Committee of Regions Board of Directors functioned as ERISA fiduciaries with respect to the Plans referred to in paragraph 104 of the Complaint only to the extent, if any, that they had or exercised, with respect to such Plans, any of the authority, discretion or responsibility described in ERISA § 3(21)(A).  The Regions Defendants deny all remaining allegations of paragraph 104 of the Complaint.

105.   The Regions Defendants admit the existence of a document entitled "Amended and Restated Profit Sharing Trust of First Alabama Bancshares, Inc., Fifth Amendment and Restatement Adopted September 18, 1985 to be Effective January 1, 1985" (the "Old Legacy Plan Trust Agreement"), but they rely upon the terms of the Old Legacy Plan Trust Agreement to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 105 of the Complaint.

106.   The Regions Defendants admit that the members of the Committee identified in paragraph 106 of the Complaint complied with ERISA to the extent they had a legal obligation to do so.  The Regions Defendants deny the remaining allegations of paragraph 106 of the Complaint.

107.   The Regions Defendants admit the existence of the Old Legacy Plan Trust Agreement, but they rely upon the terms of the Old Legacy Plan Trust Agreement to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all

remaining allegations of paragraph 107 of the Complaint.

108.    The allegations of paragraph 108 of the Complaint state legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants state as follows:  The Regions Defendants rely upon the terms of the Legacy Plan document to speak for itself rather than on Plaintiffs' characterization thereof.  The Regions Defendants admit that members of the Committee identified in paragraph 108 of the Complaint functioned as ERISA fiduciaries with respect to the Legacy Plan only to the extent, if any, that they had or exercised, with respect to such Plan, any of the authority, discretion or responsibility described in ERISA § 3(21)(A).  The Regions Defendants deny all remaining allegations of paragraph 108 of the Complaint.

109.    The allegations of paragraph 109 of the Complaint state legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of the Legacy Plan document, but rely upon the terms of that document to speak for itself rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 109 of the Complaint.

110.    The allegations of paragraph 110 of the Complaint state legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants admit that members of the Committee identified in paragraph 110 of the Complaint functioned as ERISA fiduciaries with respect to the Legacy Plan only to the extent, if any, that they had or exercised, with respect to such Plan, any of the authority, discretion or responsibility described in ERISA § 3(21)(A).  The Regions Defendants deny all remaining allegations of paragraph 110 of the Complaint.

111.    The Regions Defendants deny the allegations of paragraph 111 of the Complaint.

112.    The Regions Defendants deny the allegations of paragraph 112 of the Complaint.

113.    The allegations of paragraph 113 of the Complaint state legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants deny those allegations.

114.    The Regions Defendants admit the existence of a document entitled "AmSouth Bancorporation Thrift Plan Amended and Restated Effective as of January 1, 1997 (revised February 2002)" but they rely upon the terms of that document, as amended, to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 114 of the Complaint.

115.    The Regions Defendants admit the existence of a document entitled "AmSouth Bancorporation Thrift Plan Amended and Restated Effective as of January 1, 1997 (revised February 2002)" but they rely upon the terms of that document, as amended, to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 115 of the Complaint.

116.    The allegations of paragraph 116 of the Complaint state legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants admit that members of the Committee identified in paragraph 116 of the Complaint functioned as ERISA fiduciaries with respect to the AmSouth Plan only to the extent, if any, that they had or exercised, with respect to such Plan, any of the authority, discretion or responsibility described in ERISA § 3(21)(A).  The Regions Defendants deny all remaining allegations of paragraph 116 of the Complaint.

117.    The Regions Defendants deny the allegations of paragraph 117 of the Complaint.

118.    The Regions Defendants deny the allegations of paragraph 118 of the Complaint.

119.    The allegations of paragraph 119 of the Complaint state legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants deny those allegations.

120.    The Regions Defendants admit the existence of a document entitled "Regions Financial Corporation 401(k) Plan Amended and Restated Effective as of January 1, 2002 (March 2008)" and of a 2005 and 2008 edition of the summary plan description ("SPD") for the Plan.  The Regions Defendants rely on that document and those editions of the Plan's SPD to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 120 of the Complaint.

121.    The Regions Defendants admit the existence of a document entitled "Regions Financial Corporation 401(k) Plan Amended and Restated Effective as of January 1, 2002 (March 2008)" but they rely on the terms of that document to speak for themselves rather than on Plaintiffs' characterization and partial quotation thereof.  The Regions Defendants deny all remaining allegations of paragraph 121 of the Complaint.

122.    The Regions Defendants admit that the members of the Committee identified in paragraph 122 of the Complaint complied with ERISA to the extent they had a legal obligation to do so.  The Regions Defendants deny the remaining allegations of paragraph 122 of the Complaint.

123.    The Regions Defendants admit the existence of a document entitled "Regions Financial Corporation 401(k) Plan Amended and Restated Effective as of January 1, 2002 (March 2008)" but they rely on the terms of that document to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 123 of the Complaint.

124.    The allegations of paragraph 124 of the Complaint state legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants admit that members of the Committee identified in paragraph 124 of the Complaint functioned as ERISA fiduciaries with respect to the Plan only to the extent, if any, that they had or exercised, with respect to such Plan, any of the authority, discretion or responsibility described in ERISA § 3(21)(A).  The Regions Defendants deny all remaining allegations of paragraph 124 of the Complaint.

125.    The Regions Defendants admit the existence of a document entitled "Regions Financial Corporation 401(k) Plan Amended and Restated Effective as of January 1, 2002 (March 2008)" but they rely on the terms of that document speak for itself rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 125 of the Complaint.

126.    The Regions Defendants admit the existence of a document entitled "Regions Financial Corporation 401(k) Plan Amended and Restated Effective as of January 1, 2002 (March 2008)" but they rely on the terms of that document to speak for themselves rather than on Plaintiffs' characterization and partial quotation thereof.   The Regions Defendants deny all remaining allegations of paragraph 126 of the Complaint.

127.    The allegations of paragraph 127 of the Complaint state legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants admit that members of the Committee identified in paragraph 127 of the Complaint, if any, functioned as ERISA fiduciaries with respect to the Plan only to the extent, if any, that they had or exercised, with respect to such Plan, any of the authority, discretion or responsibility described in ERISA § 3(21)(A).   The Regions Defendants deny all remaining allegations of

paragraph 127 of the Complaint.

128.    The Regions Defendants admit that Regions has provided information to the public regarding Regions' business and financial results through a number of vehicles, including through press releases and through reports and filings made on various Securities and Exchange Commission ("SEC") forms and schedules.  The Regions Defendants rely upon those vehicles to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 128 of the Complaint.

129.    The Regions Defendants admit that the Federal Reserve System's website provides access to the March 27, 2007 written testimony of Sandra Braunstein before the Subcommittee on Financial Institutions and Consumer Credit, Committee on Financial Services, and that the first sentence of paragraph 129 of the Complaint includes a partial quotation from that written testimony.  The remaining allegations of paragraph 129 of the Complaint are statements of opinion to which no response is required.  To the extent a response is required, the Regions Defendants deny those allegations.  The Regions Defendants deny all remaining allegations of paragraph 129 of the Complaint.

130.    The Regions Defendants admit that on December 5, 2006, the *Wall Street Journal* published a column written by Ruth Simon and James Hagerty and entitled "More Borrowers With Risky Loans are Falling Behind – Subprime Mortgages Surged as Housing Market Soared; Now, Delinquencies Mount."  Defendants admit that Regions has provided information to the public regarding Regions' business and financial results, including real estate loan originations, through a number of vehicles, including through reports and filings made on Securities and Exchange Commission ("SEC") forms and schedules.  The Regions Defendants rely upon those vehicles to speak for themselves rather than on Plaintiffs' characterization thereof.  The

remaining allegations of paragraph 130 of the Complaint are statements of opinion to which no response is required.  To the extent a response is required, the Regions Defendants deny those allegations.

131.    The Regions Defendants admit that, on July 26, 2005, the *Wall Street Journal* published a column written by Ruth Simon entitled "Mortgage Lenders Loosen Standards" and that, on January 18, 2006, USA Today published a column written by Noelle Knox entitled "43% of First-time Home Buyers Put No Money Down."  The remaining allegations of paragraph 131 of the Complaint are statements of opinion to which no response is required.  To the extent a response is required, the Regions Defendants deny those allegations.

132.    The Regions Defendants admit that, on July 18, 2005, USA Today published a column written by Sandra Block entitled "'Pick-a-Payment' Mortgage Risks are High" and that, on April 19, 2006, the *Wall Street Journal* published a column written by Ruth Simon entitled "New Type of Mortgage Surges in Popularity—Fixed-Rate Interest-Only Loans Offer Lower Initial Payments but Delay Debt Reduction."  The remaining allegations of paragraph 132 of the Complaint are statements of opinion to which no response is required.  To the extent a response is required, the Regions Defendants deny those allegations.

133.    The allegations of the first three sentences of paragraph 133 of the Complaint are statements of opinion to which no response is required.  To the extent that a response is required, the Regions Defendants deny those allegations.  The Regions Defendants deny all remaining allegations of paragraph 133 of the Complaint.

134.    The Regions Defendants admit that, on July 27, 2005, the *Wall Street Journal* published a column written by Ruth Simon entitled "Mortgage Lenders Loosen Standards" and that the second sentence of paragraph 134 contains a partial quotation from that column.  The

remaining allegations of paragraph 134 of the Complaint are statements of opinion to which no response is required. To the extent a response is required, the Regions Defendants deny those allegations.

135.    The Regions Defendants admit that on December 5, 2006, the *Wall Street Journal* published a column written by Ruth Simon and James Hagerty and entitled "More Borrowers With Risky Loans are Falling Behind – Subprime Mortgages Surged as Housing Market Soared; Now, Delinquencies Mount", but deny that the second sentence of paragraph 135 reflects an accurate quotation from that column. The Regions Defendants deny the allegations specific to Regions. The remaining allegations of paragraph 135 of the Complaint are statements of opinion to which no response is required. To the extent a response is required, the Regions Defendants deny those allegations.

136.    The Regions Defendants admit that on December 5, 2006, the *Wall Street Journal* published a column written by Ruth Simon and James Hagerty entitled "More Borrowers With Risky Loans are Falling Behind – Subprime Mortgages Surged as Housing Market Soared; Now, Delinquencies Mount" and that that article states the information of the first sentence of paragraph 136. The first sentence of paragraph 136 is a statement of opinion to which no response is required. To the extent a response is required, the Regions Defendants deny such allegation. As to the second sentence of paragraph 136, the Regions Defendants lack sufficient knowledge or information sufficient to form a belief regarding the allegations contained therein and therefore deny such allegations. The Regions Defendants deny all remaining allegations of paragraph 136.

137.    The Regions Defendants admit that, on March 11, 2007, the *New York Times* published a column written by Gretchen Morgenson entitled "Crisis Looms in Market for

Mortgages" and that that column cites reports that, according to the columnist, state the information of the second and third sentences of paragraph 137.  The first sentence of paragraph 137 is a statement of opinion to which no response is required.  To the extent a response is required, the Regions Defendants deny such allegations.  The Regions Defendants deny all remaining allegations of paragraph 137.

138.    Upon information and belief, the Regions Defendants admit that, on September 25, 2006, Reuters published a column written by Al Yoon entitled "'Irrational' Mortgage Bond Prices Polarize Market" and that paragraph 138 contains a partial quotation thereof.  The Regions Defendants deny all remaining allegations of paragraph 138 of the Complaint.

139.    The Regions Defendants admit that the Office of the Comptroller of the Currency, the Board of Governors of the Federal Reserve System, the Federal Deposit Insurance Corporation, the Office of Thrift Supervision and the National Credit Union Administration issued final guidance on the subject of "Nontraditional Mortgage Products Risks" that is published at 71 Fed. Reg. 58609-58618 (Oct. 4, 2006) (the "Interagency Guidance").  The Regions Defendants rely on the Interagency Guidance to speak for itself rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 139 of the Complaint.

140.    The Regions Defendants admit the existence of the Interagency Guidance, but rely on the Interagency Guidance to speak for itself rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 140 of the Complaint.

141.    The Regions Defendants admit the existence of the Interagency Guidance, but rely on the Interagency Guidance to speak for itself rather than on Plaintiffs' characterization

thereof.  The Regions Defendants deny all remaining allegations of paragraph 141 of the Complaint.

