IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | | |
|---|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION | ) ) ) ) | |
| This Document Relates to: | ) ) | Case No. 2:09-md-02009-SHM |
| *In re Regions Morgan Keegan ERISA Litig.,* Case No. 2:08-cv-2192-SHM-dkv | ) ) ) ) | |

## ANSWER TO CONSOLIDATED SUPPLEMENTAL CLASS ACTION COMPLAINT FILED BY MORGAN KEEGAN & COMPANY, INC. AND MORGAN ASSET MANAGEMENT, INC.

Defendants Morgan Keegan & Company, Inc. ("Morgan Keegan") and Morgan Asset Management, Inc. ("MAM"), for their Answer to Plaintiffs' Consolidated Supplemental Class Action Complaint ("Complaint") (Docket No. 170), state as follows:

1.      Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraph 1 of the Complaint.

2.      Morgan Keegan and MAM deny the allegations set forth in Paragraph 2 of the Complaint, except to admit that Plaintiffs purport to bring this action under §§ 502(a)(2) and (a)(3) of the Employee Retirement Income Security Act ("ERISA").

3.      Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 4.

5-21.   Morgan Keegan and MAM deny the allegations made in Paragraphs 5-21 of the Complaint.

22.     Morgan Keegan and MAM deny the allegations made in Paragraph 22 of the Complaint, except to state that the public record regarding the price at which Regions stock traded on any specific date speaks for itself.

23.     Morgan Keegan and MAM deny the allegations made in Paragraph 23 of the Complaint, except to state that the public record regarding the price at which the RMK Select Intermediate Bond Fund and the RMK Select High Income Fund traded on any specific date speaks for itself.

24-28.   Morgan Keegan and MAM deny the allegations made in Paragraph 24-28 of the Complaint, except to state that the provisions of ERISA cited in Paragraphs 24-28 speak for themselves.

29-30.   Morgan Keegan and MAM admit the allegations made in Paragraphs 29-30 of the Complaint.

31.     Morgan Keegan and MAM deny the allegations made in Paragraph 31 of the Complaint, except to admit that venue is proper in this Court.

32-37.   Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraphs 32-37 of the Complaint.

38.     Morgan Keegan and MAM deny the allegations made in Paragraph 38 of the Complaint, except to admit, upon information and belief, the allegations made in the first four sentences of Paragraph 38.

39.     Morgan Keegan and MAM deny the allegations in Paragraph 39 of the Complaint, except to admit, upon information and belief, that Regions Financial Corporation ("Regions") is the plan sponsor for the Regions Financial Corporation 401(k) Plan.

40-42. Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraphs 40-42 of the Complaint.

43.     Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraph 43 of the Complaint, expect to admit, upon information and belief, the allegations made in the first sentence of Paragraph 43.

44.     Morgan Keegan and MAM deny the allegations made in Paragraph 44 of the Complaint, except as follows.  Morgan Keegan is a regional investment broker-dealer that is headquartered in Memphis, Tennessee.  MAM is a registered investment advisor and a corporate affiliate of Morgan Keegan.   Morgan Keegan and MAM provided certain accounting and investment advisory services, respectively, to the "RMK Select Bond Funds" referenced in the Complaint; however, they ceased doing so in or about July 2008, when Hyperion Brookfield Asset Management, Inc., replaced MAM as investment advisor to the Funds offered as a series of Morgan Keegan Select Fund, Inc.  Neither Morgan Keegan nor MAM has ever acted as a service provider to any of the ERISA plans at issue in this action.

45.     Morgan Keegan and MAM deny the allegations made in Paragraph 45 of the Compliant, except to admit the allegations made in the first two sentences of Paragraph 45.

46-56. Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraphs 46-56 of the Complaint.

57.     Morgan Keegan and MAM deny the allegations made in Paragraph 57 of the Complaint.

58-63. Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraphs 58-63 of the Complaint.

64. Paragraph 64 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 64 of the Complaint.

65-76. Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraphs 65-76 of the Complaint, except to state that the terms and benefits of participation in the ERISA plans at issue in this action are set out in the respective ERISA plan documents, which speak for themselves.

77. Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraph 77 of the Complaint.

78. Paragraph 78 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 78.

79. Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraph 79 of the Complaint.

80. Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraph 80 of the Complaint, except to state that the 2007 Form 11-K filing referenced therein speaks for itself

81. Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraph 81 of the Complaint.

82. Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraph 82 of the Complaint, except to state

that the terms and benefits of participation in the ERISA plans at issue in this action are set out in the respective ERISA plan documents, which speak for themselves.

83.    Paragraph 83 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraph 83.

84.    Morgan Keegan and MAM deny the allegations made in Paragraph 84 of the Complaint, except to admit, upon information and belief, that the Regions Morgan Keegan Select Intermediate Bond Fund and the Regions Morgan Keegan Select High Income Fund (the "Bond Funds") were among the investment options available at certain times to participants in the ERISA plans at issue in this action.

85.    Morgan Keegan and MAM deny the allegations in Paragraph 85 of the Complaint, except to admit, upon information and belief, that one or more of the RMK Select Funds (as that term is defined n the Complaint) were among the investment options available at certain times to participants in one or more of the ERISA plans at issue in this action.  Said Defendants further state that the publicly filed documents cited in Paragraph 85 speak for themselves.

86.    Morgan Keegan and MAM deny the allegations in Paragraph 86 of the Complaint, except to admit that MAM served as investment advisor to mutual funds offered as a series of Morgan Keegan Select Fund, Inc. until July 29, 2008.

87.    Morgan Keegan and MAM deny the allegations in Paragraph 87 of the Complaint, except to admit, upon information and belief, that Regions Morgan Keegan Select Balanced Fund, the Regions Morgan Keegan Select Limited Government Maturity Fixed Income Fund and the Regions Morgan Keegan Select Growth Fund were among the investment options

offered to participants in the ERISA plans at issue in this action.  Said Defendants further state that any reports authored by Morningstar and referenced in Paragraph 87 speak for themselves.

88.     Morgan Keegan and MAM deny the allegations made in Paragraph 88 of the Complaint.

89-92. Paragraphs 89-92 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraphs 89-92.

93.     Morgan Keegan and MAM deny the allegations made in Paragraph 93 of the Complaint, except to admit that Plaintiffs do not allege that each defendant was a fiduciary with respect to all aspects of the management and administration of the ERISA plans at issue in this action.

94.     Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraph 94 of the Complaint.

95.     Paragraph 95 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 95.

96.     Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraph 96 of the Complaint, except to admit, upon information and belief, the allegations made in the first sentence of Paragraph 96.

97-98. Paragraphs 97-98 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraphs 97-98.

99-103.      Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraphs 99-103 of the Complaint.

104-06.      Paragraphs 104-06 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraphs 104-06.

107.      Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraph 107 of the Complaint.

108-10.      Paragraphs 108-10 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraphs 108-10.

111-12.      Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraph 111-12 of the Complaint.

113.      Paragraph 113 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraph 113.

114-15.      Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraphs 114-15 of the Complaint.

116.      Paragraph 116 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraph 116.

117-18.        Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraphs 117-18 of the Complaint.

119.    Paragraph 119 of the Complaint consists of legal conclusions to which no response is required.   To the extent a response is required, Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraph 119.

120-23.        Morgan Keegan and MAM lack information or information sufficient to form a belief as to the truth of the allegations made in Paragraphs 120-23 of the Complaint.

124.    Paragraph 124 of the Complaint consists of legal conclusions to which no response is required.   To the extent a response is required, Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraph 124.

125-26.        Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraphs 125-26 of the Complaint.

127.    Paragraph 127 of the Complaint consists of legal conclusions to which no response is required.   To the extent a response is required, Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraph 127.

128-51.        Morgan Keegan and MAM deny the allegations made in Paragraphs 128-51, except to state that the articles, public filings, websites and other sources of information cited in Paragraphs 128-51 speak for themselves.

152-55.        Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraphs 152-55 of the Complaint.

156-63.     Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraphs 156-63 of the Complaint, except to state that the public filings referenced in Paragraphs 156-63 speak for themselves.

164-99.     Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraphs 164-99 of the Complaint, except to state that the media statements, public filings, Credit Risk Guidance, indices, FASB standards, the public record of the price at which Regions stock traded on a specific date and similar sources of information referenced in Paragraphs 164-99 speak for themselves.

200-02.     Morgan Keegan and MAM deny the allegations in Paragraphs 200-02, except to admit that the SEC has served a so-called "Wells Notice" on Morgan Keegan and initiated proceedings against Morgan Keegan.  Said Defendants further state that the public filings and the SEC Press Release cited in Paragraphs 200-02 speaks for themselves.

