IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| IN RE: REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE, AND ERISA LITIGATION ) ) ) C. FRED DANIELS, as Trustee ad Litem in ) substitution for Regions Bank, ) ) Plaintiff, ) ) v. ) ) MORGAN ASSET MANAGEMENT, INC., et al. ) ) Defendants. ) ) | No. 10-2514 MDL 2009 |
| IN RE REGIONS MORGAN KEEGAN ERISA LITIGATION ) ) TERRY HAMBY, et al., ) ) Plaintiffs, ) ) v. ) ) MORGAN ASSET MANAGEMENT, Inc., et al., ) ) Defendants. ) | No. 08-2192 |

---

**ORDER GRANTING DEFENDANTS' MOTION TO CONSOLIDATE**

---

Before the Court is Defendants' September 9, 2010 motion to consolidate the action brought by trustee ad litem, Plaintiff C. Fred Daniels ("Daniels"), alleging claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., (the "Daniels ERISA Action"), with a related action also pending before this Court, In re Regions Morgan

1

Keegan ERISA Litigation, No. 10-2192 (the "Hamby ERISA Action").[1] (See Defs.' Mot. to Consolidate and Mem. of Law in Supp. 1 n.1, ECF No. 18 ("Defs.' Mot. to Consolidate"); see also Compl. ¶ 1, ECF No. 1.[2]) Daniels responded in opposition on October 7, 2010. (See Pls.' Resp. to Defs.' Mot. to Consolidate, ECF No. 20.) ("Pl.'s Resp.") The Plaintiffs in the Hamby ERISA Action filed notice stating that they do not oppose consolidation on October 7, 2010. (See Hamby Pls.' Non-Opp'n to Defs.' Mot. to Consolidate, ECF No. 21.) For the following reasons, Defendants' motion is GRANTED.

## I. Background

Daniels alleges ERISA claims on behalf of all trusts and custodial accounts for which Regions Morgan Keegan Trust ("Regions Trust"), served as trustee, directed trustee, custodian, or agent (the "Regions ERISA Trusts") and that held shares in one of seven investment funds: RMK Select Short Term Bond Fund; RMK Select Intermediate Bond Fund; RMK Select High Income Fund; RMK Multi-Sector High Income Fund, Inc.; RMK Advantage Income Fund, Inc.; RMK Strategic Income Fund, Inc.; and RMK High Income Fund, Inc. (the "RMK Funds"). (See Compl. ¶

---

[1] Defendants Helios Select Fund, Inc., Helios Multi-Sector High Income Fund, Inc., Helios Strategic Income Fund, Inc., Helios Advantage Income Fund, Inc., and Helios High Income Fund, Inc. have not joined the motion, but they do not oppose it. (See Defs.' Mot. to Consolidate and Mem. of Law in Supp. 1 n. 1, ECF No. 18.)

[2] The docket entries in this Order generally refer to entries in case number 10-2514. Docket entries referenced with an asterisk (*) refer to those in case number 08-2192.

1.) Daniels alleges that, based on a contractual relationship between Regions Trust and Morgan Asset Management ("MAM"), Defendants violated fiduciary duties under ERISA by permitting the Regions ERISA Trusts to invest in the highly volatile RMK Funds. (See id. ¶¶ 56-64, 69-93.)

Substituting for Regions Trust, Daniels represents The Keith Smith Company, Inc. Employee Profit Sharing Plan; Holt Audio Visual & Video, Inc. 401(k) Plan; Colle Towing Company, Inc. Profit Sharing Plan; and Briscoe Production Company Employees Retirement Plan (collectively, the "Representative Plaintiff ERISA Trusts") and purports to represent a putative class of all similarly situated Regions ERISA Trusts. (See id. ¶ 5.) Defendants in the Daniels ERISA Action include Regions Financial Corporation ("Regions Financial") and its affiliated entities MAM; Morgan Keegan & Company, Inc. ("Morgan Keegan"); and MK Holding, Inc. ("Morgan Keegan Holding") (collectively, the "Morgan Keegan Entity Defendants"). (See id. ¶ 6.) Other Defendants are the successor entities to the RMK Funds: Helios Multi-Sector High Income Fund, Inc.; Helios Strategic Income Fund, Inc.; Helios Advantage Income Fund, Inc.; Helios High Income Fund, Inc.; and Helios Select Fund, Inc. (collectively, the "Fund Defendants"). (See id. ¶¶ 36-41.) Daniels has also sued four individuals associated with the Morgan Keegan Entity Defendants and the RMK Funds: G. Douglas Edwards, J. Kenneth Alderman, Allen B.

