IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| IN RE: REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE, AND ERISA LITIGATION | ) ) ) |
| MERITAN, INC., as sponsor of the Senior Services Pension Plan; SENIOR SERVICES PENSION PLAN; and GENERUS STEPPING STONES, INC., | ) ) ) ) ) |
| | ) ) No. 08-2757 |
| Plaintiffs, | ) MDL 2009 |
| | ) |
| v. | ) |
| | ) |
| REGIONS BANK d/b/a REGIONS MORGAN KEEGAN TRUST and MORGAN ASSET MANAGEMENT, INC., | ) ) ) |
| Defendants. | ) |
| IN RE REGIONS MORGAN KEEGAN ERISA LITIGATION | ) ) ) |
| TERRY HAMBY, et al., | ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 08-2192 |
| | ) |
| MORGAN ASSET MANAGEMENT, Inc., et al., | ) ) |
| Defendants. | ) |

---

ORDER GRANTING DEFENDANTS' MOTION TO CONSOLIDATE

---

Plaintiffs Meritan, Inc. ("Meritan"), Senior Services Pension Plan (the "Plan"), and Generus Stepping Stones, Inc. ("Generus" and, collectively, "Plaintiffs"), allege claims under the Employee Retirement Income Security Act of 1974 ("ERISA"),

29 U.S.C. §§1001 et seq., and Tennessee law against Defendants Regions Bank ("Regions") and Morgan Asset Management, Inc. ("MAM" and, collectively, "Defendants"). (See Second Am. Compl. ¶¶ 24-52, ECF No. 46.[1])

Before the Court is Defendants' December 6, 2010 Motion to Consolidate Plaintiffs' action with a related action also pending before this Court, In re Regions Morgan Keegan ERISA Litigation, No. 08-2192 (the "ERISA Class Action"). (See Defs.' Mot. to Consolidate and Mem. of Law in Supp., ECF No. 78.) ("Mot.") Plaintiffs responded in opposition on December 14, 2010. (See Pls. Opp'n to Defs.' Mot. to Consolidate Case with ERISA Class Proceedings, ECF No. 80.) ("Resp.") With leave of court, Defendants filed a reply on December 30, 2010. (See Reply Mem. in Further Supp. of Defs.' Mot. to Consolidate, ECF No. 84; Order Granting Mot. for Leave to File a Reply, ECF No. 83.) For the following reasons, Defendants' Motion is GRANTED.

I.   **Background**

Meritan is a non-profit corporation with its principal place of business in Memphis, Tennessee. (See Second Am. Compl. ¶ 1.) Meritan sponsors the Plan, an employee benefit plan established under ERISA for Meritan's employees. (Id.) Generus is a non-profit corporation with its principal place of business

---

[1] The docket entries in this Order generally refer to entries in case 08-2757. Docket entries referenced with an asterisk (*) refer to those in case 08-2192.

in Mississippi. (Id. ¶ 2.) It is "affiliated with Meritan." (Id.) Regions is a national bank headquartered in Birmingham, Alabama, that provided trust services under the name Regions Morgan Keegan Trust. (See id. ¶ 3.) MAM is a registered investment advisor headquartered in Birmingham, Alabama, that advised Regions. (Id. ¶ 4.)

Meritan and Generus are charitable corporations that provide services to senior citizens. (Id. ¶ 8.) In September 2003, Meritan hired Regions to serve as trustee of the Plan. (Id. ¶ 9.) Meritan informed Regions that, as a defined benefit plan, the Plan was "legally required to have a certain portion of its obligations secured by existing assets." (Id. ¶ 10.) Thus, if it suffered losses, Meritan would be required to take assets from its charitable activities and redirect them to the Plan. (Id.) After Meritan hired Regions, Regions entered into an Investment Advisory Services Agreement with MAM (the "Agreement"), which gave MAM discretionary authority to invest the Plan's assets. (Id. ¶ 5.)

Through Regions and MAM, the Plan invested $2 million in the Regions Morgan Keegan High Income Fund (the "High Income Fund") and the Regions Morgan Keegan Select Intermediate Bond Fund (the "Intermediate Fund" and, collectively, the "Funds"). (See id. ¶ 11.) Regions and MAM purchased additional shares in the Funds for the Plan in 2004, 2005, and 2006. (Id. ¶ 14.) In

July 2006, the Plan held shares in the Funds worth $3.8 million. That investment was twenty-nine percent (29%) of the Plan's assets. (Id.) Generus invested $93,000 of its own assets in the Intermediate Fund from 2006 to 2007. (Id. ¶ 15.)

