UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
(MEMPHIS DIVISION)

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN ERISA LITIGATION ) )  ) ) ) ) ) | Master File No. 2:08-cv-02192  Judge Samuel H. Mays, Jr. |

**STIPULATED PROTECTIVE ORDER**

Considering the joint submission of the parties through their undersigned counsel in the *In Re Regions Morgan Keegan ERISA Litigation*, Master File No.: 2:08-cv-2192 (WD TN) of an agreed form of protective order, and in view of the fact that certain information requested through the discovery process in the *In Re Regions Morgan Keegan ERISA Litigation* is asserted to be confidential,

**IT IS HEREBY ORDERED:**

1.  The terms of this Protective Order shall govern the disclosure, use and disposition of materials disclosed by any party or non-party in the *In Re Regions Morgan Keegan ERISA Litigation*.

2.  "Confidential Information" means any information of any type, kind, or character, which is considered as confidential in the manner specified in this Order. "Confidential Information" may include information in any form, whether it be a document, information contained in a document, information revealed during testimony, information revealed in an interrogatory answer or response to a request for production, information revealed in a response to a request for admission, or otherwise. "Confidential Information" shall include both Tier One Confidential Information and Tier Two Confidential Information.

**Types of Confidential Information**

3. There are two types of Confidential Information: Tier One Confidential Information and Tier Two Confidential Information.

4. Tier One Confidential Information shall consist of information, documents and other materials that are designated as confidential in accordance with the terms hereof. Such information, documents and other materials may but need not necessarily consist of information that is subject to privilege or protective doctrine; is nonpublic; is considered to be commercially sensitive or proprietary; falls within the term "trade secret;" or, is regarded as confidential. Illustrative, non-exclusive examples include tax returns, financial information, personnel files, and personal information regarding employees.

5. Tier Two Confidential Information shall consist of all other information, documents and materials.

**Designation of Confidential Information**

6. Tier One Confidential Information shall be designated by marking "CONFIDENTIAL," or a designation similar in substance, on the tangible thing or each page of a document containing such Confidential Information.

7. In the event that one copy of a document is properly designated as containing Tier One Confidential Information and one or more copies of the document or the original are also produced but not so designated, the copies or original shall also be treated as Tier One Confidential Information if the receiving party is aware of such fact. In any event, if written notice of the inconsistent designation is given to the receiving party, the receiving party shall be charged with marking as "CONFIDENTIAL" those originals and copies previously not so marked, and with maintaining the appropriate confidence after such designation.

8. In the case of a transcript, a party claiming that information contained therein is Tier One Confidential Information shall advise all other counsel in writing, within ten (10) days following receipt of the transcript, of the portion of the transcript to be treated as Tier One Confidential Information. Alternatively, information disclosed at a deposition or hearing may be designated by the disclosing party as Tier One Confidential Information by indicating on the record at the deposition or hearing those portions or categories of information or testimony that are Tier One Confidential Information. The portions of the testimony containing Tier One Confidential Information shall be stamped "CONFIDENTIAL" by the court reporter, and access thereto shall be limited as provided herein. Transcripts shall be maintained as if they were Tier One Confidential Information for not less than fifteen (15) days following receipt of the transcript (or longer if designated).

9. Any material which is being produced in an electronic format, whether by CD-ROM, computer disk, magnetic tape, or otherwise, may be designated "Tier One Confidential Information" by marking the object or thing containing the information sought to be designated.

10. Confidential Information shall not lose its confidential character simply because the information and documents are designated as exhibits to a deposition, memorandum, motion, or other matter, regardless whether the item to which the exhibit is attached is itself designated, in whole or in part, as "CONFIDENTIAL."

11. Tier Two Confidential Information shall be designated by marking "CONFIDENTIAL," or a designation similar in substance, on the tangible thing or each page of a document containing such Confidential Information, with an additional designation of "TIER TWO" to indicate its designation as Tier Two Confidential Information.

**Use of Confidential Information**

12. All Confidential Information produced or disclosed by any party or third-party in the *In Re Regions Morgan Keegan ERISA Litigation* shall be subject to the following restrictions;

   a. The documents and information shall be used solely for the purpose of the *In Re Regions Morgan Keegan ERISA Litigation*, and shall not be used for any other purpose, including but not limited to in connection with the action captioned *In re Regions Morgan Keegan Closed-End Fund Litg.*, 2:07-cv-02830-SHM-dkv (W.D. Tenn.) (collectively with actions pending as part of *In re Regions Morgan Keegan Securities, Derivative & ERISA Litig.,* 2:09-md-02009-SHM (W.D. Tenn.) ('Related Actions')";

   b. The documents and information shall not be shown or communicated in any way inconsistent with this Protective Order, and shall not be shown or communicated to anyone other than those categories of persons designated herein; and

   c. No person receiving Confidential Information pursuant to the terms of this Protective Order shall disclose it to anyone except as expressly allowed by this Protective Order.

