**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN ERISA LITIGATION: | Civil Action No. 2:09-md-02009-SHM |
| This Document Relates to: | |
| *In re Regions Morgan Keegan ERISA Litig.* No. 2:08-cv-2192-SHM-dvk | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO THE REGIONS DEFENDANTS'**
**MOTION TO DISMISS CLAIMS IN COUNTS VI, VII AND X**
**OF THE THIRD AMENDED COMPLAINT**

Lynn L. Sarko
Derek W. Loeser
Margie Wetherhald
Karin Swope
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
Phone:  (206) 623-1900
Fax:  (206) 623-3384
lsarko@kellerrohrback.com
dloeser@kellerrohrback.com
mwetherhald@kellerrohrback.com
kswope@kellerrohrback.com

*Interim Co-Lead Counsel for the Class and Co-Counsel for Plaintiffs Harrison and Smith*

Ellen M. Doyle
Edward J. Feinstein
Pamina Ewing
Stephen M. Pincus
Joel R. Hurt
**STEMBER FEINSTEIN DOYLE & PAYNE, LLC**
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA  15219
Tel: (412) 281-8400
Fax: (412) 281-1007
edoyle@stemberfeinstein.com
efeinstein@stemberfeinstein.com
paminaewing@stemberfeinstein.com
spincus@stemberfeinstein.com
jhurt@stemberfeinstein.com

*Interim Co-lead Counsel for the Class and Co-Counsel for Plaintiffs Hamby and Jackson*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I.      INTRODUCTION ............................................................................................1

II.     BACKGROUND ..............................................................................................2

III.    ARGUMENT ...................................................................................................5

        A.      Standard of Review.................................................................................5

        B.      Count VII Should Not Be Dismissed As To Regions Bank Or Regions
                Financial..................................................................................................5

                1.      The Investment Advisory Agreements and the alter ego status of Regions
                        Financial, Regions Bank, Morgan Keegan, and MAM support the
                        inference that the Regions Defendants appointed Morgan Keegan and
                        MAM to act as fiduciaries..........................................................................7

                2.      By relying on certain ambiguous plan documents, Defendants seek to
                        engage in a factual inquiry that is inappropriate on a motion to dismiss.....9

        C.      Count VII Should Not Be Dismissed As To Individual Defendant Ken
                Alderman.................................................................................................12

        D.      Counts VI, VII And X Should Not Be Dismissed As To Regions Financial ........14

IV.     CONCLUSION...............................................................................................19

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ......................................................................... 5

*Banks v. Healthways, Inc.*, 2009 WL 211137 (M.D.Tenn. Jan. 28, 2009) ................................... 15

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................... 5

*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585 (8th Cir. 2009) ..................................... 9

*Briscoe v. Fine*, 444 F.3d 478 (6th Cir. 2006) ............................................................ 10

*Brock v. Hendershott*, 840 F.2d 339 (6th Cir.1988) .................................................... 12

*Chao v. Johnston*, No. 06-226, 2007 WL 2847548 (E.D. Tenn. 2007) ........................................ 12

*Erickson v. Pardus*, 551 U.S. 89 (2007) ...................................................................... 5

*George v. Kraft Foods Global, Inc.*, 674 F.Supp.2d 1031 (N.D. Ill. 2009) ................................. 15

*Haddock v. Nationwide Financial Services, Inc.*, 419 F.Supp.2d 156 (D.Conn.2006) .......... 10, 11

*Herman v. NationsBank Trust Co.*, 126 F.3d 1354 (11th Cir. 1997) ............................................ 11

*In re AEP ERISA Litig.*, 327 F.Supp.2d 812 (S.D. Ohio 2004) ................................................ 5

*In re CMS Energy ERISA Litigation*, 312 F.Supp.2d 898 (E.D.Mich. 2004) ............................... 15

*In re Diebold Erisa Litigation*, 2008 WL 2225712 (N.D.Ohio May 28, 2008)............................. 15

*In re Enron Corp., Securities, Derivative & ERISA Litg.*, 284 F.Supp.2d 511
    (S.D. Tex. 2003)......................................................................................... 11

*In re Regions Morgan Keegan ERISA Litigation*, 692 F.Supp.2d 944 (W.D. Tenn. 2010) .. passim

*League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523 (6th Cir.2007) ...................... 5, 8

*N.L.R.B. v. Deena Artware, Inc.*, 361 U.S. 398 (1960)........................................................ 16, 18

*N.L.R.B. v. Fullerton Transfer & Storage Ltd., Inc.*, 910 F.2d 331 (6th Cir. 1990)......... 16, 18, 19

*Olson v. E.F. Hutton & Co., Inc.*, 957 F.2d 622 (8th Cir. 1992) .................................... 15

*Phones Plus, Inc. v. The Hartford Financial Services Group, Inc.*, 2007 WL 3124733
   (D.Conn. Oct. 23, 2007)...........................................................................................11

*Rankin v. Rots*, 278 F.Supp.2d 853 (E.D. Mich. 2003) .................................................14, 15

*Roofers Local 149 Sec. Trust Fund v. Duane Smelser Roofing Co.*, 285 F.Supp.2d 936
   (E.D. Mich. 2003) ...................................................................................................17

*Trustees of Detroit Carpenters Fringe Benefit Funds v. Indus. Contracting, LLC*,
   581 F.3d 313 (6th Cir. 2009) ...................................................................................16

*Tussey v ABB, Inc.*, 2008 WL 379666 (W.D. Mo. Feb. 11, 2008) ...............................10

**Statutes**

29 U.S.C. § 1002(21)(A)(i)..........................................................................................10, 16

ERISA § 3(21)(A)..................................................................................................6, 10, 16

ERISA § 404(a)(1)(B)......................................................................................................5

ERISA § 502(a)(3)..........................................................................................................12

**Other Authorities**

DOL Field Assistance Bulletin 2004-03........................................................................11

## I.      INTRODUCTION

Regions Financial Corporation ("Regions Financial"), Regions Bank, and the Individual Regions Defendants (collectively, the "Regions Defendants") seek to dismiss only a limited subset of the claims asserted against the Regions Defendants in Plaintiffs' Corrected Third Amended Consolidated Class Action Complaint ("TAC") (Dkt #251).[1]  However, because Defendants' motion only raises questions of fact that cannot be resolved on the pleadings, its narrow motion to dismiss should be denied in its entirety.

