## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

|  |  |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION<br><br>**This Document Relates to:**<br><br>*In re Regions Morgan Keegan ERISA Litig.*, No. 2:08-cv-02192-SHM-dkv | **Case No. 2:09-md-2009-SHM** |

## REPLY IN SUPPORT OF THE REGIONS DEFENDANTS' MOTION TO DISMISS CLAIMS IN COUNTS VI, VII AND X OF THE CORRECTED THIRD AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF ERISA

**GROOM LAW GROUP, CHARTERED**
Thomas F. Fitzgerald (admitted *pro hac vice*)
Thomas S. Gigot (admitted *pro hac vice*)
Sarah A. Zumwalt (admitted *pro hac vice*)
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: 202-857-0620
Facsimile: 202-659-4503

**MAYNARD COOPER & GALE, P.C.**
William B. Wahlheim, Jr. (admitted *pro hac vice*)
Richard J. Davis (admitted *pro hac vice*)
John David Collins (admitted *pro hac vice*)
2400 Regions Harbert Plaza
1901 6th Avenue South
Birmingham, AL 35203
Telephone: 205-254-1000
Facsimile: 205-254-1999

*Counsel for Regions Financial Corporation, Regions Bank, J. Kenneth Alderman, Sherry Anthony, Candice Bagby, George W. Bryan, John Buchanan, John Daniel, Sharon Davis, Earnest W. Deavenport, Jr., Alan Deer, Harry Dinken, David B. Edmonds, Irene Esteves, James S.M. French, Christopher Glaub, O.B. Grayson Hall, Jr., Martha Ingram, Ronnie Jackson, Bryan Jordan, Tim Laney, Susan*

*Martinez, Susan W. Matlock, W. Charles Mayer, III, Tusa McNary, Claude Nielsen, C. Dowd Ritter, David Rupp, Jill Shelton, E.W. "Rusty" Stephenson, Lea Stokes, Lee K. Styslinger, III, Tom Thompson, David Turner, Barbara H. Watson, William C. Wells, II, and Alton Yother (together, the "Regions Defendants").*

# TABLE OF CONTENTS

I.    Plaintiffs Have Not Alleged a Plausible Basis for Concluding that Regions

      Financial Corporation and Regions Bank Appointed MAM as a Fiduciary............................ 1

II.   Plaintiffs Have Failed to Allege a Plausible Monitoring Claim

      Against Mr. Alderman. ........................................................................................................ 6

III.  Plaintiffs Have Not Alleged a Plausible Theory that Regions Financial

      is a Fiduciary to the Customer Plans........................................................................................ 7

      CONCLUSION.................................................................................................................... 9

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ................................................................................ 1

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................................... 1

*Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54 (4th Cir. 1992) .......................................... 3

*F.W. Webb Co. v. State Street Bank & Trust Co.*,  No. 09-cv-1241,

    2010 U.S. Dist. Lexis 82759 (S.D.N.Y. Aug. 12, 2010) ..................................................... 5

*French v. First Union Secs., Inc.*, 209 F. Supp. 2d 818 (M.D. Tenn. 2002) .......................... 3

*Hecker v. Deere & Co.*, 556 F.3d 575 (7th Cir. 2009)........................................................... 3, 5

*In re AEP ERISA Litig.*, 327 F. Supp. 2d 812 (S.D. Ohio 2004) ............................................ 1

*In re Cardinal Health ERISA Litig.*, 424 F. Supp. 2d 1002 (S.D. Ohio 2006) ...................... 3

*Moench v. Robertson*, 62 F.3d 553 (3d Cir. 1995) .................................................................. 3

*Phones Plus, Inc. v. Hartford Fin. Servs. Group, Inc.*,

    2007 U.S. Dist. LEXIS 78767 (D. Conn. Oct. 23, 2007) .................................................. 5

*Renfro v. Unisys Corp.,* No. 10-2447,

    2011 U.S. App. LEXIS 17208,  (3d Cir. Aug. 19, 2011) ................................................. 3, 5

*Schweizer v. Trans Union Corp.*, 136 F.3d 233 (2d Cir. 1998)................................................ 3

*Zang v. Paychex,* 728 F. Supp. 2d 261, 270-71 (W.D.N.Y. 2010) ......................................... 5

## Statutes

ERISA § 3(38)(A), 29 U.S.C. § 1002(38)(A)........................................................................... 4

ERISA § 402(a), 29 U.S.C. § 1102(a) ................................................................................. 3-4

