UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN ) <br> SECURITIES, DERIVATIVE & ERISA ) <br> LITIGATION ) <br> ) <br> This document relates to: ) <br> *In re Regions Morgan Keegan ERISA Litig.*, No. ) <br> 2:08-cv-2192-SHM-dkv ) <br> ) <br> ) | Case No.  2:09-md-02009-SHM <br><br> **PLAINTIFFS' SURREPLY IN OPPOSITION TO REGIONS DEFENDANTS' MOTION TO DISMISS THIRD AMENDED CONSOLIDATED COMPLAINT** |

## I.   INTRODUCTION

Defendant Regions Bank moved to dismiss Count VII of Plaintiffs' Corrected Third Amended Consolidated Class Action Complaint ("TAC") (Dkt No. 251) to the extent it alleges that Regions Bank failed to properly monitor the performance of Morgan Keegan and MAM as fiduciary appointees with respect to the Customer Plans.[1]  *See* Memorandum of Law in Support of Motion to Dismiss ("Regions Mem.") (Dkt. No. 138-1) at 6-7.  Despite the extremely narrow focus of its opening brief, Regions Bank now seeks to raises several new arguments in its Reply brief, including: (1) Regions Bank was a directed trustee; (2) Regions Bank had the authority to select investment options; and (3) as a result, it is implausible that the Investment Advisory Services Agreements (IASAs) entered between Regions Bank and MAM were applicable to the Customer Plans.[2]  Reply in Support of the Regions Defendants' Motion to Dismiss ("Reply") (Dkt. No. 271).  These arguments are improper because they neither rely on newly-decided authority nor respond to unanticipated arguments made in Plaintiffs' opposition brief. *See* Plaintiffs' Response in Opposition to the Regions Defendants' Motion to Dismiss ("Pl. Opp.") (Dkt. No. 176) at 5-12

Nonetheless, should the Court decide to consider these new arguments, Plaintiffs respectfully request that the Court consider Plaintiffs' responses herein.  The new arguments raised by Defendants do not establish that Count VII—the only Count that Regions Bank has moved to dismiss—is deficient as a matter of law, and, to the contrary, merely highlight factual

---

[1] "Customer Plans" means all ERISA Plans other than those employee benefits plans sponsored by Regions Financial.  "ERISA Plans" is used as defined in the TAC.  TAC ¶ 4.

[2] Because Defendants have not adequately responded to Plaintiffs' discovery requests related to the identity of the Customer Plans subject to these IASAs, Defendants' renewed arguments regarding the sufficiency of Plaintiffs' factual pleadings regarding the selection of MAM as investment advisor pursuant to the IASAs should be discounted accordingly.  *See infra* at 6-7.

disputes that render dismissal inappropriate.[3]

## II.  ARGUMENT

A.  **The TAC adequately alleges that Regions Bank had control over Customer Plan assets, including the selection of investment options**

Defendants newly assert that Regions Bank could not have appointed MAM as a fiduciary—and thus could not be liable under Count VII—because it was a directed trustee that lacked authority over plan assets, including the authority to select investment options.  As an initial matter, this argument is logically flawed, as the authority to appoint other fiduciaries has nothing to do with whether a trustee retained the authority to select investment options.

Defendants assert that Plaintiffs have "offered no basis" on which the court could infer that Regions Bank was "responsible for selecting investment options . . . for the Customer Plans" for the sole reason that the TAC does not quote language from the named plaintiff plan documents.  Reply at 3-4.[4]  However, there is no requirement that plaintiffs rely on plan language to establish a trustee's control over investment options.[5]

Such a requirement would flip ERISA § 403(a) on its head.  ERISA § 403(a) provides that a trustee "shall have exclusive authority and discretion to manage and control the assets of the plan, *except* to the extent that . . . the plan expressly provides that the trustee . . . [is] subject to the direction of a named fiduciary . . ." or such authority "is delegated to . . . [an] investment manager

---

[3] To the extent they are relevant to Count VI, the Court should disregard these new arguments as Regions Bank has not even moved to dismiss Count VI, and cannot do so in its Reply.

[4] Defendants incorrectly state that "Plaintiffs do not contend that the plan documents . . . give Regions Bank the authority to select investment options . . ." Reply at 3.  Plaintiffs specifically cited Briscoe Plan documents showing that Regions Bank is designated as both Trustee and "Investment Fiduciary."  Pl. Opp. at 9 n.5 (citing Dkt. No. 139-15 at PageID 49998).

