IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| In re REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION ) ) ) ) | |
| This Document Relates to: ) ) | Case No. 2:09-md-02009-SHM |
| *In re Regions Morgan Keegan ERISA Litigation* ) ) | |
| *No. 2:08-cv-02192-SHM-dkv* ) | |

**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS**

Before the Court are Defendants' August 8, 2011 Motions to Dismiss Plaintiffs' Third Amended Consolidated Class Action Complaint for Violations of ERISA.[1] Plaintiffs responded in opposition on October 14, 2011.[2] Defendants filed a reply to Plaintiffs' response on October 26, 2011. For the following reasons, Defendants' motions are DENIED.

**I. Jurisdiction**

The Court has jurisdiction to adjudicate federal claims under 28 U.S.C. § 1331 and jurisdiction over ERISA claims under 29 U.S.C. § 1132.

**II. Background**

---

[1] The Defendants included in this motion to dismiss are: Morgan Keegan & Company, Inc. ("Morgan Keegan"), Morgan Asset Management, Inc. ("MAM"), and G. Douglas Edwards, Brian Sullivan, and Allen B. Morgan (collectively, the "Individual Defendants").
[2] The Plaintiffs are Terry Hamby, Nancy Jackson, Robert H. Harrison, Caesar L. Smith, Barbara Williams, James K. Smith, II, Gary Shamblin, and the ERISA Plan Representative Trusts through and by C. Fred Daniels, as Trustee *Ad Litem*.

Plaintiffs bring this class action under the Employee Retirement Income Security Act of 1974 ("ERISA") on behalf of employee benefit plans (and trusts and custodial accounts for, or constituting, employee benefit plans) that are or have been sponsored by Regions Financial Corporation ("Regions").  The Third Amended Consolidated Class Action Complaint for Violations of ERISA (the "TAC")[3] identifies Defendants as various fiduciaries and parties in interest with respect to three subclasses: the Company Stock Subclass, the Bond Fund Subclass, and the Excessive Fee Subclass.  (TAC ¶¶ 545-48.)  "With regard to each Subclass, Plaintiffs assert specific Counts."  (Id. ¶ 8.)  Defendants bring this motion to dismiss Counts VI, X, and XV against Morgan Keegan and MAM, and Counts VI and VII against the Individual Defendants.  Counts VI, VII, and X address alleged fiduciary breaches (or, as in the case of the Individual Defendants, nonfiduciary breaches) with regard to the Bond Fund Subclass.  (Id. ¶¶ 13, 14.)  Count XV addresses alleged fiduciary breaches (or, as in the case of Morgan Keegan and MAM, nonfiduciary breaches) with regard to the Excessive Fee Subclass.  (Id. ¶ 16.)  With respect to Morgan Keegan and MAM, Count VI addresses Defendants' alleged breaches of their

---

[3] Plaintiffs have filed two corrections to the originally filed TAC. For purposes of this motion to dismiss, the Court considers the TAC filed at Docket No. 251 to be the operative complaint.

fiduciary duties to the participants in the ERISA Plans[4] and the Plans[5], Count X addresses Defendants' alleged breaches of their co-fiduciary duties with regard to the Bond Funds, and Count XV addresses Defendants' alleged breaches of their duties as nonfiduciary parties in interest to the Legacy and Regions 401(k) Plans.  (Id. ¶¶ 13-15, 20.)  With respect to the Individual Defendants, Counts VI and VII allege that they "knowingly participated in ERISA violations" as nonfiduciaries. (Id. ¶¶ 445, 458.)

### III. Standard of Review

In addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).  A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).  This standard requires more than bare assertions of

---

[4] "The ERISA Plans are all ERISA-covered employee benefit plans (and any trusts or custodial accounts for or constituting such plans) for which Regions Bank, acting by and through its Trust Department, Regions Morgan Keegan Trust, serves as trustee, custodian, or agent, or otherwise as a fiduciary." (TAC ¶ 116.)

[5] "Plans" refers to the Regions Financial 401(k) Plan ("Legacy Plan") that was issued by Regions prior to its merger with AmSouth Bancorporation ("AmSouth"), AmSouth Bancorp Thrift Plan ("AmSouth Thrift Plan") that was offered to new employees following Regions merger with AmSouth, and the Regions Financial Corporation 401(k) Plan ("Regions 401(k) Plan"), the surviving plan resulting from the combination of the Legacy Plan and the AmSouth Thrift Plan. (TAC ¶ 3.)

legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Twombly, 550 U.S. at 555). Nonetheless, a complaint must contain sufficient facts "to state a claim to relief that is plausible on its face" to survive a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "This plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). To survive a motion to dismiss, a complaint ultimately must demonstrate "facial plausibility," defined as "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted).