142.    The Regions Defendants admit that, on December 20, 2006, the New York Times published a column by Ron Nixon entitled "Study Predicts Foreclosure for 1 in 5 Subprime Loans" but deny that, according to the column, the Center for Responsible Lending issued its report regarding foreclosures on December 20, 2006.  The allegations of the final sentence of paragraph 142 are statements of opinion to which no response is required.  To the extent a response is required, the Regions Defendants deny those allegations.  The Regions Defendants deny all remaining allegations of paragraph 142.

143.    The Regions Defendants admit that, on January 3, 2007, Consumer Affairs published a column by Martin H. Bosworth entitled "Subprime Lender Implosion: Bad Omen for Housing Market" and that paragraph 143 contains a partial quotation thereof.  The Regions Defendants deny all remaining allegations of paragraph 143 of the Complaint.

144.    The Regions Defendants admit that, according to publicly-available court records, Ownit Mortgage Solutions, Inc. filed for Chapter 11 bankruptcy in December 2006.  The Regions Defendants further admit that, on January 3, 2007, the *L.A. Times* published a column by E. Scott Reckard entitled "Demise of Ownit Mortgage Hits Home" and that, on January 26, 2007, the *New York Times* published a column by Vikas Bajaj and Christine Haugheny entitled "Tremors at the Door – More People with Weak Credit are Defaulting on Mortgages," of which paragraph 144 contains a partial quotation.  All remaining allegations of paragraph 144 are statements of opinion to which no response is required.  To the extent a response is required, the Regions Defendants deny such allegations.

145.    The Regions Defendants admit that, on March 11, 2007, the *New York Times*

published a column written by Gretchen Morgenson entitled "Crisis Looms in Market for Mortgages" and that that column states that "more than two dozen mortgage lenders have failed or closed their doors" but deny all remaining allegations of paragraph 145.

146.    The Regions Defendants admit that, on March 29, 2007, the *Wall Street Journal* published a column written by Gregory Zuckerman entitled "How Street Hit Lender – 'Subprime' King New Century Was Down but Not Quite Out; Then, Banks Shut Cash Spigot" but deny that the allegations of paragraph 146 accurately convey the information contained in that article.

147.    The Regions Defendants admit that, according to publicly-available court records, New Century Financial Corporation filed for Chapter 11 bankruptcy on April 2, 2007.  The Regions Defendants further admit that, on April 3, 2007, the *New York Times* published a column by Julie Creswell and Vikas Bajaj entitled "Home Lender is Seeking Bankruptcy."

148.    The Regions Defendants admit that, on August 23, 2007, Bloomberg.com published a column by Rick Green entitled "Lehman Shuts Unit; Toll of Lenders Tops 100: Subprime Scorecard."  The Regions Defendants lack knowledge or information sufficient to form a belief regarding the number of mortgage companies that filed for bankruptcy, suspended loans, or closed entirely; therefore the Regions Defendants deny the allegations of paragraph 148.

149.    The Regions Defendants admit that, on December 5, 2006, the *Wall Street Journal published* a column written by Ruth Simon and James R. Hagerty entitled "More Borrowers With Risky Loans Are Falling Behind – Subprime Mortgages Surged As Housing Market Soared; Now, Delinquencies Mount", but rely upon that column to speak for itself rather than on Plaintiffs' characterization thereof.

150.    The Regions Defendants deny the allegations of paragraph 150 of the Complaint.

151.    The allegations of paragraph 151 of the Complaint state legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants deny those allegations.

152.    The Regions Defendants deny the allegations of paragraph 152 of the Complaint.

153.    The Regions Defendants deny the allegations of paragraph 153 of the Complaint.

154.    The Regions Defendants deny the allegations of paragraph 154 of the Complaint.

155.    The Regions Defendants deny the allegations of paragraph 155 of the Complaint.

156.    The Regions Defendants state that the Form 8-K filing speaks for itself, and deny any allegations of paragraph 156 of the Complaint to the extent that they are inconsistent with or mischaracterize its terms.  The Regions Defendants deny all remaining allegations of paragraph 156 of the Complaint.

157.    The Regions Defendants state that the 2007 10-K filing speaks for itself, and deny any allegations of paragraph 157 of the Complaint to the extent that they are inconsistent with or mischaracterize its terms.  The Regions Defendants deny all remaining allegations of paragraph 157 of the Complaint.

158.    The Regions Defendants admit that the St. Petersburg Times published an article entitled "Florida's Housing Bubble, is it ready to burst?" on May 25, 1995.  The Regions Defendants admit the existence of Regions' 2007 annual report on SEC Form 10-K and of Regions' quarterly report on SEC Form 10-Q for the quarterly period ended June 30, 2008.  The Regions Defendants rely on those reports to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 158 of the Complaint.

159.    The Regions Defendants state that the Form 8-K filing speaks for itself, and deny any allegations of paragraph 159 of the Complaint to the extent that they are inconsistent with or mischaracterize its terms.  The Regions Defendants deny all remaining allegations of paragraph 159 of the Complaint.

160.    The Regions Defendants state that the Form 10-K filing speaks for itself, and deny any allegations of paragraph 160 of the Complaint to the extent that they are inconsistent with or mischaracterize its terms.  The Regions Defendants deny all remaining allegations of paragraph 160 of the Complaint.

161.    The Regions Defendants state that the 2007 10-K filing speaks for itself, and deny any allegations of paragraph 161 of the Complaint to the extent that they are inconsistent with or mischaracterize its terms.  The Regions Defendants deny all remaining allegations of paragraph 161 of the Complaint.

162.    The Regions Defendants state that the Form 10-K filing speaks for itself, and deny any allegations of paragraph 162 of the Complaint to the extent that they are inconsistent with or mischaracterize its terms.  The Regions Defendants deny all remaining allegations of paragraph 162 of the Complaint.

163.    The Regions Defendants deny the allegations of paragraph 163 of the Complaint.

164.    The Regions Defendants deny the allegations of paragraph 164 of the Complaint.

165.    The Regions Defendants admit that the *American Banker* published an article entitled "Reserves Under Microscope in Southeast" in October 2006, but deny all remaining allegations of paragraph 165 of the Complaint.

166.    The Regions Defendants admit that the *American Banker* published an article entitled "Reserves Under Microscope in Southeast" in October 2006, but deny all remaining

allegations of paragraph 166 of the Complaint.

167. The Regions Defendants deny the allegations of paragraph 167 of the Complaint.

168. The Regions Defendants admit the existence of Regions' quarterly report on SEC Form 10-Q for the quarterly period ended June 30, 2007, but they rely on that report to speak for itself rather than on Plaintiffs' characterization thereof. The Regions Defendants deny all remaining allegations of paragraph 168 of the Complaint.

169. The Regions Defendants admit that Regions made provision for loan losses as reflected in its 2006, 2007 and 2008 annual reports on SEC Form 10-K, but the Regions Defendants rely on those reports to speak for themselves rather than on Plaintiffs' characterization thereof. The Regions Defendants deny all remaining allegations of paragraph 169 of the Complaint.

170. The Regions Defendants are unable to fully respond to the allegations of paragraph 170 because Plaintiffs fail to designate any relevant time frame. Notwithstanding the foregoing, the Regions Defendants admit that certain of the individual defendants named in the Complaint serve or served as officers, employees or directors of Regions, and that some, but not all, Defendants have had access at various times to information about Regions' allowances for loan loss, but deny all remaining allegations of paragraph 170 of the Complaint.

171. The Regions Defendants admit the existence of Regions' quarterly reports on SEC Form 10-Q for the quarterly periods ended December 31, 2006 and June 30, 2008 and Regions' 2007 annual report on SEC Form 10-K, but they rely on those reports to speak for themselves rather than on Plaintiffs' characterization thereof. The Regions Defendants deny all remaining allegations of paragraph 171 of the Complaint.

172. The Regions Defendants admit that Regions made provision for loan losses as

reflected in annual reports on SEC Form 10-K, but the Regions Defendants rely on those reports to speak for themselves rather than on Plaintiffs' characterization thereof.   The Regions Defendants deny all remaining allegations of paragraph 172 of the Complaint.

173.   The Regions Defendants admit that Regions made provision for loan losses as reflected in annual reports on SEC Form 10-K and quarterly reports on SEC Form 10-Q, but the Regions Defendants rely on those reports to speak for themselves rather than on Plaintiffs' characterization thereof.   The Regions Defendants deny all remaining allegations of paragraph 173 of the Complaint.

174.   The Regions Defendants admit that, on July 21, 2009, Regions issued a Current Report on SEC Form 8-K, but they rely on that Report to speak for itself rather than on Plaintiffs' characterization thereof.   The Regions Defendants deny all remaining allegations of paragraph 174 of the Complaint.

175.   The Regions Defendants rely upon the public record of the price at which Regions stock traded on and before July 21, 2009 rather than on Plaintiffs' characterization of that public record.   The Regions Defendants deny all remaining allegations of paragraph 175 of the Complaint.

176.   The Regions Defendants deny the allegations of paragraph 176 of the Complaint.

177.   The Regions Defendants admit that, on May 16, 2005, the Office of the Comptroller of the Currency, the Board of Governors of the Federal Reserve System, the Federal Deposit Insurance Corporation, the Office of Thrift Supervision and the National Credit Union Administration issued a document entitled "CREDIT RISK MANAGEMENT GUIDANCE FOR HOME EQUITY LENDING" (the "Credit Risk Guidance"), and that paragraph 177 of the Complaint quotes portions of the Credit Risk Guidance.   The Regions Defendants deny all

remaining allegations of paragraph 177 of the Complaint.

178.    The Regions Defendants admit the existence of the Credit Risk Guidance, and that paragraph 178 of the Complaint quotes portions of the Credit Risk Guidance.  The Regions Defendants deny all remaining allegations of paragraph 178 of the Complaint.

179.    The Regions Defendants admit the existence of the Credit Risk Guidance, and that paragraph 179 of the Complaint quotes portions of the Credit Risk Guidance.  The Regions Defendants deny all remaining allegations of paragraph 179 of the Complaint.

180.    The Regions Defendants deny the allegations of paragraph 180 of the Complaint.

181.    The Regions Defendants admit the existence of Regions' quarterly report on SEC Form 10-Q for the quarterly period ended June 30, 2007, but they rely on that report to speak for itself rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 181 of the Complaint

182.    The Regions Defendants admit the existence of Regions' quarterly report on SEC Form 10-Q for the quarterly period ended June 30, 2008, but they rely on that report to speak for itself rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 182 of the Complaint

183.    In response to the factual allegations of paragraph 183 of Plaintiffs' Complaint, the Regions Defendants state that Regions has properly managed its risks and diversified its real estate and loan portfolios. The Regions Defendants deny all remaining allegations of paragraph 183 of the Complaint.

184.    The Regions Defendants admit the existence of Regions' 2007 annual report on SEC Form 10-K, but they rely on that report to speak for itself rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph

184 of the Complaint

185.    The Regions Defendants admit the existence of Regions' 2006 and 2007 annual reports on SEC Form 10-K and quarterly report on SEC Form 10-Q for the quarterly period ended September 30, 2008, but they rely on those reports to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants admit the existence of the synthetic index known as the Markit ABX.HE index.   The Regions Defendants deny all remaining allegations of paragraph 185 of the Complaint

186.    The first three sentences of paragraph 186 of the Complaint consist of statements of opinion about mortgage backed securities, unrelated to Regions Bank, to which no response is required.   The Regions Defendants deny all remaining allegations of paragraph 186 of the Complaint.

187.    The Regions Defendants admit the existence of Regions' 2006 and 2007 annual reports on SEC Form 10-K, but they rely on those reports to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 187 of the Complaint.

188.    The Regions Defendants rely upon the public record of activity in the mortgage-backed securities ("MBS") market rather than on Plaintiffs' characterization of that public record. The Regions Defendants deny all remaining allegations of paragraph 188 of the Complaint.

189.    The Regions Defendants admit that ERISA does not regulate the management of companies, but deny all remaining allegations of paragraph 189 of the Complaint.

190.    The Regions Defendants admit that Regions' annual and periodic reports on various SEC Forms have identified risks and uncertainties that can (or could) affect Regions' business and financial results.  The Regions Defendants rely upon those reports to speak for

themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 190 of the Complaint.

191.    The Regions Defendants admit the existence of Regions' 2006 and 2007 annual reports on SEC Form 10-K and Regions quarterly reports on SEC Form 10-Q for the quarterly periods ended June 30, 2006 and June 30, 2007, but they rely on those reports to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 191 of the Complaint.

192.    The Regions Defendants deny the allegations of paragraph 192 of the Complaint.

193.    The Regions Defendants admit the existence of Regions' 2007 annual report on SEC Form 10-K, but they rely on those reports to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 193 of the Complaint.