203-18.     Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraphs 203-18 of the Complaint, except to state that the media statements, public filings, the public record of the price at which Regions stock traded on a specific date and similar sources of information referenced in Paragraphs 203-18 speak for themselves.

219-23.     Paragraphs 219-23 of the Complaint consist of opinions and/or legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraphs 219-23, except to state that any public filings referenced in Paragraph 221 speak for themselves.

224-31.     Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraphs 224-31 of the Complaint, except to state that the public filings referenced in Paragraphs 224-31 speak for themselves.

232-39.     Morgan Keegan and MAM deny the allegations made in Paragraphs 232-39 of the Complaint.

240-45.     Morgan Keegan and MAM deny the allegations made in Paragraphs 240-45 of the Complaint, except to state that the public record of the holdings of the Bond Funds and media statements referenced in Paragraphs 240-45 speak for themselves.

246.     Morgan Keegan and MAM deny the allegations made in Paragraph 246 of the Complaint, except to state that the media statements referenced in Paragraph 246 speak for themselves; and to admit that Regions and Regions Bank are parties to actions pending before this Court, including actions comprising *In re Regions Morgan Keegan Securities, Derivative and ERISA Litig.*, Case No. 09-md-02009-SHM, and other courts.

247.     Morgan Keegan and MAM deny the allegations made in Paragraph 247 of the Complaint, except to state that Regions' Form 8-K filings with the SEC speak for themselves.

248-51.     Morgan Keegan and MAM deny the allegations made in Paragraphs 248-51 of the Complaint, except to state that the media statements referenced in Paragraphs 248-51 speak for themselves.

252-54.     Morgan Keegan and MAM deny the allegations made in Paragraphs 252-54 of the Complaint, except to admit that the worldwide credit markets and the markets for asset-backed and similar securities froze abruptly in mid-2007.  Said Defendants further state that the public record regarding the assets, composition and net asset value of the RMK Select

Intermediate Bond Fund and RMK Select High Income Fund on any specific date speaks for itself.

255-56.     Morgan Keegan and MAM deny the allegations made in Paragraphs 255-56 of the Complaint, except to admit that Hyperion Brookfield Asset Management, Inc. replaced MAM as the Bond Funds' investment advisor as of July 29, 2008.  Said Defendants further state that statements made or issued by Morgan Keegan Select Funds, Inc. and/or Hyperion Brookfield Asset Management, Inc., respectively, speak for themselves.

257.     Morgan Keegan and MAM deny the allegations made in Paragraph 257 of the Complaint.

258.     Paragraph 258 of the Complaint consists of opinions and/or legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 258.

259.     Morgan Keegan and MAM deny the allegations made in Paragraph 259 of the Complaint.

260-61.     Morgan Keegan and MAM lack information or knowledge sufficient to form a belief as to the truth of the allegations made in Paragraphs 260-61 of the Complaint.

262.     Morgan Keegan and MAM deny the allegations made in Paragraph 262 of the Complaint.

263.     Paragraph 263 of the Complaint consists of opinions and/or legal conclusions or arguments to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 263, except to state that the provisions of ERISA speak for themselves.

264-65.     Morgan Keegan and MAM deny the allegations made in Paragraphs 264-65 of the Complaint.

266.     Morgan Keegan and MAM deny the allegations made in Paragraph 266 of the Complaint, except to admit, upon information and belief, that the Bond Funds were, at certain times, offered as investment options within certain Regions-affiliated ERISA plans.

267-68.     Morgan Keegan and MAM deny the allegations made in Paragraphs 267-68 of the Complaint.

269-71.     Morgan Keegan and MAM deny the allegations made in Paragraphs 269-71 of the Complaint.

272-73.     Morgan Keegan and MAM deny the allegations in Paragraphs 272-73 of the Complaint, except to state that the public record regarding the assets, composition and net asset value of the RMK Select Funds on any specific date speaks for itself.

274.     Paragraph 274 of the Complaint consists of statements of opinion to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 274.

275-85.     Morgan Keegan and MAM deny the allegations made in Paragraphs 275-85 of the Complaint, except to state that the public filings referenced in Paragraphs 275-85 speak for themselves.

286-87.     Morgan Keegan and MAM deny the allegations made in Paragraphs 286-87 of the Complaint.