Morgan, Jr., and Brian B. Sullivan (collectively, the "Individual Defendants"). (See id. ¶¶ 42-46.)

Before Daniels filed suit, this Court had consolidated four other suits in the Hamby ERISA Action. (See Order Granting Plaintiffs' Mots. to Consolidate and Appoint Interim Class Counsel, ECF No. 47* ("Consolidation Order").) When they were consolidated, those suits, brought by present and former employees of Regions Financial, alleged violations of fiduciary duties under ERISA in the selection of investments by retirement plans sponsored by Regions Financial for its employees. (See id. at 2-4.) In consolidating those suits, the Court also appointed interim class counsel and directed counsel to file an amended consolidated complaint, "setting forth the ERISA class claims to be pursued . . . , including any sub-class claims." (Id. at 11.)

With leave of Court, Plaintiffs in the Hamby ERISA Action (the "Hamby Plaintiffs") filed a Second Amended Consolidated Class Action Complaint for Violation of ERISA ("Second Amended Complaint"). (See Pls.' Unopposed Mot. and Mem. in Supp. of their Mot. for Leave to File Second Consolidated Am. Compl., ECF No. 196*; Order Granting Pls.' Unopposed Mot. for Leave to File a Second Consolidated Amended Compl., ECF No. 203*; Second Am. Consolidated Class Action Compl. for Violation of ERISA, ECF No. 204* ("Second Am. Compl.").) In that complaint, the Hamby

4

Plaintiffs allege ERISA claims on behalf of four sub-classes, three of which involve ERISA plans sponsored by Regions Financial for its employees. (See Second Am. Compl. ¶ 3.) The fourth class, the "ERISA Plans Bond Fund Subclass," consists of "all ERISA-qualified plans in which Regions Bank d/b/a Regions Morgan Keegan Trust was or is appointed as the Plan Trustee or otherwise serves as an ERISA fiduciary, and whose plan assets were invested in certain RMK Bond Funds," including the RMK Funds identified in the Daniels ERISA Action. (See id. ¶ 6.) Representative plaintiffs include former employees of Regions Financial and James K. Smith II, an employee of the Keith Smith Company and a participant in the Keith Smith Company, Inc. Employee Profit Sharing Plan, one of the Representative Plaintiff ERISA Trusts in the Daniels ERISA Action. (See id. ¶ 42.) Defendants in the Hamby ERISA Action include the Morgan Keegan Entity Defendants and the Individual Defendants named in the Daniels ERISA Action. (See id. ¶¶ 43-50, 62.) The Fund Defendants sued in the Daniels ERISA Action have not been sued in the Hamby ERISA Action.

**II.  Analysis**

Under Federal Rule of Civil Procedure 42, where actions before a court "involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue

any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P 42(a). That rule provides a court with broad discretion to consolidate similar actions pending before it. Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993) (citation omitted). "A court may issue an order of consolidation on its own motion, and despite the protestations of the parties." Id. In deciding whether to consolidate cases, the court must consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. (citing Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985)).

Defendants argue that, with the addition of the ERISA Plans Bond Fund Subclass to the Hamby ERISA Action in the Second Amended Complaint, the allegations, claims, and relief sought in the Daniels ERISA Action are duplicative of those in the Hamby ERISA Action in "all significant respects." (See Defs.' Mot. to Consolidate 3.) Because the Daniels ERISA Action arises out of the "same operative facts" as the Hamby ERISA Action, Defendants argue that the actions should be consolidated. (See id.; see also Consolidation Order 10.) Daniels argues that the

6

Consolidation Order does not automatically apply to his action because, before the Second Amended Complaint was filed, the plaintiffs in the four cases that were consolidated in the Hamby ERISA Action were all present or former employees of Regions Financial, and none of them had alleged ERISA claims arising out of the contractual relationship between Regions Trust and MAM alleged in the Daniels ERISA Action.  (See Pl.'s Resp. 3-4.)  Daniels argues that the claims in his action do not arise out of the "same operative facts" as the claims in the Hamby ERISA Action because that term, as used in the Consolidation Order, refers to the facts as alleged at the time of the Consolidation Order and does not refer prospectively to facts added by later amendment.  (See id.; see also Consolidation Order 10.)