The Funds were poor investments for the Plan and Generus. (Id. ¶ 16.) The Funds invested heavily in complex securities whose risk and value were difficult to assess; the Funds ignored their stated policies and invested more than fifteen percent (15%) of their assets in illiquid securities; they invested in "subprime investment structures" and other "subjectively valued" assets; they invested in assets backed by "non-conforming" mortgages; they falsely represented themselves as employing "value-oriented" investing strategies; and they charged fees higher than comparable funds. (Id.) In their August 2007 filings with the Securities and Exchange Commission, the Funds disclosed that they had experienced asset liquidity and valuation problems and that they had retained a consultant to value their holdings. (Id. ¶ 18.) After those filings, the Funds' market value plummeted. (Id. ¶ 19.)

On August 15, 2007, Meritan received an email from David D. Franks ("Franks"), Plaintiffs' principal contact at Regions, stating that the Plan's holdings in the Funds had been liquidated because, although the Funds had only limited exposure to subprime assets, "[s]ub-prime mortgage fears made the[]

4

[F]unds guilty by association." (See id. ¶¶ 9, 19.) That email understated the Funds' subprime positions and failed to disclose the true reasons for the Funds' plummeting value. (Id. ¶ 20.) At the time of the email, Regions had liquidated less than half of the Plan's and Generus' shares in the Funds. (Id. ¶ 21.) MAM and Regions did not completely liquidate the Plan's stake in the Funds until November 21, 2007, when the Plan had lost more than half of its investment—more than $1.5 million. (Id. ¶ 22.) MAM and Regions did not sell Generus' stake until November 30, 2007, which also resulted in a "huge loss." (Id. ¶ 23.)

Based on the facts alleged, Plaintiffs brought an action against Regions and Franks in the Chancery Court for the Thirtieth Judicial District at Memphis, Tennessee, on October 6, 2008. (See Compl. for Damages, ECF No. 1-2.) Although Plaintiffs' complaint did not refer to ERISA, on November 3, 2008, Regions and Franks removed the action to this Court, stating that Plaintiffs' claims arose under ERISA and that Franks had been fraudulently joined to destroy diversity. (See Joint Notice of Removal, ECF No. 1.) On November 20, 2008, Plaintiffs filed an amended complaint that deleted the claims against Franks and added an ERISA claim on behalf of Meritan and the Plan. (See First Am. Compl. ¶¶ 46-50, ECF No. 10.) On November 25, 2009, with leave of court, Plaintiffs filed a second amended complaint that added MAM as a defendant. (See

Second Am. Compl., ECF No. 46; Order, ECF No. 45.)   On February 25, 2010, the Court consolidated Plaintiffs' action with <u>Kaplan v. Regions Bank</u>, No. 08-2422; <u>Thompson v. Regions Bank</u>, No. 08-2533; <u>Olsen v. Regions Bank</u>, No. 09-2017;[2] and <u>Parris v. Regions Bank</u>, No. 09-2462, "for the purposes of all pre-trial matters and discovery."   (<u>See</u> Order Consolidating Cases for Pre-trial and Discovery Purposes, ECF No. 69.)

Before Plaintiffs' action was removed, this Court had consolidated four other suits into the ERISA Class Action.   (<u>See</u> Order Granting Plaintiffs' Mots. to Consolidate and Appoint Interim Class Counsel, ECF No. 47* ("Consolidation Order").)   When they were consolidated, those suits, brought by present and former employees of Regions Financial Corporation ("Regions Financial"), alleged violations of fiduciary duties under ERISA in the selection of investments by retirement plans sponsored by Regions Financial for its employees.   (<u>See</u> <u>id.</u> at 2-4.)   In consolidating the suits, the Court also appointed interim class counsel and directed counsel to file an amended consolidated complaint, "setting forth the ERISA class claims to be pursued . . . , including any sub-class claims." (<u>Id.</u> at 11.)

On October 28, 2010, with leave of Court, Plaintiffs in the ERISA Class Action (the "Class Plaintiffs") filed a Second

---

[2] On June 23, 2010, the Court remanded <u>Olsen v. Regions Bank</u>, No. 09-2017, to the Chancery Court for Shelby County, Tennessee, after Plaintiffs amended their complaint to add MAM, which destroyed complete diversity.  <u>See</u> <u>Olsen v. Regions Bank</u>, No. 09-2017, 2010 WL 2594288 (W.D. Tenn. June 23, 2010).

Amended Consolidated Class Action Complaint for Violation of ERISA. (See Pls.' Unopposed Mot. and Mem. in Supp. of their Mot. for Leave to File Second Consolidated Am. Compl., ECF No. 196*; Order Granting Pls.' Unopposed Mot. for Leave to File a Second Consolidated Amended Compl., ECF No. 203*; Second Am. Consolidated Class Action Compl. for Violation of ERISA, ECF No. 204* ("Class Compl.").) In that complaint, the Class Plaintiffs allege ERISA claims on behalf of four sub-classes, three of which consist of ERISA plans sponsored by Regions Financial for its employees. (Class Compl. ¶ 3.) The fourth class, the "ERISA Plans Bond Fund Subclass," consists of

> all ERISA-qualified plans in which Regions Bank d/b/a Regions Morgan Keegan Trust was or is appointed as the Plan Trustee or otherwise serves as an ERISA fiduciary, and whose plan assets were invested in certain RMK Bond Funds in connection with or as a result of Investment Advisory Services Agreements between Regions Bank and Morgan Asset Management, Inc.

(Id. ¶ 6.)

Defendants have moved to consolidate Plaintiffs' action with the ERISA Class Action. (See Mot.) Plaintiffs oppose consolidation. (See Resp.)

## II. Analysis

Under Federal Rule of Civil Procedure 42, where actions before a court "involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue

any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). That rule provides a court with broad discretion to consolidate similar actions pending before it. Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993) (citation omitted). "A court may issue an order of consolidation on its own motion, and despite the protestations of the parties." Id. In deciding whether to consolidate cases, the court must consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. (citing Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985)).

Defendants argue that Plaintiffs' action should be consolidated with the ERISA Class Action because Plaintiffs' claims overlap in fact and law with those of the Class Plaintiffs in the ERISA Plans Bond Fund Subclass and, therefore, that the Consolidation Order in the ERISA Class Action should apply to Plaintiffs' action. (See Mot. 4-5.) Plaintiffs argue that the Court has already rejected Defendants' consolidation argument in a prior order. (See Resp. 2; see also Order Denying Defs.' Mots., ECF No. 73.) Plaintiffs also argue that they

would be prejudiced by consolidation because their state-law claims would be barred by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§ 78bb(f), 77p. (<u>See</u> Resp. 3-4.)

The Consolidation Order in the ERISA Class Action states that it "shall apply automatically to all other substantively related actions arising out [of] the same operative facts as the Consolidated Action and involving claims under ERISA, which have been filed, may be filed, or are transferred to this Court." (<u>Id.</u> at 10.) When that Order was entered, the claims in the ERISA Class Action arose only from ERISA plans sponsored by Regions Financial for its employees. In their most recent complaint, Class Plaintiffs have added the ERISA Plans Bond Fund Subclass. (<u>See</u> Class Compl. ¶ 6.)

Plaintiffs have asserted claims that arise out of the same operative facts and are substantially related to the claims of the Class Plaintiffs in the ERISA Plans Bond Fund Subclass. Class Plaintiffs in that Subclass assert claims on behalf of "all ERISA-qualified plans in which Regions Bank d/b/a Regions Morgan Keegan Trust was or is appointed as the Plan Trustee or otherwise serves as an ERISA fiduciary, and whose plan assets were invested in certain RMK Bond Funds," including the High Income Fund and the Intermediate Fund at issue in Plaintiffs' action. (<u>See</u> Class Compl. ¶¶ 4 n. 1, 6; Second Am. Compl. ¶¶

11-12.)  The Class Plaintiffs allege that those Funds were inappropriate investments for their ERISA-qualifying plans for the same reasons that Plaintiffs allege that the Funds were inappropriate for them.  (Compare Class Compl. ¶¶ 6, 252-88, with Second Am. Compl. ¶¶ 13-16.)  Defendants in the ERISA Class Action include Regions Bank and MAM, the defendants in Plaintiffs' action.  (See Class Compl. ¶¶ 48, 50; Second Am. Compl. ¶¶ 3-4.)

Although the Court has denied a motion for consolidation by Defendants, the facts supporting the Court's conclusion have changed.  (See Order Denying Defs.' Mots. 10-11.)  Defendants argued that a consolidation order issued in the master case for the Regions Morgan Keegan Open-End Mutual Fund Litigation, No. 07-2784, consolidated Plaintiffs' action with the Open-End Mutual Fund Litigation and, therefore, that SLUSA preempted Plaintiffs' state-law claims.  (See Mem. of Supp. of Regions Bank's Mot. to Dismiss, ECF No. 56-1.)   In its September 27, 2010 Order Denying Defendants' Motions, the Court rejected that argument, explaining that its February 25, 2010 Order recognized that Plaintiffs and plaintiffs in Thompson, Olsen, and Parris were distinct from the plaintiffs in the Open-End Fund Litigation because they had sued "based solely on their status as trust beneficiaries, not as individual shareholders." (Order Denying Defs.' Mots. 10-11.)  The September 27, 2010 Order also

noted that, because the consolidation order in the Open-End Fund Litigation had been entered before the February 25, 2010 Order, accepting Defendants' argument would make the latter a nullity. (<u>See</u> <u>id.</u>; <u>see also</u> <u>In re Regions Morgan Keegan Open-End Mutual Fund Litig.</u>, No. 07-2784, ECF No. 154, at 39 (W.D. Tenn. Sept. 23, 2008).)

The Consolidation Order in the ERISA Class Action, on which Defendants now rely, was also entered before the Court's February 25, 2010 Order. (<u>See</u> Consolidation Order.) However, concluding that the Consolidation Order applies to Plaintiffs' action would not make this Court's February 25, 2010 Order a legal nullity. (<u>Cf.</u> Order Denying Defs.' Mot. 10-11.) When the February 25 Order was entered, Plaintiffs' claims were in fact distinct from those in the ERISA Class Action. (<u>Id.</u>) Since then, the operative facts in the ERISA Class Action have changed, as the Court anticipated they would. <u>See</u> <u>Daniels v. Morgan Asset Mgmt. (In re Regions Morgan Keegan Secs., Derivative, ERISA Litig.)</u>, Nos. 10-2514, 08-2192, MDL 2009, 2011 WL 1565966, at *3 (W.D. Tenn. Apr. 25, 2011). Plaintiffs' argument that the Court should deny Defendants' motion to consolidate for the reasons it denied Defendants' earlier motion is not well-taken.

It is true that, if Plaintiffs' action were consolidated with the ERISA Class Action, Generus' state-law claims might be

preempted by SLUSA.[3]   Under SLUSA, private parties may not maintain a "covered class action" based on state law in state or federal court that alleges "an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security."  15 U.S.C. §§ 77p(b), 78bb(f)(1)(A); Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit, 547 U.S. 71, 74 (2006).  Consolidated cases are considered covered class actions under SLUSA.  See 15 U.S.C. § 78bb(f)(5)(B)(ii) (stating that a "covered class action" includes "any group of lawsuits filed in or pending in the same court and involving common questions of law or fact [where] . . . the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose"); cf. In re Worldcom Sec. Litig., 308 F. Supp. 2d 236, 247 (S.D.N.Y. 2004) (explaining that SLUSA was intended "to preempt state court litigation whenever separately filed suits are consolidated").

Plaintiffs have not directed the Court to any authority for the proposition that the preemption of Generus' claims constitutes unfair prejudice.  Generus could have filed its

---

[3] The Second Amended Complaint appears to assert state-law claims for misrepresentation, breach of fiduciary duty, negligence under Tennessee common law, and violations of the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101 et seq., and the Tennessee Securities Act, Tenn. Code Ann. §§ 48-2-101 et seq., on behalf of all Plaintiffs. (Second Am. Compl. ¶¶ 24-47.)  Before Plaintiffs filed that complaint, however, Meritan and the Plan conceded, and the Court concluded, that ERISA preempted their state-law claims.  (Order Granting in Part, Denying in Part Mot. to Dismiss 8, ECF No. 29.)  Therefore, the Count construes the Second Amended Complaint to allege state-law claims on behalf of Generus only.

state-law claims in an independent action.  That those claims may be preempted because Generus chose to bring them with Meritan and the Plan's ERISA claims does not constitute unfair prejudice.  Plaintiffs' argument to the contrary is not well-taken.

Both Plaintiffs' action and the ERISA Class Action assert claims that Regions and MAM breached their fiduciary duties under ERISA by investing assets in the Funds.  Those claims raise significant common legal and factual issues, and the risk of prejudice and possible confusion are outweighed by gains in judicial economy.  See Fed. R. Civ. P. 42(a).  Because the Plaintiffs' action alleges claims arising out of the same operative facts as and is substantively related to the ERISA Class Action, the actions should be consolidated under the terms of the Court's Consolidation Order.

Because Defendants' motion to consolidate is well-taken, Plaintiffs' action will be consolidated with the ERISA Class Action.  Plaintiffs' action will be closed administratively. See Ach Food Companies, Inc. v. Wiscon Corp., No. 04-2589-BV, 04-2892-MIV, 2004 WL 3314916, at *1 (W.D. Tenn. Dec. 30, 2004) ("Historically, in this district, when cases are consolidated, they are normally assigned the earlier-filed case number, and the other case is generally administratively closed.")

**III. Conclusion**

Defendants' motion for consolidation is GRANTED. Plaintiffs' action, <u>Meritan, Inc., et al. v. Regions Bank, et al.</u>, No. 08-2757, is consolidated with the ERISA Class Action, <u>In re Regions Morgan Keegan ERISA Litigation</u>, No. 08-2192. The Clerk is DIRECTED to consolidate those actions under case number 08-2192. The Clerk is DIRECTED to close administratively Plaintiffs' action, case number 08-2757.

So ordered this 23d day of June, 2011.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

14