The foregoing shall not restrict a party or its counsel from using documents that are or have been produced separately in another matter, that are not confidential and were obtained prior to the entry of this Order, or that were obtained by a party or its counsel without restriction by some legitimate means other than production in this case.

13. Each party shall cause its employees, counsel, witnesses, experts and others to maintain and protect the confidentiality of the Confidential Information in accordance with the terms of this Protective Order, All persons having access to Confidential Information shall be put on notice that violation of the Protective Order shall subject them to sanctions.

14. Each individual who receives Confidential Information agrees to subject himself or herself to the jurisdiction of this Court for purposes of any and all proceedings relating to compliance with or violation of this Protective Order.

15. The restrictions on use of Tier Two Confidential Information shall cease on the earlier of the following:

    a. Mutual agreement for disclosure among the producing entity and all parties to the *In Re Regions Morgan Keegan ERISA Litigation*; or,

    b. The lifting or dissolution of the stay of discovery in the Related Actions in the United States District Court for the Western District of Tennessee.

16. In the event that confidentiality is terminated and the protective order is lifted as to Tier Two Confidential Information, confidentiality shall be maintained as to all Tier One Confidential Information until the Court orders, or the parties agree, to terminate confidentiality and lift the protective order as to such information or any of it.

17. Nothing in this protective order shall be deemed a waiver of any rights to relief the parties may have under the Private Securities Litigation Reform Act, 15 U.S.C. §§ 77z-1(b)(1), 78u-4(b)(3)(B), or the Securities Litigation Uniform Standards Act, 15 U.S.C. §§ 77z-1(b)(4), 78u-4(b)(3)(D), or a compromise of any disputes the parties may have with respect to any discovery disputes.

### Persons with Whom Confidential Information May Be Shared

18. Access to Confidential Information shall be restricted solely and exclusively to the following persons, who hereinafter may be referred to as "Qualified Persons:"

    (i) Counsel of record for any party to the *In Re Regions Morgan Keegan ERISA Litigation*, but only for use in the *In Re Regions Morgan Keegan ERISA Litigation*.

    (ii) Clerical personnel and paralegals employed by such attorneys and parties, and law partners and associate attorneys employed by such attorneys and parties, but only in the course of assisting the attorneys of record in the *In Re Regions Morgan Keegan ERISA Litigation*.

    (iii) The parties who are individuals, as well as employees or representatives of each of the non-individual parties, but only to the extent that such employee or representative reasonably requires access to such information for the

- 5 -

purpose of assisting in the *In Re Regions Morgan Keegan ERISA Litigation*, and then only after executing a document in the form of Exhibit "A" attached hereto, which document shall be maintained by disclosing counsel.

(iv) Any consulting or testifying expert who: (1) has been retained by a party or its attorneys as an expert in one of the *In Re Regions Morgan Keegan ERISA Litigation*, but only for use in such case; and, prior to gaining such access, (2) has signed a document in the form of Exhibit "A" attached hereto, which document shall be maintained by disclosing counsel.

(v) Witnesses in the *In Re Regions Morgan Keegan ERISA Litigation* (but only for use in the *In Re Regions Morgan Keegan ERISA Litigation*) who have been provided a copy of this Order and who have signed a document in the form of Exhibit "A" attached hereto, which document shall be maintained by disclosing counsel. Under no circumstance will a witness be permitted to retain any document marked or considered as Confidential Information.

(vi) Deponents in the *In Re Regions Morgan Keegan ERISA Litigation* (but only for use in the *In Re Regions Morgan Keegan ERISA Litigation*) who, prior to disclosure of Confidential Information, have been provided a copy of this Order and either (a) have signed a document in the form of Exhibit "A" hereto, which document shall be presented to all counsel at the deposition and maintained by disclosing counsel, or (b) have been asked on the record at the deposition to sign a document in the form of Exhibit "A" hereto but have refused to do so, in which event the deponent shall be informed that he/she nonetheless is subject to this Order and its terms and must treat Confidential Information confidentially as set forth herein. Under no circumstance will a deponent be permitted to retain any document marked or considered as Confidential Information.

(vii) Judges and magistrates, court personnel, and court reporters and videographers attending or transcribing a deposition or hearing containing Confidential Information, and then only in connection with the *In Re Regions Morgan Keegan ERISA Litigation*.

(viii) Any other person who is designated to receive Confidential Information by: (1) stipulation of the designating party or nonparty; or, (2) Order this Court.

19.     Confidential Information received by a party may be disclosed without the prior written consent of the designating entity and without first obtaining a signed document in the form of Exhibit "A" attached hereto, to officers of the designating entity.

20. All documents, testimony and other materials containing Confidential Information, as well as duplicates, notes, memoranda and other documents referring in whole or in part to the confidential materials, shall be maintained in strictest confidence by all parties and their counsel. No persons other than persons identified in Paragraph 18, subparagraphs (i), (ii), (vii), and (viii), and Paragraph 19 of this Protective Order, shall review or participate in the review of any Confidential Information until that person signs an agreement in the form attached hereto as Exhibit "A," binding that person to the terms of this Protective Order; provided, however, that deponents may be permitted to review Confidential Information without first signing an agreement in the form of Exhibit "A," but only in strict accordance with Paragraph 18(vi). Persons to whom disclosure can be made by execution and delivery of a copy of Exhibit "A" shall be limited, as specified in Paragraph 18 of this Protective Order.

21. Prior to the disclosure of any Confidential Information to any person specified in Paragraph 18, subparts (iii), (iv), (v), and (vi), counsel shall advise said person of the provisions of this Order and, except in strict compliance with subpart (vi), said person must agree to be bound by all the terms of this Order, including agreeing to maintain the Confidential Information in confidence and agreeing not to use or disclose the Confidential Information except in accordance with the terms of this Order, In addition, all deponents to whom Confidential Information is disclosed at deposition without first obtaining an Exhibit "A" agreement are hereby ordered to comply with the terms of this Order, including maintaining the disclosed Confidential Information in confidence and not disclosing or using the Confidential Information except in accordance with the terms of this Order. Counsel shall retain all Exhibit "A" undertakings signed during the course of these proceedings.

22. When any document that includes Confidential Information is filed in the *In Re Regions Morgan Keegan ERISA Litigation*, all or that portion of such document shall be filed in a sealed envelope designating it as subject to this Protective Order, and when so filed, the same shall be opened only by authorized personnel.

23. This Protective Order does not limit the right of the producing entity to use its own Confidential Information for any purpose.

24. The parties, their attorneys and expert witnesses may retain copies of Confidential Information through the end of the *In Re Regions Morgan Keegan ERISA Litigation* in which they are involved. All retained documents shall be subject to the recovery provisions set forth in paragraph 34 below.

25. If Confidential Information in the possession of a party to the *In Re Regions Morgan Keegan ERISA Litigation* (or of anyone who obtained such Confidential Information pursuant to the terms of this Protective Order) is subpoenaed or requested by any court, administrative agency, legislative body, or any other person, the person to whom the subpoena is directed shall (i) immediately notify in writing counsel for the designating entity and for all parties to the *In Re Regions Morgan Keegan ERISA Litigation*, advising counsel of the response time for the order or subpoena, and (ii) notify the subpoenaing court, person or entity of the existence of this Protective Order and that the information demanded has been identified as confidential pursuant to this Protective Order. Moreover, that person shall cooperate with the designating entity to obtain as much time as possible prior to production, for the designating entity to take appropriate action. A person's voluntary compliance with a subpoena for that party's own Confidential Information shall not be construed as a waiver of the confidentiality provisions of this Protective Order.

26. All information provided by non-parties during the pendency of the *In Re Regions Morgan Keegan ERISA Litigation* is specifically subject to the terms of this Protective Order. Non-parties providing information may designate such information as Confidential Information in accordance with this Protective Order. All provisions of this Order, including those relating to the challenge of the assertion of confidentiality, shall apply to information provided by non-parties that is designated or considered as Confidential Information.

### Raising Challenges

27. This Protective Order shall be without prejudice to the right of the parties or designating entity to request additional or differing protection. A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

28. Any party may bring before the Court at any appropriate time the question of:

  (i) whether any particular information is or is not appropriately designated as Confidential Information;

  (ii) whether any person is or is not appropriately considered a Qualified Person;

  (iii) the need to be relieved of any obligation of the Protective Order; a modification of the Protective Order; and

  (iv) any other action affecting discovery in this case, the use of documents or information, or the Protective Order.

29. Prior to bringing any question before the Court, the parties shall try first to dispose of such dispute by meeting and conferring, in person or otherwise, in good faith on an informal basis.

30. Nothing herein is intended to or shall change the burden of proof.

**Inadvertent or Unintentional Disclosure**

31.     An inadvertent or unintentional disclosure of Confidential Information or privileged material will not be construed as a waiver, in whole or in part, of (i) any entity's claims of confidentiality either as to the specific information inadvertently or unintentionally disclosed or as to any other confidential material disclosed prior or after that date, or (ii) any entity's right to designate said material as Confidential Information pursuant to this Protective Order. This Protective Order does not in any way deprive any party of its right to contest another's claims to protection for Confidential Information.

Should any documents, testimony, or information designated as Confidential Information be disclosed, inadvertently or otherwise, to any person or party not authorized under this Order, then the party responsible for the disclosure shall use its best efforts to (i) promptly retrieve the disclosed documents, testimony, or information from such unauthorized person or party; (ii) promptly inform such person or party of all the provisions of this Order; (iii) promptly request such person or party sign the Acknowledgement attached as Exhibit "A;" and, (iv) promptly notify in writing all parties to the *In Re Regions Morgan Keegan ERISA Litigation*. Nothing in this paragraph shall limit the right of the entity that designated the Confidential Information to seek any appropriate sanction or remedy against the party that inadvertently or otherwise disclosed the Confidential Information to a person or party not authorized under this Protective Order.

32.     Privileged material that is inadvertently or unintentionally produced shall be returned to the producing party either upon request or promptly upon discovery of the inadvertent or unintentional disclosure, whichever occurs first. If the issue of privilege or intent of production is challenged, the receiving party may retain the alleged privileged material until

the issue is determined by the Court, but such material shall be treated as Tier One Confidential Information. The inadvertent or unintentional production of alleged privileged information shall not be construed or argued to be a waiver of privilege.

### Release and Destruction of Confidential Information

33.     This Protective Order shall survive the final termination of the *In Re Regions Morgan Keegan ERISA Litigation* and shall remain in effect after its conclusion. Within ninety (90) days after the conclusion of the *In Re Regions Morgan Keegan ERISA Litigation* (including any appeal), and subject to further order of the Court or written stipulation of the parties to such case, each party to the *In Re Regions Morgan Keegan ERISA Litigation* shall either (i) return all Confidential Information to the entity that designated the information as Confidential Information, or (ii) destroy all documents, exhibits, transcripts and all copies and summaries, and their pertinent parts, that contain Confidential Information. The destruction of materials as specified above includes pertinent portions of all notes, memoranda, summaries, or other documents in the possession, custody or control of any party or any entity or other person who had access to such information, including each party's attorneys, witnesses and experts. Any items not destroyed or returned, whether inadvertently or otherwise, shall remain encompassed by this Protective Order. Each party shall certify to all other parties the timely return or destruction of all Confidential Information.

**Miscellaneous Provisions**

34. Nothing herein shall prevent disclosure beyond the terms of this Order if the entity designating the information as Confidential Information consents in writing to such disclosure, or if the Court, after notice to all parties and the designating entity, briefing, and oral argument, orders such disclosure.

35. The Clerk of Court is directed to maintain under seal all Confidential Information, including without limitation documents, transcripts, answers to interrogatories, responses to requests for production and requests for admissions, affidavits, exhibits, briefs and memoranda, filed with the Court in the *In Re Regions Morgan Keegan ERISA Litigation* which have been designated or are considered, in whole or in part, as Confidential Information,

36. This Protective Order may only be modified (a) by mutual agreement of all interested parties on the record during a deposition or hearing, (b) by a written agreement signed by all interested parties, or (c) by subsequent order of the Court.

37. Nothing herein shall be deemed a waiver of any right of the parties hereto under federal law, or any other applicable law, or the doctrines of attorney-client privilege, joint defense or interest privilege, or attorney work product, or other protective doctrine.

DATED this 27th day of June, 2011.

        STEMBER FEINSTEIN DOYLE & PAYNE, LLC

        s/Ellen M. Doyle
        Ellen M. Doyle
        Pamina Ewing
        Stephen M. Pincus
        Edward J. Feinstein
        Allegheny Building, 17th Floor
        429 Forbes Avenue
        Pittsburgh, PA  15219
        Tel: (412) 281-8400
        Fax: (412) 281-1007
        edoyle@stemberfeinstein.com
        paminaewing@stemberfeinstein.com
        spincus@stemberfeinstein.com
        efeinstein@stemberfeinstein.com

        ***Interim Co-lead Counsel for the Class and Co-Counsel for Plaintiffs Hamby and Jackson***

        KELLER ROHRBACK L.L.P.
        Lynn L. Sarko
        Derek W. Loeser
        Margaret E. Wetherald
        Karin B. Swope
        1201 Third Avenue, Suite 3200
        Seattle, WA 98101-3052
        Tel.:  (206) 623-1900
        Fax:  (206) 623-3384
        lsarko@kellerrohrback.com
        dloeser@kellerrohrback.com
        mwetherald@kellerrohrback.com
        kswope@kellerrohrback.com

        ***Interim Co-Lead Counsel for the Class and Co-Counsel for Plaintiffs Harrison and Smith***

BASS BERRY & SIMS PLC
W. Brantley Phillips
Matthew M. Curley
Michael L. Dagley
150 Third Avenue South
Suite 2800
Nashville, TN 37201
(615) 742-6200
bphillips@bassberry.com
mcurley@bassberry.com
mdagley@bassberry.com

BASS BERRY & SIMS PLC
Michael A. Brady
Shepard D. Date
100 Peabody Place
Suite 900
Memphis, TN 38103
(901) 543-5900
mbrady@bassberry.com
state@bassberry.com

*Morgan Asset Management, Inc. and Morgan Keegan & Company, Inc.*

GROOM LAW GROUP
Christopher J. Rillo
Thomas F. Fitzgerald
Sarah A. Zumwalt
Thomas A. Gigot
1701 Pennsylvania Ave., N.W.
Washington, DC 20006-5811
(202) 857-0620
crillo@groom.com
tff@groom.com
szumwalt@groom.com
tsg@groom.com

*Counsel for the Regions Defendants and Individual Defendants*

WYATT TARRANT & COMBS
Robert E. Craddock, Jr.

Kristen M. Wilson
P.O. Box 775000
Memphis, TN 38177-5000
(901) 537-1000
rcraddock@wyattfirm.com
kwilson@wyattfirm.com

*Counsel for Individual Defendants*

MAYNARD COOPER & GALE, PC
Grace Robinson Murphy
Jeffrey A. Lee
Peter S. Fruin
William B. Wahlheim
1901 6th Avenue North
Suite 2400
Birmingham, AL 35203-2602
(205) 254-1068
gmurphy@maycooper.com
jlee@maynardcooper.com
pfruin@maynardcooper.com
wwahlheim@maynardcooper.com

*Counsel for the Regions Defendant
and Individual Defendants*

# EXHIBIT A

## ACKNOWLEDGMENT OF CONFIDENTIAL MATERIAL AND AGREEMENT TO BE BOUND BY THE TERMS OF THE PROTECTIVE ORDER

_____ declare as follows:

     1.    I have read the Protective Order and agree to be bound by its terms.

     2.    I understand that unauthorized disclosure or use of documents and information designated or considered as Confidential Information will breach this agreement and may subject me to sanctions, among other things.

     3.    I submit to the exclusive jurisdiction of the United States District Court for the Western District of Tennessee, for resolution of any and all disputes regarding the Protective Order, including its interpretation, meaning and construction; disputes regarding or arising from documents and information provided pursuant to or subject to the Order; and, allegations of breach or noncompliance with the Order. I further agree to accept service by mail of any pleading or notice pertaining to this Order, including without limitation its meaning, and specifically including any motion for sanctions.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____
Declarant

_____
Street Address (no post office box)

_____
City, State, zip code

**CERTIFICATE OF SERVICE**

I hereby certify that I have on June 27, 2011 filed the foregoing Stipulated Protective Order electronically with the Clerk of Court, which will send notification of such filing to counsel in this matter.

| | | |
|---|---|---|
| W. Brantley Phillips<br>bphillips@bassberry.com | Matthew M. Curley<br>mcurley@bassberry.com | Michael A. Brady<br>mbrady@bassberry.com |
| Michael L. Dagley<br>mdagley@bassberry.com | Shepherd D. Tate<br>state@bassberry.com | Christopher J. Rillo<br>crillo@groom.com |
| Grace Robinson Murphy<br>gmurphy@maycooper.com | Jeffrey A. Lee<br>jlee@maynardcooper.com | Sarah A. Zumwalt<br>szumwalt@groom.com |
| Thomas F. Fitzgerald<br>tff@groom.com | Thomas S. Gigot<br>tsg@groom.com | William B. Wahlheim<br>wwahlheim@maynardcooper.com |
| Peter S. Fruin<br>pfruin@maynardcooper.com | Robert E. Craddock, Jr.<br>rcraddock@wyattfirm.com | Kristen M. Wilson<br>kwilson@wyattfirm.com |

                s/ Ellen M. Doyle
                Ellen M. Doyle