On March 9, 2010, this Court denied almost all aspects of Defendants' motions to dismiss Plaintiffs' Consolidated Supplemental Class Action Complaint (the "Hamby Complaint").  *See* Dkt. #172; reported at *In re Regions Morgan Keegan ERISA Litigation*, 692 F.Supp.2d 944, 952 (W.D. Tenn. 2010) (hereinafter "*RMK ERISA Litig.*").  Like the Hamby Complaint, the TAC alleges claims on behalf of three subclasses:  the Company Stock Subclass; the Excessive Fee Subclass; and the Bond Fund Subclass.  Because the allegations with respect to the Company Stock and Excessive Fee Subclasses in the TAC are the same as those upheld by this Court based on the Hamby Complaint, the Regions Defendants do not seek to dismiss those claims.  Rather, the Regions Defendants seek only to dismiss certain claims related to the Bond Fund Subclass.

The Hamby Complaint stated claims related to the Bond Funds only with respect to employee benefits plans sponsored by Regions Financial (the "Regions Plans").  Plaintiffs have since amended their complaint to allege the Bond Fund-related counts on behalf of a broader class consisting of all ERISA-covered employee benefit plans for which Regions Bank was or is a trustee, or otherwise served as a fiduciary.  *See* TAC (Dkt. #251) ¶ 4.  This group of plans,

---

[1] References to straight docket numbers are to No. 8-2192, *In re Regions Morgan Keegan ERISA Litig.*  References to the "MDL" docket are to No. 09-md-2009, *In Re Regions Morgan Keegan Securities, Derivative and ERISA Litigation*.

which includes the Regions Plans, is referred to in the TAC as the "ERISA Plans."

The Regions Defendants move to dismiss Count VII as to Regions Financial, Regions Bank and individual defendant Ken Alderman in connection with all ERISA Plans other than the Regions Plans (the "Customer Plans").  *See* Memorandum of Law in Support of the Regions Defendants' Motion to Dismiss ("Regions Brief") (Dkt. #138-1) at 2.  Defendants argue that Regions Bank and Regions Financial had no duty to monitor the performance of Morgan Keegan & Company, Inc. ("Morgan Keegan") or Morgan Asset Management ("MAM") because Regions Bank and Regions Financial allegedly did not appoint these entities to act as fiduciaries. However, the TAC alleges substantial facts supporting the inference that Regions Bank appointed MAM and Morgan Keegan to provide investment advice regarding, and to exercise authority and control over, the assets of the ERISA Plans, including the Customer Plans.

The Regions Defendants also seek to dismiss Counts VI, VII, and X as to Regions Financial only—and only with regard to the Customer Plans—on the ground that Plaintiffs have not sufficiently alleged Regions Financial's fiduciary status.  However, this Court already has ruled that fiduciary status is not to be determined on a motion to dismiss.  Further, Plaintiffs have pled substantial facts supporting their allegation that Regions Financial was a fiduciary by virtue of its status as an alter ego of Regions Bank, Morgan Keegan, and MAM.  Consequently, the Regions Defendants' motion to dismiss should be denied in its entirety.

## II.      BACKGROUND

In Counts VI and X of the TAC, Plaintiffs allege that Defendants, including Regions Financial, violated ERISA by investing ERISA Plan assets in the Bond Funds or by offering the Bond Funds as investment options to participants in the ERISA Plans.  TAC ¶¶ 443-55, 466-75, 549.  Despite their stated low to moderate risk design, the Bond Funds—which were offered by

Morgan Keegan and advised by MAM—held portfolios of high risk assets, including low level tranches of subprime mortgage-backed securities that exposed the Bond Funds to huge losses. TAC ¶¶ 270-321.  As a result of the interrelationships among Regions Financial, Regions Bank, Morgan Keegan and MAM, *see* TAC ¶¶ 46-71, the Defendants, including Regions Financial, knew of the risks associated with investment in the Bond Funds.  *Id.*  Consequently, it was imprudent to invest ERISA Plan assets in the Bond Funds.  TAC ¶ 111.  Defendants also breached their fiduciary duties by failing to suspend the Bond Funds as investment options for the ERISA Plans, and failing to divest the ERISA Plans of their Bond Funds holdings, notwithstanding their knowledge of or access to information regarding the imprudence of continued investment in the Bond Funds.  TAC ¶ 449.

This Court has already upheld these claims against Regions Financial with respect to the Regions Plans.[2] *RMK ERISA Litig*., 692 F.Supp.2d at 962-63.  The TAC now alleges these claims with respect to the broader class of ERISA Plans, including the Customer Plans.  With respect to the Customer Plans, the TAC alleges that Regions Financial was a plan fiduciary by virtue of the fact that Regions Bank, Morgan Keegan, and MAM—each fiduciaries to the Customer Plans—were alter egos and instrumentalities of Regions Financial and alter egos *inter se*.  TAC ¶¶ 46-71.

Regions Financial is a full-service provider of consumer and commercial banking, trust, securities brokerage, mortgage, and insurance products and services. TAC ¶ 40.  Regions Bank, a commercial bank and one of the nation's largest trust companies, and Morgan Keegan, a regional brokerage and investment banking firm, are both wholly owned subsidiaries of Regions

---

[2] It is undisputed that Regions Financial is a fiduciary for the Regions Plans because it administered the Regions Plans and had the power to appoint and remove the Trustee and Plan Administrator.  TAC ¶¶ 128-30.

Financial.  TAC ¶¶ 43-44.  Regions Bank is the trustee for the Customer Plans.  *Id.*  Morgan

Keegan offers a variety of financial services and products, including the Bond Funds.  *Id.*

Finally, MAM is an arm or division of Morgan Keegan and Regions Bank and, until mid-2008,

was the Investment Advisor to the Bond Funds; it also provided investment management and

advisory services to the ERISA Plans.  TAC ¶ 45.

      Regions Financial "did not operate as a separate legal entity from Regions Bank and

Morgan Keegan."  TAC ¶ 132.  In public filings, Regions Financial described the activities of its

subsidiaries and affiliates as its own, *id.* ¶ 47, and "the decision makers at Regions Bank,

Regions Financial, Morgan Keegan and MAM were the same." *Id.* ¶ 132.  Through this tangled

corporate structure, Regions Financial provided investment management and trust services to the

ERISA Plans by and through Regions Bank, Morgan Keegan, and MAM.  TAC ¶¶ 46-71.

Consequently, Regions Financial was a fiduciary to the Customer Plans, and is liable for the

imprudent decision to invest plan assets in the Bond Funds.

      Count VII alleges that the Regions Defendants—who were responsible for selecting,

monitoring, and removing the ERISA Plans' other fiduciaries (including Morgan Keegan and

MAM)—failed to properly monitor the performance of their fiduciary appointees.  TAC ¶ 14.

As alleged, Morgan Keegan and MAM were ERISA Plan fiduciaries because they provided

investment advice regarding, and exercised authority and control over, the assets of the ERISA

Plans.  Moreover, Plaintiffs allege that the Regions Defendants appointed MAM and Morgan

Keegan to act in these capacities through both formal and informal arrangements.  Specifically,

Regions Bank entered into Investment Advisory Services Agreements with MAM in which

Regions Bank appointed and authorized MAM to acquire, manage, dispose of, and provide

investment advice concerning assets held by the ERISA Plans.  TAC ¶ 116.  In addition, because

Regions Bank, Morgan Keegan, and MAM were alter egos and instrumentalities of Regions Financial and alter egos *inter se*, the Regions Defendants provided investment management and trust services to the ERISA Plans by and through Morgan Keegan and MAM.  TAC ¶¶ 46-71.

## III.   ARGUMENT

### A.   Standard Of Review

"In addressing a motion to dismiss . . . , the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true."  *RMK ERISA Litig.*, 692 F.Supp.2d at 952 (citing *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)).  A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint states a plausible claim for relief if the factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Moreover, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 545).

### B.   Count VII Should Not Be Dismissed As To Regions Bank Or Regions Financial

In Count VII, Plaintiffs allege that Regions Financial and Regions Bank breached their duties of prudence under ERISA § 404(a)(1)(B) by failing to adequately monitor the performance of other fiduciaries, including Morgan Keegan and MAM, in connection with the ERISA Plans' investments in the Bond Funds.  *See, e.g.*, *In re AEP ERISA Litig.*, 327 F.Supp.2d 812, 832 (S.D. Ohio 2004) ("There can be no doubt that the ERISA statutory scheme imposes a duty to monitor upon fiduciaries when they appoint other persons to make decisions about the

plan."). This Court has already held that, because Count VII is derivative of Count VI, it will be deemed sufficiently pled to the extent that Count VI has been sufficiently pled. *RMK ERISA Litig.*, 692 F.Supp.2d at 963. Because the Defendants do not move to dismiss Count VI with respect to Regions Bank, Regions Bank's motion to dismiss count VII should be denied.

Defendants argue that Count VII should be dismissed because the TAC fails to allege facts sufficient to establish that Morgan Keegan and MAM were fiduciaries. Regions Brief at 5. However, Plaintiffs have pled substantial facts supporting their allegations that Morgan Keegan and MAM provided investment advice regarding, and exercised authority and control over, the assets of the ERISA Plans. *See* Plaintiffs' Opposition to Morgan Keegan Defendants' Motion to Dismiss TAC ("Plaintiffs' MK Opp.") at 7-10. Accordingly, Plaintiffs have sufficiently alleged that Morgan Keegan and MAM were fiduciaries pursuant to ERISA § 3(21)(A). *Id.*

The Regions Defendants' only remaining argument is that the TAC fails to allege facts supporting the plausible inference that Regions Financial or Regions Bank appointed the Morgan Keegan Defendants as fiduciaries with respect to the ERISA Plans. Regions Brief at 6. However, despite Defendants' attempt to distract from the facts alleged in the TAC with selective quotation from certain plan documents, *see* Regions Brief at 6-7, the TAC includes detailed factual allegations supporting both formal and informal means by which Regions Bank appointed MAM and Morgan Keegan to act as fiduciaries with respect to the ERISA Plans. First, in its capacity as trustee or agent for the ERISA Plans, Regions Bank entered into Investment Advisory Services Agreements ("Advisory Agreements") with MAM in which Regions Bank appointed and authorized MAM to acquire, manage, dispose of, and provide investment advice concerning assets held by the ERISA Plans. TAC ¶ 116. Second, Regions Bank, Morgan Keegan, and MAM were alter egos and instrumentalities of Regions Financial and

alter egos *inter se*, and thus the Regions Defendants provided investment management and trust services to the ERISA Plans by and through Morgan Keegan and MAM. *Id.* ¶¶ 46-71. Because both of these claims are sufficiently pled and because the documents cited by Defendants do not support a contrary conclusion, the motion to dismiss Count VII should be denied.

1.    **The Investment Advisory Agreements and the alter ego status of Regions Financial, Regions Bank, Morgan Keegan, and MAM support the inference that the Regions Defendants appointed Morgan Keegan and MAM to act as fiduciaries.**

Plaintiffs have pled that Regions Bank and MAM executed two Investment Advisory Services Agreements (the "Advisory Agreements") dated April 1, 2003 and February 5, 2007 pursuant to which Regions Bank appointed and authorized MAM to provide "investment advisory services" and to exercise "investment discretion" with respect to "fiduciary accounts under the management of [Regions Bank]." TAC Exs. 2 and 3; TAC ¶¶ 116, 135. *See also* Plaintiffs' MK Opp. at 10-13. Although Defendants attempt to raise doubt as to the applicability of these agreements to the ERISA Plans by emphasizing the words "under the management of," Regions Brief at 7, the question of whether these agreements applied to the ERISA Plans is a question of fact inappropriate for resolution on a motion to dismiss.[3] Moreover, Regions argument regarding the words "under the management of" is entirely consistent with the allegations in the TAC, as Plaintiffs specifically allege that Regions Bank possessed authority or control respecting the management or disposition of the assets of the ERISA Plans, including the selection of Plan investment options. TAC ¶¶ 13, 43, 133, 447.

The Regions Defendants also ask this Court to accept the highly unlikely inference that

---

[3] The fact that the Advisory Agreements only applied to "fiduciary accounts under the management of [Regions Bank]" does not necessarily limit these agreements to such accounts "for which Regions Bank has discretionary investment management authority," as suggested by the Regions Defendants. Regions Brief at 7. Rather, the generic words "under the management of" may also refer to plans for which Regions Bank was a trustee or administrator.

the Advisory Agreements did not apply to *any* of the ERISA Plans simply because the agreements state that Regions Bank and MAM shall determine which fiduciary accounts shall be subject to the agreements.  Regions Brief at 7-8.   Although it is remotely *possible* that these Advisory Agreements did not cover *any* of the ERISA Plans at issue, it is far more *plausible* that some, if not all, of these ERISA Plans were subject to the Advisory Agreements.[4]  The class of ERISA Plans is broadly defined to include "*all* ERISA-covered employee benefit plans . . . for which Regions Bank . . . was or is a trustee, custodian, or agent, or otherwise served as a fiduciary." TAC ¶ 4 (emphasis added).  In order to accept Defendants' contention that *none* of these plans were included within the scope of the "fiduciary accounts" subject to the Advisory Agreements, one would have to accept the improbable inference that Defendants entered into these Advisory Agreements on at least two occasions, but then chose never to use them for any of their fiduciary accounts that were subject to ERISA.   *See* Regions Brief. at 7-8.  Given that all inferences are to be drawn in the plaintiff's—not the defendant's—favor on a motion to dismiss and that a court must construe the complaint in a light most favorable to plaintiffs, *see Iqbal*, 129 S. Ct. at 1949; *Bredesen*, 500 F.3d at 527, this Court should accept Plaintiffs' inference that these Advisory Agreements covered the ERISA Plans and that, accordingly, Regions Bank appointed MAM and Morgan Keegan to provide investment advice regarding the ERISA Plans.

Moreover, Defendants know that Plaintiffs have no way of ascertaining which plans have been so designated, as this information appears to be exclusively in the control of Regions Bank and MAM.  As the Eighth Circuit noted, Defendants should not be allowed to use their control over information to escape liability under ERISA:

No matter how clever or diligent, ERISA plaintiffs generally lack the inside

---

[4] Given the fact that MAM was an alter ego of Regions Bank, *see infra* § III.D, it is highly plausible that MAM did advise Regions Bank with respect to most, if not all, of these plans.

> information necessary to make out their claims in detail unless and until discovery
> commences.  Thus, while a plaintiff must offer sufficient factual allegations to
> show that he or she is not merely engaged in a fishing expedition or strike suit, we
> must also take account of their limited access to crucial information.  If plaintiffs
> cannot state a claim without pleading facts which tend systemically to be in the
> sole possession of defendants, the remedial scheme of the statute will fail, and the
> crucial rights secured by ERISA will suffer.

*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 597-98 (8th Cir. 2009).

Finally, in addition to this formal contractual relationship, the Regions Defendants effectively appointed MAM and Morgan Keegan as fiduciaries because, by virtue of the alter ego relationship of these parties, the Regions Defendants provided investment management and trust services to the ERISA Plans by and through Morgan Keegan and MAM.  TAC ¶¶ 46-71.  As discussed *infra* § III.D, Plaintiffs have alleged sufficient facts substantiating the alter ego relationship between these entities.  Consequently, Plaintiffs have pled sufficient facts to show that the Regions Defendants appointed Morgan Keegan and MAM.

**2.      By relying on certain ambiguous plan documents, Defendants seek to engage in a factual inquiry that is inappropriate on a motion to dismiss**

The Regions Defendants' attempt to rely on certain plan documents[5] does little more than emphasize the fundamental fault in their argument:  specifically, that determinations of whether Regions Bank appointed MAM and Morgan Keegan with respect to each ERISA Plan require factual inquires inappropriate at the motion to dismiss stage.[6]  For example, although Defendants

---

[5] These exhibits do serve to demonstrate that Regions Bank served as trustee of the assets of all of the named ERISA Plans.  See Dkt. #139-3 at 35 (Regions Bank appointed as trustee for Keith Smith Plan on October 23, 2003); Dkt. #139-7 at 37 (Regions Bank appointed as trustee for Colle Plan on August 14, 2002); Dkt. #139-11 at 37 (Regions Bank appointed as trustee for Holt Plan on October 8, 2002); Dkt. #139-12, last page of Exhibit 11 (as to Briscoe Plan, Union Planters Bank, a predecessor before merger of Regions Bank, appointed as trustee as of July 19, 2002; Regions Bank acknowledged as trustee on June 12, 2008 (Dkt. #139-15 at 2-3).

[6] Many of these plan documents actually support Plaintiffs' allegations.  For example, the Briscoe Plan documents show that Regions Bank is designated as both Trustee and Investment Fiduciary.  Dkt. #139-15 at PageID 49998.

cite the "Prototype" plan that allegedly applies to three of the named ERISA Plans, Regions Brief at 4 n.6 (citing Dkt. #139-1), and proffer adoption agreements dated March 21, 2003 (Keith Smith Plan) (Dkt. #139-3), August 8, 2002 (Colle Plan) (Dkt. #139-7), and October 21, 2002 (Holt Plan) (Dkt. #139-11), Defendants fail to explain how adoption agreements that pre-date the supposedly controlling prototype plan serve to adopt that plan. Tellingly, Defendants' arguments with respect to the Keith Smith Plan are based in large part on the language of this "Prototype" plan, Regions Brief at 6, the applicability of which is an open question of fact.

Defendants' attempt to assert that the employer, and not Regions Financial or Regions Bank, selected the plan investment alternatives for the Keith Smith Plan is erroneous for several reasons. First, Regions Bank does not dispute that it was a fiduciary responsible for the selection of ERISA Plan investment options, as alleged in Count VI. Second, the language quoted by Defendants states merely that the Plan Sponsor approved of the investment of assets in the Bond Funds. Regions Brief at 6-7. This language is consistent with the allegation that Regions Bank, MAM, and Morgan Keegan were fiduciaries with respect to the selection of Plan investment options, as fiduciary status pursuant to ERISA § 3(21)(A) (i) is not contingent on an entity having "final" or "discretionary" authority over the selection of investment options to be deemed a fiduciary. Rather, the statutory language makes clear that "a person is a fiduciary with respect to a plan to the extent he exercises *any authority or control* respecting management or disposition of its assets." 29 U.S.C. § 1002(21)(A)(i) (emphasis added); *see Briscoe v. Fine*, 444 F.3d 478, 490-91 (6th Cir. 2006). Thus, an actor with only indirect authority or control over the disposition of plan assets may be deemed a fiduciary. *See Haddock v. Nationwide Financial Services, Inc.,* 419 F.Supp.2d 156, 165 (D. Conn. 2006) (citing cases); *Tussey v ABB, Inc.*, 2008 WL 379666, at *7-8 (W.D. Mo. Feb. 11, 2008) ("Even if Fidelity Trust is not the final arbiter of

Plan decisions, it may still be a fiduciary with respect to choosing funds.").  Thus, even if the

Plan Sponsor of the Keith Smith Plan signed off on the selection of the Bond Funds, Regions

Bank, MAM, and Morgan Keegan still are alleged to have had control over the selection of the

Bond Funds as investment options.  Defendants' reliance on language in the Administrative

Services Agreement stating that Regions was a "non discretionary trustee," Regions Brief at 7, is

flawed because the mere formality of having another Plan fiduciary sign off on a menu of

investment options does not diminish the control exercised by Regions in shaping that menu.

*See Haddock*, 419 F.Supp.2d at 165-66; *Phones Plus, Inc. v. The Hartford Fin. Services Group,*

*Inc.*, 2007 WL 3124733, *4 (D. Conn. Oct. 23, 2007).[7]

Defendants have cherry-picked selected documents from the trust files for the ERISA

Plan Representative Trusts, while at the same time refusing to produce the complete files in

discovery.  Discovery may reveal additional or supplemental plan documents and may provide

evidence of what Defendants in fact actually did regarding the investment of trust assets,

regardless of what the cherry-picked plan documents provide.

Further, potential and apparent inconsistencies between complex documents should not

be sorted out on a motion to dismiss, as neither the Plaintiffs nor the Court yet has all of the

---

[7] Even if, as trustee, Regions Bank merely acted subject to the direction of other plan fiduciaries, it nonetheless had a duty to protect the plans' and participants' interests given that it was in possession of material, non-public information about the risks associated with the Bond Funds. *See* DOL Field Assistance Bulletin 2004-03 ("FAB 2004-03"), which states that, even when directed, "[a]t least some fiduciary status and duties of a directed trustee are preserved."  Courts agree that a plan trustee, even if directed, is a fiduciary under ERISA.  *In re Enron Corp., Securities, Derivative & ERISA Litg.*, 284 F.Supp.2d 511, 601 (S.D. Tex. 2003); *Herman v. NationsBank Trust Co.*, 126 F.3d 1354, 1361-62, 1370 (11th Cir. 1997).  FAB 2004-03 specifically describes certain circumstances when a directed fiduciary is obligated to act to protect plans and participants when it has non-public information: "If a directed trustee has material non-public information that is necessary for a prudent decision, the directed trustee prior to following a direction that would be affected by such information, has a duty to inquire about the named fiduciary's knowledge and consideration of the information with respect to the direction."  *See* http://www.dol.gov/ebsa/regs/fab_2004-3.html

relevant documents and information.  At this stage, the Advisory Agreements—as well as the alter ego relationship between Regions Financial, Regions Bank, Morgan Keegan, and MAM—support the plausible inference that Regions Bank appointed Morgan Keegan and MAM as fiduciaries with respect to the ERISA Plans.  The precise contours of the arrangements between and among Regions Financial, Regions Bank, Morgan Keegan and MAM should await discovery.

**C.      Count VII Should Not Be Dismissed As To Individual Defendant Ken Alderman**

Defendants argue that Count VII should be dismissed as to Ken Alderman because the TAC does not allege "what Mr. Alderman knew about Regions Financial's and Regions Bank's monitoring functions and duties."  Regions Brief at 8.  In so arguing, Defendants attempt to impose a heightened pleading standard that is at odds with the notice pleading regime under the Federal Rules.  Specifically, Defendants cite *Chao v. Johnston*, No. 06-226, 2007 WL 2847548, at *6 (E.D. Tenn. 2007), which held that plaintiffs had sufficiently pled knowledge where they listed instances in which defendants took instructions from the plan fiduciaries concerning how to disburse plan assets and where plaintiffs provided specific dates and amounts of money transferred through the defendants' escrow account.  Regions Brief at 9.  However, although pleading this level of detail was certainly *sufficient* to plead knowledge under § 502(a)(3), the court did not hold that such pleading was *necessary* to state a claim.  Rather, as this Court previously noted, the Sixth Circuit has held that "a nonfiduciary's knowledge of the breach can be inferred from surrounding circumstances raising a reasonable inference of knowledge." *RMK ERISA Litig.*, 692 F.Supp.2d at 966 (quoting *Brock v. Hendershott*, 840 F.2d 339, 342 (6th Cir. 1988)).  Plaintiffs have plainly met this standard.

Plaintiffs have alleged that Mr. Alderman was not only the President and CEO of

Regions Morgan Keegan Trust (the trust department or division of Regions Bank), which served as trustee for the ERISA plans, but was also CEO and Vice-Chairman of MAM, which managed the Bond Funds, and Executive Vice-President of Regions Financial.  TAC ¶¶ 60, 83.  MAM's President reported to him.  TAC ¶ 59.  Alderman not only held high level positions in these corporations, but also played an active role in structuring and managing the activities of Regions Bank, MAM, and Morgan Keegan.  For example, MAM President Carter Anthony testified under oath that "[w]e had some annual meetings and [Ken Alderman] would say stuff like, well, you now, we [MAM] really aren't part of Morgan Keegan, but it works better for Morgan Keegan if we are over there." TAC ¶ 66.  Anthony further testified that:

> Ken [Alderman] and Doug [Edwards] and Allen [Morgan] figured out that . . . probably that Morgan Keegan would look better if it had trust revenues and earnings . . . So they figured out it would be better to take Regions Trust and put it over in Morgan Keegan and call it Regions Morgan Keegan Trust.

*Id.* Companies act through people.  In this case, where Regions Bank was the trustee of the ERISA Plans and where its affiliate and appointee MAM was the Bond Fund Manager, Alderman's active management over both entities provides ample factual evidence from which to infer that he knew that the bond funds were imprudent investment options.

Moreover, Plaintiffs have pled that Alderman put pressure on MAM's President to keep the Bond Funds in Regions' trust accounts.  Anthony testified that he was concerned that he would be fired by Alderman if he advised trust and custodial accounts of Regions Bank not to invest in the Bond Funds.  TAC ¶ 65.  Specifically, Anthony stated:

> I have to answer to Ken Alderman and Doug Edwards and Allen Morgan over here at Morgan Keegan. But I have got portfolio managers who have trust clients over here (indicating), so if I stand up and beat on the table and say we are not putting any of those [Bond Funds] in our trust accounts, I'm fired, I'm gone.

TAC ¶ 65. See also TAC ¶¶ 63, 66.  Thus, the facts sufficiently support that Alderman had

intimate knowledge and control not only over the operations at Regions, MAM, and Morgan Keegan, but also over decisions to invest the ERISA Plans in the Bond Funds.

Defendants' attempt to require that Plaintiffs plead more is analogous to their earlier erroneous attempt in their first motion to dismiss to require Plaintiffs to prove that plaintiffs functioned as fiduciaries – as opposed to sufficiently allege such status. This Court denied dismissal because fiduciary status is "'a fact-intensive inquiry, making the resolution of that issue inappropriate for a motion to dismiss.'" 692 F.Supp.2d at 964 (citation omitted). As this Court noted:

> [T]he manner in which each defendant . . . operated is for now something of a black box. To expect a plaintiff to be able to turn on the light and point to particular individuals who exercised decision making authority is simply too much to require at this stage of the case.

*Id.* (quoting *Rankin v. Rots*, 278 F.Supp.2d 853, 879 (E.D. Mich. 2003)). Given the fact that Alderman's precise function as a monitoring fiduciary is currently part of the "black box" of Regions Bank's operations, Plaintiffs' allegations of specific instances in which Alderman exercised influence over the decisions to offer the Bond Funds to the ERISA Plans is more than sufficient to withstand Defendants' motion to dismiss.

**D.    Counts VI, VII And X Should Not Be Dismissed As To Regions Financial**

This Court's "black box" analysis entirely refutes Defendants' argument that Counts VI, VII, and X should be dismissed as to Regions Financial because Plaintiffs have not sufficiently alleged its fiduciary status with respect to the ERISA Plans. Regions Brief at 9-12. With respect to the ERISA Plans' investments in the Bond Funds, Plaintiffs have pled that Regions Financial was a fiduciary by virtue of the fact that it was an alter ego of Regions Bank, MAM, and Morgan Keegan, all of which were ERISA Plan fiduciaries. TAC ¶ 132. In challenging these factual allegations, Defendants ignore this Court's prior order holding that a determination of fiduciary

14

status is a "fact-intensive inquiry" that is "inappropriate for a motion to dismiss." *RMK ERISA Litig.*, 692 F.Supp.2d at 964.[8]  Specifically, Defendants ignore two paragraphs in which this Court summarily rejected Defendants' argument that Plaintiffs had failed to allege the fiduciary status of certain individual defendants.  *Id.*  The Court explained: "[i]t is typically premature to determine a defendant's fiduciary status at a motion to dismiss stage of the proceedings."  *RMK ERISA Litig.*, 692 F.Supp.2d at 964 (citation omitted).  Defendants also ignore longstanding precedent holding that the term "fiduciary" should be construed broadly and in favor of finding that fiduciary status exists.  *See, e.g.*, *Olson v. E.F. Hutton & Co., Inc.*, 957 F.2d 622, 625 (8th Cir. 1992).  Because "Defendants' arguments for dismissal pertaining to the fiduciary status of each defendant are factual, . . . [they are] better addressed at a later procedural stage."  *George v. Kraft Foods Global, Inc.*, 674 F.Supp.2d 1031, 1050 (N.D. Ill. 2009).

        Undeterred, Defendants' first challenge Plaintiffs pleadings with reference to certain plan documents that allegedly appoint entities other than Regions Financial as the named fiduciaries and plan administrators, and make other entities responsible for fund selection and participant communication.  *See* Regions Brief at 10.  As discussed above, Defendants' reliance on these documents presents numerous additional factual questions that merely highlight the inappropriate nature of this inquiry at the motion to dismiss stage.  *Supra* § III.B.2.  Moreover, even if these documents are applicable to these plans, the fact that certain documents refer to investment options "made available by the Employer" does not diminish the role that Regions Bank, and its alter ego Regions Financial, played in the selection of the investment options.  Rather, as discussed *supra* § 3.D.2, fiduciary status pursuant to ERISA § 3(21)(A)(i) is not contingent on an

---

[8]  *See also Banks v. Healthways, Inc.*, 2009 WL 211137, at *4 (M.D. Tenn. Jan. 28, 2009); *In re Diebold Erisa Litigation*, 2008 WL 2225712, at *4 (N.D. Ohio May 28, 2008); *In re CMS Energy ERISA Litigation*, 312 F.Supp.2d 898, 907-9 (E.D. Mich. 2004); *Rankin v. Rots*, 278 F.Supp.2d 853, 879 (E.D. Mich. 2003).

entity having "final" or "discretionary" authority over the selection of investment options, but rather includes any entity that exercises "*any authority or control* respecting management or disposition of its assets." 29 U.S.C. § 1002(21)(A)(i) (emphasis added). Thus, even if the employer signed off on the selection of the Bond Funds, Regions Bank and its alter ego Regions Financial still exercised the requisite control over the selection of the Bond Funds as investment options to be deemed plan fiduciaries. In fact, Defendants do not seem to dispute this, as they have not moved to dismiss Count VI against Regions Bank with respect to the ERISA Plans.

Because Regions Bank was a fiduciary with respect to the selection of the Bond Funds and the monitoring of fiduciaries, and because Plaintiffs pled substantial facts supporting the alter ego relationship between Regions Financial and Regions Bank, Plaintiffs have adequately pled that Regions Financial was a fiduciary with respect to Counts VI, VII, and X.

Finally, contrary to Defendants' assertions, Regions Brief at 11-12, Plaintiffs have pled facts sufficient to support the allegation that Regions Financial, Regions Bank, Morgan Keegan, and MAM were alter egos *inter se* under the applicable federal common law test.[9] Although Defendants cite some of the factors relevant to this analysis, including "substantial identity of . . . management, . . . supervision and ownership," Regions Brief at 11 (citing *Trustees of Detroit Carpenters Fringe Benefit Funds v. Indus. Contracting, LLC*, 581 F.3d 313, 319 (6th Cir. 2009)), other relevant factors include whether "several companies may be represented as one" and whether "the corporate forms [are] largely paper arrangements that do not reflect the business realities." *N.L.R.B. v. Fullerton Transfer & Storage Ltd., Inc*., 910 F.2d 331, 339 (6th Cir. 1990) (quoting *N.L.R.B. v. Deena Artware, Inc.*, 361 U.S. 398, 403–04 (1960)); *see also* Plaintiffs' MK Opp. § III.B.3.b.

---

[9] The Sixth Circuit has repeatedly held that the alter ego doctrine is applicable under ERISA and that the relevant source of law is federal common law. *See* Plaintiffs' MK Opp. § III.B.3.b.

Plaintiffs have pled substantial facts indicating that Regions Financial and Regions Bank were under common management.  Notably, seventeen people simultaneously held the exact same positions at Regions Financial and Regions Bank, including the Executive Chairman, Chief Executive Officer, Chief Financial Officer, General Counsel, Head of Human Resources, and Chief Risk Officer.  TAC ¶ 132.  For example, Allen B. Morgan served as Vice Chairman and Director of Regions Financial, Director of Morgan Keegan, and Director of MAM.  TAC ¶ 83.  Defendant Ken Alderman simultaneously served as Executive Vice President of Regions Financial, President and CEO of "Regions Morgan Keegan Trust," and CEO of MAM.  *Id.*

However, Plaintiffs do not simply rely on the fact that the entities shared common management.  Regions Brief at 12 (citing *Roofers Local 149 Sec. Trust Fund v. Duane Smelser Roofing Co.*, 285 F.Supp.2d 936, 942 (E.D. Mich. 2003)).  Rather, Plaintiffs have also pled that, in public filings, Regions Financial often described the activities of its subsidiaries and affiliates as its own.  TAC ¶ 47.  Public filings stated:

- "Regions [Financial's] investment and securities brokerage, trust and asset management division, Morgan Keegan, Inc., provides services from over 400 offices."
- "Regions [Financial] provides . . . brokerage and trust services in over 400 offices of Morgan Keegan . . ." "Morgan Keegan's lines of business include . . . trust and asset management."
- "Regions [Financial's] primary source of brokerage, investment banking, and trust revenue is its subsidiary, Morgan Keegan. Morgan Keegan's revenues are predominantly recorded in the brokerage and investment banking and trust department income lines ... [of Regions Financial's Form 10-K Annual Reports.]"

TAC ¶ 47.  Regions Financial's 2009 10-K provided that Morgan Keegan "manages the delivery of trust services, which are provided pursuant to the trust powers of Regions Bank."  *Id.* ¶ 51.

In addition, MAM President Carter Anthony stated that Defendant Allen Morgan[10] explicitly instructed him not to supervise MAM employee and Bond Funds manager Jim Kelsoe

---

[10] Morgan served as Chairman and Executive Managing Director of Morgan Keegan, director and Vice-Chairman of Regions Financial, and director of MAM.  TAC ¶ 44.

in connection with the Bond Funds management.  *Id.* ¶ 62.  Anthony also testified that he had to

"answer to Ken Alderman," the Executive Vice President of Regions Financial and CEO of

MAM, if he advised trust and custodial accounts of Regions Bank not to invest in the Bond

Funds.  TAC ¶ 65.  These facts show that Regions Financial interfered with adequate supervision

of the Bond Funds and with investment advice provided to the ERISA Plans.

Plaintiffs also pled that "[i]n the second half of 2007, when the Bond Funds suffered a

precipitous drop in their net asset values and share prices, Regions [Financial] caused another of

its subsidiaries, Morgan Properties, LLC, to prop up those share prices and net asset values by

purchasing a large volume of shares in certain Bond Funds." TAC ¶ 71.  Similarly, the

Administrative Complaint issued by the Alabama Securities Commission avers that Regions

Financial cross-sold financial services to its customers and assigned Morgan Keegan agents to

Regions Bank branches to market Morgan Keegan products.  TAC, Ex. 4 at ¶¶ 144-145.

In sum, the affiliated entities of Regions Financial, Regions Bank, Morgan Keegan, and

MAM marketed their services jointly, shared directors, officers, employees, resources, and

information, and in public filings described their affiliates' activities as their own.  *See generally*

TAC ¶¶ 46-71. In fact, as described, the corporate forms of Regions, Morgan Keegan, and MAM

were "largely paper arrangements that do not reflect the business realities."  *Id.*  Thus, contrary

to Defendants' assertions, the facts pled by Plaintiffs strongly support a plausible inference that

the affairs of Regions Financial, Regions Bank, MAM, and Morgan Keegan were "so

intermingled that no distinct corporate lines were maintained."  *Fullerton*, 910 F.2d at 339

(quoting *Deena Artware, Inc*., 361 U.S. at 403-04).  Because the public filings and marketing

materials frequently attribute to Morgan Keegan the services ostensibly performed by Regions or

MAM, it is also the case that "several companies [were] represented as one."  *Id.*  Finally, given

18

the alleged fact that Regions Financial possessed the ability to use subsidiaries to purchase shares of another affiliate's proprietary bond funds in order to prop up the share price, it seems apparent from the pleadings that Regions Bank, Morgan Keegan, and MAM "could not have operated in the same fashion without the aid of" Regions Financial. *See Fullerton*, 910 F.2d at 339. Therefore, based on the many facts set forth in the TAC, Plaintiffs have sufficiently alleged that Regions Bank, Morgan Keegan and MAM are "alter egos and instrumentalities" of Regions Financial and of each other.

## VI.    CONCLUSION

The Court should carefully heed the common theme of the motions to dismiss filed by the Regions Defendants and the Morgan Keegan Defendants.  It is Defendants' position that complexities in the interrelationships between the various Regions entities allow all these entities to evade their ERISA-imposed fiduciary duties.  However, these entities are sophisticated financial institutions in the business of selling and providing trustee and other financial services to ERISA plan sponsors and fiduciaries.  The Court should not bend over backwards to construe documents drafted by these entities in their favor, where doing so would have the result of substantially lessening the protections afforded to plan participants.  In any event, it certainly should not do so in the context of motions to dismiss.  The Court should deny both motions to dismiss in their entirety.  In the event that the Court should conclude that Plaintiffs' allegations are deficient in any way, Plaintiffs would seek leave to amend and file a new complaint that includes additional relevant information from a number of documents that Defendants have produced since Plaintiffs filed the TAC.

Dated: September 22, 2011                     Respectfully Submitted,


                                              s/ Ellen M. Doyle
                                              Ellen M. Doyle
                                              Edward J. Feinstein
                                              Pamina Ewing
                                              Stephen M. Pincus
                                              Joel R. Hurt
                                              **STEMBER FEINSTEIN DOYLE**
                                              **& PAYNE, LLC**
                                              Allegheny Building, 17th Floor
                                              429 Forbes Avenue
                                              Pittsburgh, PA  15219
                                              Tel: (412) 281-8400
                                              Fax: (412) 281-1007
                                              edoyle@stemberfeinstein.com
                                              paminaewing@stemberfeinstein.com
                                              spincus@stemberfeinstein.com
                                              efeinstein@stemberfeinstein.com
                                              jhurt@stemberfeinstein.com

                                              *Interim Co-lead Counsel for the Class and Co-*
                                              *Counsel for Plaintiffs Hamby and Jackson*

                                              Lynn L. Sarko
                                              Derek W. Loeser
                                              Margie Wetherhald
                                              Karin Swope
                                              **KELLER ROHRBACK L.L.P.**
                                              1201 Third Avenue, Suite 3200
                                              Seattle, Washington 98101
                                              Phone:  (206) 623-1900
                                              Fax:  (206) 623-3384
                                              lsarko@kellerrohrback.com
                                              dloeser@kellerrohrback.com
                                              mwetherhald@kellerrohrback.com
                                              kswope@kellerrohrback.com


                                              *Interim Co-Lead Counsel for the Class and Co-*
                                              *Counsel for Plaintiffs Harrison and Smith*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 22, 2011, the foregoing was filed electronically with the Clerk of Court using the ECF system which will send notification of such filing to those persons registered in this case with the ECF system.


s/Ellen M. Doyle
Ellen M. Doyle