## Other Authorities

Regions Financial Corporation, Annual Report (Form 10-K) (Feb. 27, 2008) .................................... 9

The Regions Defendants' motion to dismiss targets several specific claims (or parts of claims) that Plaintiffs seek to assert on behalf of retirement plans sponsored by companies other than Regions (the "Customer Plans").  These claims fail the Supreme Court's test of facial plausibility[1] because they either are based upon Plaintiffs' speculation, rather than facts alleged in the complaint, or fail to establish one or more required elements of the claim.  As discussed below, each of these claims must be dismissed.[2]

## I.    Plaintiffs Have Not Alleged a Plausible Basis for Concluding that Regions Financial Corporation and Regions Bank Appointed MAM as a Fiduciary.

For Plaintiffs' "failure-to-monitor" claim to succeed, Plaintiffs must plead and prove that Regions Financial and Regions Bank appointed MAM as a fiduciary to the Customer Plans.[3] "ERISA imposes a duty to monitor upon fiduciaries *when they appoint other persons* to make decisions about the plan."  *In re AEP ERISA Litig.*, 327 F. Supp. 2d 812, 832 (S.D. Ohio 2004) (emphasis added).

As explained below, Plaintiffs' allegations that the Regions Defendants appointed MAM are implausible on their face where:  (1) the plan documents assign to the employer, not to Regions Bank, the authority to select investment options and appoint investment managers; and (2) the

---

[1]    To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

[2]    Contrary to Plaintiffs' assertion in their opposing brief, the Regions Defendants' motion raises no questions of fact.  Rather, as made clear below, this Court can and should dismiss these specific claims by looking no further than the allegations contained in the complaint and the fundamental plan documents governing the named-plaintiff plans.

[3]    Plaintiffs erroneously rely on the statement in the Court's ruling on the Regions Defendants' first motion to dismiss that the monitoring claim should survive if the underlying breach of fiduciary duty claim survives.  In that situation, such as ruling was logical because there the Regions Defendants challenged the monitoring claim only on the grounds that the underlying claim had failed.  But that analysis does not answer the question presented here, where the Regions Defendants are challenging a separate element of the monitoring claim:  that no duty to monitor ever arose because Plaintiffs have failed sufficiently to allege that the Regions Defendants appointed MAM.

Investment Advisory Services Agreements ("IASAs") are inapplicable to accounts for which Regions Bank lacks such authority.  Because the appointment allegations are facially implausible, Plaintiffs attempt, in a last ditch effort, to assert that (1) *any* involvement Regions Bank, Morgan Keegan, and MAM may have had in presenting a set of investment options to the Customer Plans created fiduciary status for all of them, and (2) the Regions Defendants and MAM's status as alter egos satisfies the appointment element of this claim.  Neither theory salvages Plaintiffs' facially implausible allegations.

First, as noted, Plaintiffs' unsupported assertion that Regions Bank appointed MAM to provide investment advice is implausible where the governing plan documents assign investment selection authority to a party other than Regions Bank.  The most the complaint alleges is that the Keith Smith Plan, "appointed Regions Bank . . . as trustee of the plan.  Regions Bank, in turn, appointed Morgan Asset Management to serve as the investment manager."[4]  TAC ¶ 38.  But the plan's governing documents establish that the Keith Smith Company – not Regions Bank – is responsible for appointing investment managers and selecting the investment options for the plan.  *See* Regions Br. at 6-7 (quoting Keith Smith Company plan document as providing that the employer, as plan administrator, has the duty to "appoint[] the Plan's . . . investment manager", and quoting the plan's administrative service agreement with Regions Bank as providing that Regions Bank was a "Non Discretionary Trustee" and that the employer was a fiduciary with respect to investment matters who authorized the plan to invest in the RMK Select Funds).  From the allegations in the complaint, this Court cannot draw a reasonable inference that Regions Bank, as a directed trustee *lacking* the authority to select investment options for the plan, appointed MAM to provide it with advice regarding that selection.

---

[4]     The allegations regarding the other named plaintiff Customer Plans are even less detailed.  *See* TAC ¶ 116.

Plaintiffs do not contend that the plan documents referenced in the Regions Defendants'
opening brief do, in fact, give Regions Bank the authority to select investment options and to appoint
MAM as an investment advisor.  Rather, Plaintiffs attempt to persuade the Court to disregard these
plan documents.  Plaintiffs' Opp. at 9-12.  Yet, under ERISA, the "discretionary authority or
responsibility which is pivotal to the statutory definition of 'fiduciary' is allocated by the plan
documents themselves."  *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 61 (4th Cir. 1992)
(refusing to apply "judicial inventiveness" to impose duties that had "no basis in the plan
documents").  The Regions Defendants' reliance on the plan documents is not only proper, but
fundamentally required.[5]

Plaintiffs attempt to divert the court's attention from the plan documents by protesting that
they lack access to the documents governing the Customer Plans, and that it would therefore be
unfair for the Court to rely on documents Plaintiffs claim were "cherry-picked" by the Regions
Defendants.  Plaintiffs' Opp. at 11.  But here, *the named plaintiffs are the Customer Plans
themselves*.  They certainly possess their own plan documents, as ERISA requires.[6]  *See* ERISA

[5]    Indeed, numerous courts have dismissed fiduciary breach claims against directed trustees because the plan documents and related trust agreements assigned the responsibility for selecting investment options to someone other than the directed trustee.  In the recent case of *Renfro v. Unisys Corp.*, the Third Circuit held that the directed trustee did not owe a fiduciary duty to the plan with respect to selection of investment options because the directed trustee "had no contractual authority to control the mix and range of investment options."  No. 10-2447, 2011 U.S. App. LEXIS 17208, at *19 (3d Cir. Aug. 19, 2011.  For this reason, the court explained, "a directed trustee is essentially 'immune from judicial inquiry' because it lacks discretion, taking instructions from the plan that it is required to follow."  *Id.* (quoting *Moench v. Robertson*, 62 F.3d 553, 571 (3d Cir. 1995)).  *See also Hecker v. Deere & Co.*, 556 F.3d 575, 583-84 (7th Cir. 2009) (dismissing case against directed trustee because "the Trust Agreement [gave] Deere, not Fidelity, the final say on which investment options will be included"); *In re Cardinal Health ERISA Litig.*, 424 F. Supp. 2d 1002, 1035 (S.D. Ohio 2006) (dismissing case against directed trustee and holding that at "a party's status as a 'trustee,' directed or otherwise, must be determined by reference to the Plan, the Trust Agreements, and the Service Agreements [between the trustee and the plan]").  As demonstrated in these cases, the question of whether the plan documents and trust agreements assign investment selection responsibility to the directed trustee is pivotal.

[6]    At this stage of the litigation, prior to the filing of any motion for class certification, the complaint must stand or fall on the basis of the claims alleged as to the named plaintiffs only.  *See generally Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998) (affirming dismissal of putative class action prior to motion for class certification) (internal quotations omitted); *French v. First Union Secs., Inc.*, 209 F. Supp. 2d 818, 835 (M.D. Tenn. 2002) (following *Schweizer*).  Therefore, Plaintiffs lack no plan documents relevant to this motion.

§ 402(a), 29 U.S.C. § 1102(a) (requiring plan to be established and maintained pursuant to a written instrument).  Yet Plaintiffs have not presented to the Court any alternative documents that they suggest instead govern the plans.  Thus, Plaintiffs have offered no basis on which the Court could draw a reasonable inference that the Regions Defendants were responsible for selecting investment options and appointing investment managers for the Customer Plans.

Further, because the plan documents do not support their claim, Plaintiffs latch onto a pair of IASAs between Regions Bank and MAM, under which MAM agreed to provide investment advice to Regions Bank with respect to *certain* accounts.  *See* TAC Exs. 2 and 3.  Plaintiffs would have this Court assume that the Customer Plans fall within the subset of accounts to which the IASAs apply.

This assumption is not plausible, however, because the IASAs on their face have limited applicability – only to those "fiduciary accounts under the management" of Regions Bank.  TAC Ex. 2, p.2 § 1; Ex. 3, p.1 § 1.  It is only logical that an agreement requiring MAM to provide Regions Bank with investment advice with respect to certain accounts would not apply to accounts for which Regions Bank has no authority to select investments.  And Plaintiffs have offered no plausible explanation as to why it would.[7]

Because they cannot plausibly rely on the plan documents or the IASAs to support their claim that Regions Bank was responsible for the selection of investment options for the plans and appointed MAM to carry out that responsibility, Plaintiffs try yet another angle.  They assert that, even if the authority for selecting investment options resided ultimately with the employer, Regions Bank and MAM bore a fiduciary duty with respect to those selections if they played any role in the

---

[7]     Though Regions Bank would not need MAM's advice where Regions Bank is merely a directed trustee, Plaintiffs urge the Court to stretch the concept of an account "under the management" of a trust company to include accounts for which the bank served in an administrative, non-discretionary role.  This argument does not comport with ERISA's definition of "investment manager," which refers to a person with the power to "manage, acquire, or dispose of any asset of a plan[,]" ERISA § 3(38)(A), 29 U.S.C. § 1002(38)(A), and would not be a reasonable inference for the Court to draw.

process by which the investment options entered the plan.  Plaintiffs' Opp. at 10-11.[8]  That is not the case.

Designing and offering a slate of investment options to offer for use by a customer plan is not a fiduciary act.  In *Hecker*, the Seventh Circuit held that, because the plan sponsor possessed responsibility for selecting plan investment alternatives, the plan's directed trustee did not become a fiduciary by offering a set of affiliated investments to the plan.  556 F.3d at 583-84.  Indeed, in her *amicus* brief to the Seventh Circuit with respect to that appeal, the Secretary of Labor clarified that the directed trustee did not "bec[o]me a fiduciary merely by virtue of developing and presenting a list of investment options to Deere for its selection as a fiduciary."  Brief of the Secretary of Labor, Elaine L. Chao, as Amicus Curiae In Support of Plaintiffs-Appellants, *Hecker v. Deere & Co.*, 556 F.3d 575 (7th Cir. 2009) (Nos. 07-3605, 08-1224).

The Third Circuit recently reached the same conclusion in *Renfro*.  The court held that, even though the directed trustee offered a set of investment options to the plan, the directed trustee could not be held liable for the selection of the plan's investment options because that duty resided with the plan sponsor.  2011 U.S. App. LEXIS 17208, at *18-19.  Similarly, in *Zang v. Paychex*, the court found no fiduciary status for the directed trustee because, "[e]ven if Paychex could be said to have 'played a role' in [the plan sponsor trustee's] decision (by presenting him with a set of options), in the end, that decision was plaintiff's to make."  728 F. Supp. 2d 261, 270-71 (W.D.N.Y. 2010).  *See also F.W. Webb Co. v. State Street Bank & Trust Co.*, No. 09-cv-1241, 2010 U.S. Dist. Lexis 82759, at *18, 21 (S.D.N.Y. Aug. 12, 2010) (criticizing *Phones Plus, Inc. v. Hartford Fin. Servs.*

---

[8]      Plaintiffs also state in the context of this discussion that Regions Bank does not dispute that it was a fiduciary responsible for the selection of investment options for all the Customer Plans.  This is not the case.  Plaintiffs confuse the absence of a motion to dismiss the allegations of Count VI with an admission that those allegations are true.  The Regions Defendants have made no such admission, and Plaintiffs continue to bear the burden of proving that those allegations are true as a matter of fact.

*Group, Inc.*, 2007 U.S. Dist. LEXIS 78767 (D. Conn. Oct. 23, 2007), and rejecting liability for directed trustee, where contractual arrangement assigned responsibility for selecting funds to plan sponsor, and directed trustee merely offered the plan "all the goods [i.e., mutual funds] in the store"). Here, too, the Court should not conflate the limited duties of Regions Bank, as directed trustee, with the fiduciary duty to select investment alternatives.

Finally, Plaintiffs offer one last argument to support their supposition that the Regions Defendants appointed MAM to be an investment fiduciary to the Customer Plans:  that the monitoring claim should survive because the entities involved are alter egos.  This argument defies logic.  By its nature, a failure-to-monitor claim requires two distinct and separate entities: an appointer and an appointee.  But the basis of Plaintiffs' alter ego theory is that the Regions Defendants and MAM were not separate entities, but rather one and the same.  Plaintiffs allege that, "[u]nder an alter ego theory, Regions [Financial] did not operate as a separate legal entity from Regions Bank and Morgan Keegan." TAC ¶ 132; *see also* TAC ¶ 137 ("MAM is not a separate legal entity apart from Morgan Keegan."); ¶ 138 ("Morgan Keegan also did not function as a separate or independent legal entity from Regions Bank[.]").  Arguing that corporate entities are one and the same serves to undermine, rather than support, a claim that one entity appointed and then failed to monitor the other.

For all of these reasons, Plaintiffs have failed to allege facts sufficient to support a plausible theory that the Regions Defendants appointed MAM as a fiduciary to the Customer Plans. Therefore, the claim that the Regions Defendants failed to monitor MAM must be dismissed.

## II.   Plaintiffs Have Failed to Allege a Plausible Monitoring Claim Against Mr. Alderman.

In their opening brief, the Regions Defendants argued that, in addition to failing because it is derivative of the monitoring claim against Regions Financial and Regions Bank, the monitoring claim against Ken Alderman must fail because the complaint lacks any allegations tying Mr.

Alderman's supposed actions or inactions to the Customer Plans.  As an "Individual Bond Fund Defendant," Mr. Alderman is alleged to be a non-fiduciary who knowingly participated in ERISA violations.  TAC  ¶¶ 445, 458.  The complaint contains exactly one allegation purportedly describing the knowing participation by the Individual Bond Fund Defendants:  that, "upon information and belief," those Defendants knowingly participated in fiduciary breaches "by participating in the decision by Regions Bank to not carry out its monitoring duties while knowing that the Morgan Keegan Defendants were imprudently investing or keeping the ERISA Plans' assets in the Bond Funds."  TAC ¶ 463.

In response, Plaintiffs direct the Court to certain paragraphs in the complaint alleging that Mr. Alderman "put pressure on MAM's President to keep the Bond Funds in Regions' trust accounts."  Plaintiffs' Opp. at 13.  Nowhere, however, does the complaint contain a single allegation connecting Mr. Alderman to the ERISA-covered Customer Plans (as opposed to Regions' customer trust accounts generally) or suggesting that he had any knowledge of or involvement with Regions Bank's alleged ERISA duties to those plans.  Therefore, Plaintiffs have not pled a plausible claim against Mr. Alderman for failure to monitor.

## III.   Plaintiffs Have Not Alleged a Plausible Theory that Regions Financial is a Fiduciary to the Customer Plans.

In their opening brief, the Regions Defendants presented two reasons why Plaintiffs have failed to allege a plausible theory that Regions Financial is a fiduciary to the Customer Plans.  First, the Regions Defendants set forth how the plan documents do not support a theory that Regions Financial was a named fiduciary or had responsibility for selecting investment options for the plans.  Regions Br. at 6-7.  In response, Plaintiffs assert that, even if the plan documents assign to the employer the responsibility for selecting investment options, any involvement in the process by the

Regions Defendants creates fiduciary status.  Plaintiffs' Opp. at 10-11, 15-16.  As discussed in Section I, above, this is not the case.

Second, the Regions Defendants set forth how Plaintiffs' alter ego allegations are insufficient to hold Regions Financial responsible for the alleged breaches of Regions Bank because the TAC fails to allege facts sufficient to meet any of the alter ego factors (substantial identity of business purpose, operation, management, equipment, customers, supervision, and ownership between the two companies, as well as intent to evade preexisting business obligations).  Regions Br. at 11-12.  In response, Plaintiffs direct the Court's attention to a number of unidentified public filings and statements partially quoted in paragraph 47 of the complaint that they claim support their alter ego theory.  Plaintiffs' Opp. at 17.  Even assuming every fact Plaintiffs allege in support of their alter ego theory were true, those allegations reveal at most an unremarkable business relationship between a parent corporation and its subsidiaries.

First, to sustain the claim at issue here, Plaintiffs must allege that *Regions Financial* and *Regions Bank* were alter egos.  But the allegations Plaintiffs cite tend to show, at most, a connection between *trust services* (i.e., Regions Bank) and *Morgan Keegan*.  Plaintiffs' Opp. at 17.  That relationship is irrelevant to Plaintiffs' attempt to establish the fiduciary status of Regions Financial.

Second, each of the alleged public statements (which the Regions Defendants can only assume are correctly and not misleadingly quoted, because the TAC provides no dates or context for the statements) clearly specifies that Regions Financial is acting *through* a subsidiary or division, and does not imply that Regions Financial provides those services directly.  The quoted language states that "'Regions [Financial's] . . . *division*, Morgan Keegan, Inc., provides services . . .'" and that "'Regions [Financial's] primary source of brokerage, investment banking, and trust revenue is its *subsidiary*, Morgan Keegan.'"  Plaintiffs' Opp. at 17 (alterations in original) (emphasis added).

8

As for Plaintiffs' allegation that Regions made a public statement that "'Regions [Financial] provides . . . brokerage and trust services in over 400 offices of Morgan Keegan . . . '", TAC ¶ 47, these phrases appear to be drawn selectively from Regions Financial's annual report on Form 10-K for 2007.  The full sentence reads: "Regions provides investment banking, brokerage and trust services in over 400 offices of Morgan Keegan & Company, Inc. ("Morgan Keegan"), *a subsidiary of Regions* and one of the largest investment firms based in the South."  Regions Financial Corporation, Annual Report (Form 10-K), at 23 (Feb. 27, 2008) (emphasis added).  Far from disregarding the distinct corporate nature of its affiliates, Regions Financial is depicted in Plaintiffs' quoted passages as specifically identifying services as being provided through a subsidiary rather than directly by Regions Financial.  These allegations do not add one ounce of weight to Plaintiffs' otherwise insufficient alter ego theory.  Because Plaintiffs have failed to allege facts sufficient to meet any of the factors of the alter ego analysis, this theory should be rejected.

## CONCLUSION

For the foregoing reasons and the reasons presented in the Regions Defendants' opening memorandum of law in support of their motion to dismiss, the Regions Defendants respectfully request that this Court enter an order that dismisses the claims alleged against (1) Regions Bank and Mr. Alderman in Count VII of the Third Amended Complaint with respect to the Customer Plans and (2) Regions Financial in Counts VI, VII and X of the Third Amended Complaint with respect to the Customer Plans.


Dated: October 24, 2011                                     Respectfully submitted,

                                                           /s/ Sarah A. Zumwalt
                                                           GROOM LAW GROUP, CHARTERED
                                                           Thomas F. Fitzgerald (*pro hac vice*)
                                                           Thomas S. Gigot (*pro hac vice*)

Sarah A. Zumwalt (*pro hac vice*)
1701 Pennsylvania Ave., NW
Washington, DC  20006
Phone: 202-857-0620
Fax: 202-659-4503
Email:
tff@groom.com
tsg@groom.com
szumwalt@groom.com

and

MAYNARD COOPER & GALE, P.C.
William B. Wahlheim (pro hac vice)
Richard A. Davis (pro hac vice)
John David Collins (pro hac vice)
1901 6th Ave. North, Suite 2400
Birmingham, AL 35203-2602
Phone: 205-254-1068
Fax: 205-254-1999
Email:
wwahlheim@maynardcooper.com
rdavis@maynardcooper.com
jcollins@maynardcooper.com

*Counsel for the Regions Defendants*

10

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 24, 2011, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| KELLER ROHRBACK L.L.P.<br>Lynn L. Sarko (*pro hac vice*)<br>Derek W. Loeser (*pro hac vice*)<br>Margie E. Wetherald (*pro hac vice*)<br>Karin B. Swope (*pro hac vice*)<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101-3052<br>Phone: 206-623-1900<br>Fax:   206-623-3384<br>lsarko@kellerrohrback.com<br>dloeser@kellerrohrback.com<br>mwetherald@kellerrohrback.com<br>kswope@kellerrohrback.com<br><br>*Plaintiffs' Co-Lead Counsel* | WYATT TARRANT & COMBS<br>Robert E. Craddock, Jr. (TN #5826)<br>P.O.Box775000<br>Memphis,TN38177-5000<br>901-537-1000<br>Fax:901-537-1010<br>Email: rcraddock@wyattfirm.com<br><br>*Counsel for Michael Starnes and Kemmons Wilson* |
| --- | --- |
| STEMBER FEINSTEIN DOYLE & PAYNE, LLC<br>Ellen M. Doyle (*pro hac vice*)<br>William T. Payne (*pro hac vice*)<br>John Stember (*pro hac vice*)<br>Stephen M. Pincus (*pro hac vice*)<br>Joel R. Hurt (*pro hac vice*)<br>Pamina Ewing (*pro hac vice*)<br>1705 Allegheny Building<br>429 Forbes Avenue<br>Pittsburgh, PA 15219<br>Phone: 412-281-8400<br>Fax:   412-281-1007<br>edoyle@stemberfeinstein.com<br>wpayne@stemberfeinstein.com<br>jstember@stemberfeinstein.com<br>spincus@stemberfeinstein.com<br>jhurt@stemberfeinstein.com<br>pewing@stemberfeinstein.com<br><br>*Plaintiffs' Co-Lead Counsel* | BASS BERRY & SIMS PLC<br>W. Brantley Phillips<br>Matthew M. Curley<br>Michael L. Dagley<br>315 Deaderick Street, Suite 2700<br>Nashville, TN 37238-0002<br>Phone: 615-742-6200<br>Fax:   615-742-2803<br>Email: bphillips@bassberry.com<br>mcurley@bassberry.com<br>mdagley@bassberry.com<br><br>*Counsel for Defendants Morgan Asset Management, Inc., Morgan Keegan & Company, Inc., G. Douglas Edwards, Brian Sullivan, and Allen B. Morgan* |

<u>/s/ Sarah A. Zumwalt</u>