[5] The only case Defendants cite in support of this premise, *Coleman v. Nationwide Life Ins. Co.,* 969 F.2d 54 (4th Cir.1992), focused on whether plan documents granted "discretionary authority" with respect to management or administration of the plan.  *Id.*  This is an inquiry distinct from whether a trustee exercised "*any* authority or control" over plan assets, as required by ERISA § 3(21)(a).  *See Briscoe v. Fine*, 444 F.3d 478, 490-91 (6th Cir. 2006).

. . . ." 29 U.S.C. § 1103(a) (emphasis added). Accordingly, a trustee is presumed to have control or authority over plan investment options *unless* there is specific plan language in the trust agreement indicating that the trustee was directed. *See, e.g.*, *Solis v. Plan Ben. Servs., Inc.*, 620 F. Supp. 2d 131, 136 (D. Mass. 2009) (holding that where "neither exception applies" to the Trust Agreement, "[t]he Trustee therefore has 'exclusive authority and discretion to manage and control' the assets of the Master Plan.") (quoting 29 U.S.C. § 1103(a)); *Sherrill v. Fed.-Mogul Corp. Ret. Programs Comm.*, 413 F. Supp. 2d 842, 863 (E.D. Mich. 2006).

Here it is undisputed that Regions Bank was the trustee for each of the four named plaintiff Customer Plans. *See* TAC ¶¶ 38-39; Regions Mem. at 5 n.8 (quoting plan documents). Therefore, pursuant to ERISA § 403(a), unless specific plan language provided that Regions Bank was subject to the direction of another named fiduciary or investment manager, Regions Bank, as trustee, necessarily had control over plan investment options. Defendants purport to identify such language only with respect to the Keith Smith Plan. Reply at 2 (quoting language indicating that Regions Bank was a "Non Discretionary Trustee" with respect to that plan). However, the documents pertaining to numerous other Customer Plans—including those for the Briscoe Plan, represented by named plaintiff C. Fred Daniels as Trustee *ad litem*—do not contain any such language. Therefore, with respect to these plans, Regions Bank's fiduciary duties pursuant to ERISA § 403(a) included the control over plan assets, including investment options.

Moreover, even if Regions Bank was a directed trustee for the Keith Smith Plan and certain other Customer Plans, it nonetheless was an ERISA fiduciary with a duty to protect the plans' and participants' interests because it was in possession of material, non-public information about the risks associated with the Bond Funds. *See* Pl. Opp. at 11 n.7 (citing DOL Field Assistance Bulletin 2004-03 ("FAB 2004-03") ("At least some fiduciary status and duties of a

directed trustee are preserved.")).[6]  As FAB 2004-03 makes clear:

> If a directed trustee has material non-public information that is necessary for a prudent decision, the directed trustee prior to following a direction that would be affected by such information, has a duty to inquire about the named fiduciary's knowledge and consideration of the information with respect to the direction.

*See* http://www.dol.gov/ebsa/regs/fab_2004-3.html.  The TAC expressly alleges that Regions Bank, to the extent it was a directed trustee, violated these duties.  *See* TAC ¶ 133 ("Regions Bank, by and through its affiliation and involvement in the management of the Bond Funds . . . had access to and possessed material non-public information regarding the Bond Fund funds, and, thus, was duty-bound by ERISA to take actions to protect the ERISA Plans . . . .").

Thus a directed trustee is a fiduciary that can be held liable for the selection of imprudent investment options.  The cases cited by Defendants do not address a situation where a directed trustee has failed to take action despite possessing material non-public information regarding the imprudence of investment options.  In *Hecker v. Deere & Co.*, the court did not consider the fiduciary duties of a directed trustee, but rather considered whether a non-trustee investment company was a fiduciary.  556 F.3d 575, 583-84 (7th Cir. 2009).  In *Renfro v. Unisys Corp.*, plaintiffs did not allege that the directed trustee Fidelity failed to act on the basis of non-public information; in fact the court emphasized that "[a]ll fees were disclosed in materials distributed to the participants."  No. 10-2447, 2011 WL 3630121 at *2 (3d Cir. Aug. 19, 2011).[7]

---

[6] A directed trustee may only follow directions that are "made in accordance with the terms of the plan and which are not contrary to" ERISA.  ERISA § 403(a)(1), 29 U.S.C. § 1103(a)(1).

[7] *See also In re Cardinal Health, Inc. ERISA Litig.*, 424 F. Supp. 2d 1002, 1039 (S.D. Ohio 2006) (applying the analysis outlined in FAB 2004-03, but finding that "there is no allegation that Putnam possessed any material, non-public information"); *F.W. Webb Co. v. State St. Bank & Trust Co.*, No. 09-1241, 2010 WL 3219284 at *14 (S.D.N.Y. Aug. 12, 2010) (noting the duties imposed by FAB 2004-03, but finding that "State Street is not alleged to have known anything about the YPF that would have shown the decision to keep the fund on the investment menu to be imprudent.").  Moreover, contrary to Defendants' representation, Reply at 5, *Zang v. Paychex*, 728 F. Supp. 2d 261 (W.D.N.Y. 2010), did not involve a consideration of a directed trustee's fiduciary status, but rather a consideration of the fiduciary status of a service provider.

- 4 -

Moreover, because ERISA § 3(21)(a) establishes a functional definition of fiduciary, if Regions Bank in fact exercised control or authority over the investment of assets or the selection of investment options, it is a fiduciary pursuant to ERISA § 3(21)(a) irrespective of its "directed" status. Thus, contrary to Defendants' assertion, Reply at 5, a directed trustee of a defined contribution plan is engaged in a fiduciary act where it "design[s] . . . the slate of investment options" made available to plan participants. *See Howell v. Motorola, Inc.*, 633 F.3d 552, 567 (7th Cir. 2011) ("[T]he selection of plan investment options and the decision to continue offering a particular investment vehicle are acts to which fiduciary duties attach . . ."); *DiFelice v. U.S. Airways, Inc.*, 497 F.3d 410, 418 n.3 (4th Cir. 2007). *Hecker* did not hold otherwise, but rather stated that offering investment options that are selected by other plan fiduciaries is not sufficient to render fiduciary status. 556 F.3d at 584.[8] Similarly, *F.W. Webb Co.* merely distinguished between the fiduciary act of selecting a slate of investment options for a plan and the act of offering a "big menu" that "contained a generic list of every fund that defendants made available to their many clients—all the goods in the store, so to speak." 2010 WL 3219284 at *5.[9]

Accordingly, Defendants' new arguments do not support the dismissal of Count VII because even if, assuming *arguendo*, there were a connection between the authority to select investment options and the authority to appoint fiduciaries, the limited factual record supports Plaintiffs' allegations that Regions Bank had control the selection of investment options.

**B.**     **Plaintiffs have pleaded sufficient facts supporting the inference that Regions Bank appointed MAM as investment advisor for the Customer Plans pursuant to IASAs**

Defendants' sole response to Plaintiffs' arguments regarding the plausible inference that

---

[8] Importantly, the Seventh Circuit has since clarified that the selection of investment options *is* sufficient to confer fiduciary status. *See Howell*, 633 F.3d at 567.

[9] *Renfro* is inapposite, as the directed trustee Fidelity did not design the slate of investment options, but rather was merely the investment company that offered mutual funds in which the ERISA plan in vested. *Renfro*, 2011 WL 3630121 at *6.

Regions Bank appointed MAM as a fiduciary of the Customer Plans pursuant to the IASAs, Pl. Opp. at 7-9, is again based on their new attempt to portray Regions Bank as a directed trustee. Reply at 4 (arguing that it is "not plausible" to infer that the Customer Plans were subject to the IASA's because the IASA's applied "only to those 'fiduciary accounts under the management' of Regions Bank" and thus "would not apply to accounts for which Regions Bank has no authority to select investments."). As discussed above, this argument is erroneous.

Moreover, although the TAC contains adequate factual allegations supporting a probable inference that the IASA's applied to the Customer Plans, *see* Pl. Opp. at 7-9, Plaintiffs have served discovery requests upon Defendants seeking to resolve this factual issue. *See* Declaration of Cari C. Laufenberg in Support of Plaintiffs' Sur-Reply in Opposition to Regions Defendants' Motion to Dismiss Third Amended Consolidated Complaint ("Laufenberg Decl.") Ex. 1 (Plaintiffs' Fifth Request for Production of Documents). Defendants' limited (and inadequate) response to Plaintiffs' Fifth Request for Production does not deny that the IASA's applied to the Customer Plans. Rather, in response to Plaintiffs' request for "any documents related to the identification or determination by Regions Bank, Morgan Keegan, and/or MAM of the ERISA Plans that were subject to an [IASA]," Defendants stated:

> [T]hose accounts for which Regions Bank has retained MAM to provide investment advice to Regions Bank are connoted by making a computer entry into the Regions Trust Accounting System for that particular account. Regions Bank can produce documents reflecting this information for current ERISA Plan accounts, but cannot provide such documentation for the relevant time period as defined in the requests.

Laufenberg Decl. Ex. 2. Defendants have yet to produce any current documents and have yet to explain why they cannot provide documentation for the relevant time period. If such evidence has been lost or destroyed, Plaintiffs may be entitled to a presumption that the IASA's applied to all of the Customer Plans. *See, e.g.*, *Adkins v. Wolever*, 554 F.3d 650, 653 (6th Cir. 2009) ("[A] district court could impose many different kinds of sanctions for spoliated evidence, including . . .

granting summary judgment, or instructing a jury that it may infer a fact based on lost or destroyed evidence.").

Moreover, Plaintiffs are still awaiting response to their related Third Interrogatories, which specifically ask Defendants to "[i]dentify each account for which Morgan Asset Management provided investment advisory services pursuant to any investment advisory services agreement with Regions Bank or Regions Morgan Keegan Trust."  Laufenberg Decl. Ex. 3.  Defendants' response was due October 27, 2011 pursuant to Fed. R. Civ. P. 33(b)(2) and 6(d), but Defendants asked on October 24, 2011—the same day on which they filed their Reply brief—to extend this deadline.  *See* Laufenberg Decl. at ¶ 5-6.

As Plaintiffs noted in their opposition brief, Pl. Opp. at 8-9, Defendants should not be allowed to use their control over information to escape liability under ERISA:

> No matter how clever or diligent, ERISA plaintiffs generally lack the inside information necessary to make out their claims in detail unless and until discovery commences. Thus, while a plaintiff must offer sufficient factual allegations to show that he or she is not merely engaged in a fishing expedition or strike suit, we must also take account of their limited access to crucial information. If plaintiffs cannot state a claim without pleading facts which tend systemically to be in the sole possession of defendants, the remedial scheme of the statute will fail, and the crucial rights secured by ERISA will suffer.

*Braden v. Wal-Mart Stores, Inc*., 588 F.3d 585, 597-98 (8th Cir. 2009).

### III.   CONCLUSION

For the reasons stated herein and in Plaintiffs' Response in Opposition to the Regions Defendants' Motion to Dismiss, Plaintiffs respectfully submit that Regions Bank's motion to dismiss Count VII should be denied.  In addition, Plaintiffs note the issues addressed herein highlight that "[f]iduciary status is a fact-intensive inquiry, making the resolution of that issue inappropriate for a motion to dismiss[,]" *RMK ERISA Litig.*, 692 F. Supp. 2d at 964. (citation omitted), and should be likewise dismissed on this basis as well.

RESPECTFULLY SUBMITTED this 18th day of November, 2011.

By s/Matthew M. Gerend
Derek W. Loeser
dloeser@kellerrohrback.com
Margaret E. Wetherald
mwetherald@kellerrohrback.com
Raymond J. Farrow
rfarrow@kellerrohrback.com
Cari C. Laufenberg
claufenberg@kellerrohrback.com
Matthew M. Gerend
mgerend@kellerrohrback.com
1201 Third Avenue, Suite 3200
KELLER ROHRBACK L.L.P.
Seattle, WA  98101
Telephone:  (206) 623-1900
Facsimile:   (206) 623-3384

Interim Co-Lead Counsel for the Class and Co-Counsel for Plaintiffs Harrison and Smith

Ellen M. Doyle
edoyle@stemberfeinstein.com
Pamina Ewing
pewing@stemberfeinstein.com
Stephen M. Pincus
spincus@stemberfeinstein.com
STEMBER FEINSTEIN DOYLE PAYNE & CORDES, LLC
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219
Tel: (412) 281-8400
Fax: (412) 281-1007

Interim Co-lead Counsel for the Class and Co-Counsel for Plaintiffs Hamby and Jackson

## CERTIFICATE OF SERVICE

I hereby certify that, on November 18, 2011, I filed the foregoing document with the Clerk of the Court via the CM/ECF system, which will send notice of such filing to all counsel of record. There are no non-CM/EMF participants.

    DATED this 18th day of November, 2011.

                                              s/ Matthew M. Gerend
                                              Matthew M. Gerend, *Pro hac vice*