**IV. Analysis**

**A. Allegations against Morgan Keegan and MAM**

In Counts VI and X, Plaintiffs assert claims that Morgan Keegan and MAM were fiduciaries and "responsible for the

4

management or investment of the ERISA Plans' [and the Plans'] assets." (TAC ¶ 13.) Count XV alleges that "Morgan Keegan and MAM, as two nonfiduciary parties in interest with regard to the Excessive Fee subclass, engaged in prohibited transactions by causing the Plans to contract with Defendant Regions Bank d/b/a Regions Morgan Keegan Trust ("Regions Bank") in regards to the RMK Select Funds."[6] (Id. ¶ 20.)

### 1. Count VI: Failure to Prudently and Loyally Manage the ERISA Plans' and the Plans' Assets

In Count VI, Plaintiffs allege that Morgan Keegan and MAM "are fiduciaries with respect to the ERISA Plans and the Plans" and that, during the Bond Fund Subclass Period, they "failed to loyally and prudently manage investments of the assets of the ERISA Plans [and the Plans] in the Bond Funds." (Id. ¶¶ 445, 449.) Plaintiffs assert that Morgan Keegan and MAM breached their duties of prudent care and diligence under 29 U.S.C. § 1104(a)(1)(B) by mismanaging the ERISA Plans' and the Plans' assets invested in the Bond Funds. (Id. ¶ 449.)

Defendants respond that Plaintiffs fail to plead facts sufficient to show that Morgan Keegan and MAM acted as fiduciaries with respect to the ERISA Plans and the Plans. (Mem. of Law in Support of Mot. to Dismiss Plaintiffs' Third Amended Consolidated Complaint 1) ("Defs.' Mem"). This Court

---

[6] RMK Select Funds refers to investment funds offered to participants in the Legacy Plan and Regions 401(k) Plan. (TAC ¶ 6, n.3.)

denied Defendants' motion to dismiss Count VI against Morgan Keegan and MAM as alleged in Plaintiffs' Consolidated Supplemental Class Action Complaint for Violation of ERISA ("CAC"), in which Plaintiffs claimed that Morgan Keegan and MAM "knowingly participated in violations of ERISA as nonfiduciary parties in interest with regard to the Plans." In re Regions Morgan Keegan ERISA Litig., 692 F.Supp. 2d 944, 965 (W.D. Tenn. 2010) ("RMK ERISA Litig."). Plaintiffs argue that they "have not abandoned their allegations . . . that MAM and Morgan Keegan are liable pursuant to ERISA § 502(a)(3) . . . . Rather, Plaintiffs allege that, in addition to knowingly participating in breaches of fiduciary duties, Morgan Keegan and MAM also were fiduciaries who themselves breached their fiduciary duties." (Plaintiffs' Opp. to Morgan Keegan Defs.' Mot. to Dismiss Third Amended Consolidated Complaint 5) ("Plaintiffs' Opp.") (emphasis omitted). Defendants argue that this claim should be dismissed because Plaintiffs "speculate" as to the fiduciary status of Morgan Keegan and MAM and such assertions are "unsupported by any factual allegations." (Defs.' Mem. 11, 1.) Defendants also assert that Plaintiffs fail to plead facts sufficient to show that either MAM or Morgan Keegan acted as a fiduciary with respect to the Plans or the ERISA Plans. (Id. 9, 20.)

As stated in the Court's order denying Defendants' previous motion to dismiss this Count, fiduciary status is "a fact-

6

intensive inquiry, making the resolution of this issue inappropriate for a motion to dismiss." RMK ERISA Litig., 962 F.Supp.2d at 964, quoting In re AEP Litig., 327 F.Supp.2d 812, 827 (S.D. Ohio 2004)(citation omitted); see also In re Elec. Data Sys. Corp. ERISA Litig., 305 F. Supp. 2d 658, 665 (E.D. Tex. 2004) ("It is typically premature to determine a defendant's fiduciary status at a motion to dismiss stage of the proceedings . . . ")  The question before the Court is whether Plaintiffs have adequately pled that Morgan Keegan and MAM knowingly participated in violations of ERISA's fiduciary obligations to invest plan assets prudently and loyally.

   Plaintiffs assert that MAM contracted with the ERISA Plans' and the Plans' trustee or custodian, Regions Bank, to serve as an investment manager within the meaning of 29 U.S.C. § 1002(38) and acknowledged MAM's responsibility to manage the assets Regions Bank held in trust when MAM entered into the Investment Advisory Services Agreement on April 1, 2003.  (TAC ¶¶ 134, 135.)  Plaintiffs assert that Morgan Keegan, as MAM's alter-ego, also assumed the responsibility to prudently manage the ERISA Plans' and the Plans' assets invested in the Bond Funds.  (Id. ¶ 137.)  Plaintiffs allege that, because Morgan Keegan treated MAM as "a unit of its company," did not list MAM as a separate company in its 2007 annual report, and shared a key employee with MAM, MAM "is not a separate legal entity apart from Morgan

7

Keegan." (Id. ¶¶ 137-38.) In the TAC, Plaintiffs assert specific actions taken by Morgan Keegan and MAM (among other defendants) that allegedly resulted in a breach of their duties in violation of 29 U.S.C. § 1104(a)(1). (Id. ¶ 449.) These allegations, taken as a whole, are "enough to raise a right to relief above the speculative level" and "state a claim that is plausible on its face." Twombly, 550 U.S. at 554.

Defendants argue that Plaintiffs have "failed to plead *any* facts showing that MAM or Morgan Keegan played *any* role, or had *any* interaction with respect to . . . [the] Plans or any other ERISA Plans." (Defs.' Reply Mem. in Support of Mot. to Dismiss Plaintiffs' Third Amended Consolidated Complaint 4) ("Defs.' Reply"). Paragraphs 443-455 of the TAC state the grounds for Count VI. (TAC §§ 443-455.) The TAC offers more than "non-specific, generalized allegations" and is adequate to withstand a motion to dismiss. Defendants' motions to DISMISS Count VI against Morgan Keegan and MAM are DENIED.

   **2.  Count X: Co-Fiduciary Liability**

In Count X, Plaintiffs assert a claim against Morgan Keegan and MAM under 29 U.S.C. § 1105(a), which imposes liability on fiduciaries for the breach of fiduciary responsibility by another fiduciary with respect to the same plan. With regard to each Subclass, Plaintiffs allege co-fiduciary monitoring, disclosure, and liability claims against Bond Fund Co-Fiduciary

8

Defendants[7], which include Morgan Keegan and MAM. In Count X, Plaintiffs allege that Morgan Keegan and MAM had indirect responsibility for underlying breaches of duty by fellow Bond Fund Defendants because they allegedly knew of those breaches of duty but failed to take adequate steps to prevent or to remedy them. Defendants acknowledge that Count X turns on the underlying fiduciary breaches. (Defs.' Mem. 9.) Because Defendants' motion to dismiss the underlying claims has been denied, the motion to DISMISS Count X is also DENIED.

### 3. Count XV: The Prohibited Transactions Claim

Count XV alleges that Morgan Keegan, MAM, and others violated ERISA's ban on "prohibited transactions" because of the parties' purported fee sharing arrangements with respect to the Legacy and Regions 401(k) Plans. Defendants argue that Plaintiffs' prohibited transactions claim "fails as a matter of law" because it fails to plead facts sufficient to tie MAM or Morgan Keegan "to *any* transaction involving the Regions 401(k) Plans, much less facts alleging that MAM or Morgan Keegan participated in such transactions with knowledge that the transactions were in violation of ERISA." (Defs.' Reply 14.) Plaintiffs assert that, beyond a few minor textual changes, "the TAC alleges that the *same* defendants engaged in the *same* prohibited transactions with respect to the *same* Regions Plans"

---

[7] The TAC identifies Bond Fund Co-Fiduciary Defendants as Regions Bank, Regions Financial, Morgan Keegan, and MAM. (TAC ¶ 467.)

as the complaint this Court previously upheld.  (Plaintiffs' Opp. 24.)

In its previous order dismissing Defendants' motions to dismiss Count XV against Morgan Keegan and MAM, the Court did not find Defendants' arguments persuasive.  The Court concluded that Plaintiffs had pled facts sufficient to state a prohibited transactions claim alleging that Morgan Keegan and MAM "knowingly participated in several prohibited transactions by charging certain fees and costs to the Plans for their investment in the RMK Select Funds and by engaging in revenue-sharing and other kickback payment schemes with Regions and other plan fiduciaries at the sole expense of the Plans."  <u>RMK ERISA Litig.</u>, 692 F.2d at 967.  Defendants' reassertion that Plaintiffs' allegations fail to state a claim adequately is equally unpersuasive.

Defendants also argue that MAM and Morgan Keegan received payments from the RMK Select Funds, not the Legacy and Regions 401(k) Plans, and that the payments were for services provided to the RMK Select Funds.  Thus, Defendants argue that Plaintiffs fail to show a connection between MAM and Morgan Keegan, on the one hand, and the Legacy and Regions 401(k) Plans, on the other.  (Defs.' Mem. 26-28.)

Under 29 U.S.C. § 1106, fiduciaries are liable for engaging in a transaction if the transaction constitutes a "direct or

indirect furnishing of . . . services . . . between the plan and a party in interest" or a "direct or indirect transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan." 29 U.S.C. § 1106(a)(1)(C)-(D).

Plaintiffs' TAC alleges that prohibited transactions occurred when plan fiduciaries caused the Legacy and Regions 401(k) Plans to invest plan assets in the RMK Select Funds knowing that the investment would lead Morgan Keegan and MAM to provide services to the Legacy and Regions 401(k) Plans and that Morgan Keegan and MAM would benefit from the transactions because the investment of more plan assets would result in their receiving commensurate increases in advisory fees and commissions and their sharing revenues and kickbacks with Regions. (Plaintiffs' Opp. 27.) Plaintiffs' assertions are adequate to withstand a motion to dismiss Count XV against Morgan Keegan and MAM. ( TAC ¶¶ 363-68, 524-33.)

Considering whether the payments in question were made with plan assets, the Court has already noted that, "although ERISA does not define plan assets, courts have repeatedly decided that the term is to be broadly construed." RMK ERISA Litig., 692 F.2d at 960, citing Lowen v. Tower Asset Mgmt., 829 F.2d 1209, 1213 (2d Cir. 1987). An inquiry into the nature of the fees is, as Plaintiffs have asserted, "a mixed question of law and fact" that is not an appropriate determination for the Court to make

11

on a motion to dismiss.  (Plaintiffs' Opp. 29 n. 26, citing Phones Plus, Inc. v. Hartford Fin. Servs. Group, Inc., 2007 Lexis 78767 (Dist. Ct. Conn. 2007).)  Plaintiffs' TAC adequately alleges facts sufficient to state a claim that Defendants violated 29 U.S.C. § 1106.  (TAC ¶¶ 363-68, 524-33.)  Therefore, Defendants' motion to DISMISS Count XV against Morgan Keegan and MAM is DENIED.

### B. Allegations against Individual Defendants

Count VI asserts that the Individual Defendants knowingly engaged in violations of ERISA as nonfiduciary parties with respect to the management of the ERISA Plans' and the Plans' assets invested in the Bond Funds. (Id. § 445)  Count VII asserts that the Individual Defendants knowingly participated in violations of ERISA as nonfiduciary parties with regard to other fiduciaries' failure to carry out their monitoring duties  (Id. §§ 457, 463.)

#### 1.  Count VI: Failure to Prudently and Loyally Manage the ERISA Plans' and the Plans' Assets

In Count VI, Plaintiffs allege that the Individual Defendants, by virtue of their positions and actions with respect to the management of the ERISA Plans' and the Plans' assets invested in the Bond Funds, violated ERISA as nonfiduciary parties in interest.  Defendants argue that Plaintiffs fail to plead facts sufficient to support this claim

12

against the Individual Defendants because Plaintiffs "rely exclusively on non-specific, generalized allegations" with respect to positions the Individual Defendants held at either Morgan Keegan or MAM. (Defs.' Mem. 31.)

In the TAC, in order to establish the Individual Defendants' positions as nonfiduciary parties in interest, Plaintiffs make specific allegations outlining the authority and control the Individual Defendants exercised over key members employed by alleged fiduciaries. (TAC ¶¶ 60, 62-65, 83.) Plaintiffs do not rely solely on the positions the Individual Defendants held, but allege facts to show the involvement of the Individual Defendants in managing operations of certain alleged fiduciaries that provided advisory and management services to the ERISA Plans and the Plans. (Plaintiffs' Opp. 31-32.) Plaintiffs' TAC offers more than "labels and conclusions" and is adequate to withstand Defendants' motion to dismiss. For these reasons, Defendants' motion to DISMISS Count IV against the Individual Defendants is DENIED.

**2. Count VII: Failure to Monitor Fiduciaries**

In Count VII, Plaintiffs allege that the Individual Defendants, as nonfiduciary parties in interest, violated ERISA by participating in certain fiduciaries' failures to monitor actions with respect to the investment and management of the ERISA Plans' and the Plans' assets adequately. Defendants

13

predicate their motion to dismiss on the arguments they made against Count VI. For the reasons stated above, Defendants' arguments are unpersuasive.  The motion to DISMISS Count VII is also DENIED.

## V. Conclusion

Defendants' Motions to Dismiss are DENIED.

So ordered on this 30th day of March, 2012.

```
                              /s/Samuel H. Mays, Jr.
                              SAMUEL H. MAYS, JR.
                              UNITED STATES DISTRICT JUDGE
```