194.    The Regions Defendants admit the existence of Regions' annual, quarterly and periodic reports on various SEC Forms, but rely upon those reports to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 194 of the Complaint.

195.    The allegations of the first sentence of paragraph 195 of the Complaint reflect a statement of opinion to which no response is required.  To the extent a response is required, the Regions Defendants deny that those allegations accurately and completely describe the nature and purpose of a "balance sheet."  The Regions Defendants deny all remaining allegations of paragraph 195 of the Complaint.

196.    The Regions Defendants admit that, on January 20, 2009, Regions issued a Current Report on SEC Form 8-K, but they rely on that Report to speak for itself rather than on

Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 196 of the Complaint.

197.    The Regions Defendants admit the existence of Financial Accounting Standards Board  ("FASB") Statement No. 142, but they rely on that Statement to speak for itself rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 197 of the Complaint.

198.    The Regions Defendants admit the existence of Regions' 2006 annual report on SEC Form 10-Q and Regions' quarterly reports on SEC Form 10-Q for the quarterly periods ended June 30 and September 30, 2008, but rely upon those reports to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 198 of the Complaint.

199.    The Regions Defendants rely upon the public record of the price at which Regions stock traded during the second and third quarters of 2008 rather than on Plaintiffs' characterization of that public record.  The Regions Defendants deny all remaining allegations of paragraph 199 of the Complaint.

200.    The Regions Defendants admit that Morgan Keegan & Co., Inc. provided certain services relating to the sale of auction rate securities ("ARS"), and that the SEC settled certain claims pursuant to a May 31, 2006 Order in Administrative Proceeding File No. 3-12310.  The Regions Defendants rely on that Order to speak for itself rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 200 of the Complaint.

201.    The Regions Defendants rely upon the public record of activity in the ARS market during February 2008 rather than on Plaintiffs' characterization of that public record.  The

Regions Defendants deny all remaining allegations of paragraph 201 of the Complaint.

202.    The Regions Defendants admit the existence of Regions' quarterly report on SEC Form 10-Q for the quarterly period ended March 31, 2009, but they rely upon that report to speak for itself rather than on Plaintiffs' characterization thereof.  The Regions Defendants admit that the SEC filed a civil action against Morgan Keegan & Co., Inc. on July 21, 2009, and that the SEC's allegations and demands in that action are set forth in the pleadings filed by the SEC in the matter of *SEC v. Morgan Keegan & Co.*, No. 1:09-cv-1965 (N.D. Ga.).   The Regions Defendants deny all remaining allegations of paragraph 202 of the Complaint.

203.    The Regions Defendants admit that the Birmingham Business Journal published an article entitled "CFO Turnover at Regions raises analyst questions" on February 22, 2008, and that the article attributes certain statements contained therein to a Jeff Davis or to a Tony Plath. The Regions Defendants admit that Irene Esteves, Alton Yother and D. Bryan Jordan each formerly served as Regions' Chief Financial Officer.   The Regions Defendants deny all remaining allegations of paragraph 203 of the Complaint.

204.    The Regions Defendants deny the allegations of paragraph 204 of the Complaint.

205.    The Regions Defendants admit that Greg Ketron is or was a securities analyst employed by Citigroup and that he has issued certain opinions, estimates or forecasts regarding Regions.  The Regions Defendants admit that Standard & Poor's Equity Research ("S&P") and Fitch Ratings ("Fitch") provide public ratings on Regions and its debt or equity instruments.  As to the remaining allegations of paragraph 205 of the Complaint, the Regions Defendants state that the S&P and Fitch ratings resources are publically available and speak for themselves.  The Regions Defendants deny all remaining allegations of paragraph 205 of the Complaint.

206.    The Regions Defendants admit that Fitch provides public ratings on Regions and

-49-

its debt or equity instruments.   The Regions Defendants deny all remaining allegations of paragraph 206 of the Complaint.

207.     The Regions Defendants admit that, on or about October 25, 2008, Regions issued a Current Report on SEC Form 8-K, but they rely on that Report to speak for itself rather than on Plaintiffs' characterization thereof.   The Regions Defendants deny all remaining allegations of paragraph 207 of the Complaint.

208.     In response to the allegations paragraph 208, the Regions Defendants state that the Credit Suisse ratings are publically available and speak for themselves.

209.     The Regions Defendants rely upon the public record of the price at which Regions stock has traded rather than on Plaintiffs' characterization of that public record. The Regions Defendants admit that, on or about January 26, 2009, Reuters posted an article entitled "Regions Financial May Cut Dividend by 90 pct.", but deny the accuracy of the information reflected in that article.   The Regions Defendants deny all remaining allegations of paragraph 209 of the Complaint.

210.     The Regions Defendants rely upon the public record of the price at which Regions stock has traded rather than on Plaintiffs' characterization of that public record.   The Regions Defendants admit that Moody's Investor Services, Inc. ("Moody's") provides public ratings on Regions and its debt or equity instruments, but deny that paragraph 210 is an accurate or complete statement of the ratings that Moody's issued with respect to Regions on February 2, 2009.   The Regions Defendants admit the existence of a Moody's publication entitled "Rating Symbols & Definitions" but deny that the excerpt partially quoted in paragraph 210 of the Complaint is the applicable definition for any of the ratings that Moody's issued with respect to Regions on February 2, 2009.   The Regions Defendants deny all remaining allegations of

paragraph 210 of the Complaint.

211.   The Regions Defendants admit that Business Wire published an article entitled "Fitch Downgrades Regions Financial's IDR to 'A', Outlook Stable" on March 25, 2009, but rely upon that article to speak for itself rather than Plaintiffs' characterization thereof.   The Regions Defendants further admit that ADP Debt News published an article entitled "DBRS downgrades Regions Financial's long-term/short-term ratings" on April 15, 2009, but rely upon the terms of that article to speak for itself rather than on Plaintiffs' characterization, and partial quotation, thereof.  The Regions Defendants deny all remaining allegations of paragraph 211 of the Complaint.

212.   The Regions Defendants admit that AP Online published an article entitled "Regions Financial slashes quarterly dividend" on April 16, 2009, but rely upon that article to speak for itself rather than Plaintiffs' characterization thereof.  The Regions Defendants further admit that Reuters published an article entitled "UPDATE 2-Regions Financial's first quarter profit plummets" on April 21, 2009, but rely upon the terms of that article to speak for itself rather than on Plaintiffs' characterization thereof. The Regions Defendants further admit that AP Online published an article entitled "5 Regional banks must raise $8.2B after tests" on May 8, 2009, but rely upon the terms of that article to speak for itself rather than on Plaintiffs' characterization thereof.  The Regions Defendants further admit that Reuters published an article entitled "Moody's cuts Regions Financial's senior debt to Baa3" on May 18, 2009, but rely upon the terms of that article to speak for itself rather than on Plaintiffs' characterization, and partial quotation, thereof.  The Regions Defendants also admit that Business Wire published an article entitled "Regions Announces Successful $1.85 Billon Capital Raise; Company Prices Common and Mandatory Convertible Preferred Offerings" on May 20, 2009, but rely upon the terms of

that article to speak for itself rather than on Plaintiffs' characterization thereof. The Regions Defendants deny all remaining allegations of paragraph 212 of the Complaint.

213.     The Regions Defendants admit that Business Wire published an article entitled "Fitch Downgrade L/T IDR of Regions & Affiliates; Outlook Negative" on June 16, 2009, but rely upon that article to speak for itself rather than Plaintiffs' characterization, and partial quotation, thereof.  The Regions Defendants further admit that Bloomberg published an article entitled "U.S. Banks Slide After S&P Rating Cuts on Regulation (Update1)" on June 17, 2009, but rely upon the terms of that article to speak for itself rather than on Plaintiffs' characterization thereof.  In response to the last sentence of paragraph 213 of the Complaint, the Regions Defendants rely upon the public record of the price at which Regions stock traded on any given day rather than on Plaintiffs' characterization of that public record.  The Regions Defendants deny all remaining allegations of paragraph 213 of the Complaint.

214.     The Regions Defendants deny the allegations of paragraph 214 of the Complaint.

215.     The Regions Defendants deny the allegations of paragraph 215 of the Complaint.

216.     The Regions Defendants admit that members of the Compensation Committee of Regions' Board of Directors are members of Regions' Board of Directors, and that information about Regions stock was available to the public, including the defendants herein, at all times relevant to this action.  The Regions Defendants deny all remaining allegations of paragraph 216 of the Complaint.

217.     The allegations of paragraph 217 of the Complaint state legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants deny those allegations.

218.     The Regions Defendants deny the allegations of paragraph 218 of the Complaint.

219.     The Regions Defendants deny the allegations of paragraph 219 of the Complaint.

220.     The allegations of paragraph 220 of the Complaint state legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1104(a)(1)(A), but rely on that statutory provision to speak for itself rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 220 of the Complaint.

221.     The Regions Defendants admit that Regions issued press releases and annual, quarterly and current reports on SEC Forms during the period of time that the Complaint calls the "Company Stock Subclass Period."  The Regions Defendants rely upon those materials to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants admit that summary plan descriptions ("SPDs"), annual reports and summary annual reports were issued or filed by the plan administrator of each of the plans referred to in paragraph 221 of the Complaint.  The Regions Defendants rely upon those SPDs and reports to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 221 of the Complaint.

222.     The Regions Defendants deny the allegations of paragraph 222 of the Complaint.

223.     The Regions Defendants deny the allegations of paragraph 223 of the Complaint.

224.     The Regions Defendants admit the existence of Regions' quarterly report on SEC Form 10-Q for the quarterly period ended June 30, 2007, but rely on that Report to speak for itself rather than on Plaintiffs' characterization thereof.  The Regions Defendants admit that, on October 16, 2007, Regions issued a Current Report on SEC Form 8-K, but they rely on that Report to speak for itself rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 224 of the Complaint.

225.    The Regions Defendants admit the existence of Regions' quarterly report on SEC Form 10-Q for the quarterly period ended June 30, 2007, but rely on that Report to speak for itself rather than on Plaintiffs' characterization thereof.   The Regions Defendants deny all remaining allegations of paragraph 225 of the Complaint.

226.    The Regions Defendants admit the existence of Regions' quarterly report on SEC Form 10-Q for the quarterly period ended March 31, 2007, but rely on that Report to speak for itself rather than on Plaintiffs' characterization thereof.   The Regions Defendants deny all remaining allegations of paragraph 226 of the Complaint.

227.    The Regions Defendants admit the existence of Regions' 2007 annual report on SEC Form 10-K, but rely on that Report to speak for itself rather than on Plaintiffs' characterization thereof.   The Regions Defendants deny all remaining allegations of paragraph 227 of the Complaint.

228.    The Regions Defendants admit the existence of Regions' 2007 annual report on SEC Form 10-K, but rely on that Report to speak for itself rather than on Plaintiffs' characterization thereof.   The Regions Defendants deny all remaining allegations of paragraph 228 of the Complaint.

229.    The Regions Defendants deny the allegations of paragraph 229 of the Complaint.

230.    The Regions Defendants deny the allegations of paragraph 230 of the Complaint.

231.    The Regions Defendants deny the allegations of paragraph 231 of the Complaint.

232.    The Regions Defendants deny the allegations of paragraph 232 of the Complaint.

233.    The Regions Defendants admit that fiduciaries owe certain legal duties, but deny that they breached any legal duties to Plaintiffs.   The Regions Defendants deny all remaining allegations of paragraph 233 of the Complaint.

234.     The Regions Defendants deny the allegations of paragraph 234 of the Complaint including the bullet point allegations contained therein.

235.     The Regions Defendants admit that Morgan Keegan & Co., Inc. is a wholly-owned subsidiary of Regions.  The Regions Defendants admit that certain of Regions annual, quarterly and current reports on SEC Forms provide certain information about Morgan Keegan & Co., Inc., but the Regions Defendants rely upon those reports to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 235 of the Complaint.

236.     The Regions Defendants rely upon the public record of the number and nature of mutual funds offered in the marketplace, rather than on Plaintiffs' characterization of that public record.  The Regions Defendants deny all remaining allegations of paragraph 236 of the Complaint.

237.     The Regions Defendants admit that Plaintiffs, including members of the Bond Fund Subclass, were not allocated discretion to direct investments within the Bond Funds, but state that all Plaintiffs maintained the discretion to direct investments within their individual accounts.  The Regions Defendants deny all remaining allegations of paragraph 237 of the Complaint.

238.     The Regions Defendants deny the allegations of paragraph 238 of the Complaint.

239.     The Regions Defendants deny the allegations of paragraph 239 of the Complaint.

240.     The public record regarding the assets, composition and net asset value of the RMK Select High Income Bond Fund on any specific date speaks for itself.  The Regions Defendants deny the remaining allegations made in paragraph 240 of the Complaint.

241.     The Regions Defendants admit that, on December 30, 2007, the *New York Times*

published a column written by Gretchen Morgenson entitled "The Debt Crisis, Where It's Least Expected," but rely upon that article to speak for itself rather than Plaintiffs' characterization, and partial quotation, thereof.   The Regions Defendants deny all remaining allegations of paragraph 241 of the Complaint.

242.    The Regions Defendants admit that Bloomberg News published an article entitled "Subprime Mortgages Take Toll on Fund Manager" on July 19, 2009, but rely upon that article to speak for itself rather than Plaintiffs' characterization, and partial quotation, thereof.

243.    The Regions Defendants admit that, on October 17, 2007, the *Wall Street Journal* published a column written by Carrick Mollenkamp and Ian McDonald entitled "Behind Subprime Woes, A Cascade of Bad Bets – One's Loan's Journey Shows Culture of Risk" and that the second sentence of paragraph 243 contains a partial quotation from that column.   The remaining allegations of paragraph 243 of the Complaint are statements of opinion to which no response is required.   To the extent a response is required, the Regions Defendants deny those allegations.

244.    The Regions Defendants admit that certain reports to shareholders of Morgan Keegan Select Fund Inc. were issued under the signature of, among others, Jim Kelsoe, but they rely on those reports to speak for themselves rather than on Plaintiffs' characterization thereof. The Regions Defendants deny all remaining allegations of paragraph 244 of the Complaint.

245.    The Regions Defendants admit that the *New York Times* published an article or column entitled "How Safe is That Nest Egg, Anyhow?" on January 11, 2009,  but rely upon that article to speak for itself rather than Plaintiffs' characterization, and partial quotation, thereof. The Regions Defendants deny all remaining allegations of paragraph 245 of the Complaint.

246.    The Regions Defendants admit that Regions issued a news release dated January

22, 2010 relating to a transaction agreement with Pioneer Investment Management, Inc., but they rely on that release to speak for itself rather than on Plaintiffs' characterization thereof. The Regions Defendants admit the existence of the litigation that has been consolidated before this Court under MDL No. 2009. The Regions Defendants deny all remaining allegations of paragraph 246 of the Complaint.

247. The Regions Defendants admit that, on July 15, 2009, Regions issued a Current Report on SEC Form 8-K, but they rely on that Report to speak for itself rather than on Plaintiffs' characterization thereof. The Regions Defendants deny all remaining allegations of paragraph 247 of the Complaint.

248. The Regions Defendants admit that the *New York Times* published an article or column entitled "Bear Stearns Profit Plunges 61% on Subprime Woes" on September 21, 2007 and that the *Wall Street Journal* published an article or column entitled "Fund Firms Draw Back the Curtain" on September 6, 2007, but rely upon that article to speak for itself rather than Plaintiffs' characterization, and partial quotation, thereof. The Regions Defendants deny all remaining allegations of paragraph 248 of the Complaint.

249. The Regions Defendants admit that the *Wall Street Journal* published an article or column entitled "Mutual Fund Opens a Subprime Window – Regions Morgan Keegan Says One is Down 35%" on October 5, 2007, but rely upon that article to speak for itself rather than Plaintiffs' characterization, and partial quotation, thereof. The Regions Defendants deny all remaining allegations of paragraph 249 of the Complaint.

250. The Regions Defendants admit that the *Wall Street Journal* published an article or column entitled "First the Losses, Now Bond-Fund Lawsuits – Indiana Charity is Latest to Seek Recourse as Values of Debt Portfolios Decline" on December 6, 2007, but rely upon that article

to speak for itself rather than Plaintiffs' characterization, and partial quotation, thereof.   The Regions Defendants deny all remaining allegations of paragraph 250 of the Complaint.

251.    The public record regarding the assets, composition and net asset value of the RMK Select Intermediate Bond Fund on any specific date speaks for itself.   The Regions Defendants deny all remaining allegations of paragraph 251 of the Complaint.

252.    The public record regarding the assets, composition and net asset value of the RMK Select Intermediate Bond Fund on any specific date speaks for itself.   The Regions Defendants deny all remaining allegations of paragraph 252 of the Complaint.

253.    The Regions Defendants' rely on the public record of the net asset value ("NAV") of the Intermediate Bond Fund rather than on Plaintiffs' characterization thereof.   The Regions Defendants deny all remaining allegations of paragraph 253 of the Complaint.

254.    The public record regarding the assets, composition and net asset value of the RMK Select High Income Fund on any specific date speaks for itself.  The Regions Defendants deny all remaining allegations of paragraph 254 of the Complaint.

255.    The Regions Defendants admit that on April 21, 2008, Morgan Keegan Select Fund Inc. issued a supplement to certain prospectuses on SEC Form 497, but they rely on that supplement to speak for itself rather than on Plaintiffs' characterization thereof.   The Regions Defendants deny all remaining allegations of paragraph 255 of the Complaint.

256.    Statements made or issued by Hyperion Brookfield Asset Management, Inc. speak for themselves.    The Regions Defendants deny all remaining allegations of paragraph 256 of the Complaint.

257.    The Regions Defendants deny the allegations of paragraph 257 of the Complaint.

258.    The Regions Defendants deny the allegations of paragraph 258 of the Complaint.

259.   The Regions Defendants deny the allegations of paragraph 259 of the Complaint.

260.   The Regions Defendants admit that Regions Benefits Management Committee and/or its Investment Committee by delegation had, during certain time periods, discretion to select investment options under the 401(k) Plans, but did not direct the investments for individual participants' accounts. The Regions Defendants deny all remaining allegations of paragraph 260 of the Complaint.

261.   The Regions Defendants deny the allegations of paragraph 261 of the Complaint.

262.   The Regions Defendants deny the allegations of paragraph 262 of the Complaint.

263.   Paragraph 263 of the Complaint is a legal conclusion, to which no response is required.  To the extent that a response is required,  the Regions Defendants rely upon Part 4 of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA") to speak for itself rather than on Plaintiffs' characterization thereof.

264.   The Regions Defendants admit that the plan administrator of the Regions Legacy Plan and the Plan issued a summary plan description ("SPD"), summary annual reports and periodic account statements to participants in the plans, but they rely on those documents to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants admit, upon information and belief, that Regions Morgan Keegan Select Fund Inc. issued certain prospectuses for the Bond Funds, but they rely on those prospectuses to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 264 of the Complaint.

265.   The Regions Defendants deny the allegations of paragraph 265 of the Complaint.

266.   The Regions Defendants admit that the Bond Funds were, at certain times, offered as investment options within the Regions and Legacy Regions 401(k) Plans, but deny as

to the AmSouth Thrift Plan.   The Regions Defendants deny all remaining allegations of paragraph 266 of the Complaint.

267.    The Regions Defendants deny the allegations of paragraph 267 of the Complaint.

268.    The Regions Defendants deny the allegations of paragraph 268 of the Complaint.

269.    The Regions Defendants admit that there are many investment options in the 401(k) market place.  In further response, the Regions Defendants state that the allegations of paragraph 269 of the Complaint fails to supply specificity sufficient to address the proprietary fund expense ratios vis-à-vis other unnamed funds.  The Regions Defendants deny all remaining allegations of paragraph 269 of the Complaint.

270.    The Regions Defendants deny the allegations of paragraph 270 of the Complaint.

271.    The Regions Defendants deny the allegations of paragraph 271 of the Complaint.

272.    The Regions Defendants rely on the public record of the share classes offered in connection with the RMK Select Funds rather than on Plaintiffs' characterization thereof, but further state that the RMK Select Funds held both retail and institutional class shares.   The Regions Defendants deny all remaining allegations of paragraph 272 of the Complaint.

273.    The public record regarding the assets, composition and net asset value of the Bond Funds on any specific date speaks for itself.   The Regions Defendants deny all remaining allegations of paragraph 273 of the Complaint.

274.    The allegations made in paragraph 274 of the Complaint consist of statements of opinion to which no response is required.   The Regions Defendants deny all remaining allegations of paragraph 274 of the Complaint.

275.    The Regions Defendants admit that, as of December 31, 2007, the current value of the shares of the Regions Morgan Keegan Select Balanced Fund held by the Legacy Plan

exceeded $126 million.  The Regions Defendants further admit that, during the time the Legacy Plan held shares of the Regions Morgan Keegan Select Balanced Fund, the shares that it held were Class A shares.  The Regions Defendants also admit that there are many investment options in the 401(k) marketplace, and that the various options have varying fees and expense ratios  The Regions Defendants deny all remaining allegations of paragraph 275 of the Complaint.

276.     The Regions Defendants admit that, as of December 31, 2007, the current value of the shares of the Regions Morgan Keegan Select Mid Cap Growth Fund held by the Legacy Plan exceeded $64 million.  The Regions Defendants further admit that, during the time the Legacy Plan held shares of the Regions Morgan Keegan Select Mid Cap Growth Fund, the shares that it held were Class A shares. The Regions Defendants admit that there are many investment options in the 401(k) marketplace, and that the various options have varying fees and expense ratios. The Regions Defendants deny all remaining allegations of paragraph 276 of the Complaint.

277.     The Regions Defendants admit that, as of December 31, 2007, the current value of the shares of the Regions Morgan Keegan Select Growth Fund held by the Legacy Plan exceeded $59 million.  The Regions Defendants further admit that, during the time the Legacy Plan held shares of the Regions Morgan Keegan Select Growth Fund, the shares that it held were Class A shares.  The Regions Defendants admit that there are many investment options in the 401(k) marketplace, and that the various options have varying fees and expense ratios  The Regions Defendants deny all remaining allegations of paragraph 277 of the Complaint.

278.     The Regions Defendants admit that, as of December 31, 2007, the current value of the shares of the Regions Morgan Keegan Select Value Fund held by the Legacy Plan exceeded $32 million.  The Regions Defendants further admit that, during the time the Legacy Plan held shares of the Regions Morgan Keegan Select Value Fund, the shares that it held were Class A

shares.  The Regions Defendants admit that there are many investment options in the 401(k) marketplace, and that the various options have varying fees and expense ratios.  The Regions Defendants deny all remaining allegations of paragraph 278 of the Complaint.

279.    The Regions Defendants admit that, as of December 31, 2007, the current value of the shares of the Regions Morgan Keegan Select High Income Fund held by the Legacy Plan exceeded $5 million.  The Regions Defendants admit that there are many investment options in the 401(k) marketplace, and that the various options have varying fees and expense ratios.  The Regions Defendants deny all remaining allegations of paragraph 279 of the Complaint.

280.    The Regions Defendants admit that, as of December 31, 2007, the current value of the shares of the Regions Morgan Keegan Select Fixed Income Fund held by the Legacy Plan exceeded $15 million.  The Regions Defendants admit that there are many investment options in the 401(k) marketplace, and that the various options have varying fees and expense ratios.  The Regions Defendants deny all remaining allegations of paragraph 280 of the Complaint.

281.    The Regions Defendants admit that, as of December 31, 2007, the current value of the shares of the Regions Morgan Keegan Select Limited Maturity Fixed Income Fund held by the Legacy Plan exceeded $11 million.  The Regions Defendants admit that there are many investment options in the 401(k) marketplace, and that the various options have varying fees and expense ratios  The Regions Defendants deny all remaining allegations of paragraph 281 of the Complaint.

282.    The Regions Defendants admit that, as of December 31, 2007, the current value of the shares of the Regions Morgan Keegan Select Intermediate Bond Fund held by the Legacy Plan exceeded $3 million.  The Regions Defendants admit that there are many investment options in the 401(k) marketplace, and that the various options have varying fees and expense

ratios   The Regions Defendants deny all remaining allegations of paragraph 282 of the Complaint.

283.    The Regions Defendants admit that, as of December 31, 2007, the current value of the shares of the Regions Morgan Keegan Select Short Term Bond Fund held by the Legacy Plan exceeded $5 million. The Regions Defendants admit that there are many investment options in the 401(k) marketplace, and that the various options have varying fees and expense ratios   The Regions Defendants deny all remaining allegations of paragraph 283 of the Complaint.

284.    The Regions Defendants admit that, as of December 31, 2007, the current value of the shares of the Regions Morgan Keegan Select Mid Cap Value Fund held by the Legacy Plan exceeded $15 million.  The Regions Defendants further admit that, during the time the Legacy Plan held shares of the Regions Morgan Keegan Select Mid Cap Value  Fund, the shares that it held were Class A shares.  The Regions Defendants admit that there are many investment options in the 401(k) marketplace, and that the various options have varying fees and expense ratios. The Regions Defendants deny all remaining allegations of paragraph 284 of the Complaint.

285.    The Regions Defendants deny the allegations of paragraph 285 of the Complaint.

286.    The Regions Defendants deny the allegations of paragraph 286 of the Complaint.

287.    The Regions Defendants deny the allegations of paragraph 287 of the Complaint.

288.    The allegations of paragraph 288 are statements of opinion, to which no response is required.  To the extent a response is required, the Regions Defendants deny the allegations of paragraph 288 of the Complaint.

289.    The Regions Defendants deny the allegations of paragraph 289 of the Complaint.

290.    The Regions Defendants deny the allegations of paragraph 290 of the Complaint.

291.    The Regions Defendants deny the allegations of paragraph 291 of the Complaint.

292.     The Regions Defendants deny the allegations of paragraph 292 of the Complaint.

293.     The Regions Defendants deny the allegations of paragraph 293 of the Complaint.

294.     The Regions Defendants deny the allegations of paragraph 294 of the Complaint.

295.     Paragraph 295 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of the DOL guidance bulletin entitled *Understanding Retirement Plan Fees and Expenses*, U.S. Dep't of Labor, May 2004, but rely upon that bulletin to speak for itself rather than on Plaintiffs' characterization thereof.  In further response, the Regions Defendants state that they discharged their duties with respect to the Plans.

296.     Paragraph 296 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of the DOL guidance bulletin entitled *Understanding Retirement Plan Fees and Expenses*, U.S. Dep't of Labor, May 2004, but rely upon that bulletin to speak for itself rather than on Plaintiffs' characterization thereof.  In further response, the Regions Defendants state that they discharged their duties with respect to the Plans.

297.     Paragraph 297 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants deny the allegations of Paragraph 297 of the Complaint.

298.     Paragraph 298 of the Complaint contains statements of opinion to which no response is required.  To the extent a response is required, the Regions Defendants deny the allegations of paragraph 298 of the Complaint.

299.     Paragraph 299 of the Complaint contains statements of opinion to which no response is required.  To the extent a response is required, the Regions Defendants admit the

existence of the DOL publication entitled *A Look at 401(k) Plan Fees*, Employee Benefits Sec. Admin., U.S. Dep't of Labor (Aug. 1998), but rely upon that publication to speak for itself rather than on Plaintiffs' characterization thereof.

300.    Paragraph 300 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants deny the allegations of paragraph 300 of the Complaint.

301.    The Regions Defendants deny the allegations of paragraph 301 of the Complaint.

302.    The Regions Defendants deny the allegations of paragraph 302 of the Complaint.

303.    The Regions Defendants deny the allegations of paragraph 303 of the Complaint.

304.    The Regions Defendants deny the allegations of paragraph 304 of the Complaint.

305.    Paragraph 305 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants rely upon Part 4 of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA") to speak for itself rather than on Plaintiffs' characterization thereof.

306.    The Regions Defendants deny the allegations of paragraph 306 of the Complaint.

307.    The Regions Defendants deny the allegations of paragraph 307 of the Complaint.

308.    The Regions Defendants deny the allegations of paragraph 308 of the Complaint.

309.    The Regions Defendants deny the allegations of paragraph 309 of the Complaint and further state that they discharged all duties to the Plans and Plan participants.

310.    The Regions Defendants admit that MAM served as an investment advisor to RMK Select Funds, Inc. at certain times prior to that role being assumed by Hyperion Brookfield Asset Management, Inc., and that MAM received compensation for such services directly from RMK Select Funds, Inc.  The Regions Defendants deny all remaining allegations made in paragraph 310 of the Complaint.

311.    The Regions Defendants deny the allegations of paragraph 311 of the Complaint.

312.    The Regions Defendants deny the allegations of paragraph 312 of the Complaint.

313.    The Regions Defendants deny the allegations of paragraph 313 of the Complaint.

314.    The Regions Defendants deny the allegations of paragraph 314 of the Complaint.

315.    Paragraph 315 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1132(a), but rely upon that statutory provision to speak for itself rather than on Plaintiffs' characterization thereof.

316.    Paragraph 316 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1109(a), but rely upon that statutory provision to speak for itself rather than on Plaintiffs' characterization thereof.

317.    Paragraph 317 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1132(a)(3), but rely upon that statutory provision to speak for itself rather than on Plaintiffs' characterization thereof.

318.    Paragraph 318 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1104(a)(1)(A) and (B), but rely upon that statutory provision to speak for itself rather than on Plaintiffs' characterization thereof.

319.    Paragraph 319 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1104(a)(1)(A) and (B) and the Second Circuit decision in *Donovan v. Bierwirth*, 680 F.2d 263, 272 n.8 (2d Cir. 1982), but rely upon that statutory provision and case law decision to

speak for themselves rather than on Plaintiffs' characterization thereof.

320.    Paragraph 320 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1105(a), but rely upon that statutory provision to speak for itself rather than on Plaintiffs' characterization thereof.

321.    Paragraph 321 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1105(a), but rely upon that statutory provision and interpretive case law to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 321 of the Complaint.

322.    Paragraph 322 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. §§ 1106(a)(1) and 1108(b)(2), but rely upon those statutory provisions and applicable case law to speak for themselves rather than on Plaintiffs' characterization thereof.

323.    Paragraph 323 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. §§ 1106(b)(1) and 1106(b)(3), but rely upon those statutory provisions to speak for themselves rather than on Plaintiffs' characterization thereof.

324.    Paragraph 324 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 C.F.R. § 2550.408b-2(e)(1), but rely upon that regulation to speak for itself rather than on Plaintiffs' characterization thereof.

325.    Paragraph 325 of the Complaint states legal conclusions to which no response is

required.  To the extent a response is required, the Regions Defendants admit the existence of PTE 77-3, Fed. Reg. 18,743 (1977), but rely upon that regulation to speak for itself rather than on Plaintiffs' characterization thereof.

326.     Paragraph 326 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of PTE 77-4 § II, Fed. Reg. 18,732 (1977) and Dep't of Labor Adv. Op. 2002-05A (June 7, 2002), but rely upon that regulation and advisory opinion to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny any remaining allegations of paragraph 326 of the Complaint.

327.     Paragraph 327 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of PTE 77-4 § II, Fed. Reg. 18,732 (1977), but rely upon that regulation to speak for itself rather than on Plaintiffs' characterization thereof.   The Regions Defendants deny all remaining allegations of paragraph 327 of the Complaint.

328.     The Regions Defendants admit that Plaintiffs purport to bring this action under § 502(a)(2) of the Employee Retirement Income Security Act, but deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

329.     Paragraph 329 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. §§ 1104 and 1106, but rely upon those statutory provisions to speak for itself rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 329 of the Complaint.

330.     The Regions Defendants reassert their responses to paragraphs 1 through 329

above and incorporate same as if fully set forth herein, and further incorporates their affirmative defenses in response thereto.

331.    The Regions Defendants admit that Count I purports to allege fiduciary breach against the defendants named therein, but deny that they breached any fiduciary duty owed to the Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

332.    The allegations of paragraph 332 of the Complaint state legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of the AmSouth Plan document, as amended from time to time, the Legacy Plan document, as amended from time to time, and the Plan document, as amended from time to time, and rely upon such documents to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 332 of the Complaint.

333.    The allegations of paragraph 333 of the Complaint state legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of the AmSouth Plan document, as amended from time to time, the Legacy Plan document, as amended from time to time, and the Plan document, as amended from time to time, and rely upon such documents to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 333 of the Complaint.

334.    The Regions Defendants admit that a fund designed to be invested primarily in qualifying employer securities (a "Company Stock Fund") is and has been offered as an investment option under the Plan, and that a Company Stock Fund was offered under the AmSouth Plan and Legacy Regions Plan at various times in the past, but they rely upon the terms

of the relevant plan documents, as amended from time to time, for a complete description of the plans' provisions, including the plans' provisions regarding "matching" employer contributions. The Regions Defendants deny all remaining allegations of paragraph 334 of the Complaint.

335.    The allegations of paragraph 335 of the Complaint state legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants deny the allegations of paragraph 335 of the Complaint.

336.    The allegations of paragraph 336 of the Complaint state legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants deny the allegations of paragraph 336 of the Complaint.

337.    The Regions Defendants deny the allegations of paragraph 337 of the Complaint.

338.    The Regions Defendants deny the allegations of paragraph 338 of the Complaint.

339.    The Regions Defendants deny the allegations of paragraph 339 of the Complaint.

340.    Paragraph 340 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants deny the allegations of paragraph 340 of the Complaint.

341.    Paragraph 341 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1104(a)(1)(B), but rely upon that statutory provision, corresponding DOL regulations, and interpretive case law to speak for themselves rather than on Plaintiffs' characterization thereof.

342.    Paragraph 342 of the Complaint states legal conclusions to which no response is required.   To the extent a response is required, the Regions Defendants state that DOL regulations speak for themselves and deny any allegations of paragraph 342 of the Complaint to

the extent that they are inconsistent with or mischaracterize applicable DOL regulations.

343.    The Regions Defendants deny the allegations of paragraph 343 of the Complaint.

344.    The allegations of the first, second and fourth sentences of paragraph 344 of the Complaint state legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants rely upon Part 4 of Title I of ERISA to speak for itself rather than on Plaintiffs' characterization thereof.  The Defendants deny all remaining allegations of paragraph 344 of the Complaint.

345.    The Regions Defendants deny the allegations of paragraph 345 of the Complaint.

346.    The Regions Defendants deny the allegations of paragraph 346 of the Complaint.

347.    The Regions Defendants deny the allegations of paragraph 347 of the Complaint.

348.    The Regions Defendants reassert their responses to paragraphs 1 through 347 above and incorporate same as if fully set forth herein, and further incorporate their affirmative defenses in response thereto.

349.    The Regions Defendants admit that Count II purports to allege fiduciary breach against the defendants named therein, but deny that they breached any fiduciary duty owed to the Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

350.    The allegations of paragraph 350 of the Complaint state legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of the AmSouth Plan document, as amended from time to time, the Legacy Plan document, as amended from time to time, and the Plan document, as amended from time to time, and rely upon such documents to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 350 of the Complaint.

351.   Paragraph 351 of the Complaint states a legal conclusion to which no response is required.   To the extent a response is required, Regions Defendant deny the allegations of paragraph 351 of the Complaint.

352.   Paragraph 352 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants deny the allegations of paragraph 352 of the Complaint.

353.   Paragraph 353 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants deny the allegations of paragraph 353 of the Complaint.

354.   Paragraph 354 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants deny the allegations of paragraph 354 of the Complaint.

355.   The Regions Defendants deny the allegations of paragraph 355 of the Complaint.

356.   The Regions Defendants deny the allegations of paragraph 356 of the Complaint.

357.   The Regions Defendants deny the allegations of paragraph 357 of the Complaint.

358.   The Regions Defendants reassert their responses to paragraphs 1 through 357 above and incorporate same as if fully set forth herein, and further incorporate their affirmative defenses in response thereto.

359.   The Regions Defendants admit that Count III purports to allege fiduciary breach against the defendants named therein, but deny that they breached any fiduciary duty owed to the Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

360.   Paragraph 360 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29

U.S.C. § 1104(a)(1)(A) and (B), but rely upon that statutory provision to speak for itself rather than on Plaintiffs' characterization thereof.   The Regions Defendants deny all remaining allegations of paragraph 360 of the Complaint.

361.   The allegations of the second sentence of paragraph 361 of the Complaint state legal conclusions or arguments to which no response is required.   To the extent a response is required, the Regions Defendants admit that Regions or members of the Compensation Committee of Regions' Board of Directors functioned (or function) as a fiduciary with respect to the plans referred to in paragraph 361 of the Complaint only to the extent (if any) that such person(s) had or exercised (or have or exercise in the case of the Plan), with respect to such Plan, any of the authority, discretion or responsibility described in ERISA § 3(21)(A).   The Regions Defendants admit that Regions and, from time to time, members of the Compensation Committee of Regions Board of Directors, have access to non-public information about Regions and its business.   The Regions Defendants deny all remaining allegations of paragraph 361 of the Complaint.

362.   The Regions Defendants deny the allegations of paragraph 362 of the Complaint.

363.   The Regions Defendants deny the allegations of paragraph 363 of the Complaint.

364.   The Regions Defendants reassert their responses to paragraphs 1 through 363 above and incorporate same as if fully set forth herein, and further incorporate their affirmative defenses in response thereto.

365.   The Regions Defendants admit that Count IV purports to allege fiduciary breach against the defendants named therein, but deny that they breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

366.   The allegations of paragraph 366 of the Complaint state legal conclusions or

arguments to which no response is required.  To the extent a response is required, the Regions Defendants admit that Regions or members of the Committees identified in paragraph 366 of the Complaint functioned (or, in the case of the Plan, function) as a fiduciary with respect to the plans referred to in paragraph 366 of the Complaint only to the extent (if any) that such person(s) had or exercised (or have or exercise in the case of the Plan), with respect to such plan, any of the authority, discretion or responsibility described in ERISA § 3(21)(A).  The Regions Defendants deny all remaining allegations of paragraph 366 of the Complaint.

367.    The allegations of paragraph 367 state legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants deny the allegations of paragraph 367 of the Complaint.

368.    Paragraph 368 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants deny the allegations of paragraph 368 of the Complaint.

369.    The Regions Defendants deny the allegations of paragraph 369 of the Complaint.

370.    The Regions Defendants deny the allegations of paragraph 370 of the Complaint.

371.    The Regions Defendants deny the allegations of paragraph 371 of the Complaint.

372.    The Regions Defendants deny the allegations of paragraph 372 of the Complaint.

373.    The Regions Defendants deny the allegations of paragraph 373 of the Complaint.

374.    The Regions Defendants deny the allegations of paragraph 374 of the Complaint.

375.    The Regions Defendants deny the allegations of paragraph 375 of the Complaint.

376.    The Regions Defendants reassert their responses to paragraphs 1 through 375 above and incorporate same as if fully set forth herein, and further incorporate their affirmative defenses in response thereto.

377.    The Regions Defendants admit that Count V purports to allege fiduciary breach against the defendants named therein, but deny that they breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

378.    The allegations of paragraph 378 state legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of the AmSouth Plan document, as amended from time to time, the Legacy Plan document, as amended from time to time, and the Plan document, as amended from time to time, and rely upon such documents to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants further admit that Regions or any of the individuals who serve or served on any of the committees identified in the Complaint functioned (or, with respect to the Plan, function) as a fiduciary with respect to the plans referred to in paragraph 378 of the Complaint only to the extent (if any) that such person(s) had or exercised (or have or exercise in the case of the Plan), with respect to such plan, any of the authority, discretion or responsibility described in ERISA § 3(21)(A).  The Regions Defendants deny all remaining allegations of paragraph 378 of the Complaint.

379.    The first sentence of paragraph 379 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1105, but rely upon that statutory provision to speak for itself rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 379 of the Complaint.

380.    The first sentence of paragraph 380 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1105, but rely upon that statutory provision to speak for itself

rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 380 of the Complaint.

381.    The Regions Defendants deny the allegations of paragraph 381 of the Complaint.

382.    The Regions Defendants deny the allegations of paragraph 382 of the Complaint.

383.    The first sentence of paragraph 383 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1105(1), but rely upon that statutory provision to speak for itself rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 383 of the Complaint.

384.    Paragraph 384 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1105(2), but rely upon that statutory provision to speak for itself rather than on Plaintiffs' characterization thereof.

385.    The Regions Defendants deny the allegations of paragraph 385 of the Complaint.

386.    The Regions Defendants deny the allegations of paragraph 386 of the Complaint.

387.    The Regions Defendants deny the allegations of paragraph 387 of the Complaint.

388.    The Regions Defendants reassert their responses to paragraphs 1 through 387 above and incorporate same as if fully set forth herein, and further incorporate their affirmative defenses in response thereto.

389.    The Regions Defendants admit that Count VI purports to allege fiduciary breach against the defendants named therein, but deny that they breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

390.    Paragraph 390 of the Complaint states legal conclusions or arguments to which no

response is required.  To the extent a response is required, the Regions Defendants admit the existence of the AmSouth Plan document, as amended from time to time, the Legacy Plan document, as amended from time to time, and the Plan document, as amended from time to time, and rely upon such documents to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 390 of the Complaint.

391.    Paragraph 391 of the Complaint states legal conclusions or arguments to which no response is required.  To the extent a response is required, Regions Defendants rely upon Part 4 of Title I of ERISA, to speak for itself rather than on Plaintiffs' characterization thereof.  The Defendants deny all remaining allegations of paragraph 391 of the Complaint.

392.    The Regions Defendants deny the allegations of paragraph 392 of the Complaint.

393.    Paragraph 393 of the Complaint states legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants deny the allegations of paragraph 393 of the Complaint.

394.    The Regions Defendants deny the allegations of paragraph 394 of the Complaint.

395.    Paragraph 395 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1104(a)(1)(B), but rely upon that statutory provision to speak for itself rather than on Plaintiffs' characterization thereof.

396.    Paragraph 396 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants state that DOL regulations and case law speak for themselves and deny any allegations of paragraph 396 of the Complaint to the extent that they are inconsistent with or mischaracterize applicable DOL

regulations.

397.    Paragraph 397 of the Complaint states legal conclusions to which no response is required.    To the extent a response is required, the Regions Defendants state that DOL regulations speak for themselves and deny any allegations of paragraph 397 of the Complaint to the extent that they are inconsistent with or mischaracterize applicable DOL regulations.

398.    The Regions Defendants deny the allegations of paragraph 398 of the Complaint.

399.    The first two sentences of paragraph 399 of the Complaint state legal conclusions to which no response is required.    To the extent a response is required, the Regions Defendants deny the allegations of the first two sentences of paragraph 399 of the Complaint.    Regions Defendant deny all remaining allegations of paragraph 399 of the Complaint.

400.    The Regions Defendants deny the allegations of paragraph 400 of the Complaint.

401.    The Regions Defendants deny the allegations of paragraph 401 of the Complaint.

402.    The Regions Defendants reassert their responses to paragraphs 1 through 401 above and incorporate same as if fully set forth herein, and further incorporate their affirmative defenses in response thereto.

403.    The Regions Defendants admit that Count VII purports to allege fiduciary breach against the defendants named therein, but deny that they breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

404.    Paragraph 404 of the Complaint states legal conclusions or arguments to which no response is required.    To the extent a response is required, the Regions Defendants rely upon Part 4 of Title I of ERISA, to speak for itself rather than on Plaintiffs' characterization thereof.    The Defendants deny all remaining allegations of paragraph 404 of the Complaint.

405.    Paragraph 405 of the Complaint states legal conclusions or arguments to which no

response is required.  To the extent a response is required, the Regions Defendants rely upon Part 4 of Title I of ERISA to speak for itself rather than on Plaintiffs' characterization thereof.  The Defendants deny all remaining allegations of paragraph 405 of the Complaint.

406.    Paragraph 406 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants rely upon Part 4 of Title I of ERISA to speak for itself rather than on Plaintiffs' characterization thereof.

407.    Paragraph 407 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants rely upon Part 4 of Title I of ERISA and applicable case law to speak for themselves rather than on Plaintiffs' characterization thereof.

408.    Paragraph 408 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants rely upon Part 4 of Title I of ERISA and applicable case law to speak for themselves rather than on Plaintiffs' characterization thereof.

409.    The Regions Defendants deny the allegations of paragraph 409 of the Complaint.

410.    The Regions Defendants deny the allegations of paragraph 410 of the Complaint.

411.    The Regions Defendants deny the allegations of paragraph 411 of the Complaint.

412.    The Regions Defendants reassert their responses to paragraphs 1 through 411 above and incorporate same as if fully set forth herein, and further incorporate their affirmative defenses in response thereto.

413.    The Regions Defendants admit that Count VIII purports to allege fiduciary breach against the defendants named therein, but deny that they breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

414.     Paragraph 414 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1104(a)(1)(B) and (B), but rely upon that statutory provision and applicable case law to speak for themselves rather than on Plaintiffs' characterization thereof.

415.  Paragraph 415 of the Complaint states legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants admit that Regions or any of the individuals who serve or served on Regions or Legacy Regions' Board of Directors functioned (or, with respect to the Plan, function) as a fiduciary with respect to the plans referred to in paragraph 415 of the Complaint only to the extent (if any) that such person(s) had or exercised (or have or exercise in the case of the Plan), with respect to such plan, any of the authority, discretion or responsibility described in ERISA § 3(21)(A). The Regions Defendants deny all remaining allegations of paragraph 415 of the Complaint.

416.     The Regions Defendants deny the allegations of paragraph 416 of the Complaint.

417.     The Regions Defendants deny the allegations of paragraph 417 of the Complaint.

418.     The Regions Defendants deny the allegations of paragraph 418 of the Complaint.

419.     The Regions Defendants reassert their responses to paragraphs 1 through 418 above and incorporate same as if fully set forth herein, and further incorporate their affirmative defenses in response thereto.

420.     The Regions Defendants admit that Count IX purports to allege fiduciary breach against the defendants named therein, but deny that they breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

421.     Paragraph 421 of the Complaint states legal conclusions or arguments to which no response is required.  The second sentence of paragraph 421 of the Complaint states legal

conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants admit that Regions or any of the individuals who serve or served on the Committees identified in paragraph 421 of the Complaint functioned (or, with respect to the Plan, function) as a fiduciary with respect to the plans referred to in paragraph 421 of the Complaint only to the extent (if any) that such person(s) had or exercised (or have or exercise in the case of the Plan), with respect to such plan, any of the authority, discretion or responsibility described in ERISA § 3(21)(A).  The Regions Defendants deny all remaining allegations of paragraph 421 of the Complaint.

422.    Paragraph 422 of the Complaint states legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants deny the allegations of paragraph 422 of the Complaint.

423.    Paragraph 423 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants rely upon Part 4 of Title I of ERISA and applicable case law to speak for themselves rather than on Plaintiffs' characterization thereof.

424.    The Regions Defendants deny the allegations of paragraph 424 of the Complaint, including subparagraphs (1) – (4)  contained therein.

425.    The Regions Defendants deny the allegations of paragraph 425 of the Complaint.

426.    The Regions Defendants deny the allegations of paragraph 426 of the Complaint.

427.    The Regions Defendants deny the allegations of paragraph 427 of the Complaint.

428.    The Regions Defendants deny the allegations of paragraph 428 of the Complaint.

429.    The Regions Defendants deny the allegations of paragraph 429 of the Complaint.

430.    The Regions Defendants reassert their responses to paragraphs 1 through 429

above and incorporate same as if fully set forth herein, and further incorporate their affirmative defenses in response thereto.

431.   The Regions Defendants admit that Count IX purports to allege fiduciary breach against the defendants named therein, but deny that they breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

432.   Paragraph 432 of the Complaint states legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of the AmSouth Plan document, as amended from time to time, the Legacy Plan document, as amended from time to time, and the Plan document, as amended from time to time, and rely upon such documents to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants further admit that Regions or any of the individuals who serve or served on any of the committees identified in the Complaint functioned (or, with respect to the Plan, function) as a fiduciary with respect to the plans referred to in paragraph 432 of the Complaint only to the extent (if any) that such person(s) had or exercised (or have or exercise in the case of the Plan), with respect to such plan, any of the authority, discretion or responsibility described in ERISA § 3(21)(A).  The Regions Defendants deny all remaining allegations of paragraph 432 of the Complaint.

433.   The first sentence of paragraph 433 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1105, but rely upon that statutory provision to speak for itself rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 433 of the Complaint.

434.   The first sentence of paragraph 434 of the Complaint states a legal conclusion to

which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1105, but rely upon that statutory provision to speak for itself rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 434 of the Complaint.

435.    The Regions Defendants deny the allegations of paragraph 435 of the Complaint.

436.    Paragraph 436 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1105(2), but rely upon that statutory provision to speak for itself rather than on Plaintiffs' characterization thereof.

437.    The Regions Defendants deny the allegations of paragraph 437 of the Complaint.

438.    The Regions Defendants deny the allegations of paragraph 438 of the Complaint.

439.    The Regions Defendants deny the allegations of paragraph 439 of the Complaint.

440.    The Regions Defendants reassert their responses to paragraphs 1 through 439 above and incorporate same as if fully set forth herein, and further incorporate their affirmative defenses in response thereto.

441.    The Regions Defendants admit that Count XI purports to allege fiduciary breach against the defendants named therein, but deny that they breached any fiduciary duty owed to the Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

442.    Paragraph 442 of the Complaint states legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of the AmSouth Plan document, as amended from time to time, the Legacy Plan document, as amended from time to time, and the Plan document, as amended from time to time, and rely upon such documents to speak for themselves rather than on Plaintiffs' characterization

thereof.   The Regions Defendants deny all remaining allegations of paragraph 442 of the Complaint.

443.   The allegations of the third sentence of paragraph 443 of the Complaint state legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants rely upon Part 4 of Title I of ERISA to speak for itself rather than on Plaintiffs' characterization thereof.  The remaining allegations of paragraph 443 of the Complaint state legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants deny the remaining allegations of paragraph 443 of the Complaint.

444.   The Regions Defendants deny the allegations of paragraph 444 of the Complaint.

445.   The Regions Defendants deny the allegations of paragraph 445 of the Complaint.

446.   The Regions Defendants deny the allegations of paragraph 446 of the Complaint.

447.   Paragraph 447 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1104(a)(1)(B), but rely upon that statutory provision to speak for itself rather than on Plaintiffs' characterization thereof.

448.   Paragraph 448 of the Complaint states legal conclusions to which no response is required.   To the extent a response is required, the Regions Defendants state that DOL regulations and case law speak for themselves and deny any allegations of paragraph 448 of the Complaint to the extent that they are inconsistent with or mischaracterize applicable DOL regulations and case law.

449.   Paragraph 449 of the Complaint states legal conclusions to which no response is required.   To the extent a response is required, the Regions Defendants state that DOL

regulations speak for themselves and deny any allegations of paragraph 449 of the Complaint to the extent that they are inconsistent with or mischaracterize applicable DOL regulations.

450.    The Regions Defendants deny the allegations of paragraph 450 of the Complaint.

451.    The first two sentences of paragraph 451 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants deny the allegations of the first two sentences of paragraph 451 of the Complaint.  Regions Defendant deny all remaining allegations of paragraph 451 of the Complaint.

452.    The Regions Defendants deny the allegations of paragraph 452 of the Complaint.

453.    The Regions Defendants deny the allegations of paragraph 453 of the Complaint.

454.    The Regions Defendants reassert their responses to paragraphs 1 through 453 above and incorporate same as if fully set forth herein, and further incorporate their affirmative defenses in response thereto.

455.    The Regions Defendants admit that Count XII purports to allege fiduciary breach against the defendants named therein, but deny that they breached any fiduciary duty owed to Plaintiffs and further deny Plaintiffs are entitled to the relief sought or any relief whatsoever.

456.    Paragraph 456 of the Complaint states legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of the AmSouth Plan document, as amended from time to time, the Legacy Plan document, as amended from time to time, and the Plan document, as amended from time to time, and rely upon such documents to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants further admit that Regions or any of the individuals who serve or served on any of the committees identified in the Complaint functioned (or, with respect to the Plan, function) as a fiduciary with respect to the plans referred to in paragraph 456 of the

Complaint only to the extent (if any) that such person(s) had or exercised (or have or exercise in the case of the Plan), with respect to such plan, any of the authority, discretion or responsibility described in ERISA § 3(21)(A).  The Regions Defendants deny all remaining allegations of paragraph 456 of the Complaint.

457.    Paragraph 457 of the Complaint states legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants deny the allegations of paragraph 457 of the Complaint.

458.    Paragraph 458 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants rely upon Part 4 of Title I of ERISA and applicable case law to speak for themselves rather than on Plaintiffs' characterization thereof.

459.    Paragraph 459 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants rely upon Part 4 of Title I of ERISA and applicable case law to speak for themselves rather than on Plaintiffs' characterization thereof.

460.    Paragraph 460 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants rely upon Part 4 of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA") to speak for itself rather than on Plaintiffs' characterization thereof.

461.    The Regions Defendants deny the allegations of paragraph 461 of the Complaint.

462.    The Regions Defendants deny the allegations of paragraph 462 of the Complaint.

463.    The Regions Defendants deny the allegations of paragraph 463 of the Complaint.

464.    The Regions Defendants reassert their responses to paragraphs 1 through 463

above and incorporate same as if fully set forth herein, and further incorporates their affirmative defenses in response thereto.

465.    The Regions Defendants admit that Count XIII purports to allege fiduciary breach against the defendants named therein, but deny that they breached any fiduciary duty owed to Plaintiffs and further deny Plaintiffs are entitled to the relief sought or any relief whatsoever.

466.    Paragraph 466 of the Complaint states legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of the AmSouth Plan document, as amended from time to time, the Legacy Plan document, as amended from time to time, and the Plan document, as amended from time to time, and rely upon such documents to speak for themselves rather than on Plaintiffs' characterization thereof.   The Regions Defendants admit that individuals who serve or served on any of the committees referred to in paragraph 466 of the Complaint functioned (or, with respect to the Plan, function) as a fiduciary with respect to the plans referred to in paragraph 466 of the Complaint only to the extent (if any) that such person(s) had or exercised (or have or exercise in the case of the Plan), with respect to such plan, any of the authority, discretion or responsibility described in ERISA § 3(21)(A).   The Regions Defendants deny all remaining allegations of paragraph 466 of the Complaint.

467.    Paragraph 467 of the Complaint states legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants deny the allegations of paragraph 467 of the Complaint.

468.    Paragraph 468 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants rely upon Part 4 of Title I of ERISA and applicable case law to speak for themselves rather than on Plaintiffs'

characterization thereof.

469.    The Regions Defendants deny the allegations of paragraph 469 of the Complaint.

470.    The Regions Defendants deny the allegations of paragraph 470 of the Complaint, including subparagraphs a-d contained therein.

471.    The Regions Defendants deny the allegations of paragraph 471 of the Complaint.

472.    The Regions Defendants deny the allegations of paragraph 472 of the Complaint.

473.    The Regions Defendants deny the allegations of paragraph 473 of the Complaint.

474.    The Regions Defendants deny the allegations of paragraph 474 of the Complaint.

475.    The Regions Defendants deny the allegations of paragraph 475 of the Complaint.

476.    The Regions Defendants reassert their responses to paragraphs 1 through 475 above and incorporate same as if fully set forth herein, and further incorporate their affirmative defenses in response thereto.

477.    The Regions Defendants admit that Count XIV purports to allege fiduciary breach against the defendants named therein, but deny that they breached any fiduciary duty owed to Plaintiffs and further deny Plaintiffs are entitled to the relief sought or any relief whatsoever.

478.    Paragraph 478 of the Complaint states legal conclusions or arguments to which no response is required.  To the extent a response is required, Regions Defendants admit the existence of 29 U.S.C. §§ 1102(a)(1) and 1002(21)(A), but rely upon that those statutory provisions to speak for themselves rather than on Plaintiffs' characterization thereof.

479.    The first sentence of paragraph 479 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1105, but rely upon that statutory provision to speak for itself rather than on Plaintiffs' characterization thereof.  The Regions Defendant deny all remaining

allegations of paragraph 479 of the Complaint.

480.    The first sentence of paragraph 480 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1105, but rely upon that statutory provision to speak for itself rather than on Plaintiffs' characterization thereof.  The Regions Defendants deny all remaining allegations of paragraph 480 of the Complaint.

481.    The Regions Defendants deny the allegations of paragraph 481 of the Complaint.

482.    The first sentence of paragraph 482 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1104(a)(1)(B), but rely upon that statutory provision to speak for itself rather than on Plaintiffs' characterization thereof. The Regions Defendants deny all remaining allegations of paragraph 482 of the Complaint.

483.    Paragraph 483 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of 29 U.S.C. § 1105(2), but rely upon that statutory provision to speak for itself rather than on Plaintiffs' characterization thereof.

484.    The Regions Defendants deny the allegations of paragraph 484 of the Complaint.

485.    The Regions Defendants deny the allegations of paragraph 485 of the Complaint.

486.    The Regions Defendants deny the allegations of paragraph 486 of the Complaint.

487.    The Regions Defendants reassert their responses to paragraphs 1 through 486 above and incorporate same as if fully set forth herein, and further incorporate their affirmative defenses in response thereto.

488.    The Regions Defendants admit that Count XV purports to allege fiduciary breach

against the defendants named therein, but deny that they breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever. The Regions Defendants deny all remaining allegations of paragraph 488 of the Complaint.

489.   Paragraph 489 of the Complaint states legal conclusions or arguments to which no response is required.  To the extent a response is required, the Regions Defendants admit the existence of the AmSouth Plan document, as amended from time to time, the Legacy Plan document, as amended from time to time, and the Plan document, as amended from time to time, and rely upon such documents to speak for themselves rather than on Plaintiffs' characterization thereof.  The Regions Defendants further admit that Regions or individuals who serve or served on any of the committees referred to in paragraph 489 of the Complaint functioned (or, with respect to the Plan, function) as a fiduciary with respect to the plans referred to in paragraph 489 of the Complaint only to the extent (if any) that such person(s) had or exercised (or have or exercise in the case of the Plan), with respect to such plan, any of the authority, discretion or responsibility described in ERISA § 3(21)(A).  The Regions Defendants deny all remaining allegations of paragraph 489 of the Complaint.

490.   The Regions Defendants deny the allegations of paragraph 490 of the Complaint.

491.   The Regions Defendants deny the allegations of paragraph 491 of the Complaint.

492.   The Regions Defendants deny the allegations of paragraph 492 of the Complaint.

493.   The Regions Defendants deny the allegations of paragraph 493 of the Complaint.

494.   The Regions Defendants deny the allegations of paragraph 494 of the Complaint, including subparagraphs A-E contained therein.

495.   The Regions Defendants deny the allegations of paragraph 495 of the Complaint.

496.   The Regions Defendants deny the allegations of paragraph 496 of the Complaint.

497.    The Regions Defendants deny the allegations of paragraph 497 of the Complaint.

498.    The Regions Defendants deny the allegations of paragraph 498 of the Complaint.

499.    The Regions Defendants deny the allegations of paragraph 499 of the Complaint.

500.    The Regions Defendants deny the allegations of paragraph 500 of the Complaint.

501.    The Regions Defendants deny the allegations of paragraph 501 of the Complaint.

502.    The Regions Defendants deny the allegations of paragraph 502 of the Complaint.

503.    The Regions Defendants deny the allegations of paragraph 503 of the Complaint.

504.    Paragraph 504 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Regions Defendants state that the ERISA statute speaks for itself and deny any allegations of paragraph 504 of the Complaint to the extent that they are inconsistent with or mischaracterize the ERISA statute.

505.    Paragraph 505 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Regions Defendant deny the allegations of paragraph 505 of the Complaint.

506.    The Regions Defendants deny the allegations of paragraph 506 of the Complaint.

507.    The Regions Defendants deny the allegations of paragraph 507 of the Complaint.

508.    The Regions Defendants admit that Plaintiffs purport to bring this action as a class action on behalf of themselves and others as described of paragraph 508 of the Complaint, but deny that Plaintiffs and the proposed class satisfy the requirements for class certification.

509.    The Regions Defendants admit that Plaintiffs purport to bring this action as a class action on behalf of themselves and others as described of paragraph 509 of the Complaint, but deny that Plaintiffs and the proposed class satisfy the requirements for class certification.

510.    The Regions Defendants admit that Plaintiffs purport to bring this action as a

class action on behalf of themselves and others as described of paragraph 510 of the Complaint, but deny that Plaintiffs and the proposed class satisfy the requirements for class certification.

511.    The Regions Defendants admit that Plaintiffs purport to bring this action as a class action on behalf of themselves and others as described in paragraph 511 of the Complaint, but deny that Plaintiffs and the proposed class satisfy the requirements for class certification.

512.    The Regions Defendants admit that Plaintiffs purport to bring this action as a class action on behalf of themselves and others as described in paragraph 512 of the Complaint, including subparagraphs A-C contained therein, but deny that Plaintiffs and the proposed class satisfy the requirements for class certification.

513.    The Regions Defendants admit that the members of the putative class are numerous but deny that certification is appropriate.

514.    The Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 514 of the Complaint, and therefore deny same.

515.    The Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 515 of the Complaint, and therefore deny same.

516.    The Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 516 of the Complaint, and therefore deny same.

517.    The Regions Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 517 of the Complaint, and therefore deny same.

518.    The Regions Defendants deny the allegations of paragraph 518 of the Complaint.

In response to Plaintiffs' Prayer for Relief, the Regions Defendants deny that Plaintiffs are due the relief requested in paragraphs (a) – (i) or any relief whatsoever, and further state that Plaintiffs' Complaint is due to be dismissed.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint, and each and every claim for relief contained therein, fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and ERISA.

### SECOND DEFENSE

The Complaint fails to plead fraud, fraudulent concealment, deceit and/or misrepresentation with particularity.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Regions Defendants did not breach any fiduciary duty they may have owed to Plaintiffs.

### FOURTH DEFENSE

Plaintiffs' monitoring claims are barred, in whole or in part, because the Regions defendants did not owe or breach a duty to monitor persons appointed to make decision concerning the Plans.

### FIFTH DEFENSE

Plaintiffs failed to exhaust available administrative remedies before filing this action and have not and cannot allege that resort to such administrative remedies would have been futile, or that the potential remedy would have been inadequate. Plaintiffs' claims should, therefore, be remanded to the Plan administrator for determination.

### SIXTH DEFENSE

Plaintiffs' allegations and claims based upon the Regions Defendants failure to disclose fees and expenses of investment options offered under the Plans are barred because the Regions

Defendants satisfied applicable ERISA disclosure requirements.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Regions Defendants were not functioning in a fiduciary capacity when they engaged in the conduct that is the subject of Plaintiffs' Complaint.

## EIGHTH DEFENSE

The Regions Defendants are not liable to Plaintiffs on a co-fiduciary liability theory because: (1) there was no breach of fiduciary duty by any fiduciary; (2) the Regions Defendants: (a) did not know and could not reasonably have known that any fiduciary breached fiduciary duties; (b) did not knowingly participate in a breach of fiduciary duty; and (c) did not commit a fiduciary breach that enabled another fiduciary to breach a fiduciary duty.

## NINTH DEFENSE

Plaintiffs' claims are barred to the extent they are based upon senior or corporate actions by Regions Defendants, which are not governed by ERISA.

## TENTH DEFENSE

Plaintiffs' claims are barred because the Regions Defendants acted in good faith and did not induce, assist, participate in, or engage in, any act or omission that constitutes a violation of ERISA, or that is otherwise unlawful.

## ELEVENTH DEFENSE

Plaintiffs' claims against those Defendants who were fiduciaries under ERISA are barred to the extent they are based on alleged actions not taken in a fiduciary capacity through the exercise of discretionary authority or control in administering the Plans, or in the management or disposition of the Plans' assets.

## TWELFTH DEFENSE

Plaintiffs' claims are barred because those Defendants who were Plan fiduciaries acted in accordance with the terms of the Plan documents and ERISA.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred because the Plans are participant-directed individual account plans, within the meaning of ERISA § 404(c), 29 U.S.C. § 1104(c) and 29 C.F.R. § 2550.404c-1, and because the Regions Defendants are relieved of liability under ERISA § 404(c) for any purported losses that are the direct and necessary result of investment instructions placed by a participant or beneficiary.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred because under the Plan terms, participants had the sole right and obligation to determine when to buy or sell interests in the Regions Common Stock, Bond Funds or RMK Select Funds.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred because any decline in the price of Regions common stock was caused not by any alleged act of Regions Defendants, but by economic, market, or other forces, or independent intervening or superseding causes for which the Regions Defendants cannot be held liable.

## SIXTEENTH DEFENSE

Any remedies available to Plaintiffs are limited to those provided by ERISA and no relief based on Plaintiffs' imprudence claims is cognizable.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to rebut

the presumption of reasonableness regarding investments in company stock.

## EIGHTEENTH DEFENSE

Plaintiffs' claims for monetary damages under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), are not cognizable because that Code section only provides for "other appropriate equitable relief."

## NINETEENTH DEFENSE

Plaintiffs' claims for monetary damages are barred because Plaintiffs' damages, if any, are not caused by the Regions Defendants' alleged actions or omissions.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs have failed to demonstrate actual, direct, or individual reliance upon the alleged misrepresentations and/or omissions.

## TWENTY-FIRST DEFENSE

Plaintiffs' equitable claim for breach of fiduciary duty under ERISA §§ 502(a)(2) or 502(a)(3), 29 U.S.C. § 1132(a)(2) or 1132(a)(3), is barred because (while no such breach occurred), Plaintiffs would have an adequate remedy in a claim for plan benefits under ERISA 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred because the Regions Defendants were entitled to, and did reasonably and in good faith, rely upon the work and conclusions of professionals and experts in executing or authorizing the execution and/or publication of any document containing statements complained of in the Complaint.

### TWENTY-THIRD DEFENSE

Some or all of Plaintiffs' claims are or may be barred by Plaintiffs' lack of standing to assert such claims.

### TWENTY-FOURTH DEFENSE

Some or all of Plaintiffs' claims are or may be barred by the doctrines of estoppel, laches, waiver, acquiescence, release, and/or ratification.

### TWENTY-FIFTH DEFENSE

Some or all of Plaintiffs' claims are or may be barred by the applicable statute of limitations, including ERISA § 413, 29 U.S.C. § 1113.

### TWENTY-SIXTH DEFENSE

The Complaint fails to adequately define any class of persons who could properly prosecute this action as a class action; fails to allege any claim that can be prosecuted as a class action; and otherwise fails to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' putative class action allegations are barred because it cannot satisfy the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, in that: the questions of law and fact presented by Plaintiffs' claims are not common to the members of the putative class, the claims of the named Plaintiffs are not typical of the claims of the putative class members, and the named Plaintiffs will not and cannot fairly and adequately protect the interests of the putative class members.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' putative class action allegations are barred because Plaintiffs cannot satisfy the

requirements of Rule 23(b)(1) of the Federal Rules of Civil Procedure, in that: separate actions by individual class members would not create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants, and adjudications with regard to individual members of the class would not, as a practical matter, be dispositive of the interests of the other class members who are not parties and would not substantially impair or impede prior ability to protect their interests.

## TWENTY-NINTH DEFENSE

Plaintiffs' putative class action allegations are barred because Plaintiffs cannot satisfy the requirements of Rule 23(3)(2) of the Federal Rules of Civil Procedure, in that: no class-wide injunctive or declaratory relief is appropriate under the claims pleaded by Plaintiffs, particularly given that, should Plaintiffs prevail, there is an adequate remedy at law; neither Plaintiffs nor the putative class members are at risk of suffering any irreparable harm; the predominant relief sought by Plaintiffs is monetary damages; and the putative class is neither homogeneous nor cohesive.

## THIRTIETH DEFENSE

Plaintiffs' putative class action allegations are barred because Plaintiffs cannot satisfy the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure, in that: there are no questions of law or fact common to the members of the putative class that predominate over questions affecting only individual members, and a class action is not superior to other available methods for the fair and efficient adjudication of the controversy made the subject of this case.

## THIRTY-FIRST DEFENSE

Plaintiffs' putative class action allegations are barred because, in accordance with ERISA § 404(c), 29 U.S.C. § 1104(c), each participant who received any interests in the Regions common stock, Bond Funds or RMK Select Funds in a Plan account made an individual

determination of whether to hold or sell those interests, and if applicable, when to sell.

## THIRTY-SECOND DEFENSE

To the extent the defense provided by ERISA 404(c), 29 U.S.C. § 1104(c), does not apply, Plaintiffs and each member of the putative class acted as fiduciaries when they directed the investment of funds allocated to their accounts and are, therefore, liable for any claimed losses.

## THIRTY-THIRD DEFENSE

Plaintiffs and each member of the putative class have proximately caused, contributed to, or failed to mitigate any and all losses claimed by them.

## THIRTY-FOURTH DEFENSE

Any losses caused by Plaintiffs and each member of the putative class were not caused by any fault, act or omission by Regions Defendants, but were caused by circumstances, entities or persons, including Plaintiffs and each member of the putative class, for which the Regions Defendants are not responsible and cannot be held liable.

## THIRTY-FIFTH DEFENSE

ERISA § 514(d), 29 U.S.C. § 1144(d), prohibits ERISA from being used to alter, modify, or impair federal securities law or other federal laws.

## THIRTY-SIXTH DEFENSE

Any fiduciary decisions being challenged are entitled to deference, and are subject to review only for abuse of discretion.

## THIRTY-SEVENTH DEFENSE

Fiduciaries are not required or permitted to violate securities laws, or any other law, to satisfy their fiduciary obligations under ERISA.

## THIRTY-EIGHTH DEFENSE

The Plan administrator has discretion to construe and interpret the terms of the Plans and to make factual determinations with respect to the Plans.

## THIRTY-NINTH DEFENSE

Plaintiffs' claims against individuals are barred pursuant to ERISA § 409(b), 29 U.S.C. § 1109(b), to the extent the alleged fiduciary breaches occurred before or after the individuals were alleged Plan fiduciaries.

## FORTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged misrepresentations and/or omissions neither caused nor were a material causal factor in Plaintiffs' investment decisions or any alleged losses.

## FORTY-FIRST DEFENSE

Plaintiffs' claims are barred because Plaintiffs assumed the risk of losses on the transactions at issue in this action.

## FORTY-SECOND DEFENSE

Plaintiffs' claims are barred because Plaintiffs failed to exercise due diligence.

## FORTY-THIRD DEFENSE

Plaintiffs' claims are barred because Plaintiffs' allegations fail to demonstrate loss causation.

## FORTY-FOURTH DEFENSE

The fees and expenses paid by the Plans are objectively reasonable and, therefore, Regions Defendants' causing or allowing the payment of such fees out of the Plan does not

constitute a violation of ERISA.

## FORTY-FIFTH DEFENSE

The "prohibited transactions" alleged in the Complaint are exempt from the prohibitions in 29 U.S.C. §§ 1106 and 1107 and 26 U.S.C. § 4975 by operation of one or more statutory or administrative exemptions from the statutory prohibitions.

The Regions Defendants reserve the right to asset any additional affirmative defenses and matters in avoidance as may be disclosed during the course of additional investigation and discovery.

WHEREFORE, having fully answered Plaintiffs' Consolidated Supplemental Class Action Complaint, the Regions Defendants pray for a judgment.

1.      in favor of Defendants and against Plaintiffs on each and every count asserted in the Complaint;

2.      awarding Defendants costs and attorneys' fees incurred in this action;

3.      denying class certification; and

4.      for such other and further relief as the Court deems just and proper.

Dated this 19th day of July, 2010.

Respectfully submitted,

GROOM LAW GROUP, CHARTERED

/s/ Thomas S. Gigot

Thomas F. Fitzgerald *(pro hac vice)*
Thomas S. Gigot *(pro hac vice)*
Sarah A. Zumwalt *(pro hac vice)*
1701 Pennsylvania Ave. NW, Suite 1200
Washington, DC  20006-5811

Phone: 202-857-0620
Fax:    202-659-4503
Email:
tff@groom.com
tsg@goom.com
szumwalt@groom.com

*Counsel for the Regions Defendants*

MAYNARD COOPER & GALE, P.C.

Peter S. Fruin
Jeffrey A. Lee *(pro hac vice)*
William B. Wahlheim *(pro hac vice)*
Grace R. Murphy *(pro hac vice)*
1901 – 6th Avenue North, Suite 2400
Birmingham, AL  35203-2602
Phone: 205-254-1068
Fax:    205-254-1999
Email:
pfruin@maynardcooper.com
jlee@maynardcooper.com
wwahlheim@maynardcooper.com
gmurphy@maynardcooper.com

*Counsel for the Regions Defendants*

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 19, 2010, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| KELLER ROHRBACK L.L.P.<br>Lynn L. Sarko (*pro hac vice*)<br>Derek W. Loeser (*pro hac vice*)<br>Margie E. Wetherald (*pro hac vice*)<br>Karin B. Swope (*pro hac vice*)<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101-3052<br>Phone:     206-623-1900<br>Fax:  206-623-3384<br>lsarko@kellerrohrback.com<br>dloeser@kellerrohrback.com<br>mwetherald@kellerrohrback.com<br>kswope@kellerrohrback.com<br><br>*Plaintiffs' Co-Lead Counsel* | WYATT TARRANT & COMBS<br>Robert E. Craddock , Jr. (TN #5826)<br>P.O.Box775000<br>Memphis,TN38177-5000<br>901-537-1000<br>Fax:901-537-1010<br>Email: rcraddock@wyattfirm.com<br><br>*Counsel for Michael Starnes and Kemmons Wilson* |
| STEMBER FEINSTEIN DOYLE &<br>     PAYNE, LLC<br>Ellen M. Doyle (*pro hac vice*)<br>William T. Payne (*pro hac vice*)<br>John Stember (*pro hac vice*)<br>Stephen M. Pincus (*pro hac vice*)<br>Joel R. Hurt (*pro hac vice*)<br>Pamina Ewing (*pro hac vice*)<br>1705 Allegheny Building<br>429 Forbes Avenue<br>Pittsburgh, PA 15219<br>Phone: 412-281-8400<br>Fax:  412-281-1007<br>edoyle@stemberfeinstein.com<br>wpayne@stemberfeinstein.com<br>jstember@stemberfeinstein.com<br>spincus@stemberfeinstein.com<br>jhurt@stemberfeinstein.com | |

| pewing@stemberfeinstein.com *Plaintiffs' Co-Lead Counsel* | |
|---|---|

/s/ William B. Wahlheim, Jr