288.     Paragraph 288 of the Complaint consists of statements of opinion to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 288.

289.    Morgan Keegan and MAM deny the allegations made in Paragraph 289 of the Complaint.

290-91.    Paragraphs 290-91 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraphs 290-91 of the Complaint.

292.    Morgan Keegan and MAM deny the allegations made in Paragraph 292 of the Complaint.

293-302.    Paragraphs 293-302 of the Complaint consists of legal statements of opinion, and/or arguments conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraphs 293-302, except to state that the content of the U.S. Department of Labor's website speaks for itself.

303-04.    Morgan Keegan and MAM deny the allegations made in Paragraphs 303-04 of the Complaint.

305.    Morgan Keegan and MAM deny the allegations made in Paragraph 305 of the Complaint, except to state that the provisions of ERISA speak for themselves.

306-07.    Paragraphs 306-07 of the Complaint consist of statements of opinion and/or legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraphs 306-07 of the Complaint.

308-09.    Morgan Keegan and MAM deny the allegations made in Paragraphs 308-09 of the Complaint.

310.    Morgan Keegan and MAM deny the allegations made in Paragraph 310 of the Complaint, except as follows.  Said Defendants admit that MAM served as investment advisor to the mutual funds offered as a series of Morgan Keegan Select Fund, Inc., until July 29, 2008,

when Hyperion Brookfield Asset Management, Inc. replaced MAM as the mutual funds' investment advisor.  Said Defendants further admits that MAM received an annual investment advisory fee for its services, as set forth in the mutual funds' prospectus.

311.    Morgan Keegan and MAM lack sufficient information or knowledge to form a belief as to the truth of the allegations made in Paragraph 311 of the Complaint.

312-14.      Morgan Keegan and MAM deny the allegations made in Paragraphs 312-14 of the Complaint.

315.    Paragraph 315 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 315, except to state that the provisions of ERISA § 402(a) speak for themselves.

316.    Paragraph 316 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 316, except to state that the provisions of ERISA § 409(a) speak for themselves.

317.    Paragraph 317 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 317, except to state that the provisions of ERISA § 502(a)(3) speak for themselves.

318.    Paragraph 318 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 318, except to state that the provisions of ERISA § 404(a)(1)(A) and (B) speak for themselves

319.    Paragraph 319 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 319, except to state that the provisions of ERISA § 404(a)(1)(A) and (B) speak for themselves.

320.    Paragraph 320 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 320, except to state that the provisions of ERISA § 405(a) speak for themselves.

321.    Paragraph 321 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 321, except to state that the provisions of ERISA speak for themselves.

322.    Paragraph 322 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 322, except to state that the provisions of ERISA §§ 406(a) and 408(b)(2) speak for themselves.

323.    Paragraph 323 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 323, except to state that the provisions of ERISA § 406(b)(1) and (b)(3) speak for themselves.

324.    Paragraph 324 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the

allegations made in Paragraph 324, except to state that the provisions of 29 C.F.R. § 2550.408b-2(e)(1) speak for themselves.

325.    Paragraph 325 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 325, except to state that the provisions of PTE 77-3, Fed. Reg. 18,743 (1977), speak for themselves.

326.    Paragraph 326 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 326, except to state that the provisions of PTE 77-4 § II, Fed. Reg. 18,732 (1977) and Dep't of Labor Adv. Op. 2002-05A (June 7, 2002), speak for themselves.

327.    Paragraph 327 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 327, except to state that the provisions of PTE 77-4 § II, Fed. Reg. 18,732 (1977), speak for themselves.

328.    Morgan Keegan and MAM admit that Plaintiffs purport to bring this action under ERISA § 502(a)(2), but they deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.  All remaining allegations made in Paragraph 328 are denied.

329.    Paragraph 329 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 329.

## COUNT I

330.    Morgan Keegan and MAM deny the allegations made in Paragraph 330 of the Complaint and incorporate, as though fully set forth herein, each and every response made in Paragraphs 1-329.

331-47.    According to Paragraph 331 of the Complaint, Count I does not pertain to or implicate Morgan Keegan or MAM in any way and, therefore, does not require a response. To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraphs 331-47 of the Complaint.

## COUNT II

348.    Morgan Keegan and MAM deny the allegations made in Paragraph 348 of the Complaint and incorporate, as though fully set forth herein, each and every response made in Paragraphs 1-347.

349-57.    According to Paragraph 349 of the Complaint, Count II does not pertain to or implicate Morgan Keegan or MAM in any way and, therefore, does not require a response. To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraphs 349-57 of the Complaint.

## COUNT III

358.    Morgan Keegan and MAM deny the allegations made in Paragraph 358 of the Complaint and incorporate, as though fully set forth herein, each and every response made in Paragraphs 1-357.

359-63.    According to Paragraph 359 of the Complaint, Count III does not pertain to or implicate Morgan Keegan or MAM in any way and, therefore, does not require a response.

To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraphs 359-63 of the Complaint.

**COUNT IV**

364.    Morgan Keegan and MAM deny the allegations made in Paragraph 364 of the Complaint and incorporate, as though fully set forth herein, each and every response made in Paragraphs 1-363.

365-75.    According to Paragraph 365 of the Complaint, Count IV does not pertain to or implicate Morgan Keegan or MAM in any way and, therefore, does not require a response. To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraphs 365-75 of the Complaint.

**COUNT V**

376.    Morgan Keegan and MAM deny the allegations made in Paragraph 376 of the Complaint and incorporate, as though fully set forth herein, each and every response made in Paragraphs 1-375.

377-87.    Plaintiffs have conceded that Count V does not pertain to or implicate Morgan Keegan and MAM in any way.  *See* Docket No. 140 at 2 n.1.  Furthermore, with respect to said Defendants, Count V has been dismissed by the Court.  *See* Docket No. 172 at 40. Accordingly, Paragraphs 377-87 of the Complaint do not require a response.  To the extent a response is required, said Defendants deny the allegations made in Paragraphs 377-87.

## COUNT VI

388.   Morgan Keegan and MAM deny the allegations made in Paragraph 388 of the Complaint and incorporate, as though fully set forth herein, each and every response made in Paragraphs 1-387.

389.   Morgan Keegan and MAM admit that Count VI purports to allege fiduciary breach against the defendants named therein; however, said Defendants deny that they breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.  All remaining allegations made in Paragraph 389 are denied.

390.   Paragraph 390 of the Complaint consists of statements of opinion and/or legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 390, except to state that the documents relating to the ERISA plans at issue in this action speak for themselves.

391-93.      Paragraphs 391-93 of the Complaint consist of statements of opinion and/or legal conclusions or arguments to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraphs 391-93.

394.   Morgan Keegan and MAM deny the allegations made in Paragraph 394 of the Complaint.

395.   Paragraph 395 of the Complaint consists of statements of opinion and/or legal conclusions or arguments to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 395, except to state that the provisions of ERISA speak for themselves.

396-97.      Paragraphs 396-97 of the Complaint consist of statements of opinion and/or legal conclusions or arguments to which no response is required.  To the extent a response

is required, Morgan Keegan and MAM deny the allegations made in Paragraphs 396-97 of the Complaint, except to state that the provisions of U.S. Department of Labor regulations speak for themselves.

398.    Morgan Keegan and MAM deny the allegations made in Paragraph 398 of the Complaint.

399.    Paragraph 399 of the Complaint consists of statements of opinion and/or legal conclusions or arguments to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 399.

400.    Morgan Keegan and MAM deny the allegations made in Paragraph 400 of the Complaint.

401.    Paragraph 401 of the Complaint consists of statements of opinion and/or legal conclusions or arguments to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 401, except to state that the provisions of ERISA speak for themselves.

## COUNT VII

402.    Morgan Keegan and MAM deny the allegations made in Paragraph 402 of the Complaint and incorporate, as though fully set forth herein, each and every response made in Paragraphs 1-401.

403-11.    According to Paragraph 403 of the Complaint, Count VII does not pertain to or implicate Morgan Keegan or MAM in any way and, therefore, does not require a response. To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraphs 403-11 of the Complaint.

20

## COUNT VIII

412.    Morgan Keegan and MAM deny the allegations made in Paragraph 412 of the Complaint and incorporate, as though fully set forth herein, each and every response made in Paragraphs 1-411.

413.    Morgan Keegan and MAM admit that Count VIII purports to allege fiduciary breach against the defendants named therein; however, said Defendants deny that they breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.  All remaining allegations made in Paragraph 413 are denied.

414.    Paragraph 414 of the Complaint consists of statements of opinion and/or legal conclusions or arguments to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 414, except to state that the provisions of ERISA speak for themselves.

415-16.        Paragraphs 415-16 of the Complaint consist of statements of opinion and/or legal conclusions or arguments to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraphs 415-16.

417.    Morgan Keegan and MAM deny the allegations made in Paragraph 417 of the Complaint.

418.    Paragraph 418 of the Complaint consists of statements of opinion and/or legal conclusions or arguments to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 418, except to state that the provisions of ERISA speak for themselves.

## COUNT XI

419.   Morgan Keegan and MAM deny the allegations made in Paragraph 419 of the Complaint and incorporate, as though fully set forth herein, each and every response made in Paragraphs 1-418.

420-29.   According to paragraph 420 of the Complaint, Count XI does not pertain to or implicate Morgan Keegan or MAM in any way and, therefore, does not require a response. To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraphs 420-29 of the Complaint.

## COUNT X

430.   Morgan Keegan and MAM deny the allegations made in Paragraph 430 of the Complaint and incorporate, as though fully set forth herein, each and every response made in Paragraphs 1-429.

431-39.   According to Paragraph 431 of the Complaint, Count X does not pertain to or implicate Morgan Keegan or MAM in any way and, therefore, does not require a response. To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraphs 431-39 of the Complaint.

## COUNT XI

440.   Morgan Keegan and MAM deny the allegations made in Paragraph 440 of the Complaint and incorporate, as though fully set forth herein, each and every response made in Paragraphs 1-439.

441-53.   According to Paragraph 441 of the Complaint, Count XI does not pertain to or implicate Morgan Keegan or MAM in any way and, therefore, does not require a response.

To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraphs 441-53 of the Complaint.

## COUNT XII

454.   Morgan Keegan and MAM deny the allegations made in Paragraph 454 of the Complaint and incorporate, as though fully set forth herein, each and every response made in Paragraphs 1-453.

455-63.        According to Paragraph 455 of the Complaint, Count XII does not pertain to or implicate Morgan Keegan or MAM in any way and, therefore, does not require a response. To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraphs 455-63 of the Complaint.

## COUNT XIII

464.   Morgan Keegan and MAM deny the allegations made in Paragraph 464 of the Complaint and incorporate, as though fully set forth herein, each and every response made in Paragraphs 1-463.

465-75.        According to Paragraph 465 of the Complaint, Count XIII does not pertain to or implicate Morgan Keegan or MAM in any way and, therefore, does not require a response. To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraphs 465-75 of the Complaint.

## COUNT XIV

476.   Morgan Keegan and MAM deny the allegations made in Paragraph 476 of the Complaint and incorporate, as though fully set forth herein, each and every response made in Paragraphs 1-475.

477-86.     According to Paragraph 477 of the Complaint, Count XIV does not pertain to or implicate Morgan Keegan or MAM in any way and, therefore, does not require a response. To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraphs 477-86 of the Complaint.

## COUNT XV

487.    Morgan Keegan Defendants deny the allegations made in Paragraph 487 of the Complaint and incorporate, as though fully set forth herein, each and every response made in Paragraphs 1-486.

488.    Morgan Keegan and MAM admit that Count XV purports to allege fiduciary breach against the defendants named therein; however, said Defendants deny that they breached any fiduciary duty owed to Plaintiffs and further deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.  All remaining allegations made in Paragraph 488 are denied.

489.    Paragraph 489 of the Complaint consists of statements of opinion and/or legal conclusions or arguments to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 489.

490-96.     Morgan Keegan and MAM deny the allegations made in Paragraphs 490-96 of the Complaint.

## ALLEGATIONS REGARDING CAUSATION

497-503.     Morgan Keegan and MAM deny the allegations made in paragraphs 497-503 of the Complaint.

504.    Paragraph 504 of the Complaint consists of statements of opinion and/or legal conclusions or arguments to which no response is required.  To the extent a response is required,

Morgan Keegan and MAM deny the allegations made in Paragraph 504, except to state that the provisions of ERISA speak for themselves.

505.    Paragraph 505 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Morgan Keegan and MAM deny the allegations made in Paragraph 505.

506-07.        Morgan Keegan and MAM deny the allegations made in Paragraphs 506-07 of the Complaint.

## CLASS ACTION ALLEGATIONS

508-18.        Morgan Keegan and MAM admit that Plaintiffs purport to bring this action as a class action on behalf of themselves and others as described in Paragraphs 508-18 of the Complaint; however, they deny that Plaintiffs and the proposed class satisfy the requirements for class certification.  All remaining allegations made in Paragraphs 508-18 are denied.

## PRAYER FOR RELIEF

Morgan Keegan and MAM deny each and every allegation made in the Complaint under the heading "Prayer for Relief."  Said Defendants deny that Plaintiffs are entitled to any of the requested relief made in paragraphs (a) – (i) of the Complaint's Prayer for Relief or to any other relief.  Said Defendants further state that Plaintiffs' Complaint is due to be dismissed.

## GENERAL DENIAL

Morgan Keegan and MAM hereby deny any and all remaining allegations contained in Plaintiffs' Complaint that are not expressly admitted or otherwise addressed in the foregoing responses.

**AND NOW**, having fully answered Plaintiffs' Complaint, Morgan Keegan and MAM state the following affirmative defenses, without assuming the burden of proof as to any such defenses that would otherwise rest with Plaintiffs:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs' claims are not maintainable as a class action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the information Plaintiffs claim Morgan Keegan and MAM failed to disclose was publicly available information.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the information Plaintiffs claim Morgan Keegan and MAM failed to disclose was not material.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Morgan Keegan and MAM had no duty under ERISA to disclose the disputed information to Plaintiffs.  Plaintiffs' allegations and claims based upon Morgan Keegan and MAM' failure to disclose fees and expenses of investment options offered under the ERISA plans at issue in this action are barred because the Regions Defendants satisfied applicable ERISA disclosure requirements.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because of Plaintiffs' failure to mitigate any damages suffered.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the ERISA plans at issue in this action are participant-directed individual account plans, within the meaning of ERISA § 404(c) and 29 C.F.R. § 2550.404c-1, and because Defendants are relieved of liability under ERISA § 404(c) for any purported losses that are the direct and necessary result of investment instructions placed by a participant or beneficiary.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because, under the terms of the ERISA plans at issue in this action, participants had the sole right and obligation to determine when to buy or sell interests in the Regions Common Stock, Bond Funds or RMK Select Funds.

### NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are or may be barred by the applicable statute of limitations, including ERISA § 413.

### TENTH AFFIRMATIVE DEFENSE

Morgan Keegan and MAM adopt each of the Affirmative and/or Additional Defenses pleaded by the other answering Defendants to the extent such defenses operate to exculpate Morgan Keegan and MAM from liability and to the extent such defenses are not inconsistent with, and are applicable to, Morgan Keegan and MAM.

**WHEREFORE**, having fully answered Plaintiffs' Complaint in this action, Morgan Keegan and MAM respectfully request: (i) that said Complaint be dismissed said Defendants in its entirety; (ii) that the Court enter a judgment in favor of said Defendants and against Plaintiff; (iii) an award to said Defendants of their costs, including discretionary costs, and attorneys' fees; and (iv) such other relief as the Court deems just and proper.

**DATED** this 19th day of July, 2010.

Respectfully submitted,

BASS, BERRY & SIMS PLC

By:   /s/ W. Brantley Phillips, Jr.
      Michael L. Dagley
      Matthew M. Curley
      W. Brantley Phillips, Jr.
      150 Third Avenue South, Suite 2800
      Nashville, TN 37201
      (615) 742-6200

      Shepherd D. Tate
      Michael A. Brady
      100 Peabody Place, Suite 900
      Memphis, TN  38103-3672
      (901) 543-5900

      *Attorneys for Morgan Keegan & Company,
      Inc. and Morgan Asset Management, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 19, 2010, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following, and/or served the following via U.S. Mail:

Derek W. Loeser
Karin B. Swope
KELLER ROHRBACK, LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052

Thomas F. Fitzgerald
Thomas S. Gigot
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006

Ellen M. Doyle
Stephen M. Pincus
STEMBER FEINSTEIN DOYLE &
PAYNE, LLC
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219

Peter S. Fruin
Jeffrey A. Lee
William B. Wahlheim, Jr.
MAYNARD COOPER & GALE, P.C.
2400 Regions Harbert Plaza
1901 6th Avenue South
Birmingham, AL 35203

/s/ W. Brantley Phillips, Jr.