Daniels' argument that the Consolidation Order does not apply to prospective amendments is not well-taken.  The Consolidation Order states that it "shall apply automatically to all other substantively related actions arising out the same operative facts as the Consolidated Action and involving claims under ERISA, which have been filed, may be filed, or are transferred to this Court."  (Consolidation Order 10.)  When the Court consolidated the claims in the Hamby ERISA Action, it also directed interim class counsel to file a second amended complaint "setting forth the ERISA class claims to be pursued . . . , including any sub-class claims."  (Id. at 11 (emphasis

7

added).)  When giving that instruction, the Court was aware that the "operative facts" might change and that sub-classes might be added.  (See id.)  The facts alleged in the Second Amended Complaint are now the "operative facts" within the meaning of the Consolidation Order.

Daniels does not argue, nor could he, that the claims in his action do not arise out of the same operative facts alleged in the Second Amended Complaint.  Both actions assert similar claims about whether the Morgan Keegan Entity Defendants and the Individual Defendants breached fiduciary duties under ERISA by investing funds that Regions Trust held in trust and custodial accounts in the RMK Funds.  Those claims raise significant common legal and factual issues, and the risk of prejudice and possible confusion are outweighed by gains in judicial economy.  See Fed. R. Civ. P. 42(a).  Because the Daniels ERISA Action alleges claims arising out of the same operative facts as the Hamby ERISA Action, the actions should be consolidated under the terms of the Court's Consolidation Order.

Although actions may be consolidated, they "retain their separate identity."  Lewis v. ACB Bus. Servs., 135 F.3d 389, 412 (6th Cir. 1998) (citation omitted).  Consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."  Id.  As the Court of Appeals has explained, "it is

8

the district court's responsibility to ensure that parties are not prejudiced by consolidation." Id. at 412-13.

Daniels alternatively argues that, if consolidation is granted, the Court must avoid four potentially prejudicial consequences. (See Pl.'s Resp. 4.) To avoid those consequences, Daniels suggests that: (1) claims on behalf of the Regions ERISA Trusts be treated as having been filed no later than July 12, 2010, the date of the complaint in the Daniels ERISA Action; (2) any claims in the Daniels ERISA Action that may be asserted only by a trustee be preserved; (3) any claims in the Daniels ERISA Action against Defendants that are not also Defendants in the Hamby ERISA Action be preserved; and (4) if the representative plaintiffs in the Hamby ERISA Action are later challenged as inadequate to represent the ERISA Plans Bond Fund Subclass, substitution of representative plaintiffs from the Daniels ERISA Action be permitted. (See id.) Those concerns are well-taken, and the Court incorporates them.

### III. Conclusion

Defendants' motion for consolidation is GRANTED. It is ORDERED that:

(1) The ERISA action Daniels v. Morgan Asset Management, Inc., et al., No. 10-2519, be consolidated with In re Regions Morgan Keegan ERISA Litigation, No. 08-2192. The Clerk is DIRECTED to consolidate those actions under case number 08-2192.

9

(2) The claims asserted on behalf of the Regions ERISA Trusts in the Daniels ERISA Action shall be deemed to have been filed no later than July 12, 2010.

(3) Any claims that may be asserted only by a trustee or custodian and any claims against individuals or entities that are not Defendants in the Hamby ERISA Action are not extinguished by this Order. The Hamby Plaintiffs shall consult with Daniels to determine how to proceed with any unique claims asserted in the Daniels ERISA Action and shall file an appropriate motion with this Court.

(4) If Defendants subsequently object to the adequacy of the representative plaintiffs in the consolidated action In re Regions Morgan Keegan ERISA Litigation, No. 08-2192, substitution will be permitted in accordance with the Federal Rules of Civil Procedure.

So ordered this 25th day of April, 2011.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE